IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **ROBERT T. BROCKMAN,** § | | |
| **Plaintiff** § | | |
| § | | Civil Action No. 4:22-cv-00202 |
| v. § | | |
| § | | |
| **UNITED STATES OF AMERICA,** § | | |
| **Defendant** § | | |

**PLAINTIFF ROBERT T. BROCKMAN'S MOTION
TO REASSIGN CASE TO JUDGE GEORGE C. HANKS AND
<u>LOCAL RULE 5.2 NOTICE OF RELATED LITIGATION</u>**

Plaintiff Robert T. Brockman respectfully requests that this case be transferred to the Honorable Judge George C. Hanks. This civil case is related to a criminal case currently pending before Judge Hanks, *United States v. Brockman*, No. 4:21-cr-00009 (SDTX) ("*U.S. v. Brockman*"). The two cases involve identical parties and a common nucleus of operative facts regarding the allegations contained in the Indictment in *U.S. v. Brockman*, and overlap significantly in discovery and evidence applicable to both matters. By statute, a decision is required in this case on an expedited basis. 26 U.S.C. § 7429(b)(3).

In the instant case, Mr. Brockman is asking the Court to abate an Internal Revenue Service Notice of Jeopardy Assessment and Rights to Appeal (the "Jeopardy Assessment") and an IRS Notice of Jeopardy Levy and Right of Appeal (the "Jeopardy Levy"). Compl., Dkt. No. 1 at ¶¶ 6–8. Section 7429(b)(3) of Title 26, the Internal Revenue Code, requires that this determination be made "*[w]ithin 20 days after a*

*proceeding is commenced*." 26 U.S.C. § 7429(b)(c) (emphasis added).[1] Mr. Brockman filed his Complaint in this action on Thursday, January 20, 2022. In light of the tight time constraints set by the statute, the next day, Friday, January 21, 2022, Mr. Brockman filed a Motion for Determination on Complaint and for Judicial Review and Abatement of Jeopardy Assessment and Jeopardy Levy Pursuant to 26 U.S.C. § 7429 ("Motion for Determination").[2] Dkt. No. 10.

In the related criminal case, Mr. Brockman was indicted for tax evasion and other offenses on October 1, 2020, in the Northern District of California. *U.S. v. Brockman*, Indictment, No. 4:21-cr-00009, Dkt. No. 2. On January 4, 2021, the Honorable Judge William H. Alsup transferred the case from the Northern District of California to the Southern District of Texas, and the case was assigned to Judge Hanks. *U.S. v. Brockman*, Order Granting Rule 21(b) Mot. to Transfer, No. 4:21-cr-00009, Dkt. No. 1. The parties have been actively litigating before Judge Hanks for over a year. To date, the government has already produced approximately 1 terabyte of data in discovery, which equates to approximately 5.3 million pages of discovery. *See U.S. v. Brockman*, Def. Robert T. Brockman's Mot. to Modify Protective Order, No. 4:21-cr-00009, Dkt. No. 245 at 4.

---

[1] IRC § 7429(c) provides that an extension of this 20-day period may be granted for up to 40 additional days, based solely on the request of the taxpayer upon a showing of reasonable grounds.

[2] The issue of whether Mr. Brockman owes additional taxes is not before this Court for determination in this case. As prescribed by statute, *see* IRC § 6861(b), following the Jeopardy Assessment, the IRS issued a notice of deficiency to Mr. Brockman on October 28, 2021. Mr. Brockman plans timely to file a petition challenging the notice of deficiency before the U.S. Tax Court. Compl., Dkt. No. 1 at 2 n.2.

Mr. Brockman's competency to assist in his defense is at issue in *U.S. v. Brockman*. The Court found that there is reasonable cause to believe that Mr. Brockman may presently be suffering from a mental disease or defect rendering him mentally incompetent, and conducted an eight-day competency hearing from November 15, 2021, through November 24, 2021. *See U.S. v. Brockman*, Competency Hearing Scheduling Order, No. 4:21-cr-00009, Dkt. No. 36; Minute Entries for Competency Proceedings, No. 4:21-cr-00009, Dkt. Nos. 203, 204, 208, 213, 216, 221–23. Extensive post-hearing briefing is currently pending before the Court. *See, e.g.*, *U.S. v. Brockman*, Def. Robert T. Brockman's Proposed Findings of Fact and Conclusions of Law, No. 4:21-cr-00009, Dkt. No. 239.

