UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT T. BROCKMAN, | § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:22-cv-00202 |
| UNITED STATES OF AMERICA, | § § § | |
| Defendant. | § § | |

**PLAINTIFF ROBERT T. BROCKMAN'S OPPOSITION TO
UNITED STATES' MOTION TO EXTEND PAGE LIMITS**

On January 21, 2022, one day after filing his Complaint seeking abatement and release of an Internal Revenue Service Jeopardy Assessment and Jeopardy Levy, Plaintiff Robert T. Brockman filed his Motion for Determination on his Complaint.  *See* Dkt. Nos. 1 & 10.  By statute, the Court has until February 9, 2022 (twenty days from the filing of the Complaint), to decide whether to abate the Jeopardy Assessment and release the Jeopardy Levy.  *See* 26 U.S.C. § 7429(b)(3).[1]  The government is now asking to file an opposition that is three times longer than the 25 pages permitted by this Court's Procedures.  *See* Dkt. No. 17.

The IRS is actively engaged in collection activity against Mr. Brockman.  It has seized funds from bank accounts, had the payment of his retirement compensation paid

---

[1] The statute provides that an extension of this 20-day period may be granted for up to 40 additional days, based solely on the request of the taxpayer upon a showing of reasonable grounds.  26 U.S.C. § 7429(c)

directly to the IRS, and placed liens on properties in his name as well as properties owned solely by family members. Pursuant to 26 U.S.C. § 7429(b)(4), it is for this Court to determine whether it was reasonable under the circumstances for the IRS to take such "extraordinary steps." *Fumo v. United States*, No. 13-3313, 2014 U.S. Dist. LEXIS 77082, at *45, *76 (E.D. Pa. 2014).

In making this determination, the only issue before this Court is whether Mr. Brockman "is or appears to be designing quickly to place assets beyond the reach of the Government." *See* Dkt. No. 10 at 2. He is not. And it is fair to ask the government to state succinctly how it contends that the IRS's collection activity is justifiable.

The government claims that it requires additional pages to reiterate and explain the allegations in the Jeopardy Report that the IRS appended to its Notice of Jeopardy Assessment. Dkt. No. 17 at 3. This contention ignores the fact the Jeopardy Report is already part of the record before this Court. *See* Dkt. No. 11, Ex. 3. To the extent that the government believes the Jeopardy Report contains significant information, it can readily be cited, and need not be repeated at length in the government's opposition. Moreover, to the extent that these allegations span a timeframe, as the government contends, back to "at least 2002" (and largely track the allegations in the Indictment *United States v. Brockman*, Dkt No. 4:21-cr-00009, which is also pending before this Court), the government misses the point of what is at issue in addressing a jeopardy assessment. *See* Mot. at 2-3. Allegations of historical conduct do not bear on the issue of whether Mr. Brockman is currently "designing quickly" to place assets outside the reach of the government. *Fumo v. United States*, 2014 U.S. Dist. LEXIS 77082, at *106-

107 (finding that the "age of the evidence" weighs against a finding of reasonableness); *Burd v. United States*, 774 F. Supp. 903, 907 (D.N.J. 1991) (finding an "intention to misrepresent [] income and avoid paying taxes does not provide the IRS with the justification for a jeopardy assessment").

By contrast, the statutory deadline places significant time constraints on Mr. Brockman and the Court. We respectfully submit that the expedited nature of these proceedings are better served by maintaining the Court's usual page limitations, which should enable the parties and the Court to quickly identify and address the key issues.

Accordingly, the government's request for 50 additional pages is excessive and unreasonable and should be denied.

## CONCLUSION

The government's Motion to Extend Page Limits should be denied.

Dated:  January 28, 2022

/s/ *Jason S. Varnado*
Jason S. Varnado
Texas Bar No. 24034722
SDTX Ad. ID No. 32166
Email: jvarnado@jonesday.com
Julia N. Camp
Texas Bar No. 24123598
SDTX Ad. ID No. 3688104
Email: juliacamp@jonesday.com
JONES DAY
717 Texas, Suite 3300
Houston, TX  77002
Telephone: 832-239-3939
Facsimile: 832-239-3600

Kathryn Keneally (*application for Pro Hac Vice admission forthcoming*)

New York Bar No. 1866250
Email: kkeneally@jonesday.com
Frank J. Jackson (*application for Pro Hac Vice admission forthcoming*)
New York Bar No. 2870251
Email: fjackson@jonesday.com
Michael J. Scarduzio (*application for Pro Hac Vice admission forthcoming*)
New York Bar No. 5147186
Email: mscarduzio@jonesday.com
Anthony J. DeRiso (*application for Pro Hac Vice admission forthcoming*)
New York Bar No. 5787312
Email: aderiso@jonesday.com
JONES DAY
250 Vesey Street
New York, NY 10281-1047
Telephone: 212-326-3939
Facsimile: 212-755-7306

Irina K. Bleustein (*application for Pro Hac Vice admission forthcoming*)
District of Columbia Bar No. 1044772
Email: ibleustein@jonesday.com
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone: 202-879-3450
Facsimile: 202-626-1700

*Attorneys for Plaintiff Robert T. Brockman*

## CERTIFICATE OF SERVICE

I certify that on the 28th day of January, 2022, I electronically served this document on all counsel of record.

/s/ *Jason S. Varnado*
Jason S. Varnado