IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROBERT T. BROCKMAN, ) | |
| ) | Case No. 4:22-CV-202 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**UNITED STATES' REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO THE UNITED STATES' MOTION TO EXPAND PAGE LIMITS**

The United States files this reply to Robert T. Brockman's response in opposition to the United States' Motion to Expand the Page Limits and states as follows:

Brockman misstates the issue and standard of review before the Court in asserting that "the only issue before this is Court is whether Mr. Brockman is or appears to be designing quickly to place assets beyond the reach of the government"[1]

The issue before the Court is whether the determination of jeopardy, and making the jeopardy assessment, is reasonable under the circumstances.[2] While Section 7429 does not set forth specific guidelines as to what constitutes "reasonable under the circumstances," the courts have determined that this term means "something more than

---

[1] Dkt. 19, Brockman's opposition referring to Brockman's motion at pg. 2 of Dkt. #10.
[2] *See* 26 U.S.C. §§ 7429(b)(3)(A) and (B).

1

not arbitrary and capricious and something less than supported by substantial evidence."[3] "In order to establish that the making of a jeopardy assessment is reasonable under the circumstances, the Service 'need only establish that the taxpayer's circumstances appear to be jeopardizing collection of a tax—not whether they definitely do so.'"[4]

In determining whether any of these the "circumstances" is present, there are many factors that courts may consider whether: (1) whether the taxpayer is involved in illegal activity,[5] (2) the taxpayer travels abroad frequently, (3) the taxpayer is leaving or may be expected to leave the country, (4) the taxpayer has recently conveyed real estate, (5) or discussed such conveyance, (6) the taxpayer controls bank accounts containing liquid funds, (7) the taxpayer has not supplied public agencies with appropriate forms or documents when requested to do so, (8) the taxpayer controls numerous business entities, (9) the taxpayer attempts to make sizable bank account withdrawals at the time of the assessment, (10) the taxpayer maintains foreign bank accounts, (11) the taxpayer takes large amounts of money offshore, and (12) the taxpayer has many business entities which can be used to hide his assets.[6] The number of these factors courts consider weighs in favor of giving the United States additional pages to explain Brockman's jeopardy.

---

[3] *Central De Gas*, 790 F. Supp. at 1304; *Felkel v. United States*, 570 F. Supp. 833, 838 (D. S.C. 1983); *Loretto v. United States*, 440 F. Supp. 1168, 1172 (E.D. Pa. 1977); *Garcia v. United States*, 714 F. Supp. 1036, 1077 (N.D. Cal. 1989); *Harvey v. United States*, 730 F. Supp. 1097, 1104 (S.D. Fla. 1990); *DeLauri v. United States,* 492 F. Supp. 442, 445 (W.D. Tex. 1980).
[4] *Miller*, 615 F. Supp. at 786 (*emphasis* in original) (quoting *Cantillo*, 559 F. Supp. at 207); *see also Bean v. United States*, 618 F. Supp. 652, 658 (N.D. Ga. 1985 ) ("Whether Bean in fact intended to depart the country, liquidate his assets and thereby avoid payment of his taxes is irrelevant").
[5] *Magluta,* 952 F. Supp. at 801-802.
[6] *Bean v. United States*, 618 F. Supp. 652, 658 (N.D. Ga. 1985) (citations omitted).

(continued...)

Of course, it should be no surprise that Brockman would prefer that his 30 year history of hiding assets and income in offshore accounts not be considered as relevant to this jeopardy determination. However, that is not just his history, it is still an ongoing structure that he maintains, and when coupled with his more recent transfers, gifts, and liquidation of his assets – some to unknown accounts and recipients, that history and ongoing offshore structure are highly relevant to determining whether it is reasonable to believe that he appears to be further hiding or dissipating assets. Not surprisingly, the courts can consider past conduct in reviewing a jeopardy assessment and levy. In *Harvey*, the IRS made jeopardy assessments in 1987 for the tax years 1978-1983. The court considered Harvey's purchase of real estate in the name of a corporation in 1978, use of foreign accounts from 1979 to 1983 and holding other assets in the name of corporations during the years at issue as relevant facts to consider in determining whether the IRS jeopardy assessment was reasonable.[7]