The IRS's Jeopardy Assessment that gives rise to this case attached and relied on a Jeopardy Recommendation Report (the "Jeopardy Report"), in which the IRS purported to set out its basis for making a jeopardy assessment against Mr. Brockman. Compl., Dkt. No. 1, at ¶ 7. The Jeopardy Report refers to and relies on the allegations in the Indictment in *U.S. v. Brockman*. *Id.* at ¶¶ 15, 86–114. In fact, many of the allegations contained in the Jeopardy Report track the same charges made in the Indictment. *Id.* at ¶¶ 28–29. Moreover, it appears from the face of the Jeopardy Report that the IRS has had access to at least some of the materials that have been produced by the government pursuant to a Protective Order entered in *U.S. v. Brockman*. *See U.S. v. Brockman*, Def. Robert T. Brockman's Mot. to Modify Protective Order, No. 4:21-cr-00009, Dkt. No. 245 at 2. On Friday, January 21, 2022, Mr. Brockman filed a Motion to Modify the Protective Order in *U.S. v. Brockman*, requesting that the Protective Order be modified to

allow him to use discovery material obtained from the government in the criminal matter in these civil proceedings.  *Id.*

In the Complaint filed under this cause number, Mr. Brockman incorporates by reference the evidence presented on his behalf at the competency hearing held in *U.S. v. Brockman*, *id.* at ¶ 37, and the Civil Cover Sheet accompanying the Complaint noted that this case is related to *U.S. v. Brockman*.  Civil Cover Sheet, Dkt. No. 1-1 at 1.  Mr. Brockman's already-filed Motion for Determination in this case similarly extensively discusses the allegations in *U.S. v. Brockman*, as well as evidence submitted during the competency hearing.  *See* Dkt. No. 10 at 4, 16–22.

Given the significant overlap between these two cases—involving the same parties, a common nucleus of operative facts, and substantially the same discovery and evidence applicable to both matters—and the expedited nature of these proceedings, judicial economy favors transferring this related case to Judge Hanks.

Dated:  January 24, 2022                          Respectfully submitted,

                                                                               */s/ Jason S. Varnado*
                                                                               Jason S. Varnado
                                                                               Texas Bar No. 24034722
                                                                               SDTX Ad. ID No. 32166
                                                                               Email: jvarnado@jonesday.com
                                                                               Julia N. Camp
                                                                               Texas Bar No. 24123598
                                                                               SDTX Ad. ID No. 3688104
                                                                               Email: juliacamp@jonesday.com
                                                                               JONES DAY
                                                                               717 Texas, Suite 3300
                                                                               Houston, TX  77002
                                                                               Telephone: 832-239-3939
                                                                               Facsimile: 832-239-3600

Kathryn Keneally (*application for Pro Hac Vice admission pending* )
New York Bar No. 1866250
Email: kkeneally@jonesday.com
Frank J. Jackson (*application for Pro Hac Vice admission pending* )
New York Bar No. 2870251
Email: fjackson@jonesday.com
Michael J. Scarduzio (*application for Pro Hac Vice admission pending* )
New York Bar No. 5147186
Email: mscarduzio@jonesday.com
Anthony J. DeRiso (*application for Pro Hac Vice admission pending* )
New York Bar No. 5787312
Email: aderiso@jonesday.com
JONES DAY
250 Vesey Street
New York, NY 10281-1047
Telephone: 212-326-3939
Facsimile: 212-755-7306

Irina K. Bleustein (*application for Pro Hac Vice admission pending* )
District of Columbia Bar No. 1044772
Email: ibleustein@jonesday.com
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone: 202-879-3450
Facsimile: 202-626-1700

*Attorneys for Plaintiff*
*Robert T. Brockman*

## CERTIFICATE OF CONFERENCE

I certify that by email exchange on January 22, 2022, and January 24, 2022, Plaintiff's counsel advised counsel for the government that Plaintiff would be moving to transfer this matter to Judge Hanks for the reasons set forth in this Motion. On January 24, 2022, at 3:21 p.m., counsel for the government responded as follows: "We have been reviewing the matter but unfortunately, we will not able to provide you a decision by your 4 p.m. CT deadline. We understand your need to file your motion."

*/s/ Jason S. Varnado*
Jason S. Varnado

## CERTIFICATE OF SERVICE

I certify that on this 24th day of January, 2022, I electronically served this document on all counsel of record.

*/s/ Jason S. Varnado*
Jason S. Varnado