Additionally, because the judicial review the jeopardy determination is *de novo* rather than deferring to the discretion of the agency determination, the courts may also consider any relevant facts and information that bear on the issue.[8] This can include information that the IRS learned after it made its determination and made the

---

There are a host of other reasons that have helped courts find that jeopardy assessments were appropriate. See *Wellek*, 324 F. Supp. 2d at 912; *Mesher v. United States*, 736 F. Supp. 233, 235-36 (D. Or. 1990)(listing six factors courts will consider). See *Arnold v. United States,* 1998 U.S. Dis. Lexis 22310 *23-24, 83 A.F.T.R.2d (RIA) 3018 (taxpayers holding of residence and other assets in nominee corporations supported jeopardy assessments).
[7] *Harvey v. United States*, 730 F. Supp. 1097, 1106-1107 (S.D. Fla. 1990).
[8] *Haskin*, 444 F. Supp. at 304 (citing S. Rep. No. 94-938 at 365); *see also Wellek*, 324 F Supp. 2d at 911; *Harvey*, 730 F. Supp. at 1104; *Loretto*, 440 F. Supp. at 1173.

assessment.[9] Here, the United States has gathered additional information that supports a jeopardy determination and desires to present it to the Court.

Finally, as shown above, Brockman glossed over much of the cases relating to jeopardy assessments to focus on one case[10] which is an outlier with respect to the significant body of case law regarding jeopardy assessments.

Thus, contrary to Brockman's incorrect statement of the standard of review, the United States is not limited to just the jeopardy report. The United States should be allowed to fully explain and cull the evidence the IRS had, including the jeopardy report, to support the reasonableness of the jeopardy assessment. Further, the United States (IRS) has uncovered evidence of jeopardy that was either unknown or unavailable to the IRS at the time the jeopardy assessment was made.

The United States has the burden of proving that a jeopardy determination by the IRS and the Court is reasonable under the circumstances and should be allowed to bring all the evidence and arguments to support the jeopardy assessment. The United States needs and requests the additional pages to do so. Just because Brockman chose to limit his Motion to certain matters as a strategy of hoping to limit the abundance of relevant information unfavorable to him on other areas, the United States should not be bound merely to address the matters he chose to raise.

---

[9] *Wellek*, 324 F. Supp. 2d at 911; *Camp v. Commissioner*, 635 F. Supp. 585, 587 (E.D. La. 1986); *Nolan*, 539 F. Supp. at 790; *Loretto*, 440 F. Supp. at 1173. *Central De Gas*, 790 F. Supp. at 1304.
[10] Fumo v. United States, No. 13-3313, 2014 U.S. Dist. LEXIS 77082, (E.D. Pa. 2014).

Dated: January 28, 2022

                              DAVID A. HUBBERT
                              Deputy Assistant Attorney General

By:

                              /s/ Herbert W. Linder
                              HERBERT W. LINDER
                              Ohio Bar No. 0065446
                              Jonathan L. Blacker
                              State Bar No. 00796215
                              John P. Nasta, Jr.
                              Florida Bar No. 1004432
                              Attorneys, Tax Division
                              Department of Justice
                              717 N. Harwood, Suite 400
                              Dallas, Texas  75201
                              (214) 880-9754
                              (214) 880-9774 (facsimile)
                              Herbert.W.Linder@usdoj.gov
                              Jonathan.blacker2@usdoj.gov
                              John.nasta@usdoj.gov

                              ATTORNEYS FOR UNITED STATES

## **CERTIFICATE OF SERVICE**

I certify that on January 28, 2022, I filed the foregoing document by electronic means on all parties who have entered an appearance through the Court's ECF system, including the following:

Jason S. Varnado
Julia N. Camp
Kathryn Keneally
Frank J. Jackson
Michael J. Scarduzio
Anthony J. DeRiso
Irina K. Bleustein
JONES DAY
717 Texas, Suite 3300
Houston, Texas 77002
Attorneys for Plaintiff

/s/ Herbert W. Linder
HERBERT W. LINDER