# EXHIBIT

# B-1.30

Exhibit B-1.30



# Bermuda Commercial Bank

**BERMUDA COMMERCIAL BANK LIMITED**

**Account Statement**

**Date** 01-Jan-2011

**Customer Name**   Edge Capital Investments Ltd

**Account** ██████03-01   **Description**   Edge Capital Investments Ltd

**Currency**   USD

**Account Statement from 28-Nov-2010 to 01-Jan-2011**

| Transaction Date | Value Date | Transaction Number | Description | Amount | Fee | Running Book Balance |
|---|---|---|---|---|---|---|
| | | | **Opening Balance** | | | **71,443,657.49** |
| 30-Nov-2010 | 30-Nov-2010 | 0310751 | *Incoming Wire Fee* | -10.00 | | 71,443,647.49 |
| 30-Nov-2010 | 30-Nov-2010 | 0310753 | *WT:BNTBBMHMXXX PLATOON INVESTMENTS LTD /BOOK/8541800334FS* | 592,096.25 | | 72,035,743.74 |
| 16-Dec-2010 | 16-Dec-2010 | 0312498 | **Internal Transfer** *Capital Contribution* | -15,000,000.00 | | 57,035,743.74 |
| 21-Dec-2010 | 21-Dec-2010 | 0313100 | *INTEREST TO DATE* | 5,779.84 | | 57,041,523.58 |
| | | | **Closing Balance** | | | **57,041,523.58** |

# EXHIBIT

# B-4

# Exhibit B-4

Message

| | |
|---|---|
| **From:** | Evatt Tamine [etamine@logic.bm] |
| **Sent:** | 1/22/2009 7:19:06 PM |
| **To:** | 'Horst Finkbeiner' [hfinkbeiner@bcb.bm] |
| **CC:** | 'Natascia Bertoli Badoli' [NBadoli@bcb.bm]; 'Glendall Phillips' [gphillips@bcb.bm]; 'Robin Dyer' [rdyer@bcb.bm] |
| **Subject:** | Edge Investmentl Fund Ltd |
| **Attachments:** | Articles of Incorporation.pdf; ByLaws.pdf; Certificate of Incorporation.pdf; Deed of Assignment.pdf |

Horst,

As discussed, the captioned company which has an account with your bank will cease to exist and is being replaced by a newly incorporated Nevis company. The reasons for this are simply that the Nevis legislation is a better fit for this company.

As we were waiting for regulatory feedback on certain issues pertaining to Nevis mutual funds law, we decided to reconstitute this company as a new company.

The new company is called EDGE CAPITAL INVESTMENTS LTD.

I stress that no shareholders have changed and that there has been a direct exchange of shares for all existing shareholders.

There is a deed of assignment; however I have not yet received the signed copy of that; however I should be getting it in a day or two.

What we would like to do is simply amend the account name and submit the new corporate documents. All else remains the same.

In the meantime, I enclose for your records the following documents:

1. Articles of incorporation
2. Certificate of Incorporation
3. Bylaws
4. Draft of the Deed of Assignment

I will send you the executed deed as soon as I receive a copy.

Could you advise whether you require anything else?


Kind regards


Evatt

ET_0001747229

# EXHIBIT

# B-5

# ARTICLES OF INCORPORATION

## OF

## EDGE CAPITAL INVESTMENTS LTD

## PURSUANT TO THE NEVIS BUSINESS CORPORATION ORDINANCE 1984 AS AMENDED



REGISTRAR OF OFFSHORE COMPANIES & TRUSTS
FILED
DEC 3 0 2008
NEVIS

ET_0001747230

Exhibit B-5

## NEVIS BUSINESS CORPORATION ORDINANCE 1984

### ARTICLES OF INCORPORATION

For the purpose of forming a corporation pursuant to the Nevis Business Corporation Ordinance 1984, the undersigned does hereby make, subscribe, acknowledge and file in the office of the Registrar of Companies this instrument for this purpose, as follows:

1.  The name of the corporation shall be:

# EDGE CAPITAL INVESTMENTS LTD

2.  The registered address of the corporation shall be P.O. Box 556, Main Street, Charlestown, Nevis. The corporation's registered agent at this address shall be Morning Star Holdings Limited.

3.  The authorized share capital of the corporation shall be divided into two classes of stock, 100 (One Hundred) non-participating, non-redeemable Common Shares with a par value of One U.S. dollar ($1.00) per share and 5,000,000 (Five Million) non-voting, redeemable Participating Shares at no par value each. Shares of both classes may only be issued in Registered form as authorized by the Board of Directors.

    Common Shares shall carry one vote each, may not be redeemable by the corporation and have no rights to dividends and distribution from the corporation or upon liquidation of the corporation.

    Participating Shares shall carry no voting rights, be redeemable by the corporation and have equal rights to dividends and distributions upon liquidation of the Company.

4.  The Board of Directors of the corporation shall have the power by resolution to create or vary such classes of shares or series within classes of shares in accordance with Section 31(1) of the Nevis Business Corporation Ordinance 1984.

5.  Any or all of the Directors of the corporation may be removed without cause by the Shareholders entitled to vote in accordance with any rights attaching to their class of shares or their series of their class of shares.

6.  For the purpose of any meeting of the Board of Directors, the quorum necessary for the conduct of any business shall be not less than one third of the number of Directors presently appointed as Directors to the corporation.

7.  In accordance with Section 53(1) of the Nevis Business Corporation Ordinance 1984, the

ET_0001747231

Articles of Incorporation.pdf

Board of Directors may designate an executive committee ("the Executive Committee") comprising at least one member of the Board, which shall have and may exercise all the authority of the Board of Directors subject to the restrictions set out in the said Section 53(1).

The Executive Committee may pass all resolutions on behalf of the Board of Directors in writing signed by the member or members of the Executive Committee.

8.    All officers of the corporation may be elected by the Shareholders entitled to vote.

9.    The corporation shall have as its principal purpose the right to engage in any lawful act or activity for which corporations may now or hereafter be organized under the Nevis Business Corporation Ordinance 1984 including but not limited to the following:

(9.1) To enter into, make and perform contracts of every kind and description with any person, firm, association, corporation, municipality, county, state, body politic, or government or colony or any dependency thereof.

(9.2)   To appoint or act as an agent, broker, or representative, general or special, in respect of any or all of the powers expressed herein or implied hereby; to appoint agents, brokers or representatives.

(9.3) To carry on its business, to have one or more offices, and to exercise its powers in foreign countries, subject to the laws of the particular country.

(9.4) To borrow or raise money and contract debts, when necessary for the transaction of its business or for the exercise of its corporate rights, privileges or franchise or for any other lawful purpose of its incorporation; to draw, make, accept, endorse, execute and issue promissory notes, bills of exchange, bonds, debentures, and other instruments and evidences of indebtedness either secured by mortgage, pledge, deed of trust, or otherwise, or unsecured.

(9.5) To give a guarantee not in furtherance of corporate purposes when authorized by majority vote of shareholders entitled to vote thereon and, when authorized by like vote, such guarantee may be secured by mortgage or pledge or creation of security interest in corporate property.

(9.6) To purchase or otherwise acquire, hold, own, mortgage, sell, convey, or otherwise dispose of real and personal property of every class and description.

(9.7) To apply for, secure by purchase or otherwise hold, use, sell, assign, lease, grant licenses in respect of, mortgage or otherwise dispose of letters patent of St. Kitts and Nevis or any foreign country, patent rights, licenses, privileges, inventions, improvements and processes, copyrights, trademarks, and trade names, relative to or useful in connection with any business of this corporation.

ET_0001747232

Articles of Incorporation.pdf

Exhibit B-5

(9.8) To purchase or otherwise acquire, underwrite, hold, pledge, turn to account in any manner, sell, distribute, or otherwise dispose of and generally to deal in, bonds, debentures, notes, evidences of indebtedness, shares of stock, warrants, rights, certificates, receipts or any other instruments or interests in the nature of securities created or issued by any person, partnership, firm, corporation, company, association, or other business organizations, foreign or domestic, or by any domestic or foreign governmental, municipal or other public authority, and exercise as holder or owner of any such securities all rights, powers and privileges in respect thereof; to do any and all acts and things for the preservation, protection, improvement and enhancement in value of any such securities and to aid by loan, subsidy, guaranty or otherwise those issuing, creating or responsible for any such securities; to acquire or become interested in any such securities by original subscription, underwriting, loan, participation in syndicates or otherwise, and irrespective of whether such securities be fully paid or subject to future payments; to make payments thereon as called for or in advance of calls or otherwise and to underwrite or subscribe for the same conditionally or otherwise and either with a view to resale or investment or for any other lawful purpose; and in connection therewith or otherwise to acquire and hold membership in or otherwise secure trading privileges on any board of trade, exchange or other similar institution where any securities are dealt in and to comply with the rules of any such institution; as used herein the term "securities" shall include bonds, debentures, notes, evidences of indebtedness, shares of stock, warrants, options, rights, certificates, receipts or any other instruments or interests in the nature of securities of any kind whatsoever which a corporation organized under the Nevis Business Corporation Ordinance 1984 is legally permitted to acquire or deal in, by whomsoever issued or created; the term "person" shall include any person, partnership, firm, corporation, company, association or other business organization, domestic or foreign governmental, municipal or other public authority.

(9.9) To purchase or otherwise acquire, hold, pledge, turn to account in any manner, import, export, sell, distribute or otherwise dispose of, and generally to deal in, commodities and products (including any future interest therein) and merchandise, articles of commerce, materials, personal property and real property of every kind, character and description whatsoever, and wheresoever situated, and any interest therein, at any place or places in Nevis or abroad, either as principal or as a factor or broker, or as commercial, sales, business or financial agent or representative, general or special, or, to the extent permitted by the laws of Nevis, in any other capacity whatsoever for the account of any domestic or foreign person or public authority, and in connection therewith or otherwise to acquire trading privileges on any board of trade, exchange or other similar institution where any such products or commodities or personal or real property are dealt in, and to comply with the rules of any such institution.

(9.10) To engage in any mercantile, manufacturing or trading business of any kind or character whatsoever, wherever situated, and to do all things incidental to such business.

(9.11) To carry on the business of warehousing and all business incidental thereto,

Exhibit B-5

including the issuing of warehouse receipts, negotiable or otherwise, and the making of advances or loans upon the security of goods warehoused.

(9.12) To purchase, lease or otherwise acquire, hold, own, mortgage, pledge, hypothecate, build, erect, construct, maintain and operate, develop, improve and sell, lease or otherwise dispose of lands, and improvements, warehouses, factories, buildings, structures, piers, wharves, mills, dams, stores and dwellings and all other property and things of whatsoever kind and nature, real, personal or mixed, tangible or intangible, wherever situated, suitable or necessary in connection with any of the purposes hereinabove or hereinafter set forth, or otherwise deal with or in any such properties.

(9.13) To cause to be formed, merged, reorganized or liquidated, and to promote, take charge of, in any way permitted by law, the formation, merger, reorganization or liquidation of any person in Nevis or abroad.

(9.14) To acquire all or any part of the good will, rights, property and business of any person, heretofore or hereafter engaged in any business similar to any business which the Corporation has power to conduct, to pay for the same in cash or in the securities of the Corporation or otherwise, to hold, utilize and in any manner dispose of the whole or any part of the rights and property so acquired, and to assume in connection therewith any liabilities of any such person, and conduct in any lawful manner the whole or any part of the business thus acquired.

(9.15) To make, enter into and carry out any arrangements with any person or public authority, to obtain therefrom or otherwise to acquire by purchase, lease, assignment or otherwise any powers, rights, privileges, immunities, franchises, guarantees, grants and concessions, to acquire, hold, own, exercise, exploit, dispose of and realize upon the same, and to undertake and prosecute any business dependent thereon provided it is such a business as this Corporation may engage in; and to promote, cause to be formed and aid in any way any person for any such purpose.

(9.16) To make and issue trust receipts, deposit receipts, certificates of deposit, interim receipts, or any other receipts for, or certificates of deposit for, any securities or interest therein; to acquire and exercise any proxies or powers of attorney or other privileges pertaining to any securities or interest therein.

(9.17) To render advisory, investigatory, supervisory, managerial or other like services, permitted to corporations, in connection with the promotion, organization, reorganization, recapitalization, liquidation, consolidation or merger of any person or in connection with the issuance, underwriting, sale or distribution of any securities issued in connection therewith or incidental thereto; and to render general investment advisory or financial advisory or managerial services to any person or public authority.

(9.18) To cause or allow the legal title, or any legal or equitable estate, right or interest in any property, whether real, personal or mixed, owned, acquired, controlled or operated by

Articles of Incorporation.pdf

Exhibit B-5

the Corporation, to remain or to be vested or registered in the name of, or operated by, any person, formed or to be formed, either upon trust for or as agents or nominees of, this Corporation, or upon any other proper terms or conditions which the Board of Directors may consider for the benefit of the Corporation.

(9.19) To enter into any lawful arrangements for sharing profits, union of interest, reciprocal concession or cooperation with any person or public authority, in the carrying on of any similar business which the Corporation is authorized to carry on, or any business or transaction deemed necessary, convenient or incidental to carrying out any of the purposes of the Corporation.

(9.20) To the extent suitable or necessary to carry out any of the purposes herein before or hereinafter set forth, but only in so far as the same may be permitted to be done by a corporation organized under the Nevis Business Corporation Ordinance 1984, to buy, sell and deal in foreign exchange.

(9.21) To invest its uninvested funds and/or surplus from time to time to such extent as the Corporation may deem advisable in securities or in call and/or in time loans or otherwise, upon such security, if any, as the Board of Directors may determine, but the Corporation shall not engage in the banking business or exercise banking powers, and nothing in these Articles contained shall be deemed to authorize it to do so.

(9.22) To issue, purchase, hold, sell, transfer, reissue or cancel the shares of its own capital stock or any securities of the Corporation in the manner and to the extent now or hereafter permitted by the Nevis Business Corporation Ordinance 1984; and provided further that shares of its own capital stock owned by the Corporation shall not be voted upon directly or indirectly, nor counted as outstanding for the purpose of any stockholders' quorum or vote.

(9.23) To act in any and all parts of the world in any capacity whatsoever as agent, broker, or representative, general or special, for any person or public authority, including, but without limitation of the foregoing, to act as agent, broker or representative, general or special, for any person engaged in the business of writing insurance, but only to the extent permitted to corporations organized pursuant to the Nevis Business Corporation Ordinance 1984.

(9.24) To do any and all of the acts and things herein set forth, as principal, factor, agent, contractor, or otherwise, either alone or in company with others; and in general to carry on any other similar business which is incidental or conducive or convenient or proper to the attainment of the foregoing purposes or any of them and which is not forbidden by law; and to exercise any and all powers which now or hereafter may be lawful for the Corporation to exercise under the laws of Nevis; to establish and maintain offices and agencies wherever situated; and to exercise any or all of its corporate powers and rights in Nevis and in any foreign countries.

Exhibit B-5

10.  The Corporation shall have every power which a Corporation now or hereafter organized under the Nevis Business Corporation Ordinance 1984 may have.

---

The name and address of each incorporator
and subscriber of these Articles is

---

| NAME | ADDRESS | NUMBER OF SHARES SUBSCRIBED |
|------|---------|------------------------------|
| Wendy Webbe | P. O. Box 556 Charlestown, Nevis | One |

---

IN WITNESS WHEREOF, I have executed this instrument on this 30th day of December, 2008.

Articles of Incorporation.pdf

Exhibit B-5

## CERTIFICATE OF NOTARY PUBLIC

**Island of Nevis**                                    **December 30, 2008**

**Town of Charlestown**

On this date before me personally came Wendy Webbe known to me to be the individual described in and who executed the foregoing Articles of Incorporation of

### EDGE CAPITAL INVESTMENTS LTD

in accordance with the provisions of Section 4 of the Nevis Business Corporation Ordinance 1984 and she duly acknowledged to me that the execution thereof was her act and deed, and I do now set my hand and seal in witness of these acts in accordance with the provisions of the same Section of the Ordinance.



_____

**Notary Public**

Articles of Incorporation.pdf

# EXHIBIT

# B-6

Exhibit B-6

# B Y L A W S

of

## EDGE CAPITAL INVESTMENTS LTD

A Corporation Formed Under the
Nevis Business Corporation Ordinance 1984,
as amended ("the Ordinance")

As adopted on the

**30th day of December, 2008**

ET_0001747238

Exhibit B-6

# B Y L A W S

**of**

## EDGE CAPITAL INVESTMENTS LTD

## INTERPRETATION

1.    (1)    In these Bylaws unless the context otherwise requires -

**"the Auditors"**  means any person  or persons for the time being appointed as such by the Board;

**"Nevis"** means the Island of Nevis;

**"Board"** means the Board of Directors of the Company or the Directors present at a meeting of Directors at which there is a quorum;

**"Business Day"** means any day normally treated as a business day in Nevis or such other day or days in substitution thereof or in addition thereto as the Board may from time to time specify;

**"these Bylaws"** means these Bylaws in their present form or as from time to time amended;

**"Common Shares"** means the non-participating, non-redeemable Common Shares with a par value of One U.S. dollar ($1.00) per share;

**"the Company"** means the company incorporated in Nevis under the name of **EDGE CAPITAL INVESTMENTS LIMITED** on the 30th day of December 2008;

**"Dealing Day"** means the first Business Day of each month which follows the Valuation Day or such day or days at the Board shall from time to time determine;

**"Director"** means a director for the time being of the Company;

2

ET_0001747239

Exhibit B-6

**"Investments"** means those investments and other assets of the Company;

**"Market"** means any market or exchange, whether formal or informal, on which Investments are or can be dealt in or traded;

**"the Ordinance"** means every Nevis statute from time to time in force concerning companies insofar as the same applies to the Company;

**"paid up"** means paid up or credited as paid up;

**"Participating Shares"** means the non-voting, redeemable Participating Shares at no par value;

**"Register"** means the Register of Shareholders of the Company;

**"Registered Office"** means the registered office for the time being of the Company;

**"Secretary"** includes a temporary or assistant or deputy Secretary and any person appointed by the Board to perform any of the duties of the Secretary;

**"Shareholder"** means a person or body corporate registered in the Register of Shareholders as the holder of shares, and when two or more persons are so registered as joint holders of shares, means the person whose name stands first in the Register of Shareholders as one of such joint holders;

**"Valuation Day"** means the last Business Day in each month or such other days as the Board shall determine.

(2)   For the purposes of these Bylaws a corporation shall be deemed to be present in person if its representative duly authorised pursuant to the Ordinance is present;

(3)   Words importing only the singular number include the plural number and vice versa;

(4)   Words importing only the masculine gender include the feminine and neuter genders respectively;

ByLaws.pdf

ET_0001747240

Exhibit B-6

(5)   Words importing persons include companies or associations or bodies of persons, whether corporate or un-incorporate;

(6)   Reference to writing shall include typewriting, printing, lithography, photography and other modes of representing or reproducing words in a legible and non-transitory form;

(7)   Any requirement of a signature shall be satisfied if such signature is a reproduction of a signature affixed by mechanical means;

(8)   Any words or expressions defined in the Ordinance in force at the date when these Bylaws or any part thereof are adopted shall bear the same meaning in these Bylaws or such part (as the case may be).

## REGISTERED OFFICE

2.   The Registered Office shall be at such place in Nevis as the Board shall from time to time appoint.

## SHARE RIGHTS

3.   Subject to any special rights conferred on the holders of any share or class of shares, any share in the Company may be issued with or have attached thereto such preferred, deferred, qualified or other special rights or such restrictions, whether in regard to dividend, voting, redemption, return of capital or otherwise, as the Board may determine.

4.   Subject to the Ordinance, any preference shares may be issued on terms:

(1)   that they are to be redeemed on the happening of a specified event or on a given date; and/or,

(2)   that they are liable to be redeemed at the option of the Company; and/or,

4

ByLaws.pdf

Exhibit B-6

(3)    if authorised by the memorandum/Incorporating Act of the Company, that they are liable to be redeemed at the option of the holder.

The terms and manner of redemption may be determined by the Board.

<h3 align="center">MODIFICATION OF RIGHTS</h3>

5.    Subject to the Ordinance, all or any of the special rights for the time being attached to any class of shares for the time being issued may from time to time (whether or not the Company is being wound up) be altered or abrogated with the consent in writing of the holders of not less than seventy five percent of the issued shares of that class or with the sanction of a resolution passed at a separate general meeting of the holders of such shares voting in person or by proxy. To any such separate general meeting, all the provisions of these Bylaws as to general meetings of the Company shall *mutatis mutandis* apply, but so that the necessary quorum shall be two or more persons holding or representing by proxy any of the shares of the relevant class, that every holder of shares of the relevant class shall be entitled on a poll to one vote for every such share held by him and that any holder of shares of the relevant class present in person or by proxy may demand a poll; provided, however, that if the Company or a class of Shareholders shall have only one Shareholder, one Shareholder present in person or by proxy shall constitute the necessary quorum.

6.    The special rights conferred upon the holders of any shares or class of shares shall not, unless otherwise expressly provided in the rights attaching to or the terms of issue of such shares, be deemed to be altered by the creation or issue of further shares ranking *pari passu* therewith.

ET_0001747242

ByLaws.pdf

Exhibit B-6

**SHARES**

7.    The authorised share capital of the Company at the date of adoption of these Bylaws is divided into:

       (1)    One hundred (100) Common Shares with a par value of One United States Dollar (U.S.$1.00) each; and,

       (2)    Five million (5,000,000) Participating Shares of no par value.

8.    (1)    The Common Shares shall only be issued at par value.  The holders of the Common Shares shall have:

       (a)    voting rights at all meetings of Shareholders of the Company;

       (b)    no rights to dividends;

       (c)    no rights to participate in the assets of the Company upon its liquidation except they shall be entitled to a return of the par value paid up in respect of such shares in the event of a liquidation of the Company;

       (d)    no right of redemption.

    (2)    The holders of Participating Shares subject to any other rights or restrictions attached thereto at the time of issue shall have:

       (a)    no voting rights at meetings of the Shareholders of the Company (except where any such meeting is called to vary the rights attached to the Participating Shares or except as required by the Ordinance);

       (b)    all rights to dividends; and

       (c)    all rights to participate in the assets of the Company upon its liquidation.

       (d)    the ability to be redeemed at the option of the Company and at the option of the holder.

6

ET_0001747243

Exhibit B-6

9.    Subject to the provisions of these Bylaws, the unissued shares of the Company (whether forming part of the original capital or any increased capital) shall be at the disposal of the Board, which may offer, allot, grant options over or otherwise dispose of them to such persons, at such times and for such consideration and upon such terms and conditions as the Board may determine.

10.    The Board may in connection with the issue of any shares exercise all powers of paying commission and brokerage conferred or permitted by law.

11.    Except as ordered by a court of competent jurisdiction or as required by law, no person shall be recognised by the Company as holding any share upon trust and the Company shall not be bound by or required in any way to recognise (even when having notice thereof) any equitable, contingent, future or partial interest in any share or any interest in any fractional part of a share or (except only as otherwise provided in these Bylaws, or by law) any other right in respect of any share except an absolute right to the entirety thereof in the registered holder.

**RESTRICTION ON ACQUISITION AND HOLDING OF SHARES**

12.    (1)    If the Board thinks it appropriate, in order to reduce the possibility that shares are acquired or held by any person in breach of the laws or requirements of any country or governmental authority or the acquisition or holding of which might in the judgment of the Board reasonably be expected to expose the Company or its Shareholders to adverse tax consequences under the laws of any country or to prejudice or risk prejudicing in any way either the Company or the Shareholders, or if it otherwise thinks it appropriate in the best interests of the Company or the Shareholders, the Board may

7

ET_0001747244

Exhibit B-6

impose such restrictions on the acquisition and holding of shares as it thinks fit.

(2) The Board may on an application for shares or on a transfer of shares or at any other time and from time to time require such evidence to be furnished to it in connection with any restriction imposed pursuant to this Bylaw as it shall in its discretion deem sufficient.

(3) A Shareholder, who, by reason of any restriction imposed pursuant to these Bylaws, was not qualified to acquire or ceased to be qualified to hold all or any of the shares registered in his name shall either deliver to the Company a written request for redemption or purchase of such shares in accordance with these Bylaws or shall transfer the same to a person duly qualified to hold the same.

(4) If the Board shall in its absolute discretion consider that by reason of any restriction imposed pursuant to this Bylaw any Shareholder was not qualified to acquire or is or has at any time not been qualified to hold all or any of the shares registered in his name, the Board may require the redemption or transfer of such shares in accordance with these Bylaws hereof or the transfer of such shares.

## LIMIT ON HOLDINGS

13. (1) Unless the Board otherwise determines, no person who is not already a Shareholder shall be registered in respect of a holding of shares having of any class a net asset value of less than Ten thousand dollars (US$10,000.00).

(2) The Board may refuse to register a transfer of a share if in consequence thereof either the transferor or the transferee would hold shares having a net asset value of less than Ten thousand dollars (US$10,000.00) and for this purpose a redemption of shares shall be treated as a transfer PROVIDED THAT the restriction in

ET_0001747245

Exhibit B-6

this paragraph on disposal of shares shall not apply to the disposal by a transferor of his entire shareholding.

## CERTIFICATES

14.   The preparation, issue and delivery of certificates shall be governed by the Ordinance PROVIDED THAT the holders of Participating Shares shall not receive a certificate representing that Shareholder's Participating Shares unless the Secretary is requested by a Shareholder to issue a certificate.  In the case of a share held jointly by several persons, delivery of a certificate to one of several joint holders shall be sufficient delivery to all.

15.   If a share certificate is defaced, lost or destroyed it may be replaced without fee but on such terms (if any) as to evidence and indemnity and to payment of the costs and out of pocket expenses of the Company in investigating such evidence and preparing such indemnity as the Board may think fit and, in case of defacement, on delivery of the old certificate to the Company.

16.   All certificates for share or loan capital or other securities of the Company (other than letters of allotment, scrip certificates and other like documents) shall, except to the extent that the terms and conditions for the time being relating thereto otherwise provide, be issued under the Seal.  Any signatures on any such certificates need not be autographic but may be affixed to such certificates by some mechanical means or may be printed thereon or that such certificates need not be signed by any persons.

## LIEN

17.   The Company shall have a first and paramount lien on every share (not being a fully paid share) for all moneys, whether presently payable or not, called or payable, at a date fixed by or in accordance with the terms of issue

ByLaws.pdf

ET_0001747246

Exhibit B-6

of such share in respect of such share, and the Company shall also have a first and paramount lien on every share (other than a fully paid share) standing registered in the name of a Shareholder, whether singly or jointly with any other person, for all the debts and liabilities of such Shareholder or his estate to the Company, whether the same shall have been incurred before or after notice to the Company of any interest of any person other than such Shareholder, and whether the time for the payment or discharge of the same shall have actually arrived or not, and notwithstanding that the same are joint debts or liabilities of such Shareholder or his estate and any other person, whether a Shareholder or not.  The Company's lien on a share shall extend to all dividends payable thereon.  The Board may at any time, either generally or in any particular case, waive any lien that has arisen or declare any share to be wholly or in part exempt from the provisions of this Bylaw.

18.    The Company may sell, in such manner as the Board may think fit, any share on which the Company has a lien but no sale shall be made unless some sum in respect of which the lien exists is presently payable nor until the expiration of fourteen days after a notice in writing, stating and demanding payment of the sum presently payable and giving notice of the intention to sell in default of such payment, has been served on the holder for the time being of the share.

19.    The net proceeds of sale by the Company of any shares on which it has a lien shall be applied in or towards payment or discharge of the debt or liability in respect of which the lien exists so far as the same is presently payable, and any residue shall (subject to a like lien for debts or liabilities not presently payable as existed upon the share prior to the sale) be paid to the person who was the holder of the share immediately before such sale. For giving effect to any such sale the Board may authorise some person to transfer the share sold to the purchaser thereof.  The purchaser shall be

ET_0001747247

ByLaws.pdf

Exhibit B-6

registered as the holder of the share and he shall not be bound to see to the application of the purchase money, nor shall his title to the share be affected by any irregularity or invalidity in the proceedings relating to the sale.

## CALLS ON SHARES

20.     The Board may from time to time make calls upon the Shareholders in respect of any moneys unpaid on their shares (whether on account of the par value of the shares or by way of premium) and not by the terms of issue thereof made payable at a date fixed by or in accordance with such terms of issue, and each Shareholder shall (subject to the Company serving upon him at least fourteen days notice specifying the time or times and place of payment) pay to the Company at the time or times and place so specified the amount called on his shares.  A call may be revoked or postponed as the Board may determine.

21.     A call may be made payable by installments and shall be deemed to have been made at the time when the resolution of the Board authorizing the call was passed.

22.     The joint holders of a share shall be jointly and severally liable to pay all calls in respect thereof.

23.     If a sum called in respect of the share shall not be paid before or on the day appointed for payment thereof the person from whom the sum is due shall pay interest on the sum from the day appointed for the payment thereof to the time of actual payment at such rate as the Board may determine, but the Board shall be at liberty to waive payment of such interest wholly or in part.

24.     Any sum which, by the terms of issue of a share, becomes payable on allotment or at any date fixed by or in accordance with such terms of issue,

ET_0001747248

ByLaws.pdf

Exhibit B-6

whether on account of the nominal amount of the share or by way of premium, shall for all the purposes of these Bylaws be deemed to be a call duly made, notified and payable on the date on which, by the terms of issue, the same becomes payable and, in case of non-payment, all the relevant provisions of these Bylaws as to payment of interest, forfeiture or otherwise shall apply as if such sum had become payable by virtue of a call duly made and notified.

25.    The Board may on the issue of shares differentiate between the allottees or holders as to the amount of calls to be paid and the times of payment.

## **FORFEITURE OF SHARES**

26.    If a Shareholder fails to pay any call or installment of a call on the day appointed for payment thereof, the Board may at any time thereafter during such time as any part of such call or installment remains unpaid serve a notice on him requiring payment of so much of the call or installment as is unpaid, together with any interest which may have accrued.

27.    The notice shall name a further day (not being less than 14 days from the date of the notice) on or before which, and the place where, the payment required by the notice is to be made and shall state that, in the event of non-payment on or before the day and at the place appointed, the shares in respect of which such call is made or installment is payable will be liable to be forfeited.  The Board may accept the surrender of any share liable to be forfeited hereunder and, in such case, references in these Bylaws to forfeiture shall include surrender.

28.    If the requirements of any such notice as aforesaid are not complied with, any share in respect of which such notice has been given may at any time thereafter, before payment of all calls or installments and interest due in

12

Exhibit B-6

respect thereof has been made, be forfeited by a resolution of the Board to that effect.  Such forfeiture shall include all dividends declared in respect of the forfeited shares and not actually paid before the forfeiture.

29.     When any share has been forfeited, notice of the forfeiture shall be served upon the person who was before forfeiture the holder of the share; but no forfeiture shall be in any manner invalidated by any omission or neglect to give such notice as aforesaid.

30.     A forfeited share shall be deemed to be the property of the Company and may be sold, re-offered or otherwise disposed of either to the person who was, before forfeiture, the holder thereof or entitled thereto or to any other person upon such terms and in such manner as the Board shall think fit, and at any time before a sale, re-allotment or disposition the forfeiture may be cancelled on such terms as the Board may think fit.

31.     A person whose shares have been forfeited shall thereupon cease to be a Shareholder in respect of the forfeited shares but shall, notwithstanding the forfeiture, remain liable to pay to the Company all moneys which at the date of forfeiture were presently payable by him to the Company in respect of the shares with interest thereon at such rate as the Board may determine from the date of forfeiture until payment, and the Company may enforce payment without being under any obligation to make any allowance for the value of the shares forfeited.

32.     An affidavit in writing that the deponent is a Director of the Company or the Secretary and that a share has been duly forfeited on the date stated in the affidavit shall be conclusive evidence of the facts therein stated as against all persons claiming to be entitled to the share.  The Company may receive the consideration (if any) given for the share on the sale, re-allotment or disposition thereof and the Board may authorise some person to transfer the

13

ET_0001747250

Exhibit B-6

share to the person to whom the same is sold, re-allotted or disposed of, and he shall thereupon be registered as the holder of the share and shall not be bound to see to the application of the purchase money (if any) nor shall his title to the share be affected by any irregularity or invalidity in the proceedings relating to the forfeiture, sale, re-allotment or disposal of the share.

## REGISTER OF SHAREHOLDERS

33.    The Secretary shall establish and maintain the Register at the Registered Office or elsewhere whether or not located in Nevis, in the manner prescribed by the Ordinance.  Unless the Board otherwise determines, the Register shall not be open to inspection.  Unless the Board so determines, no Shareholder or intending Shareholder shall be entitled to have entered in the Register any indication of any trust or any equitable, contingent, future or partial interest in any share or any interest in any fractional part of a share and if any such entry exists or is permitted by the Board it shall not be deemed to abrogate any of the provisions of these Bylaws.

## REGISTER OF DIRECTORS AND OFFICERS

34.    The Secretary shall establish and maintain at the Registered Office or elsewhere whether or not in Nevis a register of the Directors and Officers of the Company as required by the Ordinance.

## TRANSFER OF SHARES

35.    Subject to the Ordinance and to such of the restrictions contained in these Bylaws as may be applicable, any Shareholder may transfer all or any of his shares by an instrument of transfer in the usual common form or in any other form which the Board may approve.

14

Exhibit B-6

36. The instrument of transfer of a share shall be signed by or on behalf of the transferor and where any share is not fully-paid, the transferee and the transferor shall be deemed to remain the holder of the share until the name of the transferee is entered in the Register in respect thereof. All instruments of transfer when registered may be retained by the Company. The Board may, in its absolute discretion and without assigning any reason therefor, decline to register any transfer of any share which is not a fully-paid share. The Board may also decline to register any transfer unless:-

    (1) the instrument of transfer is lodged with the Company, accompanied by the certificate, if one has been issued, for the shares to which it relates, and such other evidence as the Board may reasonably require to show the right of the transferor to make the transfer,

    (2) the instrument of transfer is in respect of only one class of share,

Subject to any directions of the Board from time to time in force, the Secretary may exercise the powers and discretions of the Board under this Bylaw.

37. If the Board declines to register a transfer it shall, within three months after the date on which the instrument of transfer was lodged, send to the transferee notice of such refusal.

## TRANSMISSION OF SHARES

38. In the case of the death of a Shareholder, the survivor or survivors, where the deceased was a joint holder, and the estate representative, where he was sole holder, shall be the only person recognised by the Company as having any title to his shares; but nothing herein contained shall release the estate of a deceased holder (whether the sole or joint) from any liability in respect of any share held by him solely or jointly with other persons. For the purpose of this Bylaw, estate representative means the person to whom

15

ET_0001747252

Exhibit B-6

probate or letters of administration has or have been granted in Nevis or, failing any such person, such other person as the Board may in its absolute discretion determine to be the person recognised by the Company for the purpose of this Bylaw.

39.     Subject to these Bylaws any person becoming entitled to a share in consequence of the death of a Shareholder or otherwise by operation of applicable law may, subject as hereafter provided and upon such evidence being produced as may from time to time be required by the Board as to his entitlement, either be registered himself as the holder of the share or elect to have some person nominated by him registered as the transferee thereof.  If the person so becoming entitled elects to be registered himself, he shall deliver or send to the Company a notice in writing signed by him stating that he so elects.  If he shall elect to have his nominee registered, he shall signify his election by signing an instrument of transfer of such share in favour of his nominee.   All the limitations, restrictions and provisions of these Bylaws relating to the right to transfer and the registration of transfer of shares shall be applicable to any such notice or instrument of transfer as aforesaid as if the death of the Shareholder or other event giving rise to the transmission had not occurred and the notice or instrument of transfer was an instrument of transfer signed by such Shareholder.

40.     A person becoming entitled to a share in consequence of the death of a Shareholder or otherwise by operation of applicable law shall (upon such evidence being produced as may from time to time be required by the Board as to his entitlement) be entitled to receive and may give a discharge for any dividends or other moneys payable in respect of the share, but he shall not be entitled in respect of the share to receive notices of or to attend or vote at general meetings of the Company or, save as aforesaid, to exercise in respect of the share any of the rights or privileges of a Shareholder until he shall have become registered as the holder thereof. The Board may at any

ByLaws.pdf

ET_0001747253

Exhibit B-6

time give notice requiring such person to elect either to be registered himself or to transfer the share and, if the notice is not complied with within sixty days, the Board may thereafter withhold payment of all dividends and other moneys payable in respect of the shares until the requirements of the notice have been complied with.

41.    Subject to any directions of the Board from time to time in force, the Secretary may exercise the powers and discretions of the Board under this part of these Bylaws.

<h3 style="text-align:center"><u>DETERMINATION OF NET ASSET VALUE</u></h3>

42.    The net asset value of each share outstanding (other than a Common Share) shall be determined by or on behalf of the Board:

(1)    As at the close of business on each Valuation Day except when determination of the net asset value has been suspended under the provisions of these Bylaws;

(2)    on such other occasions as may be required by these Bylaws;

(3)    on such other occasions as the Board may from time to time determine.

Any determination of net asset value made pursuant to this Bylaw shall be binding on all parties.

43.    The Board may require payment of a fee for ascertaining and/or furnishing the net asset value as at any specified previous date PROVIDED THAT no fee shall be charged with respect to the ascertaining of such net asset value if required under the provisions of these Bylaws.

44.    The Board may at any time and from time to time suspend the determination of the net asset value (and consequently the issue and redemption of shares

ET_0001747254

ByLaws.pdf

and the payment of redemption moneys to persons who have applied to redeem shares) for the whole or any part of a period:

(1)     during which any Market on which any significant portion of the Investments of the Company is listed, quoted, traded or dealt in is closed (other than customary weekend and holiday closing) or trading on any such Market is restricted or suspended; or

(2)     when in the opinion of the Board it is not reasonably practicable for the Company to dispose of any significant portion of the Investments owned by it or when any such disposal would be materially prejudicial to Shareholders; or

(3)     when a breakdown occurs in any of the means normally employed in ascertaining the value of Investments or when for any other reason the value of any of the Investments of the Company cannot reasonably or fairly be ascertained; or

(4)     during which the Company is unable to repatriate funds for the purpose of making payments on the redemption of shares or during which any transfer of funds involved in the realisation or acquisition of Investments or payments due on redemption of shares cannot in the opinion of the Board be effected at normal rates of exchange; or

(5)     during which it considers it for any other reasons to be in the best interests of the Company or the Shareholders to suspend such determination.

45.     Any suspension made by the Board under Bylaw 44 shall take effect at such time as the Board shall specify but not later than the close of business on the Business Day next following the declaration and thereafter there shall be no determination of net asset value until the Board shall declare the suspension at an end except that the suspension shall terminate in any event on the first Business Day on which

(1)     the condition giving rise to the suspension shall have ceased to exist; and

ET_0001747255

ByLaws.pdf

Exhibit B-6

> (2)     no other condition under which suspension is authorised shall exist.

46.     Whenever the Board shall declare a suspension of the determination of the net asset value then as soon as may be practicable after any such declaration the Board shall cause a notice to be delivered to all Shareholders stating that such declaration has been made and at the end of any period of suspension the Board shall cause another notice to be delivered to all Shareholders stating that the period of suspension has ended.

47.     The net asset value of each share (other than a Common Share) as of any particular time shall be the quotient (expressed in U.S. dollars adjusted to two decimal places) obtained by dividing the value, as at such time, of the net assets of the Company attributable to the Participating Shares (i.e. the value of the assets of the Company in such Participating Shares less its liabilities and estimated cost of realisation exclusive of capital and surplus) by the total number of Participating Shares outstanding at such time.

48.     For the purpose of the determination of the net asset value of each share of a particular class the assets of the Company shall comprise the aggregate of:

> (1)     Investments owned or contracted to be acquired for the account of the Participating Shares;
>
> (2)     Cash on hand or on deposit including accrued interest held for the Participating Shares;
>
> (3)     Cash payments outstanding on any shares of that class alloted;
>
> (4)     Bills and demand notes and amounts receivable including net amounts receivable in respect of investments contracted to be realised in respect of the Participating Shares;
>
> (5)     Interest accrued on interest-bearing Investments held for the Participating Shares except that accrued and included in the quoted price of the relevant Investment; and

ET_0001747256

Exhibit B-6

(6)     Other property and assets of any kind and nature including futures contracts, options, prepaid expenses and unamortised preliminary expenses as valued and defined from time to time by the Board.

49.     For the purpose of the determination of the net asset value of each share of a class the value of the assets is to be determined as follows:

(1)     The value of any cash on hand or deposit, bills and demand notes and accounts receivable, prepaid expenses, cash dividends and interest declared or accrued and not yet received shall be deemed to be the full amount thereof unless the Board shall have determined that the same is not worth the full amount thereof in which event the value thereof shall be such as the Board deem to be the reasonable value thereof;

(2)     The market value of any Investment which shall be dealt in or traded on an exchange or through a clearing firm of an exchange or through a financial institution, shall be determined by reference to the most recent official settlement price quoted by that exchange, or the clearing house or financial institution as the case may be, or if there shall be no such price, then the average between the lowest offered price and the highest bid price at the close of business on such Market on the date as of which the net asset value is being determined, all as reported by any means in common use PROVIDED THAT where such Investment shall be dealt in or traded on more than one Market the Board in its discretion may determine which Market shall prevail PROVIDED ALSO that the Board, in its absolute discretion, may permit some other method of valuation to be used if it considers that such valuation better reflects its fair value;

(3)     The Board in its absolute discretion may permit some other method of valuation to that described in these Bylaws to be used if it

20

ET_0001747257

Exhibit B-6

considers that such valuation better reflects the fair value of any Investment or Investments.

50.  For the purpose of the determination of the net asset value of each share the liabilities of the Company are deemed to include:

(1)  Bills and accounts payable;

(2)  Management and administrative expenses payable and/or accrued;

(3)  The gross acquisition consideration of Investments contracted to be acquired;

(4)  Reserves authorised or approved by the Board for duties, charges, taxes or contingencies;

(5)  The aggregate amount of all borrowings and interest, commitment fees, and other charges arising in connection therewith; and

(6)  Other liabilities of the Company of whatsoever nature (except liabilities represented by outstanding shares and surplus of the Company) including outstanding payments on any shares previously redeemed (contingent liabilities (if any) being valued in such manner as the Board may determine from time to time or in any particular case).

51.  For the purpose of the determination of the net asset value of each share:

(1)  Shares for which application has been made shall be deemed to be outstanding on the Business Day next following the day as of which the subscription price therefor shall be determined, and after such time the subscription price thereof payable to the Company shall be deemed to be an asset of the Company and, subject to Bylaw 50 above, any liabilities in connection with the issue thereof shall be deemed to be liabilities of the Company;

(2)  Shares to be redeemed or purchased shall be deemed to be outstanding only until the time as of which the redemption price is

21

ET_0001747258

Exhibit B-6

determined and from such time until paid the price thereof shall be deemed to be a liability of the Company.

## OFFERING OF SHARES

52.   Subject as hereinafter provided the Board may on receipt by it or the authorised agent of the Company of a written application in such form as the Board may from time to time determine issue and allot shares at the subscription price determined in accordance with Bylaw 53 or procure the transfer to the person making such application of shares at not more than such subscription price PROVIDED THAT:

(1)   In respect of the first public offering of any new class of shares, created by the Board pursuant to a prospectus, the Board may allot or issue any shares of such class at such price per share, including any premium, as it shall determine and set out in such prospectus, so long as each such share shall be allotted or issued at the same price.

(2)   No shares shall be allotted or issued (except those for which applications have been previously received and accepted by the Company) during any period when the determination of net asset value is suspended.

(3)   If in lieu of issuing shares the Company shall procure a transfer of shares to the person making such application any fiscal and redemption charges payable in connection with such transfer shall be discharged by or on account of the transferor out of the price payable for such shares.

(4)   Payment shall be made in United States Dollars in such manner and at such time and place as the Directors may from time to time determine.   If funds are not cleared by the close of business on a Dealing Day, shares may be issued at the net asset value per share at the next following Dealing Day.

22

ET_0001747259

Exhibit B-6

(5) The Company shall not issue any shares or securities (i) for services, or (ii) for property other than cash or securities (including securities of which the Company is the issuer) except that it may issue fully paid shares as a dividend or in satisfaction of a dividend declared or as a distribution to the Shareholders or in connection with a re-organisation.

53. The subscription price payable for each share issued under the provisions of Bylaw 52 shall be the net asset value of each such share as at the close of business on the Valuation Day next following the receipt of an application made in accordance with Bylaw 52; plus such sales or dealing charge as the Board may consider appropriate, plus such sum as may be necessary to adjust the said price to a convenient figure for dealing, such sum not to exceed one cent per share.

54. In the event of arrangements being made by the Board for the issue of shares for delivery in any country outside Nevis the price at which such shares may be issued may at the discretion of the Board include as an addition to the subscription price as hereinbefore provided a further amount to cover any additional fiscal charges leviable in that country in respect of such issue or of the delivery or issue of certificates in connection therewith.

## REDEMPTION OF SHARES

55. (1) Subject to the provisions of paragraph (2) of Bylaw 13 and subject also as hereinafter provided the Company shall on receipt by it or its duly authorised agent of a written request by the holder of shares (such request to be in such form as the Board may from time to time determine) accompanied by the certificate representing such shares redeem all or any portion of such shares at the redemption price

ByLaws.pdf

ET_0001747260

Exhibit B-6

determined in accordance with Bylaw 60 or procure the purchase thereof at not less than such redemption price PROVIDED THAT:

(2)    The redemption or purchase of shares pursuant to this Bylaw shall be made on the Dealing Day immediately following the receipt of such written request and certificate provided that such request must be received seven (7) Business Days before a Dealing Day, or such other period as the Board shall determine, and if not so received shall be redeemed at the next following Dealing Day.

56.    On redemption or purchase of part only of the shares comprised in a certificate the Shareholder shall pay to the Company the fiscal charges (if any) arising upon the issue of a balance certificate and thereupon the Board shall procure a balance certificate to be issued for the balance of such shares.

57.    The Board may at its option dispense with the production of any certificate which shall have become lost, stolen or destroyed upon compliance by the Shareholder with the like requirements to those arising in the case of an application by him for the replacement thereof.

58.    (1)    Subject as hereinafter provided in this Bylaw the Shareholder shall not be entitled to withdraw a request for redemption and certificate so deposited.

(2)    If the determination of the redemption price is suspended beyond the day on which it would normally occur by reason of a declaration by the Directors suspending the determination of the net asset value, the right of the Shareholder to have his shares redeemed or purchased shall be similarly suspended and during the period of suspension he may withdraw his request for redemption. Any withdrawal shall be made in writing and shall only be effective if actually received by the Company before the termination of the period of suspension.  If the request is not so withdrawn the redemption or purchase of the shares

24

Exhibit B-6

shall be made on the Dealing Day immediately following the end of the suspension.

59.     Any amount payable to the Shareholder in connection with the redemption or purchase of shares shall be paid by a cheque or by wire transfer in United States Dollars or by such other method as the Directors may at the request of the Shareholder agree and shall be posted or otherwise despatched by or on behalf of the Company to the Shareholder within 14 days after the Dealing Day on which such redemption or purchase was due.

60.     The redemption price of each share under the provisions of these Bylaws shall be the net asset value of each such share as of the close of business on the Valuation Day preceding the Dealing Day on which the shares are redeemed; less such a sum as the Board may consider represents an appropriate redemption or dealing charge and/or such other sum as it may consider represents the appropriate allowance for fiscal and sale charges in relation to the sale of Investments; less an adjustment to the resultant total of not more than one cent per share so as to give a convenient figure for dealing.

61.     The redemption or purchase of shares shall be deemed to be effected on the relevant Dealing Day at which time the Shareholder shall cease to be the owner of such shares and accordingly his name shall be removed from the Register of Shareholders with respect to such shares.

62.     (1)     Subject to the provisions of this Bylaw the Board may at any time and from time to time exercise any power of the Company under Bylaws 12 and 13 hereof to require the redemption or transfer of shares by serving on the holder of such shares a notice in such form as the Board may from time to time determine requiring him within fourteen days of the date of such notice either:

25

ET_0001747262

Exhibit B-6

(a)    to deposit a written request for redemption or purchase of such shares pursuant to Bylaw 55 hereof; or

(b)    to lodge for registration a transfer of such shares to a person qualified to hold the same.

(2)    If a Shareholder shall not comply with a notice served as aforesaid then (unless the notice shall be withdrawn) the Company shall be deemed to have received from him a written request for redemption or purchase under Bylaw 55 hereof of the shares specified in such notice on the thirtieth day after the date of such notice (or if that day is not a Business Day then on the first Business Day thereafter) and the Company shall be entitled to appoint any person to sign on behalf of the Shareholder such documents as may be required for the purposes of such redemption or purchase.

(3)    If any notice served as aforesaid relates to part only of the shares owned by or registered in the name of any person the shares to be redeemed or purchased shall be chosen in such manner as the Board may determine irrespective of the number of shares so owned or registered, and the denominations of the certificates representing such shares, such choice as aforesaid by the Board and any other consideration need not be made by lot or pro-rata or on any other premeditated basis.

(4)    If any shares are redeemed or purchased compulsorily pursuant to this Bylaw without production of the certificate relating thereto the Board may (unless it decides to dispense with production of the certificate) deposit the net aggregate redemption price of all shares so redeemed or purchased in a separate bank account.  Upon such deposit the person whose shares have been so redeemed or purchased shall have no interest in or claim against the Company or its assets except the right to receive the money deposited (without interest) upon surrender of the certificates relating to the shares so

26

Exhibit B-6

redeemed or purchased with such other documents as may be required for the purposes of redemption or purchase.

## INCREASE OF CAPITAL

63. The Company may from time to time increase its capital by such sum to be divided into shares of such par value as the Company by Resolution shall prescribe.

64. The Company may, by the Resolution increasing the capital, direct that the new shares or any of them shall be offered in the first instance either at par or at a premium or (subject to the provisions of the Ordinance) at a discount to all the holders for the time being of shares of any class or classes in proportion to the number of such shares held by them respectively or make any other provision as to the issue of the new shares.

65. The new shares shall be subject to all the provisions of these Bylaws with reference to lien, the payment of calls, forfeiture, transfer, transmission and otherwise.

## ALTERATION OF CAPITAL

66. The Company may from time to time by Resolution:-
    (1)    divide its shares into several classes and attach thereto respectively any preferential, deferred, qualified or special rights, privileges or conditions;
    (2)    consolidate and divide all or any of its share capital into shares of larger par value than its existing shares;
    (3)    sub-divide its shares or any of them into shares of smaller par value than is fixed by its memorandum, so, however, that in the sub-division the proportion between the amount paid and the amount, if

27

ByLaws.pdf

ET_0001747264

Exhibit B-6

any, unpaid on each reduced share shall be the same as it was in the case of the share from which the reduced share is derived;

(4)     make provision for the issue and allotment of shares which do not carry any voting rights;

(5)     cancel shares which, at the date of the passing of the resolution in that behalf, have not been taken or agreed to be taken by any person, and diminish the amount of its share capital by the amount of the shares so cancelled; and

(6)     change the currency denomination of its share capital.

Where any difficulty arises in regard to any division, consolidation, or subdivision under this Bylaw, the Board may settle the same as it thinks expedient and, in particular, may arrange for the sale of the shares representing fractions and the distribution of the net proceeds of sale in due proportion amongst the Shareholders who would have been entitled to the fractions, and for this purpose the Board may authorise some person to transfer the shares representing fractions to the purchaser thereof, who shall not be bound to see to the application of the purchase money nor shall his title to the shares be affected by any irregularity or invalidity in the proceedings relating to the sale.

67.     Subject to the Ordinance and to any confirmation or consent required by law or these Bylaws, the Company may by Resolution from time to time convert any preference shares into redeemable preference shares.

## REDUCTION OF CAPITAL

68.     Subject to the Ordinance, its memorandum and any confirmation or consent required by law or these Bylaws, the Company may from time to time by Resolution authorise the reduction of its issued share capital or any capital redemption reserve fund or any share premium or contributed surplus account in any manner.

ET_0001747265

ByLaws.pdf

Exhibit B-6

69.   In relation to any such reduction, the Company may by Resolution determine the terms upon which such reduction is to be effected including in the case of a reduction of part only of a class of shares, those shares to be affected.

## GENERAL MEETINGS AND WRITTEN RESOLUTIONS

70.   (1)   The Board may convene and the Company may hold general meetings as Annual General Meetings in accordance with the requirements of the Ordinance at such times and places as the Board shall appoint.  The Board may, whenever it thinks fit, and shall, when required by the Ordinance, convene general meetings other than Annual General Meetings which shall be called Special General Meetings.

(2)   Except in the case of the removal of auditors and Directors, anything which may be done by resolution of the Company in general meeting or by resolution of a meeting of any class of the Shareholders of the Company may, without a meeting and without any previous notice being required, be done by resolution in writing, signed by all of the Shareholders or their proxies, or in the case of a Shareholder that is a corporation (whether or not a company within the meaning of the Ordinance) on behalf of such Shareholder, being all of the Shareholders of the Company who at the date of the resolution in writing would be entitled to attend a meeting and vote on the resolution.  Such resolution in writing may be signed by, or in the case of a Shareholder that is a corporation (whether or not a company within the meaning of the Ordinance), on behalf of, all the Shareholders of the Company, or any class thereof, in as many counterparts as may be necessary.

29

ET_0001747266

Exhibit B-6

(3)     For the purposes of this Bylaw, the date of the resolution in writing is the date when the resolution is signed by, or in the case of a Shareholder that is a corporation (whether or not a company within the meaning of the Ordinance), on behalf of, the last Shareholder to sign and any reference in any enactment to the date of passing of a resolution is, in relation to a resolution in writing made in accordance with this section, a reference to such date.

(4)     A resolution in writing made in accordance with this Bylaw is as valid as if it had been passed by the Company in general meeting or, if applicable, by a meeting of the relevant class of Shareholders of the Company, as the case may be.  A resolution in writing made in accordance with this section shall constitute minutes for the purposes of the Ordinance and these Bylaws.

## NOTICE OF GENERAL MEETINGS

71.   Subject to these Bylaws or unless otherwise waived, an Annual General Meeting shall be called by not less than fourteen (14) days notice in writing and a Special General Meeting shall be called by not less than three (3) days notice in writing.  The notice shall be exclusive of the day on which it is served or deemed to be served and of the day for which it is given, and shall specify the place, day and time of the meeting, and the nature of the business to be considered. Notice of every general meeting shall be given in any manner permitted by Bylaws 147 and 148 to all Shareholders entitled to vote at such a meeting other than such as, under the provisions of these Bylaws or the terms of issue of the shares they hold, are not entitled to receive such notice from the Company and to any Director who or which has delivered a written notice upon the Registered Office requiring that such notice be sent to him or it.

30

Exhibit B-6

72.   Notwithstanding that a meeting of the Company is called by shorter notice than that specified in this Bylaw, it shall be deemed to have been duly called if it is so agreed:-

(1)   in the case of a meeting called as an Annual General Meeting, by all the Shareholders entitled to attend and vote thereat;

(2)   in the case of any other meeting, by a majority in number of the Shareholders having the right to attend and vote at the meeting, being a majority together holding not less than 95 percent in nominal value of the shares giving that right.

73.   The accidental omission to give notice of a meeting or (in cases where instruments of proxy are sent out with the notice) the accidental omission to send such instrument of proxy to, or the non-receipt of notice of a meeting or such instrument of proxy by, any person entitled to receive such notice shall not invalidate the proceedings at that meeting.

## PROCEEDINGS AT GENERAL MEETINGS

74.   No business shall be transacted at any general meeting unless a quorum is present when the meeting proceeds to business, but the absence of a quorum shall not preclude the appointment, choice or election of a chairman which shall not be treated as part of the business of the meeting.  Save as otherwise provided by these Bylaws, at least two Shareholders present in person or by proxy and entitled to vote shall be a quorum for all purposes; provided, however, that if the Company or a class of Shareholders shall have only one Shareholder, one Shareholder present in person or by proxy shall constitute the necessary quorum.

75.   If within five minutes (or such longer time as the chairman of the meeting may determine to wait) after the time appointed for the meeting, a quorum is not present, the meeting, if convened on the requisition of Shareholders,

31

ET_0001747268

Exhibit B-6

shall be dissolved.  In any other case, it shall stand adjourned to such other day and such other time and place as the chairman of the meeting may determine and at such adjourned meeting two Shareholders present in person or by proxy shall be a quorum provided that if the Company or a class of Shareholders shall have only one Shareholder, one Shareholder present in person or by proxy shall constitute the necessary quorum.  The Company shall give not less than three (3) days notice of any meeting adjourned through want of a quorum and such notice shall state that the sole Shareholder or, if more than one, two Shareholders present in person or by proxy (whatever the number of shares held by them) shall be a quorum.

76.     A meeting of the Shareholders or any class thereof may be held by means of such telephone, electronic or other communication facilities as permit all persons participating in the meeting to communicate with each other simultaneously and instantaneously and participating in such a meeting shall constitute presence in person at such meeting.

77.     Each Director upon giving the notice referred to in Bylaw 71 above and shall be entitled to attend and speak at any general meeting of the Company.

78.     The President shall preside as chairman at every general meeting.  If there is no such President, or if at any meeting the President is not present within five minutes after the time appointed for holding the meeting, the Directors present shall choose one of their number to act or if one Director only is present he shall preside as chairman if willing to act.  If no Director is present, or if each of the Directors present declines to take the chair, the persons present and entitled to vote on a poll shall elect one of their number to be chairman.

79.     The chairman of the meeting may, with the consent of any meeting at which a quorum is present (and shall if so directed by the meeting), adjourn the

ET_0001747269

ByLaws.pdf

Exhibit B-6

meeting from time to time and from place to place but no business shall be transacted at any adjourned meeting except business which might lawfully have been transacted at the meeting from which the adjournment took place. When a meeting is adjourned for three months or more, notice of the adjourned meeting shall be given as in the case of an original meeting.

80.     Save as expressly provided by these Bylaws, it shall not be necessary to give any notice of an adjournment or of the business to be transacted at an adjourned meeting.

## **VOTING**

81.     Save where a greater majority is required by the Ordinance or these Bylaws, any question proposed for consideration at any general meeting shall be decided on by a simple majority of votes cast.

82.     At any general meeting, a resolution put to the vote of the meeting shall be decided on a show of hands unless (before or on the declaration of the result of the show of hands or on the withdrawal of any other demand for a poll) a poll is demanded by:-

(1)     the chairman of the meeting; or

(2)     at least three Shareholders present in person or represented by proxy; or

(3)     any Shareholder or Shareholders present in person or represented by proxy and holding between them not less than one tenth of the total voting rights of all the Shareholders having the right to vote at such meeting; or

(4)     a Shareholder or Shareholders present in person or represented by proxy holding shares conferring the right to vote at such meeting, being shares on which an aggregate sum has been paid up equal to

33

Exhibit B-6

not less than one tenth of the total sum paid up on all such shares conferring such right.

The demand for a poll may be withdrawn by the person or any of the persons making it at any time prior to the declaration of the result where it is carried out.  Unless a poll is so demanded and the demand is not withdrawn, a declaration by the chairman that a resolution has, on a show of hands, been carried or carried unanimously or by a particular majority or not carried by a particular majority or lost shall be final and conclusive, and an entry to that effect in the minute book of the Company shall be conclusive evidence of the fact without proof of the number or proportion of votes recorded for or against such resolution.

83.    If a poll is duly demanded, the result of the poll shall be deemed to be the resolution of the meeting at which the poll is demanded.

84.    A poll demanded on the election of a chairman, or on a question of adjournment, shall be taken forthwith.  A poll demanded on any other question shall be taken in such manner and either forthwith or at such time (being not later than three months after the date of the demand) and place as the chairman shall direct.  It shall not be necessary (unless the chairman otherwise directs) for notice to be given of a poll.

85.    The demand for a poll shall not prevent the continuance of a meeting for the transaction of any business other than the question on which the poll has been demanded and it may be withdrawn at any time before the close of the meeting or the taking of the poll, whichever is the earlier.

86.    On a poll, votes may be cast either personally or by proxy.

87.    A person entitled to more than one vote on a poll need not use all his votes or cast all the votes he uses in the same way.

34

Exhibit B-6

88.  In the case of an equality of votes at a general meeting, whether on a show of hands or on a poll, the chairman of such meeting shall not be entitled to a second or casting vote and the resolution shall fail.

89.  In the case of joint holders of a share, the vote of the senior who tenders a vote, whether in person or by proxy, shall be accepted to the exclusion of the votes of the other joint holders, and for this purpose seniority shall be determined by the order in which the names stand in the Register in respect of the joint holding.

90.  A Shareholder who is a patient for any purpose of any statute or applicable law relating to mental health or in respect of whom an order has been made by any Court having jurisdiction for the protection or management of the affairs of persons incapable of managing their own affairs may vote, whether on a show of hands or on a poll, by his receiver, committee, *curator bonis* or other person in the nature of a receiver, committee or *curator bonis* appointed by such Court and such receiver, committee, *curator bonis* or other person may vote on a poll by proxy, and may otherwise act and be treated as such Shareholder for the purpose of general meetings.

91.  No Shareholder shall, unless the Board otherwise determines, be entitled to vote at any general meeting unless all calls or other sums presently payable by him in respect of shares in the Company have been paid.

92.  If;
     (1)  any objection shall be raised to the qualification of any voter; or,
     (2)  any votes have been counted which ought not to have been counted or which might have been rejected; or,
     (3)  any votes are not counted which ought to have been counted,

ET_0001747272

Exhibit B-6

the objection or error shall not vitiate the decision of the meeting or adjourned meeting on any resolution unless the same is raised or pointed out at the meeting or, as the case may be, the adjourned meeting at which the vote objected to is given or tendered or at which the error occurs. Any objection or error shall be referred to the chairman of the meeting and shall only vitiate the decision of the meeting on any resolution if the chairman decides that the same may have affected the decision of the meeting. The decision of the chairman on such matters shall be final and conclusive.

## PROXIES AND CORPORATE REPRESENTATIVES

93. The instrument appointing a proxy shall be in writing under the hand of the appointor or of his attorney authorised by him in writing or, if the appointor is a corporation, either under its seal or under the hand of an officer, attorney or other person authorised to sign the same.

94. Any Shareholder may appoint a standing proxy or (if a corporation) representative by depositing with the Secretary a proxy or (if a corporation) an authorisation and such proxy or authorisation shall be valid for all general meetings and adjournments thereof or, resolutions in writing, as the case may be, until notice of revocation is received at the Registered Office. Where a standing proxy or authorisation exists, its operation shall be deemed to have been suspended at any general meeting or adjournment thereof at which the Shareholder is present or in respect to which the Shareholder has specially appointed a proxy or representative. The Board may from time to time require such evidence as it shall deem necessary as to the due execution and continuing validity of any such standing proxy or authorisation and the operation of any such standing proxy or authorisation shall be deemed to be suspended until such time as the Board determines that it has received the requested evidence or other evidence satisfactory to it.

36

ET_0001747273

Exhibit B-6

95.     Subject to Bylaw 94, the instrument appointing a proxy together with such other evidence as to its due execution as the Board may from time to time require, shall be delivered to the Secretary at the Registered Office (or at such place as may be specified in the notice convening the meeting or in any notice of any adjournment or, in either case or the case of a written resolution, in any document sent therewith) prior to the holding of the relevant meeting or adjourned meeting at which the person named in the instrument proposes to vote or, in the case of a poll taken subsequently to the date of a meeting or adjourned meeting, before the time appointed for the taking of the poll, or, in the case of a written resolution, prior to the effective date of the written resolution and in default the instrument of proxy shall not be treated as valid.

96.     Instruments of proxy shall be in any common form or in such other form as the Board may approve and the Board may, if it thinks fit, send out with the notice of any meeting or any written resolution forms of instruments of proxy for use at that meeting or in connection with that written resolution. The instrument of proxy shall be deemed to confer authority to demand or join in demanding a poll and to vote on any amendment of a written resolution or amendment of a resolution put to the meeting for which it is given as the proxy thinks fit.  The instrument of proxy shall unless the contrary is stated therein be valid as well for any adjournment of the meeting as for the meeting to which it relates.

97.     A vote given in accordance with the terms of an instrument of proxy shall be valid notwithstanding the previous death or unsoundness of mind of the principal, or revocation of the instrument of proxy or of the authority under which it was executed, provided that no intimation in writing of such death, insanity or revocation shall have been received by the Secretary at the Registered Office (or such other place as may be specified for the delivery

37

ET_0001747274

Exhibit B-6

of instruments of proxy in the notice convening the meeting or other documents sent therewith) one hour at least before the commencement of the meeting or adjourned meeting, or the taking of the poll, or the day before the effective date of any written resolution at which the instrument of proxy is used.

98.     Subject to the Ordinance, the Board may at its discretion waive any of the provisions of these Bylaws related to proxies or authorisations and, in particular, may accept such verbal or other assurances as it thinks fit as to the right of any person to attend and vote on behalf of any Shareholder at general meetings or to sign written resolutions.

## APPOINTMENT AND REMOVAL OF DIRECTORS

99.     The number of Directors shall be such number not less than three (3) as the Company by Resolution may from time to time determine and, subject to the Ordinance and these Bylaws, shall serve until re-elected or their successors are appointed at the next Annual General Meeting.  All Directors, upon election or appointment, must provide written acceptance of their appointment, in such form as the Board may think fit, by notice in writing to the Registered Office within thirty days of their appointment.

100.    The Company shall at the Annual General Meeting and may by Resolution determine the minimum and the maximum number of Directors and may by Resolution determine that one or more vacancies in the Board shall be deemed casual vacancies for the purposes of these Bylaws.  Without prejudice to the power of the Company by Resolution in pursuance of any of the provisions of these Bylaws to appoint any person to be a Director, the Board, so long as a quorum of Directors remains in office, shall have power at any time and from time to time to appoint any individual to be a Director so as to fill a casual vacancy.

ET_0001747275

Exhibit B-6

101. The Company may in a Special General Meeting called for that purpose remove a Director provided notice of any such meeting shall be served upon the Director concerned not less than three (3) days before the meeting and he shall be entitled to be heard at that meeting. Any vacancy created by the removal of a Director at a Special General Meeting may be filled at the Meeting by the election of another Director in his place or, in the absence of any such election, by the Board.

## RESIGNATION AND DISQUALIFICATION OF DIRECTORS

102. The office of a Director shall be vacated upon the happening of any of the following events:

(1) if he resigns his office by notice in writing delivered to the Registered Office or tendered at a meeting of the Board;

(2) if he becomes of unsound mind or a patient for any purpose of any statute or applicable law relating to mental health and the Board resolves that his office is vacated;

(3) if he becomes bankrupt under the laws of any country or compounds with his creditors;

(4) if he is prohibited by law from being a Director;

(5) if he ceases to be a Director by virtue of the Ordinance or is removed from office pursuant to these Bylaws.

## ALTERNATE DIRECTORS

103. The Company may by Resolution elect any person or persons to act as Directors in the alternative to any of the Directors or may authorise the Board to appoint such Alternate Directors and a Director may appoint and remove his own Alternate Director. Any appointment or removal of an Alternate Director by a Director shall be effected by depositing a notice of

ByLaws.pdf

ET_0001747276

Exhibit B-6

appointment or removal with the Secretary at the Registered Office, signed by such Director, and such appointment or removal shall become effective on the date of receipt by the Secretary.   Any Alternate Director may be removed by Resolution of the Company and, if appointed by the Board, may be removed by the Board.   Subject as aforesaid, the office of Alternate Director shall continue until the next annual election of Directors or, if earlier, the date on which the relevant Director ceases to be a Director.   An Alternate Director may also be a Director in his own right and may act as alternate to more than one Director.

104.   An Alternate Director shall be entitled to receive notices of all meetings of Directors, to attend, be counted in the quorum and vote at any such meeting at which any Director to whom he is alternate is not personally present, and generally to perform all the functions of any Director to whom he is alternate in his absence.

105.   Every person acting as an Alternate Director shall (except as regards powers to appoint an alternate and remuneration) be subject in all respects to the provisions of these Bylaws relating to Directors and shall alone be responsible to the Company for his acts and defaults and shall not be deemed to be the agent of or for any Director for whom he is alternate.   An Alternate Director may be paid expenses and shall be entitled to be indemnified by the Company to the same extent *mutatis mutandis* as if he were a Director.   Every person acting as an Alternate Director shall have one vote for each Director for whom he acts as alternate (in addition to his own vote if he is also a Director).   The signature of an Alternate Director to any resolution in writing of the Board or a committee of the Board shall, unless the terms of his appointment provides to the contrary, be as effective as the signature of the Director or Directors to whom he is alternate.

ET_0001747277

Exhibit B-6

## DIRECTORS' FEES AND ADDITIONAL REMUNERATION AND EXPENSES

106.  The amount, if any, of Directors' fees shall from time to time be determined by the Company by Resolution and in the absence of a determination to the contrary such fees shall be deemed to accrue from day to day. Each Director may be paid his reasonable travel, hotel and incidental expenses in attending and returning from meetings of the Board or committees constituted pursuant to these Bylaws or general meetings and shall be paid all expenses properly and reasonably incurred by him in the conduct of the Company's business or in the discharge of his duties as a Director.  Any Director who, by request, goes or resides abroad for any purposes of the Company or who performs services which in the opinion of the Board go beyond the ordinary duties of a Director may be paid such extra remuneration (whether by way of salary, commission, Participating in profits or otherwise) as the Board may determine, and such extra remuneration shall be in addition to any remuneration provided for by or pursuant to any other Bylaw.

## DIRECTORS' INTERESTS

107.  (1)  A Director may hold any other office or place of profit with the Company (except that of auditor) in conjunction with his office of Director for such period and upon such terms as the Board may determine, and may be paid such extra remuneration therefor (whether by way of salary, commission, Participating in profits or otherwise) as the Board may determine, and such extra remuneration shall be in addition to any remuneration provided for by or pursuant to any other Bylaw.

(2)  A Director may act by himself or his firm in a professional capacity for the Company (otherwise than as auditor) and he or his firm shall

ET_0001747278

ByLaws.pdf

Exhibit B-6

be entitled to remuneration for professional services as if he were not a Director.

(3)   Subject to the provisions of the Ordinance, a Director may notwithstanding his office be a party to, or otherwise interested in, any transaction or arrangement with the Company or in which the Company is otherwise interested; and be a Director or other officer of, or employed by, or a party to any transaction or arrangement with, or otherwise interested in, any body corporate promoted by the Company or in which the Company is interested.  The Board may also cause the voting power conferred by the shares in any other company held or owned by the Company to be exercised in such manner in all respects as it thinks fit, including the exercise thereof in favour of any resolution appointing the Directors or any of them to be directors or officers of such other company, or voting or providing for the payment of remuneration to the directors or officers of such other company.

(4)   So long as, where it is necessary, he declares the nature of his interest at the first opportunity at a meeting of the Board or by writing to the Directors as required by the Ordinance, a Director shall not by reason of his office be accountable to the Company for any benefit which he derives from any office or employment to which these Bylaws allow     him to be appointed or from any transaction or arrangement in which these Bylaws allow him to be interested, and no such transaction or arrangement shall be liable to be avoided on the ground of any interest or benefit.

(5)   Subject to the Ordinance and any further disclosure required thereby, a general notice to the Directors by a Director or officer declaring that he is a director or officer or has an interest in a person and is to be regarded as interested in any transaction or arrangement made with that person, shall be a sufficient declaration of interest in relation to any transaction or arrangement so made.

42

Exhibit B-6

## POWERS AND DUTIES OF THE BOARD

108.    Subject to the provisions of the Ordinance and these Bylaws and to any directions given by the Company by Resolution, the Board shall manage the business of the Company and may pay all expenses incurred in promoting and incorporating the Company and may exercise all the powers of the Company.   No alteration of these Bylaws and no such direction shall invalidate any prior act of the Board which would have been valid if that alteration had not been made or that direction had not been given.   The powers given by this Bylaw shall not be limited by any special power given to the Board by these Bylaws and a meeting of the Board at which a quorum is present shall be competent to exercise all the powers, authorities and discretions for the time being vested in or exercisable by the Board.

109.    The Board may exercise all the powers of the Company to borrow money and to mortgage or charge all or any part of the undertaking, property and assets (present and future) and uncalled capital of the Company and to issue debentures and other securities, whether outright or as collateral security for any debt, liability or obligation of the Company or of any other persons.

110.    All cheques, promissory notes, drafts, bills of exchange and other instruments, whether negotiable or transferable or not, and all receipts for money paid to the Company shall be signed, drawn, accepted, endorsed or otherwise executed, as the case may be, in such manner as the Board shall from time to time by resolution determine.

111.    The Board on behalf of the Company may provide benefits, whether by the payment of gratuities or pensions or otherwise, for any person including any Director or former Director who has held any executive office or employment with the Company or with any body corporate which is or has

43

Exhibit B-6

been a subsidiary or affiliate of the Company or a predecessor in the business of the Company or of any such subsidiary or affiliate, and to any member of his family or any person who is or was dependent on him, and may contribute to any fund and pay premiums for the purchase or provision of any such gratuity, pension or other benefit, or for the insurance of any such person.

112. The Board may from time to time appoint one or more of its body to be a managing director, joint managing director or an assistant managing director or to hold any other employment or executive office with the Company for such period and upon such terms as the Board may determine and may revoke or terminate any such appointments.  Any such revocation or termination as aforesaid shall be without prejudice to any claim for damages that such Director may have against the Company or the Company may have against such Director for any breach of any contract of service between him and the Company which may be involved in such revocation or termination.  Any person so appointed shall receive such remuneration (if any) (whether by way of salary, commission, Participating in profits or otherwise) as the Board may determine, and either in addition to or in lieu of his remuneration as a Director.

## DELEGATION OF THE BOARD'S POWERS

113. The Board may by power of attorney appoint any company, firm or person or any fluctuating body of persons, whether nominated directly or indirectly by the Board, to be the attorney or attorneys of the Company for such purposes and with such powers, authorities and discretions (not exceeding those vested in or exercisable by the Board under these Bylaws) and for such period and subject to such conditions as it may think fit, and any such power of attorney may contain such provisions for the protection and convenience of persons dealing with any such attorney and of such attorney

44

Exhibit B-6

as the Board may think fit, and may also authorise any such attorney to sub-delegate all or any of the powers, authorities and discretions vested in him.

114.     The Board may entrust to and confer upon any Director, officer or, without prejudice to the provisions of Bylaw 115, other individual any of the powers exercisable by it upon such terms and conditions with such restrictions as it thinks fit, and either collaterally with, or to the exclusion of, its own powers, and may from time to time revoke or vary all or any of such powers but no person dealing in good faith and without notice of such revocation or variation shall be affected thereby.

115.     The Board may delegate any of its powers, authorities and discretions to committees, consisting of such person or persons (whether a member or members of its body or not) as it thinks fit.  Any committee so formed shall, in the exercise of the powers, authorities and discretions so delegated, and in conducting its proceedings conform to any regulations which may be imposed upon it by the Board.  If no regulations are imposed by the Board the proceedings of a committee with two or more members shall be, as far as is practicable, governed by the Bylaws regulating the proceedings of the Board.

116.     The Board may from time to time appoint Registrars and Transfer Agents, Managers, Investment Advisors, Custodians, Administrators or such other person or persons as it thinks fit.

**PROCEEDINGS OF THE BOARD**

117.     The Board may meet for the despatch of business, adjourn and otherwise regulate its meetings as it thinks fit.  Questions arising at any meeting shall be determined by a majority of votes.  In the case of an equality of votes the motion shall be deemed to have been lost.   A Director may, and the

45

Exhibit B-6

Secretary on the requisition of a Director shall, at any time summon a meeting of the Board.

118.    Notice of a meeting of the Board shall be deemed to be duly given to a Director if it is given to him personally or by word of mouth or sent to him by electronic mail, post, cable, telex, telecopier or other mode of representing or reproducing words in a legible and non-transitory form at his last known address or any other address given by him to the Company for this purpose.   A Director may waive notice of any meeting either prospectively or retrospectively.

119.    (1)    The quorum necessary for the transaction of the business of the Board may be fixed by the Board and, unless so fixed at any other number, shall be two Directors.   Any Director who ceases to be a Director at a meeting of the Board may continue to be present and to act as a Director and be counted in the quorum until the termination of the meeting if no other Director objects and if otherwise a quorum of Directors would not be present.

        (2)    A Director who to his knowledge is in any way, whether directly or indirectly, interested in a contract or proposed contract, transaction or arrangement with the Company and has complied with the provisions of the Ordinance and these Bylaws with regard to disclosure of his interest shall be entitled to vote in respect of any contract, transaction or arrangement in which he is so interested and if he shall do so his vote shall be counted, and he shall be taken into account in ascertaining whether a quorum is present.

120.    So long as a quorum of Directors remains in office, the continuing Directors may act notwithstanding any vacancy on the Board but, if no such quorum remains, the continuing Directors or a sole continuing Director may act only for the purpose of calling a general meeting.

ByLaws.pdf

ET_0001747283

Exhibit B-6

121.   The President shall preside as chairman at every meeting of the Board.  If at any meeting the President is not present within five minutes after the time appointed for holding the meeting, or is not willing to act as chairman, the Directors present may choose one of their number to be chairman of the meeting.

122.   The meetings and proceedings of any committee consisting of two or more members shall be governed by the provisions contained in these Bylaws for regulating the meetings and proceedings of the Board so far as the same are applicable and are not superseded by any regulations imposed by the Board.

123.   A resolution in writing signed by all the Directors, or the President and the Secretary on behalf of all Directors, for the time being entitled to receive notice of a meeting of the Board or by all the members of a committee for the time being shall be as valid and effectual as a resolution passed at a meeting of the Board or, as the case may be, of such committee duly called and constituted.  Such resolution may be contained in one document or in several documents in the like form each signed by one or more of the Directors or members of the committee concerned.

124.   A meeting of the Board or a committee appointed by the Board may be held by means of such telephone, electronic or other communication facilities as permit all persons participating in the meeting to communicate with each other simultaneously and instantaneously and participating in such a meeting shall constitute presence in person at such meeting.

125.   All acts done by the Board or by any committee or by any person acting as a Director or member of a committee or any person duly authorised by the Board or any committee, shall, notwithstanding that it is afterwards discovered that there was some defect in the appointment of any member of

47

ET_0001747284

Exhibit B-6

the Board or such committee or person acting as aforesaid or that they or any of them were disqualified or had vacated their office, be as valid as if every such person had been duly appointed and was qualified and had continued to be a Director, member of such committee or person so authorised.

## OFFICERS

126.    The officers of the Company shall include a President and a Vice-President who shall be Directors and shall be elected by the Board as soon as possible after the statutory meeting and each Annual General Meeting.  In addition, the Board may appoint any person whether or not he is a Director to hold such office as the Board may from time to time determine. Any person elected or appointed pursuant to this Bylaw shall hold office for such period and upon such terms as the Board may determine and the Board may revoke or terminate any such election or appointment.  Any such revocation or termination shall be without prejudice to any claim for damages that such officer may have against the Company or the Company may have against such officer for any breach of any contract of service between him and the Company which may be involved in such revocation or termination.  Save as provided in the Ordinance or these Bylaws, the powers and duties of the officers of the Company shall be such (if any) as are determined from time to time by the Board.

## MINUTES

127.    The Board shall cause minutes to be made and books kept for the purpose of recording -

(1)    all appointments of officers made by the Board;

(2)    the names of the Directors and other persons (if any) present at each meeting of the Board and of any committee;

ET_0001747285

ByLaws.pdf

Exhibit B-6

(3)     of all proceedings at meetings of the Company, of the holders of any class of shares in the Company, and of committees appointed by the Board or the Shareholders;

(4)   of all proceedings of its managers (if any).

Shareholders shall only be entitled to see the Register of Directors and Officers, the Register, the financial information provided for in Bylaw 143 and the minutes of meetings of the Shareholders of the Company. The disclosure of any other information to a Shareholder or to Shareholders may only be authorised by resolution of the Board.

## SECRETARY

128.    The Secretary shall be appointed by the Board at such remuneration (if any) and upon such terms as it may think fit and any Secretary so appointed may be removed by the Board. The duties of the Secretary shall be those prescribed by the Ordinance together with such other duties as shall from time to time be prescribed by the Board.

129.    A provision of the Ordinance or these Bylaws requiring or authorising a thing to be done by or to a Director and the Secretary shall be satisfied by its being done by or to the same person acting both as Director and as, or in the place of, the Secretary.

## THE SEAL

130.    (1)     The Seal, if the Board requires the production of a Seal, shall consist of a circular metal device with the name of the Company around the outer margin thereof and the country and year of incorporation across the centre thereof. Should the Seal not have been received at the Registered Office in such form at the date of adoption of this Bylaw then, pending such receipt, any document requiring to be

ByLaws.pdf

ET_0001747286

Exhibit B-6

sealed with the Seal shall be sealed by affixing a red wafer seal to the document with the name of the Company, and the country and year of incorporation type written across the centre thereof.

(2) The Board shall provide for the custody of every Seal. A Seal shall only be used by authority of the Board or of a committee constituted by the Board. Subject to these Bylaws, any instrument to which a Seal is affixed shall be signed by either two Directors, or by the Secretary and one Director, or by the Secretary or by any one person whether or not a Director or Officer, who has been authorised either generally or specifically to attest to the use of a Seal.

## DIVIDENDS AND OTHER PAYMENTS

131. The Board may from time to time declare cash dividends or distributions out of contributed surplus to be paid to the Shareholders according to their rights and interests including such interim dividends as appear to the Board to be justified by the position of the Company. The Board, in its discretion, may determine that any dividend shall be paid in cash or shall be satisfied in paying up in full shares or debentures in the Company to be issued to the Shareholders or credited as fully paid or partly in one way and partly the other. The Board may also pay any fixed cash dividend which is payable on any shares of the Company half yearly or on such other dates, whenever the position of the Company, in the opinion of the Board, justifies such payment.

132 Except insofar as the rights attaching to, or the terms of issue of, any share otherwise provide:-

(1) all dividends or distributions out of contributed surplus may be declared and paid according to the amounts paid up on the shares in respect of which the dividend or distribution is paid, and an amount

ByLaws.pdf

ET_0001747287

Exhibit B-6

paid up on a share in advance of calls may be treated for the purpose of this Bylaw as paid-up on the share;

(2) dividends or distributions out of contributed surplus may be apportioned and paid pro rata according to the amounts paid-up on the shares during any portion or portions of the period in respect of which the dividend or distribution is paid.

133. The Board may deduct from any dividend, distribution or other moneys payable to a Shareholder by the Company on or in respect of any shares all sums of money (if any) presently payable by him to the Company on account of calls or otherwise in respect of shares of the Company.

134. No dividend, distribution or other moneys payable by the Company on or in respect of any share shall bear interest against the Company.

135. Any dividend, distribution, or interest, or part thereof payable in cash, or any other sum payable in cash to the holder of shares may be paid by cheque or warrant sent through the post addressed to the holder at his address in the Register or, in the case of joint holders, addressed to the holder whose name stands first in the Register in respect of the shares at his registered address as appearing in the Register or addressed to such person at such address as the holder or joint holders may in writing direct. Every such cheque or warrant shall, unless the holder or joint holders otherwise direct, be made payable to the order of the holder or, in the case of joint holders, to the order of the holder whose name stands first in the Register in respect of such shares, and shall be sent at his or their risk and payment of the cheque or warrant by the bank on which it is drawn shall constitute a good discharge to the Company. Any one of two or more joint holders may give effectual receipts for any dividends, distributions or other moneys payable or property distributable in respect of the shares held by such joint holders.

ByLaws.pdf

ET_0001747288

Exhibit B-6

136.   Any dividend or distribution out of contributed surplus unclaimed for a period of six years from the date of declaration of such dividend or distribution shall be forfeited and shall revert to the Company and the payment by the Board of any unclaimed dividend, distribution, interest or other sum payable on or in respect of the share into a separate account shall not constitute the Company a trustee in respect thereof.

137.   The Board may also, in addition to its other powers, direct payment or satisfaction of any dividend or distribution out of contributed surplus wholly or in part by the distribution of specific assets, and in particular of paid-up shares or debentures of any other company, and where any difficulty arises in regard to such distribution or dividend the Board may settle it as it thinks expedient, and in particular, may authorise any person to sell and transfer any fractions or may ignore fractions altogether, and may fix the value for distribution or dividend purposes of any such specific assets and may determine that cash payments shall be made to any Shareholders upon the footing of the values so fixed in order to secure equality of distribution and may vest any such specific assets in trustees as may seem expedient to the Board provided that such dividend or distribution may not be satisfied by the distribution of any partly paid shares or debentures of any company without the sanction of a Resolution.

### RESERVES

138.   The Board may, before recommending or declaring any dividend or distribution out of contributed surplus, set aside such sums as it thinks proper as reserves which shall, at the discretion of the Board, be applicable for any purpose of the Company and pending such application may, also at such discretion, either be employed in the business of the Company or be invested in such investments as the Board may from time to time think fit.

ByLaws.pdf

ET_0001747289

Exhibit B-6

The Board may also without placing the same to reserve carry forward any sums which it may think it prudent not to distribute.

## CAPITALIZATION OF PROFITS

139.     The Board may from time to time resolve to capitalize all or any part of any amount for the time being standing to the credit of any reserve or fund which is available for distribution or to the credit of any share premium account or any capital redemption reserve fund and accordingly that such amount be set free for distribution amongst the Shareholders or any class of Shareholders who would be entitled thereto if distributed by way of dividend and in the same proportions, on the footing that the same be not paid in cash but be applied either in or towards paying up amounts for the time being unpaid on any shares in the Company held by such Shareholders respectively or in payment up in full of unissued shares, debentures or other obligations of the Company, to be allotted and distributed credited as fully paid amongst such Shareholders, or partly in one way and partly in the other provided that for the purpose of this Bylaw, a share premium account and a capital redemption reserve fund may be applied only in paying up of unissued shares to be issued to such Shareholders credited as fully paid and provided further that any sum standing to the credit of a share premium account may only be applied in crediting as fully paid shares of the same class as that from which the relevant share premium was derived.

140.     Where any difficulty arises in regard to any distribution under the last preceding Bylaw, the Board may settle the same as it thinks expedient and, in particular, may authorise any person to sell and transfer any fractions or may resolve that the distribution should be as nearly as may be practicable in the correct proportion but not exactly so or may ignore fractions altogether, and may determine that cash payments should be made to any Shareholders in order to adjust the rights of all parties, as may seem

Exhibit B-6

expedient to the Board.  The Board may appoint any person to sign on behalf of the persons entitled to participate in the distribution any contract necessary or desirable for giving effect thereto and such appointment shall be effective and binding upon the Shareholders.

## RECORD DATES

141.   Notwithstanding any other provisions of these Bylaws, the Company may by Resolution or the Board may fix any date as the record date for any dividend, distribution, allotment or issue and for the purpose of identifying the persons entitled to receive notices of general meetings.  Any such record date may be on or at any time before or after any date on which such dividend, distribution, allotment or issue is declared, paid or made or such notice is despatched.

## ACCOUNTING RECORDS

142.   The Board shall cause to be kept accounting records sufficient to give a true and fair view of the state of the Company's affairs and to show and explain its transactions, in accordance with the Ordinance.

143.   The records of account shall be kept at the Registered Office or at such other place or places as the Board thinks fit, and shall at all times be open to inspection by the Directors.  No Shareholder (other than an officer of the Company) shall have any right to inspect any accounting record or book or document of the Company except as conferred by law or authorised by the Board or by Resolution.

54

ET_0001747291

ByLaws.pdf

Exhibit B-6

## AUDIT

144. If the Board resolves to appoint auditors, or if required by the Ordinance, auditors shall be appointed and their duties regulated by the Board subject to any requirement in accordance with the Ordinance.

## SERVICE OF NOTICES AND OTHER DOCUMENTS

145. Any notice or other document (including a share certificate) may be served on or delivered to any Shareholder by the Company either (i) personally, (ii) sending such notice by electronic mail or as an attachment to electronic mail, (iii) by sending it through the post (by airmail where applicable) in a pre-paid letter addressed to such Shareholder at his address as appearing in the Register; or (iv) by delivering it to or leaving it at such registered address.  In the case of joint holders of a share, service or delivery of any notice or other document on or to one of the joint holders shall for all purposes be deemed as sufficient service on or delivery to all the joint holders.  Any notice sent by electronic mail shall be deemed to have been delivered on the day upon which such electronic mail was sent.  Any notice or other document if sent by post shall be deemed to have been served or delivered seven days after it was put in the post, and in proving such service or delivery, it shall be sufficient to prove that the notice or document was properly addressed, stamped and put in the post.

146. Any notice of a general meeting of the Company shall be deemed to be duly given to a Shareholder, or other person entitled to it, if it is sent to him by electronic mail, cable, telex, telecopier or other mode of representing or reproducing words in a legible and non-transitory form at his address as appearing in the Register or any other address given by him to the Company for this purpose. Any such notice shall be deemed to have been served twenty-four hours after its despatch.

55

ET_0001747292

Exhibit B-6

147.   Any notice or other document delivered, sent or given to a Shareholder in any manner permitted by these Bylaws shall, notwithstanding that such Shareholder is then dead or bankrupt or that any other event has occurred, and whether or not the Company has notice of the death or bankruptcy or other event, be deemed to have been duly served or delivered in respect of any share registered in the name of such Shareholder as sole or joint holder unless his name shall, at the time of the service or delivery of the notice or document, have been removed from the Register as the holder of the share, and such service or delivery shall for all purposes be deemed as sufficient service or delivery of such notice or document on all persons interested (whether jointly with or as claiming through or under him) in the share.

## WINDING UP

148.   If the Company shall be wound up, the liquidator may, with the sanction of a Resolution of the Company and any other sanction required by the Ordinance, divide amongst the Shareholders in specie or kind the whole or any part of the assets of the Company (whether they shall consist of property of the same kind or not) and may for such purposes set such values as he deems fair upon any property to be divided as aforesaid and may determine how such division shall be carried out as between the Shareholders or different classes of Shareholders except that the holders of the Common Shares shall only be entitled to be repaid the par value of such Common Shares.

149.   The liquidator may, with the like sanction, vest the whole or any part of such assets in trustees upon such trust for the benefit of the contributories as the liquidator, with the like sanction, shall think fit, but so that no Shareholder shall be compelled to accept any shares or other assets upon which there is any liability.

ET_0001747293

ByLaws.pdf

Exhibit B-6

## INDEMNITY

150.    Subject to the proviso below, every Director, officer of the Company and member of a committee constituted under Bylaw 115 shall be indemnified out of the funds of the Company against all liabilities, loss, damage or expense (including but not limited to liabilities under contract, tort and statute or any applicable foreign law or regulation and all reasonable legal and other costs and expenses properly payable) incurred or suffered by him as such Director, officer or committee member and the indemnity contained in this Bylaw shall extend to any person acting as a Director, officer or committee member in the reasonable belief that he has been so appointed or elected notwithstanding any defect in such appointment or election PROVIDED ALWAYS that the indemnity contained in this Bylaw shall not extend to any matter which would render it void pursuant to the Ordinance.

151.    Every Director, officer and member of a committee duly constituted under Bylaw 115 of the Company shall be indemnified out of the funds of the Company against all liabilities incurred by him as such Director, officer or committee member in defending any proceedings, whether civil or criminal, in which judgment is given in his favour, or in which he is acquitted, or in connection with any application under the Ordinance in which relief from liability is granted to him by the court.

153.    To the extent that any Director, officer or member of a committee duly constituted under Bylaw 115 is entitled to claim an indemnity pursuant to these Bylaws in respect of amounts paid or discharged by him, the relative indemnity shall take effect as an obligation of the Company to reimburse the person making such payment or effecting such discharge.

## AMALGAMATION

57

ET_0001747294

Exhibit B-6

154.   Any resolution proposed for consideration at any general meeting to approve the amalgamation of the Company with any other company, wherever incorporated, shall require the approval of a simple majority of votes cast at such meeting and the quorum for such meeting shall be that required in Bylaw 74 and a poll may be demanded in respect of such resolution in accordance with the provisions of Bylaw 83.

## ALTERATION OF BYLAWS

155.   These Bylaws may be amended from time to time in the manner provided for in the Ordinance.

ByLaws.pdf

ET_0001747295

# EXHIBIT

# B-7

Exhibit B-7

**DATED THE 31ST DAY OF DECEMBER 2008**

**EDGE INVESTMENT FUND LTD**

- and -

**EDGE CAPITAL INVESTMENTS LTD**

_____

**DEED OF ASSIGNMENT**

_____

ET_0001747297

Exhibit B-7

**THIS DEED OF ASSIGNMENT** is made this 31st day of December, Two thousand and eight

**BY AND AMONG:**

**EDGE INVESTMENT FUND LTD** of 4th Floor, Rodus Building, Road Reef, Road Town, Tortola in the British Virgin Islands **("the Assignor")**

- and -

**EDGE CAPITAL INVESTMENTS LTD** of Hunkins Waterfront Plaza, Main Street, Charlestown, Nevis **("the Assignee")**

**WHEREAS:**

A.     The Director of the Assignor, Screen Management Limited ("Screen") has taking proper legal and accounting advice in relation to the continuing viability of the jurisdiction of the British Virgin Islands as being the place of incorporation and domicile of the Company.

B.     It has been determined, having regard to the professional advice, that the British Virgin Islands' current legislation and proposed legislative changes would constitute an unduly administrative burden on the Company as well as incurring unnecessary expense.

C.     Further, Screen believes that the limited number of investors in the Assignor taken with the limited investment activities allows the Assignor to operate under the laws of jurisdictions having simplified and appropriate procedures and costs for private mutual funds.

2

ET_0001747298

Exhibit B-7

D.  Having regard to the foregoing, Screen formed the view that the best jurisdiction in which to operate as a private mutual fund was that of Nevis.

E.  By written resolutions dated 21 December 2008, the holder of all the outstanding Common Shares in the Assignor did agree that a new company should be incorporated in Nevis and that all existing shareholders in the Assignor should have their shares in the Assignor exchanged for an equal number of shares in the Assignee.

F.  All holders of Class A redeemable preference Shares in the Company have agreed to this assignment.

G.  On 30 December, 2008 in accordance with the wishes of Screen and the holder of all Common Shares in the Assignor, the Assignee was incorporated.

H.  By this Deed, the Assignor now wishes to assign unto the Assignee all of the assets of the Assignor.

**THIS DEED WITNESSES** as follows:

1.  The Assignor hereby assigns to the Assignee and its successors and assignees all its respective right, title and interest (legal and equitable, present and future, actual or contingent) in and to the benefit of all of the assets held by the Assignor as at midnight on 31 December 2008 ("the Assets").

2.  This Assignment will take effect 1 January 2009.

3

ET_0001747299

Exhibit B-7

3.      The Assignee hereby releases and discharges the Assignor from all of its respective obligations and liabilities pertaining to the Assets.

4.      The parties hereto agree and acknowledge that there is no change between the legal and beneficial ownership of the Assignor and the legal and beneficial ownership of the Assignee.

5.      This Assignment shall be construed and interpreted in accordance with the laws of Nevis.

6.      The parties hereto and Screen shall execute and deliver such other agreements, instruments and documents, and shall take such other actions as may be reasonably requested by another party hereto in order to give effect to the transactions contemplated herein.

7.      This Agreement shall be binding upon and enure to the benefit of the respective parties hereto and their respective successors and permitted assigns.

8.      This Agreement may be executed in one or more counterparts, all of which will constitute one and the same instrument.

Deed of Assignment.pdf

ET_0001747300

Exhibit B-7

**IN WITNESS WHEREOF** the parties hereto have executed this Agreement as a deed as of the date and year first above written.

**SIGNED, SEALED AND DELIVERED:**

**EDGE INVESTMENT FUND LTD**  **)**

in the British Virgin Islands by its  )

corporate Director, Screen  )

Management Limited by its Director  )

Peter Poole  )

_____  _____

Witness

**EDGE CAPITAL INVESTMENTS LTD )**

in the British Virgin Islands by its  )

corporate Director, Screen  )

Management Limited by its Director  )

Peter Poole  )

_____  _____

Witness

5

ET_0001747301

# EXHIBIT

# B-8

Exhibit B-8

## ISLAND OF NEVIS
## OFFICE OF THE REGISTRAR OF COMPANIES

### *CERTIFICATE OF INCORPORATION*

**I HEREBY CERTIFY that**

## *EDGE CAPITAL INVESTMENTS LTD*

is duly incorporated and has filed articles of incorporation under the provisions of
the Nevis Business Corporation Ordinance 1984, as amended, on

### *30th December, 2008*

Given under my Hand & Seal at Charlestown
This *30th* day of *December, 2008*

_____
Registrar of Companies

rRQStIt9

No. C 35188

ET_0001747296

Certificate of Incorporation.pdf

# EXHIBIT

# B-9

# Exhibit B-9

| | SAFE DEPOSIT BOX INVENTORY | | | | |
|---|---|---|---|---|---|
| | ENVELOPE TITLE | CONTENTS | | | |
| CODE | NAME | DOCUMENT | ORIGINAL/COPY | OUT | RTB |
| RTB | RTB & DKB WILLS | | | | |
| RTB | RTB EMPLOYMENT AGREEMENT 2004 | | | | |
| RTB | COMMUNITY PROPERTY PARTITIONS | | | | |
| RTB | BROCKMAN & SON PARTNERSHIP AGREEMENT | | | | |
| RTB | CASH | | | | |
| RTB | "SUBSTANTIAL AUTORITY" TIL LETTER | | | | |
| RTB | TIL DEDUCTIBILITY/5472 FILING OPINION LETTERS | | | | |
| RTB | TEXAS INS EXCISE TAX OPINION | | | | |
| RTB | TIL DEDUCTIBILITY/FRED JAMES OPINION LETTER | | | | |
| RTB | KEPKE OPINION LETTER ON IRS RESPONSE RE TIL | | | | |
| RTB | KEPKE OPINION LETTER RE TIL 2/15/2001 | | | | |
| RTB | HOTROD TAX REP LETTERS/KEPKE OPINION | | | | |
| RTB | FRED S. JAMES OPINION LETTER | | | | |
| RTB | AA INSURANCE TAX ISSUES FOR AUDIT | | | | |
| RTB | SALES MANAGER GIFT FROM BLAND TO RTB FOUND. | | | | |
| RTB | ROB NALLEY PAPERS | | | | |
| RTB | NALLEY STOCK AGREEMENTS SYSTEMS HOLDINGS | | | | |
| RTB | NALLEY STOCK AGREEMENTS NETWORK HOLDINGS | | | | |
| RTB | KOJAK STOCK PURCHASE AGREEMENT NALLEY | | | | |
| RTB | CTL STOCK RECEIPTS FROM ROB NALLEY | | | | |
| RTB | UNIVERSAL COMP OPERATIONS INC STOCK CERT. | | | | |
| RTB | FAIRBANKS PROPERTIES STOCK CERT. | | | | |
| RTB | HARDWICKE PROPERTIES STOCK CERT. | | | | |
| RTB | UNIVERSAL COMP. GROUP INC STOCK CERT. | | | | |
| RTB | DAVID WILSON WILL & INSURANCE TRUST | | | | |
| RTB | PENSUM TREVIA | | | | |
| RTB | ENCRYPTION PATENT | | | | |
| RTB | DD JONES PC CONTRACT WITH CARLOS KEPKE | | | | |
| RTB | 903 OAK VALLEY HOME SAVINGS RELEASE OF LIEN | | | | |
| RTB | ROSEFAIRE LICENCE AGREEMENT TO BROCKMAN | | | | |
| RTB | KEYS | | | | |
| RTB | PASSWORDS | | | | |

Exhibit B-9

| | | | | | |
|---|---|---|---|---|---|
| | SPECIAL TESTAMENTARY POWERS OF APPOINTMENT | The Shetland Charitable Trust | O | | |
| | | The Inverness Charitable Trust | O | | |
| | | The Lineage Charitable Trust II | O | | |
| | | Aberdeen Charitable Trust | O | | |
| | | | | | |
| | LETTERS OF RESIGNATION/SHARE TRANSFERS | Aquitaine Letters Resigning as Protector or Replacing Trustee and Share Transfer | | | |
| | | Appanage Letters Resigning as Protector or Replacing Trustee and Share Transfer | | | |
| | | Paragon Letters Resigning as Protector or Replacing Trustee and Share Transfer | | | |
| | | | | | |
| RTB | VARIOUS 1980'S IRS-RELATED DOCUMENTS | corr19830419 Letter from Donald Jones to Gordon Howard re 1981 and 1982 AEBCT and AEBGCT Financial Reports (including reports) | C | | |
| | | misc19821231 IRS Form 2952 Information Return re CFC Universal Computer Terminals Ltd | C | | |
| | | misc19821231 IRS Form 3646 Income from CFC Universal Computer Terminals Ltd | C | | |
| | | corr19820310 Letter from Donald Jones to Al Thorpe re AEBCT and AEBGCT 1981 and 1982 Income | C | | |
| | | misc19820621 IRS Form 959 Return re Organisation of a Foreign Corporation | C | | |
| | | corr19860805 Letter from IRS to Universal Computer Maintenance Inc re 1983 Tax Returns (multiple copies) | O & C | | |
| | | corr19870513 Letter from IRS to Universal Computer Maintenance Inc re 1983 Tax Returns (multiple copies) | O & C | | |
| | | corr19870108 Letter from IRS to Universal Computer Consulting Inc re 1984 Tax Returns (multiple copies) | O & C | | |
| | | corr19860703 Letter from IRS to Universal Computer Maintenance Inc re 1984 Tax Returns (multiple copies) | O & C | | |
| | | corr19900420 Letter from IRS to Universal Computer Maintenance Holding Inc re 1987 Tax Returns (2 copies) | O & C | | |
| | | | | | |
| | **RTB BOX** | | | | |
| | | | | | |
| RTB BOX | ENVELOPE 1 - NALLEY | Various agreements and corespondence.  Should carefully review as it appears some might not be in the system.  Will need to scan some. | | | |
| | ENVELOPE 2 - PARTNERSHIP WITH DON SAM | Bland Partnership Agreement - might already have it. | | | |
| | ENVELOPE 3 - SAFE DEPOSIT BOX INVENTORIES | Grosvenor lists of documents.  Handy checklists to ensure all documents are avaialble, but should be destroyed thereafter since information is outdated.. | | | |
| | ENVELOPE 4 - CASH POSITION | Old information.  Could be destroyed. | | | |
| | ENVELOPE 5 - TRUST GENERAL | Various trust precedents which can be destroyed.  Ernest Morrison letters of advice to various Trustees could also be destroyed after review. | | | |
| | ENVELOPE 6 - DON JONES | Pay information and copy relevant agreements.  Should be checked for anything we don't have.  Scan key agreements and destroy. | | | |
| | ENVELOPE 7 - POINT | Need 2000 Audit.  Destroy rest. | | | |
| | ENVELOPE 8 - TIL | | | | |
| | ENVELOPE 9 - GORDON HOWARD | Key correspondence between RTB and GH.  Some of which is not in the system.  Must be carefully reviewed with documents scanned. | | | |
| | ENVELOPE 10 - HISTORY | Contains some correspondence and corporate documents, which we might not have in the system.  Must be carefully reviewed with documents scanned. | | | |
| | ENVELOPE 11 - ROBERT SMITH OPTION | RS Option and Investor Rights Agreement.  Also includes AEBCT Minutes 2006.  Need Investor Rights Agreement. | | | |
| | ENVELOPE 12 - KOJAK | Kojak Holdings Financials.  Scan and destroy or retain originals. | | | |
| | ENVELOPE 13 - PETERS | Peters Investments Ltd Financials.  Scan and destroy or retain originals. | | | |
| | ENVELOPE 14 - EDGE | Edge Investments Financials.  Some (2000 and 2001) already scanned.  Need the rest.  Check whether originals required. | | | |

# Exhibit B-9

| | | | | | |
|---|---|---|---|---|---|
| | ENVELOPE 15 - VEFIII | Various documents.  Probably have most, if not all.  Review, scan any we do not have and then destroy. | | | |
| | ENVELOPE 16 - BROOK VOGHT | Some correspondence we should add. Scan and then destroy. | | | |
| | ENVELOPE 17 - ROSEFAIRE SAM | Should add to system.  Scan and destroy most save for patent. | | | |
| | ENVELOPE 18 - CABOT | Have all.  Can be destroyed with original audit for 2004 added to original documents. | | | |
| **RTB BOX** | ENVELOPE 19 - CARLOS KEPKE | Various commuications including opinions from 1981 to 1995.  Need to scan. | | | |
| **RTB BOX** | ENVELOPE 20 - KEPKE 1995 - 2005 | Various commuications including opinions from 1995 to 2005.  Need to review for relevance and scan. | | | |
| | ENVELOPE 21 - EVATT | Performance reviews and some Cox Hallett Wilkinson opinions.  Should scan the latter. | | | |
| | ENVELOPE 22 - SCREEN | Should have most of these documents.  Check and destroy if in them. | | | |
| | ENVELOPE 23 - AEBCT | Some documents are not in the system as they were weeded out of Grosvenor files before the scanning project.  Review carefully and scan missing documents and then destroy. | | | |
| | ENVELOPE 24 - CHECKS AND HISTORY | Review for checks and other documents which could be used as confirmation of money transactions.  Probably worth keeping originals. | | | |
| | LOOSE AND IN FOLDER | Various documents and financials reports.  Should scan as documents do not appear to have been in the system before. | | | |
| | | | | | |
| | | | | | |
| AAAAGEN010 | GENERAL AND MISCELLANEOUS | misc20070605 Agreed Declaratory Judgment Between Robert Brockman and Ginger Gish | C | | |
| | | msic20070911 DVD of Data Documents and Structure Diagrams | O | | |
| | | | | | |
| AAEBCTX010 | A. EUGENE BROCKMAN CHILDREN'S TRUST | trst19810526 A Eugene Brockman Children's Trust Deed | O | RTB | |
| | | misc19810521 Cashier's Check for original Settlement of Trust | O | RTB | |
| | | misc19810521 Cashier's Check for original Settlement of Trust from Bank of Bermuda Microfilm | C | RTB | |
| | | misc19810824 IRS Form 3520 re Creation of Foreign Trust A Eugene Brockman (date difficult to read) | C | RTB | |
| | | trst19931028 Order Royal Court of Guernsey re variation to Trust Deed (2 copies) | C | RTB | |
| | | corr19970416 Facsimile from Grosvenor to Bermuda Trust Co re Cashier's Checks including DJ email | C | RTB | |
| | | trst19990416 Order Supreme Court of Belize re variation to Trust Deed (2 copies) | C | RTB | |
| | | trst20070329 AEBCT Trustee Resolutions re Dividend Paid by SSH LLC and Contribution to Forum Holdings | O | | |
| | | trst20070730 Minutes of the Meeting of the AEBCT Trustee | O | | |
| | | trst20071201 AEBCT Trustee's Resolutions re Change of Trust Name | O | | |
| | | trst20071201 Certificate of AEBCT Trustee's Resolutions re Change of Trust Name | O | | |
| | | misc19810000 Pearl Brockman Diary for the Year 1981 | O | | |
| | | misc19810529 Returned check on RTB Investment Account for Payment of Elbow Beach Bill may 1981 | O | | |
| | | misc19821231 IRS Form 2952 Information Return re CFC Universal Computer Terminals Ltd | C | | |
| | | misc19821231 IRS Form 3646 Income from CFC Universal Computer Terminals Ltd | C | | |
| | | trst20091231 AEBCT Minutes of Trustee's Meeting 2009 - Signed | O | | |
| | | trst20100105 St John's AEBCT Trustee's Resolution re SSH LLC Dividend and Payment to St John's | O | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Exhibit B-9

| AAEBCTX020 | SPANISH STEPS HOLDINGS LLC | corp20050922 SSH LLC Certificate of Renewal | C | | |
| | | corp20070630 SSH LLC Member's Written Resolutions re Execution of New Operating Agreement and Various Matters | O | | |
| | | corp20070809 SSH LLC Manager's Resolutions re Dividend Payable to the AEBCT | O | | |
| | | corp20070329 Written Resolution of the Manager of SSH LLC re SSH Ltd Dividend and Forum Payment - Signed | O | | |
| | | rept20080725 SSH LLC Audited Financial Statements and Annual Report for Year Ended 31 December 2006 | O | | |
| | | rept20060410 SSH LLC Signed Annual Report and Financial Statements for Year Ended 2002 (2 copies) | O | | |
| | | rept20060410 SSH LLC Signed Annual Report and Financial Statements for Year Ended 2003 (2 copies) | O | | |
| | | rept20060410 SSH LLC Signed Annual Report and Financial Statements for Year Ended 2004 (2 copies) | O | | |
| | | corp20080811 SSH LLC Certificate of Renewal 2007-2008 | O | | |
| | | corp20080813 SSH LLC Certificate of Renewal 2008-2009 | O | | |
| | | corp20100105 Written Resolutions of SSH Ltd Directors re Dividend to SSH LLC and Payment to St Johns for the AEBCT - Signed | O | | |
| | | | | | |
| AAEBCTX030 | SPANISH STEPS HOLDINGS LTD | agre20060627 VEFIII LP Manager's Closing Certificate re Stock Purchase Agreement | | | |
| | | agre20060627 VEFIII LP Manager's Certificate re Performance Investments Authorised Officer | O | | RTB |
| | | agre20060627 Stock Purchase Agreement between SSH Ltd and VEFIII re UCSH Inc (2 originals) | O | | RTB |
| | | agre20061129 Option Agreement between SSH Ltd and Flash Holdings LLC | O | | RTB |
| | | agre20061129 Option Agreement between SSH Ltd and Flash Holdings LLC | C | | RTB |
| | | agre20061129 Investor Rights Agreement between SSH Ltd and Flash Holdings LLC | O | | RTB |
| | | agre20061129 Investor Rights Agreement between SSH Ltd and Flash Holdings LLC | C | | RTB |
| | | agre20060627 Stock Purchase Agreement between SSH Ltd and VEFIII re UCSH Inc Transaction Bundle | O | | RTB |
| | | corp20070112 Written Resolutions of SSH Ltd Directors re Investment Through Butterfield Bank - Signed | O | | |
| | | corp20070223 Written Resolutions of SSH Ltd Directors re Investment Through Alternative Channels - Signed | O | | |
| | | corp20070225 Written Resolutions of SSH Ltd Directors re Incorporation in Rome and Contribution to That Company - Signed | O | | |
| | | corp20070331 Written Resolutions of SSH Ltd Directors re Investment Through Charles Schwab - Signed | O | | |
| | | corp20070329 Written Resolutions of SSH Ltd Directors re Dividend to SSH LLC and Forum Capital Contribution to Rome Investments LLC - Signed | O | | |
| | | agre20080930 Deed of Conditional Assignment Between SSH Ltd and Lakewood Investments LLC - Signed and Sealed by All Parties (2 copies) | O | | |
| | | agre20080927 Deed of Termination Executed by Rob and Jerilyn Nalley re Termination of Various Agreements (2 copies) | O | | |
| | | agre20080927 Executive Incentive Agreement Between SSH Ltd and Robert M Nalley - Signed by All Parties (2 copies) | O | | |
| | | agre20090901 Amended and Restated Employment Agreement Between RTB and UCSH Inc - Signed by All Parties | C | | |
| | | corp20100105 Written Resolutions of SSH Ltd Directors re Dividend to SSH LLC and Payment to St Johns for the AEBCT - Signed | O | | |
| | | agre20100420 Non Disclosure Agreement Between SSH Ltd and ABB Handels und Verwaltungs AG re Ventyx Sale - 2 copies | O | | |
| | | | | | |
| AAEBCTX040 | FORUM HOLDINGS LLC | corp20070223 Original Membership Certificate No. 1 Issued to St. John's Trust Company | O | | |
| | | corp20070630 Forum Holdings LLC Amended Operating Agreement Signed by St John's | O | | |
| | | corp20070630 Forum Holdings LLC Member's Written Resolutions re Amended Operating Agreement and Various Matters | O | | |
| | | corp20070329 Forum Holdings LLC Manager's Written Resolutions re Contribution from AEBCT and Investment in Rome | O | | |
| | | corp20070723 Forum Holdings LLC Articles of Amendment to the Articles of Organization (3 copies) | O | | |
| | | corp20070630 Forum Holdings LLC Member's Written Resolutions re Change to Articles of Organization | O | | |
| | | | | | |
| AAEBCTX050 | ROME INVESTMENTS LLC | corp20070223 Original Rome Membership Certificate No. 1 Issued to SSH Ltd | O | | |
| | | corp20070223 Original Rome Membership Certificate No. 2 Issued to Forum Holdings LLC | O | | |

# Exhibit B-9

| | | | | | |
|---|---|---|---|---|---|
| | | corp20070227 Amended and Restated Operating Agreement for Rome Investments LLC | O | | |
| | | rept20080930 Audited Financial Statements Prepared by Dan Jenkins for Rome Investments LLC as at December 31, 2007 - Signed (3 copies) | O | | |
| | | rept20090706 Audited Financial Statements Prepared by Dan Jenkins for Rome Investments LLC as at December 31, 2008 - Signed (3 copies) | O | | |
| | | rept20100325 Audited Financial Statements Prepared by Dan Jenkins for Rome Investments LLC as at December 31, 2009 - Signed (2 copies) | O | | |
| | | rept20110331 Audited Financial Statements Prepared by Dan Jenkins for Rome Investments LLC as at December 31, 2010 - Signed (2 copies) | O | | |
| | | | | | |
| AAEBGCT010 | A. EUGENE BROCKMAN GRANDCHILDREN'S TRUST | trst19810526 A Eugene Brockman Grandchildren's Trust Deed | O | | RTB |
| | | misc19810824 IRS Form 3520 re Creation of Foreign Trust A Eugene Brockman (date difficult to read) | C | | RTB |
| | | trst19931028 A E Brockman Grandchildren's Trust Order of the Royal Court of Guernsey | C | | RTB |
| | | trst19931028 A E Brockman Grandchildren's Trust Application to the Royal Court of Guernsey | C | | RTB |
| | | trst19810526 A Eugene Brockman Grandchildren's Trust Deed | C | | |
| | | | | | |
| ABELCOM010 | THE COMPANION CHARITABLE TRUST | trst19980218 Declaration of Charitable Trust (2 copies) | C | | RTB |
| | | trst20070104 Deed of Appointment and Retirment with CIBC Replacing Cititrust | O | | |
| | | rept20071231 Companion Unaudited Financial Statements for Year Ended 31 December 2007 | O | | |
| | | rept20071231 Companion Charotable Trust Unaudited Financial Statements for Year Ended 31 December 2007 | O | | |
| | | | | | |
| ABELCOM020 | REGENCY MANAGEMENT LTD | corp19980211 Regency Certificate of Incorporation | O | | |
| | | corp19980217 Regency By-Laws | O | | |
| | | corp19980211 Regency Articles of Incorporation | O | | |
| | | corp19980211 Designation and Acceptance of Registered Agent | O | | |
| | | corp19980211 Regency Management Ltd Transfer of Subscription Rights - Original | O | | |
| | | corp19980211 Regency Management Ltd Endorsement Certificate - Original | O | | |
| | | corp19980211 Copy Regency Bearer Share Certificate No.1 | C | | |
| | | corp20070630 Original Regency Management Ltd Share Certificate No. 2 Issued to Commerce-CIBC for Companion Trust | O | | |
| | | corp20081023 Regency Management Ltd Certificate of Renewal 2009-2010 | O | | |
| | | | | | |
| ABELCOM030 | MOUNTAIN QUEEN INC | | | | |
| | | | | | |
| ABELEND010 | THE ENDURANCE CHARITABLE TRUST | trst20030320 Original Endurance Trust Declaration | O | | RTB |
| | | trst20030320 Copy Endurance Trust Declaration | C | | RTB |
| | | agre20030731 Share Option Agreement between Endurance and Commitment re Performance (2 Originals) | O | | RTB |
| | | agre20030613 Compensation Agreement between Performance and Robert Smith - Draft only | C | | RTB |
| | | trst20030000 Draft Endurance Trustee Memorandum | C | | RTB |
| | | trst20070104 Deed of Appointment and Retirment with CIBC Replacing Cititrust | O | | |
| | | rept20071231 Endurance Unaudited Financial Statements for Year Ended 31 December 2007 | O | | |
| | | rept20071231 Endurance Charitable Trust Unaudited Financial Statements for Year Ended 31 December 2007 | O | | |
| | | | | | |
| ABELEND020 | PERFORMANCE INVESTMENTS LLC | corp20070106 Copy Performance Investments LLC Membership Certificate No. 2 Issued to CIBC (2 copies) | C | | |
| | | corp20030320 Original Performance Certificate of Ownership No. 1 issued to Endurance - Returned by CIBC 16.6.07 | O | | |
| | | corp20080310 Certificate of Renewal 2008-2009 for Performance | O | | |

Exhibit B-9

| | | | | | |
|---|---|---|---|---|---|
| | | corp20090112 Certificate of Renewal 2009-2010 for Performance | O | | |
| | | corp20090121 Written Resolutions of Performance Investments LLC as Manager of VEFIII re Dissolution of VEFIII - Signed | O | | |
| | | corp20100108 Performance Investments LLC Certificate of Renewal 2010-2011 | O | | |
| | | | | | |
| ABELHER010 | THE HERITAGE CHARITABLE TRUST | trst19970807 The Heritage Trust Indenture (2 copies) | C | | RTB |
| | | trst19930902 Deed of Release of Power of Distribution made by Tortrust | C | | RTB |
| | | corr19930902 Letter from Tortrust Corp to RTB re Deed of Release | O | | RTB |
| | | trst20020726 The Heritage Trust Memorandum No. 1 | C | | RTB |
| | | trst20061130 Deed of Retirement and Appointment - Gorry Replacing Cititrust Inc | O | | |
| | | | | | |
| ABELHER020 | LEGEND INVESTMENTS LLC | agre19971231 Consultant Agreement between Kojak and Financial Counselors | O | | |
| | | agre20011231 Novation Agreement re Kojak and Financial Counselors Consultant Agreement | O | | |
| | | agre20020102 Consultant Agreement with Wedge Consulting | O | | |
| | | corp19971028 Articles of Organization | O | | |
| | | corp19971028 Certificate of Formation | O | | |
| | | corp19971028 Certificate of Good Standing | O | | |
| | | corp19971028 Endorsement Certificate re Incorporation Filings | O | | |
| | | corp19971028 Manager's Resolutions on Incorporation 2 | O | | |
| | | corp19971028 Manager's Resolutions on Incorporation | O | | |
| | | corp19971028 Nevis Trust Limited Acceptance as Registered Agent | O | | |
| | | corp19971028 Operating Agreement | O | | |
| | | corp19981111 Copy Share Certificate No. 5 Kojak Holdings Ltd | C | | |
| | | corp19981111 Instrument of Share Transfer re Kojak Holdings Ltd | C | | |
| | | corp19981111 Kojak Holdings Ltd Director's Resolution re transfer of Shares | C | | |
| | | corp20000316 Endorsement Certificate re Change of Name from Kojak Holdings LLC | O | | |
| | | corp20000316 Manager's Resolution re issue of Share Certificate | O | | |
| | | corp20001220 Manager's Resolution re Power of Attorney | O | | |
| | | corp20001220 Power of Attorney in favour of Serco Management Ltd | O | | |
| | | corp20010627 Certificate of Renewal | O | | |
| | | corp20020605 Certificate of Renewal | O | | |
| | | corp20030101 Director's Resolution revoking Power of Attorney | O | | |
| | | corp20030924 Certificate of Renewal | O | | |
| | | corp20031231 Director's Resolution re Bank Signatories with Signatory List | C | | |
| | | corp20031231 Director's Resolution re Bank Signatories | O | | |
| | | corp20050509 Legend Certificate of Renewal 2005 | O | | |
| | | corp20061103 Legend Certificate of Renewal 2006 | O | | |
| | | corp20070618 Legend Investments LLC Manager's Written Resolutions re Various Edge Transactions | O | | |
| | | corp20070630 Legend Investments LLC Amended Operating Agreement (2 copies) | O | | |
| | | corp20070630 Legend Investments LLC Member's Written Resolutions re New Operating Agreement and Various Matters | O | | |
| | | corp20070630 Legend Investments LLC Membership Certificate No. 3 Issued to Gorry for the Heritage Trust | O | | |
| | | corp20070630 Legend Investments LLC Register of Managers and Officers | O | | |

# Exhibit B-9

| | | | | | |
|---|---|---|---|---|---|
| | | corp20070630 Legend Investments LLC Register of Members | | O | |
| | | corp20070828 Legend Certificate of Renewal 2007-2008 | | O | |
| | | corp20080725 Legend Certificate of Renewal 2008-2009 | | O | |
| | | corp20090915 Legend Investments LLC Nevis Certificate of Renewal 2009-2010 | | O | |
| | | | | | |
| ABELHER030 | TABBIN INVESTMENTS LLC | corp20050509 Tabbin Certificate of Renewal | | O | |
| | | | | | |
| ABELPRO010 | THE PROVIDENT CHARITABLE TRUST | trst19971016 The Provident Trust Indenture (2 copies) | | C | RTB |
| | | corr19971105 Letter from Carlos Kepke to DJ enclosing Trust Deed | | C | RTB |
| | | trst20020726 The Provident Trust Memorandum No. 1 | | C | RTB |
| | | trst20061130 Deed of Retirement and Appointment - Chelsea Replacing Cititrust Inc | | O | |
| | | trst20070527 Provident Charitable Trust Trustee's Resolutions re Providian and Prime Closures | | O | |
| | | | | | |
| ABELPRO020 | PRIME HOLDINGS LLC | corp20061012 Prime Holdings LLC Certificate of Renewal 2006 | | O | |
| | | corp20070527 Original Prime Holdings LLC Membership Certificate No. 2 Issued to Chelsea Trust Co for The Service Trust II | | O | |
| | | corp20070527 Prime Holdings LLC Share Transfer Form from Provident Trust to Service Trust II | | O | |
| | | corp20070608 Prime Holdings LLC Manager's Written Resolutions re Transfer of Assets and Closure | | O | |
| | | corp20070828 Prime Holdings LLC Certificate of Renewal 2007-2008 | | O | |
| | | | | | |
| | | | | | |
| ABELPRO030 | PROVIDIAN ENTERPRISES LTD | agre19960320 Consultant Agreement as Peters Investments with Financial Counselors | | C | |
| | | agre19961212 Masters Promissory Note with Peters | | C | |
| | | agre19970923 Repayment Agreement between Peters and Masters | | C | |
| | | agre20011231 Novation Agreement with Wedge | | O | |
| | | corp19970728 Peters' Proxy appointing Trevor Lloyd re Masters | | C | |
| | | corp19970728 Share Transfer from Peters to Masters on Repurchase of Masters Shares | | C | |
| | | corp19971201 Peters Investments Share Register | | C | |
| | | corp20010306 Copy Certificate of Incorporation | | C | |
| | | corp20020620 Providian Power of Attorney Granted to Kevin Valenzia | | C | |
| | | corp20030616 Certificate of Incumbency re Providian | | C | |
| | | corp20050422 Edge Director's Written Resolutions re Special NAV at Providian's Request | | O | |
| | | corp20050427 Director's Resolutions re Edge Redemption and Payment of Dividend | | C | |
| | | corp20050427 Director's Resolutions re Edge Redemption and Subscription | | C | |
| | | corp20050427 Providian Director's Written Resolutions re PWC Executing Edge Documents | | C | |
| | | corp20070527 Original Providian Enterprises Ltd Share No. Certificate No. 5 Issued to Cascade Holdings LLC | | O | |
| | | corp20070608 Providian Enterprises Ltd Shareholder's Resolutions re Providian Closure and Dividends | | O | |
| | | corp20070608 Providian Enterprises Ltd Director's Written Resolutions re Transfer of Assets and Closure | | O | |
| | | corp20070608 Providian Enterprises Ltd Share Transfer Form from Prime Holdings to Cascade Holdings | | O | |
| | | rept20060410 Audited Providian Enterprises Ltd Annual Report and Financial Statements for Year Ended 2002 (2 copies) | | O | |
| | | rept20060410 Audited Providian Enterprises Ltd Annual Report and Financial Statements for Year Ended 2003 (3 copies) | | O | |
| | | rept20070430 Audited Providian Enterprises Ltd Annual Report and Financial Statements for Year Ended 2005 (3 copies) | | O | |

Exhibit B-9

| | | | | | |
|---|---|---|---|---|---|
| | | rept20061229 Audited Providian Enterprises Ltd Annual Report and Financial Statements for Year Ended 2004 (3 copies) | O | | |
| | | rept20080716 Audited Providian Enterprises Ltd Annual Report and Financial Statements for Year Ended 2006 (2 copies) | O | | |
| | | rept20081015 Audited Providian Enterprises Ltd Annual Report and Financial Statements for Year Ended 2007 (4 copies) | O | | |
| | | agre20080930 Letter of Engagement Between PWC, Malta and Providian Enterprises Ltd re Final Audit | O | | |
| | | | | | |
| | | | | | |
| AHOWGIN010 | THE GINGER TRUST | corp20070808 Ginger Holdings Limited Original Share Certificate No. 6 Issued to Gordon Howard for the Ginger Trust | O | | |
| | | corp20070808 Ginger Holdings Ltd Directors' Written Resolutions re Share Certificates | O | | |
| | | | | | |
| AHOWGIN020 | GINGER HOLDINGS LTD | | | | |
| | | | | | |
| AHOWGIN030 | DAVENPORT LTD | corp20070808 Davenport Limited Orginal Share Certificate No. 2 Issued to Ginger Holdings Limited | O | | |
| | | corp20070808 Davenport Ltd Directors' Written Resolutions re Share Certificates | O | | |
| | | | | | |
| AHOWGIN040 | FAMILY HOLDINGS LTD | | | | |
| | | | | | |
| AHOWSAG010 | THE SAGE TRUST | | | | |
| | | | | | |
| AHOWSAG020 | P (T & C) LTD | | | | |
| | | | | | |
| AJONEVE010 | THE EVERGREEN CHARITABLE TRUST | agre19990619 Financial Advisor's Agreement with Financial Counselors and Carlos Kepke | O | | |
| | | agre20011231 Novation of Financial Advisor's Agreement | O | | |
| | | corp20000322 Original Pinnacle Membership Certificate No. 1 | O | | |
| | | trst19970619 The Evergreen Charitable Trust Indenture | O | | |
| | | trst19980421 Evergreen Memorandum of Appointment of Financial Counselors Shares | O | | |
| | | trst20000204 Trustee Resolution re Pinnacle and Financial Counselors Shares from Meeting on 7.10.1998 | O | | |
| | | trst20000308 Deed of Appointment & Removal of Trustees | O | | |
| | | trst20010626 Trust Memorandum No. 1 | O | | |
| | | trst20070618 The Evergreen Charitable Trust Trustee's Resolutions re Various Edge Transactions | O | | |
| | | | | | |
| AJONEVE020 | PINNACLE HOLDINGS LLC | agre19971028 Consultant Agreement with Financial Counselors | O | | |
| | | agre20000429 Pinnacle Contract of Employment with Melissa Jones | O | | |
| | | agre20010630 Letter of Agreement with Melissa Jones re Salary | O | | |
| | | agre20011231 Novation Agreement with Wedge Consulting | O | | |
| | | agre20031001 Option Agreement with Andrea Brockman re Larch Shares | O | | |
| | | agre20031001 Option Agreement with Christopher Brockman re Larch Shares | O | | |
| | | agre20031001 Option Agreement with DKB re Larch Shares | O | | |
| | | agre20031001 Option Agreement with Robert Fennell re Larch Shares | O | | |
| | | agre20031001 Option Agreement with RTB II re Larch Shares | O | | |
| | | agre20031001 Option Agreement with RTB re Larch Shares | O | | |
| | | corp19971028 Articles of Organization | O | | |

# Exhibit B-9

| | | | | | |
|---|---|---|---|---|---|
| | | corp19971028 Certificate of Formation | O | | |
| | | corp19971028 Certificate of Notary Public | O | | |
| | | corp19971028 Designation and Acceptance of Registered Agent | O | | |
| | | corp19971028 Endorsement Certificate | O | | |
| | | corp19971028 Operating Agreement | O | | |
| | | corp19971028 Resignation of Organization Rights | O | | |
| | | corp20000322 Manager's Resolutions on Incorporation 2 | O | | |
| | | corp20000322 Manager's Resolutions on Incorporation | O | | |
| | | corp20020605 Pinnacle Certificate of Renewal 2002 | O | | |
| | | corp20030924 Pinnacle Certificate of Renewal 2003 | O | | |
| | | corp20031002 Original Larch Share Certificate No. 1 | O | | |
| | | corp20050509 Pinnacle Certificate of Renewal 2005 | O | | |
| | | corp20061012 Pinnacle Certificate of Renewal 2006 | O | | |
| | | corp20040330 Letter from Concept Management re Nominee Shareholdings | O | | |
| | | corp20070630 Pinnacle Holdings LLC Amended Operating Agreement (2 copies) | O | | |
| | | corp20070630 Pinnacle Holdings LLC Member's Written Resolutions re New Operating Agreement and Various Matters | O | | |
| | | corp20070630 Pinnacle Holdings LLC Membership Certificate No. 2 Issued to Chancellor for the Evergreen Trust | O | | |
| | | corp20070630 Pinnacle Holdings LLC Register of Managers and Officers | O | | |
| | | corp20070630 Pinnacle Holdings LLC Register of Members | O | | |
| | | corp20070828 Pinnacle Certificate of Renewal 2007-2008 | O | | |
| | | corp20080725 Pinnacle Certificate of Renewal 2008-2009 | O | | |
| | | corp20090915 Pinnacle Holdings LLC Nevis Certificate of Renewal 2009-2010 | O | | |
| | | | | | |
| AJONEVE030 | WEDGE CONSULTING LTD | agre20020101 Option Agreement between Wedge and RTBII re Brown Holdings Shares | O | | |
| | | agre20020102 Contract Employment Agreement between Wedge and DJ | O | | |
| | | agre20030102 Amendment to Consultant Agreement between SSHLLC and Financial Counselors and Wedge | O | | |
| | | agre20031001 Option Agreement between Wedge and Andrea Brockman re Brown Holdings Shares | O | | |
| | | agre20031001 Option Agreement between Wedge and Christopher Brockman re Brown Holdings Shares | O | | |
| | | agre20031001 Option Agreement between Wedge and Dorothy Brockman re Brown Holdings Shares | O | | |
| | | agre20031001 Option Agreement between Wedge and Robert Fennell re Brown Holdings Shares | O | | |
| | | agre20031001 Option Agreement between Wedge and RTB re Brown Holdings Shares | O | | |
| | | agre20040216 Confidentiality Agreement between Wedge and Tangarra Consultants and ET | O | | |
| | | agre20040216 Consultancy Agreement between Wedge and Tangarra Consultants | O | | |
| | | agre20040216 Side Letter to the Consultancy Agreement between Wedge and Tangarra Consultants | O | | |
| | | agre20041101 Management Agreement between Wedge and Pilot Management | O | | |
| | | corp20010409 Designation and Acceptance of Registered Agent | O | | |
| | | corp20010409 Minutes of the First Meeting of the Incorporator and Subscriber to Wedge | O | | |
| | | corp20010409 Wedge Articles of Incorporation | O | | |
| | | corp20010409 Wedge Bylaws | O | | |
| | | corp20010409 Wedge Certificate of Incorporation | O | | |
| | | corp20010409 Wedge Certificate of Notary Public | O | | |

# Exhibit B-9

| | | | | | |
|---|---|---|---|---|---|
| | | corp20010409 Wedge Director's Resolutions on Incorporation | O | | |
| | | corp20010409 Wedge Endorsement Certificate | O | | |
| | | corp20010409 Wedge Transfer of Subscription Rights to Concept Holdings | O | | |
| | | corp20020101 Original Brown Holdings Share Certificate No. 2 issued to Wedge Consulting | O | | |
| | | corp20020212 Wedge Director's Resolutions re Dividend to Pinnacle | O | | |
| | | corp20030600 Wedge Director's Resolution re Investment in Founding Partners | O | | |
| | | corp20030627 Wedge Director's Resolutions re Investment in Founding Partners | O | | |
| | | corp20030728 Wedge Director's Resolutions re Dividend to Pinnacle | O | | |
| | | corp20031231 Wedge Director's Resolutions re Removal of Serco as Bank Signatory | O | | |
| | | corp20040114 Wedge Director's Resolutions re Dividend to Pinnacle | O | | |
| | | corp20040119 Wedge Director's Resolutions re DJ Bonus | O | | |
| | | corp20050204 Wedge Consulting Certificate of Renewal 2005 | O | | |
| | | corp20050415 Wedge Director's Written Resolutions re Redemption from Anova | O | | |
| | | corp20070630 Original Wedge Consulting Share Certificate No. 2 Issued to Pinnacle Holdings LLC | O | | |
| | | agre20090101 Consultancy and Royalty Agreement between Tangarra Consultants Ltd and Wedge Consulting Ltd - Executed | O | | |
| | | agre20090101 Confidentiality Agreement between Tangarra Consultants Ltd and Wedge Consulting Ltd - Executed | O | | |
| | | corp20090407 Wedge Management LLC Nevis Certificate of Renewal 2009-2010 | O | | |
| | | | | | |
| AJONEVE040 | LARCH HOLDINGS LLC | agre20031001 Consultant Agreement with Wedge Consulting | O | | |
| | | corp20031001 Certificate of Formation | O | | |
| | | corp20031001 Certificate of Notary Public | O | | |
| | | corp20031001 Designation and Acceptance of Registered Agent | O | | |
| | | corp20031001 Larch Articles of Organization | O | | |
| | | corp20031001 Larch Endorsement Certificate | O | | |
| | | corp20031001 Larch Operating Agreement | O | | |
| | | corp20031001 Minutes of the Organizational Meeting of the Organizer | O | | |
| | | corp20031001 Resignation of Organization Rights | O | | |
| | | corp20040817 Certificate of Renewal 2004 | O | | |
| | | corp20050607 Certificate of Renewal 2005 | O | | |
| | | corp20061012 Larch Certificate of Renewal 2006 | O | | |
| | | corp20070630 Larch Holdings LLC Amended Operating Agreement (2 copies) | O | | |
| | | corp20070630 Larch Holdings LLC Member's Written Resolutions re New Operating Agreement and Various Matters | O | | |
| | | corp20070630 Larch Holdings LLC Membership Certificate No. 2 Issued to Pinnacle Holdings LLC | O | | |
| | | corp20070630 Larch Holdings LLC Register of Managers and Officers | O | | |
| | | corp20070630 Larch Holdings LLC Register of Members | O | | |
| | | corp20070828 Larch Certificate of Renewal 2007-2008 | O | | |
| | | corp20080725 Larch Certificate of Renewal 2008-2009 | O | | |
| | | corp20090915 Larch Holdings LLC Nevis Certificate of Renewal 2009-2010 | O | | |
| | | | | | |
| AJONEVE050 | BROWN HOLDINGS LTD | agre20010102 Consultant Agreement with Wedge Consulting | O | | |
| | | corp19921222 Brooke Enterprises Articles of Association | O | | |

Exhibit B-9

| | | | | | |
|---|---|---|---|---|---|
| | | corp19921222 Brooke Enterprises Certificate of Incorporation | O | | |
| | | corp19921222 Brooke Enterprises Memorandum of Association | O | | |
| | | corp19921222 Minutes of First Meeting of the Directors of Brooke | O | | |
| | | corp19921222 Original Cancelled Brooke Share Certificate No. 1 issued to Financial Counselors | O | | |
| | | corp19921222 Resolutions of Subscriber to Memorandum of Association | O | | |
| | | corp19930510 Brooke Director's Resolutions re TIL Shares | C | | |
| | | corp19930510 Letter of Direction from Brooke to TIL re TIL Shares | C | | |
| | | corp19930510 Share Transfer Form from Brooke to Worldwide Hunger re TIL Shares | C | | |
| | | corp19930512 Brooke Director's Resolutions re Change of Director | C | | |
| | | corp19930512 Letter from Turney Rankine resigning as Director | C | | |
| | | corp19930526 Brooke Shareholder's Resolutions re TIL Shares | O | | |
| | | corp19970306 Brooke Enterprises Certificate of Good Standing | O | | |
| | | corp20000616 Certificate of Incumbency re Brooke | O | | |
| | | corp20000704 Brooke's Director's Resolutions re Appointment of Screen as Director | O | | |
| | | corp20001018 Brooke's Director's Resolutions re Name Change | O | | |
| | | corp20001018 Extract from Director's Resolutions re Name Change | O | | |
| | | corp20001019 Certificate of Incorporation on Name Change from Brooke | O | | |
| | | corp20020101 Director's Resolution re Share Certificates | O | | |
| | | corp20060920 Memorandum and Articles of Association Following Re-registration of Brown Holdings Ltd | O | | |
| | | corp20060531 Certified Extract of Brown Holdings Minutes of Meeting of Directors re Re-registration | C | | |
| | | corp20060920 Certificate of Re-registration Under BVI Business Companies Act 2004 re Brown Holdings | O | | |
| | | corp20100204 Brown Holdings LLC Nevis Certificate of Renewal 2009-2010 | O | | |
| | | | | | |
| AJONLEG010 | LEGACY CHARITABLE TRUST | agre19950926 Financial Advisor's Contract with Financial Counselors and Carlos Kepke | O | | |
| | | agre20021231 Novation of Financial Advisor's Agreement | O | | |
| | | corp20000322 Original Fade Holdings LLC Bearer Membership Certificate No. 1 | O | | |
| | | corp20030814 Original Advance Investments LLC Membership Certificate No. 1 | O | | |
| | | trst19871214 Jones Family Trust Indenture | C | | |
| | | trst19931209 Deed of Retirement and Appointment and Change of Proper Law | O | | |
| | | trst19940127 Application to the Royal Court of Guernsey re Deletion of Words from Trust Indenture | C | | |
| | | trst19940127 Order of the Royal Court of Guernsey re Words - And Comfort | O | | |
| | | trst19940615 Memorandum of Addition to Corpus of Trust | O | | |
| | | trst19941010 Application to the Royal Court of Guernsey re Corporate Trustee Capitalisation | C | | |
| | | trst19941013 Order of the Royal Court of Guernsey re Corporate Trustee Capitalisation | O | | |
| | | trst19941221 Deed of Retirement and Appointment of New Trustee | O | | |
| | | trst19941230 Memorandum of Addition to Corpus of Trust re Annis Shares | O | | |
| | | trst19941230 Memorandum of Addition to Corpus of Trust re Jinsx Shares | O | | |
| | | trst19941230 Memorandum of Addition to Corpus of Trust re Ketcham Shares | O | | |
| | | trst19941230 Memorandum of Addition to Corpus of Trust re Kvetch Shares | O | | |
| | | trst19941230 Memorandum of Addition to Corpus of Trust re Labyrinth Shares | O | | |
| | | trst19950112 Trustee Resolution re Loan to Annis Investment | O | | |

# Exhibit B-9

| | | | | | |
|---|---|---|---|---|---|
| | | trst19950112 Trustee Resolution re Loan to Jinsx Investment | O | | |
| | | trst19950112 Trustee Resolution re Loan to Ketcham Holdings | O | | |
| | | trst19950112 Trustee Resolution re Loan to Kvetch Holdings | O | | |
| | | trst19950112 Trustee Resolution re Loan to Labyrinth Investment | O | | |
| | | trst19950217 Memorandum of Appointment from Corpus of Trust | O | | |
| | | trst19950220 Trustee Resolution re Change of Trust Name | O | | |
| | | trst19970603 Letter from DJ, Protector removing Grosvenor as Trustees | O | | |
| | | trst19971029 Deed of Removal, Appointment & Indemnity | O | | |
| | | trst19980428 Order of the Royal Court of Guernsey re Change of Protector | C | | |
| | | trst19990318 Deed of Removal and Appointment of New Trustee | O | | |
| | | trst20000204 Trustee Resolution re Fade Holdings Shares | O | | |
| | | trst20000308 Deed of Appointment and Removal of Trustees | O | | |
| | | trst20010626 Trustee Memorandum No. 2 | O | | |
| | | trst20070618 The Legacy Charitable Trust Trustee's Resolutions re Various Edge Transactions | O | | |
| | | | | | |
| AJONLEG020 | FADE HOLDINGS LLC | agre19971028 Consultant Agreement with Financial Counselors | O | | |
| | | agre20000616 Option Agreement to RBT II re Trout Shares | O | | |
| | | agre20000616 Option Agreement to RBT re Trout Shares | O | | |
| | | agre20011231 Novation Agreement with Wedge Consulting | O | | |
| | | agre20031001 Option Agreement to Andrea Brockman re Trout Shares | O | | |
| | | agre20031001 Option Agreement to Christopher Brockman re Trout Shares | O | | |
| | | agre20031001 Option Agreement to DKB re Trout Shares | O | | |
| | | agre20031001 Option Agreement to Robert Fennell re Trout Shares | O | | |
| | | corp19971028 Articles of Organization | O | | |
| | | corp19971028 Cancelled Original Fade Bearer Share Certificate No. 1 | O | | |
| | | corp19971028 Certificate of Formation | O | | |
| | | corp19971028 Certificate of Notary Public | O | | |
| | | corp19971028 Designation and Acceptance of Registered Agent | O | | |
| | | corp19971028 Endorsement Certificate | O | | |
| | | corp19971028 Operating Agreement | O | | |
| | | corp19971028 Resignation of Organization Rights | O | | |
| | | corp19971229 Minutes of the First Meeting of the Members | O | | |
| | | corp20000322 Manager's Resolutions on Incorporation 2 | O | | |
| | | corp20000322 Manager's Resolutions on Incorporation | O | | |
| | | corp20000616 Original Trout Enterprises Share Certificate No. 1 to Fade | O | | |
| | | corp20010627 Certificate of Renewal 2001 | O | | |
| | | corp20020214 Fade Manager's Resolutions re Amendment to Articles of Organization | C | | |
| | | corp20020312 Articles of Amendment to the Articles of Organization | C | | |
| | | corp20020605 Certificate of Renewal 2002 | O | | |
| | | corp20031104 Certificate of Renewal 2003 | O | | |
| | | corp20040507 Certificate of Good Standing | O | | |

# Exhibit B-9

| | | | | | |
|---|---|---|---|---|---|
| | | corp20050509 Fade Certificate of Renewal 2005 | O | | |
| | | corp20061012 Fade Certificate of Renewal 2006 | O | | |
| | | corp20070630 Fade Holdings LLC Amended Operating Agreement (2 copies) | O | | |
| | | corp20070630 Fade Holdings LLC Member's Written Resolutions re New Operating Agreement and Various Matters | O | | |
| | | corp20070630 Fade Holdings LLC Membership Certificate No. 2 Issued to Willow for the Legacy Trust | O | | |
| | | corp20070630 Fade Holdings LLC Register of Managers and Officers | O | | |
| | | corp20070630 Fade Holdings LLC Register of Members | O | | |
| | | corp20070828 Fade Certificate of Renewal 2007-2008 | O | | |
| | | corp20080725 Fade Certificate of Renewal 2008-2009 | O | | |
| | | corp20090915 Fade Holdings LLC Nevis Certificate of Renewal 2009-2010 | O | | |
| | | | | | |
| AJONLEG030 | TROUT ENTERPRISES LTD | agre20020102 Consultant Agreement with Wedge Consulting | O | | |
| | | corp20000616 Director's Resolutions on Incorporation | O | | |
| | | corp20000616 Subscriber's Resolution Appointing Director | O | | |
| | | corp20000616 Trout Articles of Association | O | | |
| | | corp20000616 Trout Certificate of Incorporation | O | | |
| | | corp20000616 Trout Memorandum of Association | O | | |
| | | corp20060616 Memorandum and Articles of Association Following Re-registration of Trout Enterprises | O | | |
| | | corp20060616 Certificate of Re-registration Under BVI Business Companies Act 2004 re Trout Enterprises | C | | |
| | | corp20060531 Trout Enterprises Minutes of Meeting of Directors re Re-registration of the Company | C | | |
| | | corp20100204 Trout Enterprises LLC Nevis Certificate of Renewal 2009-2010 | O | | |
| | | | | | |
| AJONLEG040 | ADVANCE INVESTMENT HOLDINGS LLC | agre20040426 Letter of Agreement with Pace Mutual Fund re Annual Payment | O | | |
| | | corp20030808 Original Share Certificate issued by Pace Mutual Fund Limited | O | | |
| | | corp20030814 Advance Operating Agreement | O | | |
| | | corp20030814 Articles of Organization | O | | |
| | | corp20030814 Certificate of Formation | O | | |
| | | corp20030814 Designation and Acceptance of Registered Agent | O | | |
| | | corp20030814 Endorsement Certificate | O | | |
| | | corp20030814 Minutes of Member's Organizational Meeting | O | | |
| | | corp20030814 Resignation of Organization Rights | O | | |
| | | corp20050404 Advance Investment Holdings Certificate of Renewal 2005 | O | | |
| | | corp20061012 Advance Investment Holdings Certificate of Renewal 2006 | O | | |
| | | corp20070630 Advance Investments Holdings LLC Amended Operating Agreement (2 copies) | O | | |
| | | corp20070630 Advance Investments Holdings LLC Member's Written Resolutions re New Operating Agreement and Various Matters | O | | |
| | | corp20070630 Advance Investments Holdings LLC Membership Certificate No. 2 Issued to Chancellor for the Legacy Trust | O | | |
| | | corp20070630 Advance Investments Holdings LLC Register of Managers and Officers | O | | |
| | | corp20070630 Advance Investments Holdings LLC Register of Members | O | | |
| | | corp20070718 Advance Investments Holdings LLC Member's Written Resolutions re Amendments to Articles of Organization | O | | |
| | | corp20080815 Advance Investment Holdings Certificate of Renewal 2007-2008 | O | | |
| | | corp20070815 Advance Investments Holdings LLC Endorsement Certificate on Articles Change | O | | |

Exhibit B-9

| | | | | | |
|---|---|---|---|---|---|
| | | corp20070815 Advance Investments Holdings LLC Articles of Amendment to Articles of Incorporation | O | | |
| | | corp20080725 Advance Investments LLC Certificate of Renewal 2008-2009 | O | | |
| | | | | | |
| AJONLEG050 | PACE MUTUAL FUND LTD | agre20030808 Administrative Services Agreement with Folio Administrators Limited | C | | |
| | | agre20030818 Discretionary Asset Management Agreement | C | | |
| | | corp20030808 Pace Mutual Articles of Association | O | | |
| | | corp20030808 Pace Mutual Articles of Association | C | | |
| | | corp20030808 Pace Mutual Certificate of Incorporation | C | | |
| | | corp20030808 Pace Mutual Memorandum of Association | O | | |
| | | corp20030808 Pace Mutual Memorandum of Association | C | | |
| | | corp20030808 Pace Resolutions of First Director on Incorporation | C | | |
| | | corp20030814 Pace Certificate of Recognition of a Professional Mutual Fund | C | | |
| | | corp20050406 Pace Directors' Written Resolutions re Arboria Investment | O | | |
| | | corp20040312 Pace Certificate of Recognition of a Professional Mutual Fund | O | | |
| | | corp20050329 Pace Certificate of Recognition of a Professional Mutual Fund | O | | |
| | | rept20061215 BDO Auditor's Report for Pace for Year Ending 31 December 2005 (3 copies) | O | | |
| | | rept20070709 Pace Mutual Fund Fund Audited Financial Statements for Year Ended 2006 (2 copies) | O | | |
| | | | | | |
| | | | | | |
| | | | | | |
| AJONOXF010 | THE OXFORD CHARITABLE TRUST | agre19950926 Financial Advisor's Contract with Financial Counselors and Carlos Kepke | C | | |
| | | agre20011231 Novation Financial Advisor's Contract | O | | |
| | | corp20000322 Original Slice Holdings LLC Bearer Membership Certificate No. 1 | O | | |
| | | trst19970619 The Oxford Charitable Trust Indenture | O | | |
| | | trst19980421 Memorandum of Appointment of Inview and Pilot Shares | O | | |
| | | trst20000204 Trustee Resolution re Slice Shares | O | | |
| | | trst20000308 Deed of Appointment & Removal of Trustees | O | | |
| | | trst20010626 Trustee Memorandum No. 3 | O | | |
| | | trst20070618 The Oxford Charitable Trust Trustee's Resolutions re Various Edge Transactions | O | | |
| | | | | | |
| AJONOXF020 | SLICE HOLDINGS LLC | agre19971029 Consultant Agreement with Financial Counselors | O | | |
| | | agre19971201 Business Consultant and Administration Agreement with Melissa Jones | O | | |
| | | agre19971201 Compensation Schedule to Business Consultant and Administration Agreement | C | | |
| | | agre20011231 Novation Agreement with Wedge Consulting | O | | |
| | | agre20031001 Option granted  by Slice to Andrea Brockman re Douglas | O | | |
| | | agre20031001 Option granted  by Slice to Christopher Brockman re Douglas | O | | |
| | | agre20031001 Option granted  by Slice to DKB re Douglas | O | | |
| | | agre20031001 Option granted  by Slice to Robert Fennell re Douglas | O | | |
| | | agre20031001 Option granted  by Slice to RTB II re Douglas | O | | |
| | | agre20031001 Option granted  by Slice to RTB re Douglas | O | | |
| | | corp19971029 Designation and Acceptance of Registered Agent | O | | |

# Exhibit B-9

| | | | | | |
|---|---|---|---|---|---|
| | | corp19971029 Resignation of Organization Rights | O | | |
| | | corp19971029 Slice Certificate of Formation | O | | |
| | | corp19971029 Slice Endorsement Certificate | O | | |
| | | corp19971029 Slice Operating Agreement | O | | |
| | | corp19971229 Minutes of the First Meeting of the Members | O | | |
| | | corp20000322 Manager's Resolutions on Incorporation 2 | O | | |
| | | corp20000322 Manager's Resolutions on Incorporation | O | | |
| | | corp20000901 Original Inview Development Bearer Share Certificate No. 1 to Slice | O | | |
| | | corp20010627 Slice Certificate of Renewal 2001 | O | | |
| | | corp20020605 Slice Certificate of Renewal 2002 | O | | |
| | | corp20030924 Slice Certificate of Renewal 2003 | O | | |
| | | corp20031002 Original Douglas Holdings LLC Share Certificate No. 1 to Slice | O | | |
| | | corp20041029 Certified Copy of Certificate of Incorporation | O | | |
| | | corp20050509 Slice Certificate of Renewal 2005 | O | | |
| | | corp20061012 Slice Certificate of Renewal 2006 | O | | |
| | | corr20000514 Letter from Melissa Jones Terminating Business Consulting Agreement | O | | |
| | | corp20070630 Slice Holdings LLC Amended Operating Agreement (2copies) | O | | |
| | | corp20070630 Slice Holdings LLC Member's Written Resolutions re New Operating Agreement and Various Matters | O | | |
| | | corp20070630 Slice Holdings LLC Membership Certificate No. 2 Issued to Chancellor for the Oxford Trust | O | | |
| | | corp20070630 Slice Holdings LLC Register of Managers and Officers | O | | |
| | | corp20070630 Slice Holdings LLC Register of Members | O | | |
| | | corp20070828 Slice Holdings LLC Certificate of Renewal 2006-2007 | O | | |
| | | corp20080725 Slice Holdings LLC Certificate of Renewal 2008-2009 | O | | |
| | | corp20100204 Trout Enterprises LLC Nevis Certificate of Renewal 2009-2010 | O | | |
| | | | | | |
| AJONOXF040 | DOUGLAS INVESTMENTS LLC | agre20031001 Consultant Agreement with Wedge | O | | |
| | | corp20031001 Articles of Organization | O | | |
| | | corp20031001 Certificate of Formation | O | | |
| | | corp20031001 Endorsement Certificate | O | | |
| | | corp20031001 Minutes of Organizational Meeting of Organizer | O | | |
| | | corp20031001 Morning Star Acceptance as Registered Agent | O | | |
| | | corp20031001 Operating Agreement | O | | |
| | | corp20031001 Resignation of Organization Rights and Assignment | O | | |
| | | corp20040817 Certificate of Renewal | O | | |
| | | corp20050607 Certificate of Renewal | O | | |
| | | corp20061012 Douglas Holdings LLC Certificate of Renewal 2006 | O | | |
| | | corp20070630 Douglas Holdings LLC Amended Operating Agreement (2 copies) | O | | |
| | | corp20070630 Douglas Holdings LLC Member's Written Resolutions re New Operating Agreement and Various Matters | O | | |
| | | corp20070630 Douglas Holdings LLC Membership Certificate No. 2 Issued to Slice Holdings LLC | O | | |
| | | corp20070630 Douglas Holdings LLC Register of Managers and Officers | O | | |
| | | corp20070630 Douglas Holdings LLC Register of Members | O | | |

Exhibit B-9

| | | | | | |
|---|---|---|---|---|---|
| | | corp20070828 Douglas Holdings LLC Certificate of Renewal 2007-2008 | | O | |
| | | corp20080725 Douglas Holdings LLC Certificate of Renewal 2008-2009 | | O | |
| | | corp20090915 Douglas Holdings LLC Nevis Certificate of Renewal 2009-2010 | | O | |
| | | | | | |
| AMALCHI010 | CHILD WELFARE CHARITABLE TRUST | | | | |
| | | | | | |
| AMALCHI020 | ACTIVE INVESTMENT HOLDINGS LTD | | | | |
| | | | | | |
| AMALCHI030 | DIRECT HOLDINGS LTD | corp20070117 Direct Holdings Notice of Resolution of Dissolution and Voluntary Winding Up | | O | |
| | | corp20070117 Direct Holdings Shareholders' Resolution re Indemnity for Liquidator Appointed to Direct Holdings | | O | |
| | | corp20070117 Direct Holdings Notice of Resolution of Dissolution and Voluntary Winding Up | | O | |
| | | corp20070117 Direct Holdings Notice of Appointment of Liquidator, Edward Gatt | | O | |
| | | rept20070131 Audited Direct Holdings Ltd Annual Report and Financial Statements Year Ended 31 October 2006 (3 copies) | | O | |
| | | rept20070504 Direct Holdings' Liquidator's Final Accounts and Scheme of Distribution | | O | |
| | | corp20070117 Direct Holdings Declaration of Solvency to the Registrar of Companies | | O | |
| | | corp20061130 Direct Holdings Director's Resolutions re Termination of Advertising Services Agreement | | O | |
| | | rept20060228 Audited Direct Holdings Ltd Annual Report and Financial Statements Year Ended 31 October 2005 | | O | |
| | | | | | |
| AMANAGE010 | WATERFORD CHARITABLE TRUST | trst19980727 Original Waterford Trust Declaration of Purpose Trust by Grosvenor | | O | |
| | | trst19980727 Declaration of Nominee Share Holding by Skye Nominees re Annis | | O | |
| | | trst19980727 Declaration of Nominee Share Holding by Skye Nominees re Ketcham | | O | |
| | | trst19980727 Declaration of Nominee Share Holding by Skye Nominees re Labyrinth | | O | |
| | | trst19980727 Declaration of Nominee Share Holding by Skye Nominees re Jinsx | | O | |
| | | trst19980727 Declaration of Nominee Share Holding by Skye Nominees re Kvetch | | O | |
| | | trst20090101 Deed of Appointment of New Trustee Duncan Hall in Place of Andrew Keuls | | O | |
| | | trst20100816 Deed of Appointment of New Trustee Evatt Tamine in Place of Gordon Howard - Signed | | O | |
| | | | | | |
| AMANAGE020 | ST. JOHN'S TRUST COMPANY (PVT) LTD | corp20041006 St John's Share Transfer Form from Grosvenor to Gordon Howard as Trustee for the Waterford Trust | | O | |
| | | corp20041006 Original St Johns Share Certificate No. 3 issued to Gordon Howard for the Waterford Trust | | O | |
| | | corp20041006 Declaration of Trust Made by Gordon Howard regarding Holding of Shares in St Johns for the Waterford Trust | | O | |
| | | corp20070808 St John's Trust Company Directors' Written Resolutions re Issue of Share Certificates | | O | |
| | | corp20100104 St John's Minutes of Meeting of the Newly Elected Board of Directors for 2010 - Signed | | O | |
| | | corp20100104 St John's Minutes of Annual General Meeting for 2010 - Signed | | O | |
| | | corp20100104 St John's Minutes of Meeting of the Board of Directors for 2010 - Signed | | O | |
| | | | | | |
| AMANAGE030 | POP | agre20000214 Cubicle Administration Services Letter of Contract between ATU General Trust and POP | | O | |
| | | agre20000228 Promissory Note from POP to Kojak Holdings Ltd | | O | |
| | | agre20000324 Escrow Agreement re Snowball Resources Inc | | O | |
| | | agre20000401 Consultant Agreement with Financial Counselors | | O | |
| | | agre20000530 Promissory Note from Providence Trust Co to Kojak Holdings Ltd | | O | |
| | | agre20011231 Novation Agreement with Wedge Consulting | | O | |

# Exhibit B-9

| | | | | | |
|---|---|---|---|---|---|
| | | agre20030328 Sub-Tenancy Agreement re VP Bank Office | O | | |
| | | corp19991214 Original Chamberlain Trust Company PVT Ltd Share Certificate No. 2 | O | | |
| | | corp19991214 Original Chancellor Trust Company PVT Ltd Share Certificate No. 2 | O | | |
| | | corp19991214 Original Chelsea Trust Company PVT Ltd Share Certificate No. 2 | O | | |
| | | corp19991214 Original Gorry Trust Company PVT Ltd Share Certificate No. 2 | O | | |
| | | corp19991214 Original Providence Trust Company PVT Ltd Share Certificate No. 2 | O | | |
| | | corp19991214 Original Willow Trust Company PVT Ltd Share Certificate No. 2 | O | | |
| | | corp20000207 Certificate of Incorporation of POP | O | | |
| | | corp20000207 POP  Articles of Association | O | | |
| | | corp20000224 Power of Attorney Granted by POP to Serco Management Limited | O | | |
| | | corp20000224 Written Resolutions of Director re Serco Power of Attorney | O | | |
| | | corp20000228 Copy Certificate of Incumbency re POP | C | | |
| | | corp20000228 Copy POP Share Certificate and Signed Share Transfer Form | C | | |
| | | corp20000228 Copy POP Share Certificate No. 1 issued to Crispin Ruffell Smith | C | | |
| | | corp20000228 Resolution of Director on Incorporation | O | | |
| | | corp20000228 Resolution of Director re VP Bank Account | C | | |
| | | corp20000322 Original Screen Management Share Certificate No. 1 | O | | |
| | | corp20000222 Copy POP Restricted Trust Licence | C | | |
| | | corp20010124 Copy POP Restricted Trust Licence | C | | |
| | | corp20010201 Original Concept Management LLC Bearer Share Certificate No. 1 | O | | |
| | | corp20010216 Written Resolution of Director re Change of Director | C | | |
| | | corp20020128 Copy POP Restricted Trust Licence | C | | |
| | | corp20030127 Copy POP Restricted Trust Licence | C | | |
| | | corp20040105 Original Declaration of Involuntary Dissolution re Gladstone Trust Co PVT Ltd | O | | |
| | | corp20040929 Written Resolution of Director re Change of Director | C | | |
| | | corp20050125 Written Resolution of Sole Member of POP | C | | |
| | | corp20050223 Written Resolutions of Director re Change of Director | C | | |
| | | trst20020726 Trustee Memorandum No 1. re The Heritage Trust | O | | |
| | | trst20020726 Trustee Memorandum No 1. re The Provident Trust | O | | |
| | | corp20000228 POP Share Certificate and Signed Share Transfer Form | O | | |
| | | corp20000228 POP Share Certificate No. 1 issued to Crispin Ruffell Smith | O | | |
| | | | | | |
| AMANAGE040 | SCREEN MANAGEMENT LTD | agre20020102 Consultant Agreement with Wedge Consulting | O | | |
| | | corp20000322 Articles of Association | O | | |
| | | corp20000322 Memorandum of Association | O | | |
| | | corp20000322 Certificate of Incorporation | O | | |
| | | corp20000523 Certificate of Incumbency | O | | |
| | | corp20000322 Minutes of the First Meeting of the Directors of Screen | O | | |
| | | corp20000322 Screen Subscriber's Resolution re Appointment of Directors | O | | |
| | | corp20011001 Screen Directors' Resolutions re Appointment of Director | O | | |
| | | corp20030101 Director's Resolution re Revocation of Power of Attorney to Serco Management | C | | |

Exhibit B-9

| | | | | | |
|---|---|---|---|---|---|
| | | corp20030401 Screen Director's Resolution re Cris Smith Signing Authority | O | | |
| | | corp20030601 Director's Resolutions re Special Power of Attorney to Serco Management | O | | |
| | | corp20000322 Screen Power of Attorney to Serco Management | O | | |
| | | corp20000000 Screen Letter of Resignation re Addington Trading Ltd | O | | |
| | | corp20000000 Screen Letter of Resignation re Touchstone Investments Trading Ltd | O | | |
| | | corp20000000 Screen Letter of Resignation re Barrier Investments LLC | O | | |
| | | corp20000000 Screen Letter of Resignation re Rosefaire Development Ltd | O | | |
| | | corp20000000 Screen Letter of Resignation re Vanguard Investments Trading Ltd | O | | |
| | | corp20000000 Screen Letter of Resignation re Warwick Investments Ltd | O | | |
| | | corp20000000 Screen Letter of Resignation re Warwick Investments LLC | O | | |
| | | corp20000000 Screen Letter of Resignation re Commitment Holdings LLC | O | | |
| | | corp20000000 Screen Letter of Resignation re Choice Investments LLC | O | | |
| | | corp20000000 Screen Letter of Resignation re Reka Corporation LLC | O | | |
| | | corp20000000 Screen Letter of Resignation re Plattoon Investments LLC | O | | |
| | | corp20000000 Screen Letter of Resignation re Cascade Holdings LLC | O | | |
| | | corp20000000 Screen Letter of Resignation re Addington Trading LLC | O | | |
| | | corp20000000 Screen Letter of Resignation re Lakewood Investments LLC | O | | |
| | | corp20000000 Screen Letter of Resignation re Vivant Holdings LLC | O | | |
| | | corp20000000 Screen Letter of Resignation re Lakewood Investments Ltd | O | | |
| | | corp20000000 Screen Letter of Resignation re Point Investments LLC | O | | |
| | | corp20000000 Screen Letter of Resignation re Vivant Holdings Ltd | O | | |
| | | corp20000000 Screen Letter of Resignation re Advertising Services LLC | O | | |
| | | corp20000000 Screen Letter of Resignation re Reka Corp Ltd | O | | |
| | | corp20000000 Screen Letter of Resignation re Plattoon Investments Ltd | O | | |
| | | corp20000000 Screen Letter of Resignation re Pitch Holdings LLC | O | | |
| | | corp20000000 Screen Letter of Resignation re Fairway Enterprises LLC | O | | |
| | | corp20000000 Screen Letter of Resignation re Edge Investment Fund Ltd | O | | |
| | | corp20000000 Screen Letter of Resignation re Gorry Trust Company (PVT) Ltd | O | | |
| | | corp20000000 Screen Letter of Resignation re Chelsea Trust Company (PVT) Ltd | O | | |
| | | corp20000000 Screen Letter of Resignation re Chamberlain trust Company (PVT) Ltd | O | | |
| | | corp20000000 Screen Letter of Resignation re Chancellor Trust Company (PVT) Ltd | O | | |
| | | corp20000000 Screen Letter of Resignation re Edge Fund Investments LLC | O | | |
| | | corp20000000 Screen Letter of Resignation re Willow Trust Company (PVT) Ltd | O | | |
| | | corp20000000 Screen Letter of Resignation re Providence Trust Company (PVT) Ltd | O | | |
| | | corp20000000 Screen Letter of Resignation re Douglas Investments LLC | O | | |
| | | corp20000000 Screen Letter of Resignation re Inview Development Ltd | O | | |
| | | corp20000000 Screen Letter of Resignation re Slice Holdings LLC | O | | |
| | | corp20000000 Screen Letter of Resignation re Concept Management LLC | O | | |
| | | corp20000000 Screen Letter of Resignation re Wedge Consulting Ltd | O | | |
| | | corp20000000 Screen Letter of Resignation re Larch Holdings LLC | O | | |
| | | corp20000000 Screen Letter of Resignation re Pinnacle Holdings LLC | O | | |

Exhibit B-9

| | | | | | |
|---|---|---|---|---|---|
| | | corp20000000 Screen Letter of Resignation re Legend Investments LLC | O | | |
| | | corp20000000 Screen Letter of Resignation re Pace Mutual Fund Ltd | O | | |
| | | corp20100000 Screen Letter of Resignation re Advance Investment Holdings LLC | O | | |
| | | corp20000000 Screen Letter of Resignation re Trout Enterprises Ltd | O | | |
| | | corp20000000 Screen Letter of Resignation re Brown Holdings Ltd | O | | |
| | | corp20000000 Screen Letter of Resignation re Fade Holdings LLC | O | | |
| | | corp20060531 Screen Management Minutes of Meeting of Directors re Re-registration of the Company | C | | |
| | | corp20060616 Memorandum and Articles of Association Following Re-registration of Screen Management | O | | |
| | | corp20060616 Certificate of Re-registration Under BVI Business Companies Act 2004 re Screen Management | C | | |
| | | corp20070618 Screen Management Ltd Director's Written Resolutions re Harrison Capital Investments | O | | |
| | | bank20080916 Bermuda Commercial Bank Multi Client Account Opening Documentation Signed By Peter Poole and Cris Ruffell Smith | C | | |
| | | corp20100325 Certificate of Discontinuance Issued by the BVI Registrar of Corporate Affairs to Screen Management Ltd | O | | |
| | | | | | |
| AMANAGE050 | CONCEPT MANAGEMENT LLC | agre20011231 Novation Agreement with Wedge Consulting | O | | |
| | | agre20020102 Consultant Agreement with Wedge Consulting | O | | |
| | | corp20010201 Concept Articles of Organization | O | | |
| | | corp20010201 Concept Certificate of Formation | O | | |
| | | corp20010201 Concept Certificate of Notary Public | O | | |
| | | corp20010201 Concept Endorsement Certificate | O | | |
| | | corp20010201 Concept Operating Agreement | O | | |
| | | corp20010201 Designation and Acceptance of Registered Agent | O | | |
| | | corp20010201 Director's Resolutions on Incorporation | O | | |
| | | corp20010201 Minutes of the Organizational Meeting of the Organizer | O | | |
| | | corp20010201 Resignation of Organization Rights | O | | |
| | | corp20010212 Transfer of Advertising Services Shares from Skye Nominees to Concept | O | | |
| | | corp20010212 Transfer of Inview Bermuda Shares from Skye Nominees to Concept | O | | |
| | | corp20010409 Original Wedge Consulting Share Certificate No. 1 | O | | |
| | | corp20020214 Concept Manager's Resolutions re Amendment to Articles of Organization | C | | |
| | | corp20020312 Articles of Amendment to the Articles of Organization | O | | |
| | | corp20020318 Endorsement Certificate re Amended Articles of Incorporation | O | | |
| | | corp20040330 Letter from Concept Confirming Nominee of Wedge re Pinnacle | C | | |
| | | corp20041118 Concept Certificate of Renewal | O | | |
| | | | | | |
| AMANAGE060 | CHANCELLOR TRUST COMPANY (PVT) LTD | agre19991214 Agreement for Transfer of Subscription Rights | O | | |
| | | agre20000401 Consultant Agreement with Financial Counselors | O | | |
| | | agre20011231 Novation Agreement with Wedge Consulting | O | | |
| | | corp19991214 Articles of Incorporation | O | | |
| | | corp19991214 Bylaws | O | | |
| | | corp19991214 Certificate of Good Standing | O | | |
| | | corp19991214 Certificate of Incorporation | O | | |
| | | corp19991214 Certificate of Notary Public | O | | |

# Exhibit B-9

| | | | | | |
|---|---|---|---|---|---|
| | | corp19991214 Endorsement Certificate | O | | |
| | | corp19991214 Minutes of First Meeting of Incorporator and Subscriber | O | | |
| | | corp19991214 Original Cancelled Share Certificate No. 1 issued to CSR for One Share | O | | |
| | | corp19991214 Written Resolutions of Director re First Meeting | O | | |
| | | corp19991214 Written Resolutions of Director re Share Certificate to POP | O | | |
| | | corp20000224 Power of Attorney in favour of Ernie Dover | C | | |
| | | corp20000224 Power of Attorney in favour of Serco Management | O | | |
| | | corp20000224 Written Resolutions of Director re Power of Attorney to Dover | O | | |
| | | corp20000224 Written Resolutions of Director re Power of Attorney to Serco | O | | |
| | | corp20000531 Written Resolutions of Director re Change of Director | O | | |
| | | corp20040820 Certificate of Renewal | O | | |
| | | corp20061012 Chancellor Certificate of Renewal 2006 | O | | |
| | | corr19991214 Morning Star Acceptance as Registered Agent | O | | |
| | | trst20010626 Trustee Memorandum No. 1 re The Evergreen Trust | O | | |
| | | trst20010626 Trustee Memorandum No. 2 re The Legacy Trust | O | | |
| | | trst20010626 Trustee Memorandum No. 3 re The Oxford Trust | O | | |
| | | corp20070828 Chancellor Certificate of Renewal 2007-2008 | O | | |
| | | corp20080910 Chancellor Certificate of Renewal 2008-2009 | O | | |
| | | corp20090915 Chancellor Trust Company (PVT) Ltd Nevis Certificate of Renewal 2009-2010 | O | | |
| | | | | | |
| AMANAGE070 | CHAMBERLAIN TRUST COMPANY (PVT) LTD | agre20000401 Consultant Agreement with Financial Counselors Ltd | O | | |
| | | agre20011231 Novation Agreement with Wedge Consulting | O | | |
| | | corp19991214 Certificate of Notary Public | O | | |
| | | corp19991214 Chamberlain Articles of Incorporation | O | | |
| | | corp19991214 Chamberlain Bylaws | O | | |
| | | corp19991214 Chamberlain Certificate of Incorporation | O | | |
| | | corp19991214 Chamberlain Endorsement Certificate | O | | |
| | | corp19991214 Designation and Acceptance of Registered Agent | O | | |
| | | corp19991214 Director's Resolutions re Share Transfer on Incorporation | O | | |
| | | corp19991214 Director's Resolutions re Share Transfer to POP | O | | |
| | | corp19991214 Minutes of First Meeting of Incorporator and Subscriber | O | | |
| | | corp19991214 Original Cancelled Chamberlain Share Certificate No. 1 issued to Crispin Ruffell Smith | O | | |
| | | corp19991214 Transfer of Subscription Rights | O | | |
| | | corp20000224 Chamberlain Power of Attorney to Ernie Dover | O | | |
| | | corp20000224 Chamberlain Power of Attorney to Serco Management | O | | |
| | | corp20000224 Director's Resolution re Power of Attorney to Ernie Dover | O | | |
| | | corp20000224 Director's Resolution re Power of Attorney to Serco Management | O | | |
| | | corp20000531 Director's Resolution re Change of Director | C | | |
| | | corp20040527 Chamberlain Certificate of Good Standing | O | | |
| | | corp20040820 Chamberlain Certificate of Renewal | O | | |
| | | corp20061012 Chamberlain Certificate of Renewal 2006 | O | | |

Exhibit B-9

| | | | | | |
|---|---|---|---|---|---|
| | | corp20070828 Chamberlain Certificate of Renewal 2007-2008 | O | | |
| | | corp20080910 Chamberlain Certificate of Renewal 2008-2009 | O | | |
| | | corp20090915 Chamberlain Trust Company (PVT) Ltd Nevis Certificate of Renewal 2009-2010 | O | | |
| | | | | | |
| AMANAGE080 | CHELSEA TRUST COMPANY (PVT) LTD | agre20000401 Consultant Agreement with Financial Counselors Ltd | O | | |
| | | agre20013112 Novation Agreement with Wedge Consulting | O | | |
| | | corp19991214 Certificate of Notary Public | O | | |
| | | corp19991214 Chelsea Articles of Incorporation | O | | |
| | | corp19991214 Chelsea Bylaws | O | | |
| | | corp19991214 Chelsea Certificate of Incorporation | O | | |
| | | corp19991214 Chelsea Endorsement Certificate | O | | |
| | | corp19991214 Designation and Acceptance of Registered Agent | O | | |
| | | corp19991214 Director's Resolutions on Incorporation | O | | |
| | | corp19991214 Director's Resolutions re Shares to POP | O | | |
| | | corp19991214 Minutes of First Meeting of Incorporator and Subscriber | O | | |
| | | corp19991214 Original Cancelled Chelsea Share Certificate No. 1 issued to issued to Cris Ruffell Smith | O | | |
| | | corp19991214 Transfer of Subscription Rights | O | | |
| | | corp20000224 Director's Resolution re Power of Attorney to Ernie Dover | O | | |
| | | corp20000224 Director's Resolution re Power of Attorney to Serco Management | O | | |
| | | corp20000224 Power of Attorney Granted to Ernie Patrick Dover | C | | |
| | | corp20000224 Power of Attorney Granted to Serco Management | O | | |
| | | corp20000531 Director's Resolutions re Change of Director | C | | |
| | | corp20040527 Chelsea Certificate of Good Standing | O | | |
| | | corp20040820 Chelsea Certificate of Renewal | O | | |
| | | corp20061012 Chelsea Certificate of Renewal 2006 | O | | |
| | | trst20000204 Trustee Resolution re Endowment Share Holdings | O | | |
| | | trst20000204 Trustee Resolution re Service II Share Holdings | O | | |
| | | corp20070828 Chelsea Certificate of Renewal 2007-2008 | O | | |
| | | corp20080910 Chelsea Certificate of Renewal 2008-2009 | O | | |
| | | corp20090915 Chelsea Trust Company (PVT) Ltd Nevis Certificate of Renewal 2009-2010 | o | | |
| | | | | | |
| AMANAGE090 | GORRY TRUST COMPANY (PVT) LTD | agre20000401 Consultant Agreement with Financial Counselors Ltd | O | | |
| | | agre20011231 Novation Agreement with Wedge Consulting | O | | |
| | | corp19991214 Certificate of Notary Public | O | | |
| | | corp19991214 Designation and Acceptance as Registered Agent | O | | |
| | | corp19991214 Gorry Articles of Incorporation | O | | |
| | | corp19991214 Gorry Bylaws | O | | |
| | | corp19991214 Gorry Certificate of Incorporation | O | | |
| | | corp19991214 Gorry Director's Resolutions re Share Issue | O | | |
| | | corp19991214 Gorry Endorsement Certificate | O | | |
| | | corp19991214 Minutes of First Meeting of Incorporator and Subscriber | O | | |

Exhibit B-9

| | | | | | |
|---|---|---|---|---|---|
| | | corp19991214 Original Cancelled Gorry Share Certificate No. 1 to Crispin Ruffell Smith | O | | |
| | | corp19991214 Transfer of Subscription Rights | O | | |
| | | corp20000224 Director's Resolutions re Power of Attorney to Ernie Dover | O | | |
| | | corp20000224 Director's Resolutions re Power of Attorney to Serco Management | O | | |
| | | corp20000224 Gorry Power of Attorney to Ernie Dover | C | | |
| | | corp20000224 Gorry Power of Attorney to Serco Management | O | | |
| | | corp20000531 Director's Resolutions on Administration move to BVI | C | | |
| | | corp20040527 Gorry Certificate of Good Standing | O | | |
| | | corp20040820 Gorry Certificate of Renewal | O | | |
| | | corp20061012 Chelsea Certificate of Renewal 2006 | O | | |
| | | trst20000204 Gorry Trustee Resolution for The Benevolent re Share Holdings | O | | |
| | | corp20070828 Gorry Certificate of Renewal 2007-2008 | O | | |
| | | corp20080910 Gorry Certificate of Renewal 2008-2009 | O | | |
| | | corp20090915 Gorry Trust Company (PVT) Ltd Nevis Certificate of Renewal 2009-2010 | O | | |
| | | | | | |
| AMANAGE100 | PROVIDENCE TRUST COMPANY (PVT) LTD | agre20000401 Consultant Agreement with Financial Counselors | O | | |
| | | agre20000530 Unsecured Demand Promissory Note from Providence to Kojak | O | | |
| | | agre20011231 Novation Agreement with Wedge Consulting | O | | |
| | | corp19991214 Designation and Acceptance of Registered Agent | O | | |
| | | corp19991214 Director's Resolutions on Incorporation | O | | |
| | | corp19991214 Original Cancelled Providence Share Certificate No. 1 issued to Crispin Ruffell Smith | O | | |
| | | corp19991214 Providence Articles of Incorporation | O | | |
| | | corp19991214 Providence By-Laws | O | | |
| | | corp19991214 Providence Certificate of Incorporation | O | | |
| | | corp19991214 Providence Certificate of Notary Public | O | | |
| | | corp19991214 Providence Director's Written Resolutions re Shares to POP | O | | |
| | | corp19991214 Providence Endorsement Certificate | O | | |
| | | corp19991214 Providence Minutes of First Meeting of the Incorporator and Subscriber | O | | |
| | | corp19991214 Providence Transfer of Subscription Rights | O | | |
| | | corp20000224 Director's Resolution re Power of Attorney to Ernie Dover | O | | |
| | | corp20000224 Director's Resolution re Power of Attorney to Serco Management | O | | |
| | | corp20000224 Providence Power of Attorney to Ernie Dover | C | | |
| | | corp20000224 Providence Power of Attorney to Serco Management | O | | |
| | | corp20000530 Director's Written Resolutions re Banking | O | | |
| | | corp20000531 Director's Written Resolutions re Change of Director | C | | |
| | | corp20040527 Certificate of Good Standing | O | | |
| | | corp20040820 Certificate of Renewal 2004 | O | | |
| | | corp20061012 Providence Certificate of Renewal 2006 | O | | |
| | | trst20010621 Massengill Grandchildren's Trustee Memorandum No.2 | O | | |
| | | trst20010626 Louise C Massengill Trustee Memorandum No. 3 | O | | |
| | | trst20010626 Massengill Children's Trustee Memorandum No. 1 | O | | |

Exhibit B-9

| | | | | | |
|---|---|---|---|---|---|
| | | corp20070828 Providence Certificate of Renewal 2007-2008 | O | | |
| | | corp20080910 Providence Certificate of Renewal 2008-2009 | O | | |
| | | corp20090915 Providence Trust Company (PVT) Ltd Nevis Certificate of Renewal 2009-2010 | O | | |
| | | | | | |
| AMANAGE110 | WILLOW TRUST COMPANY (PVT) LTD | agre20000113 Promissory Note issued to Kojak Holdings Ltd | O | | |
| | | agre20000401 Consultant Agreement with Financial Counselors Ltd | O | | |
| | | agre20011231 Novation Agreement with Wedge Consulting | O | | |
| | | corp19991214 Minutes of First Meeting of Incorporator and Subscriber | O | | |
| | | corp19991214 Willow Articles of Incorporation | O | | |
| | | corp19991214 Willow Bylaws | O | | |
| | | corp19991214 Willow Certificate of Incorporation | O | | |
| | | corp19991214 Willow Certificate of Notary Public | O | | |
| | | corp19991214 Willow Designation and Acceptance of Registered Agent | O | | |
| | | corp19991214 Willow Endorsement Certificate | O | | |
| | | corp19991214 Willow Transfer of Subscription Rights | O | | |
| | | corp20000110 Director's Resolution re Power of Attorney to Ernie Dover | O | | |
| | | corp20000110 Director's Resolution re Power of Attorney to Serco Management | O | | |
| | | corp20000110 Power of Attorney granted to Ernie Dover | C | | |
| | | corp20000110 Power of Attorney granted to Serco Management | O | | |
| | | corp20000113 Director's Resolutions re VP Bank Account | O | | |
| | | corp20000228 Copy Willow Share Certificate No. 1 issued to Crispin Ruffell Smith | O | | |
| | | corp20000228 Director's Resolution on Incorporation | O | | |
| | | corp20000228 Director's Resolution re Transfer of Shares to POP | O | | |
| | | corp20000531 Director's Resolutions re Change of Director | O | | |
| | | corp20040527 Willow Certificate of Good Standing | O | | |
| | | corp20040820 Willow Certificate of Renewal | O | | |
| | | corp20061010 Willow Certificate of Renewal 2006 | O | | |
| | | trst20000204 Trustee Resolution re The Lineage Share Holdings | O | | |
| | | trst20010412 Deed of Retirement and Appointmnt of New Trustee re AEBGCT (partial execution) | O | | |
| | | corp20070828 Willow Certificate of Renewal 2007-2008 | O | | |
| | | corp20080910 Willow Certificate of Renewal 2008-2009 | O | | |
| | | corp20090915 Willow Trust Company (PVT) Ltd Nevis Certificate of Renewal 2009-2010 | O | | |
| | | | | | |
| AMANAGE120 | PILOT MANAGEMENT LIMITED | | | | |
| | | | | | |
| AMANAGE140 | TANGARRA CONSULTANTS LTD | | | | |
| | | | | | |
| AMANAGE150 | ACCOUNTABILITY LLC | corp20081130 Accountability LLC Operating Agreement | O | | |
| | | corp20081130 Accountability LLC Certificate of Formation | O | | |
| | | corp20081130 Accountability LLC Designation and Acceptance of Registered Agent | O | | |
| | | corp20081130 Accountability LLC Endorsement Certificate | O | | |

Exhibit B-9

| | | | | | |
|---|---|---|---|---|---|
| | | corp20081130 Accountability LLC Private Placement Memorandum | O | | |
| | | corp20081130 Accountability LLC Minutes of First Meeting of Incorporator and Subscriber | O | | |
| | | corp20081130 Accountability LLC Articles of Organization | O | | |
| | | corp20081130 Accountability LLC Transfer of Subscription Rights | O | | |
| | | bank20081119 BCB Corporate Account Application for Accountability LLC | C | | |
| | | corp20081115 Accountability LLC Member's Resolutions re Ratification of Agreements | O | | |
| | | corp20081104 Accountability LLC Member's Written Resolutions re Various Matters on Incorporation | O | | |
| | | | | | |
| AMASCTX010 | THE MASSENGILL CHILDREN'S TRUST | agre20010215 Financial Advisor's Contract with Financial Counselors and Carlos Kepke | O | | |
| | | agre20011231 Novation Agreement with Wedge Consulting | O | | |
| | | corp20000322 Original Edge LLC Membership Bearer Certificate No. 1 held by Massengill Children's Trust | O | | |
| | | corr19960925 Letter from Hobbs, Hobbs & Peeples to Grosvenor | O | | |
| | | corr19970710 Letter of Opinion from Carlos Kepke to Grosvenor | O | | |
| | | trst19900706 Last Will and Testament of Frank Massengill including First Codicil | C | | |
| | | trst19960925 Lincoln County Court Clerk's Certificate | O | | |
| | | trst19970603 Letter from DJ, Protector to Grosvenor Removing Trustee | O | | |
| | | trst19971210 Deed of Removal, Appointment & Indemnity | O | | |
| | | trst19971224 Affidavit of DJ re Trust Wording Change | C | | |
| | | trst19980428 Order of the Royal Court of Guernsey re Change of Protector | C | | |
| | | trst19990318 Deed of Retirement & Appointment | O | | |
| | | trst20000204 Trustee Resolution re Edge LLC Shares | O | | |
| | | trst20000308 Massengill Children's Deed of Appointment & Removal of Trustees | O | | |
| | | trst20010626 Massengill Children's Trustee Memorandum No. 1 | O | | |
| | | trst20070618 The Massengill Children's Trust Trustee's Resolutions re Various Edge Transactions | O | | |
| | | | | | |
| AMASCTX020 | WILBURY MANAGEMENT LLC | agre20000401 Consultant Agreement with Financial Counselors | O | | |
| | | agre20011231 Novation Agreement with Wedge Consulting | O | | |
| | | corp19990430 Original Edge Investment Fund Ltd Share Certificate No. 1 | O | | |
| | | corp19990430 Original Edge Investment Fund Ltd Share Certificate No. NPS-001 | O | | |
| | | corp19990511 Certificate of Notary Public | O | | |
| | | corp19990511 Designation and Acceptance of Registered Agent | O | | |
| | | corp19990511 Edge Articles of Organization | O | | |
| | | corp19990511 Edge Certificate of Formation | O | | |
| | | corp19990511 Edge Operating Agreement | O | | |
| | | corp19990511 Endorsement Certificate | O | | |
| | | corp19990511 Resignation of Organization Rights | O | | |
| | | corp20000322 Manager's Resolutions on Incorporation 2 | O | | |
| | | corp20000322 Manager's Resolutions on Incorporation | O | | |
| | | corp20020517 Certificate of Renewal 2002 | O | | |
| | | corp20020627 Certificate of Renewal 2001 | O | | |
| | | corp20030924 Certificate of Renewal 2003 | O | | |

# Exhibit B-9

| | | | | | |
|---|---|---|---|---|---|
| | | corp20040317 Certificate of Renewal 2004 | O | | |
| | | corp20050509 Edge Certificate of Renewal 2005 | O | | |
| | | corp20061012 Edge Certificate of Renewal 2006 | O | | |
| | | corp20070630 Wilbury Management LLC Member's Written Resolutions re New Operating Agreement and Various Matters (2 copies) | O | | |
| | | corp20070630 Fully Notarised Articles of Amendment re Change of Name of Edge Holdings LLC to Wilbury Management LLC | O | | |
| | | corp20070709 Nevis Registrar of Companies Endorsement Certificate re Change of Name from Edge to Wilbury Management LLC | O | | |
| | | corp20070630 Wilbury Management LLC Amended Operating Agreement (2 copies) | O | | |
| | | corp20070630 Wilbury Management LLC Member's Written Resolutions re New Operating Agreement and Various Matters | O | | |
| | | corp20070630 Wilbury Management LLC Membership Certificate No. 3 Issued to Providence for the Massengill Children's Trust | O | | |
| | | corp20070630 Wilbury Management LLC Register of Managers and Officers | O | | |
| | | corp20070630 Wilbury Management LLC Register of Members | O | | |
| | | misc20080226 W-8BEN IRS Form Submitted by Wilbury re Augustus Investments | O | | |
| | | corp20090407 Wilbury Management LLC Nevis Certificate of Renewal 2009-2010 | O | | |
| | | | | | |
| AMASCTX030 | EDGE INVESTMENT FUND LTD | agre19990430 Fund Administration Agreement between Edge and ATU Fund Administrators | O | | |
| | | agre20000401 Consultant Agreement with Financial Counselors | O | | |
| | | agre20011231 Novation Agreement with Wedge Consulting | O | | |
| | | agre20040801 Edge Notice to VEFII of the Sale of its Interest to Point Investments | O | | |
| | | agre20040801 Point Notice to VEFII of the Sale of its Interest to Point Investments | C | | |
| | | agre20040815 Consent of Managing Partner to VEFII for Sale from Edge to Point | O | | |
| | | agre20040815 Jaimie MacPherson Valuation of VEFII NAV for Sale from Edge to Point (2 originals in envelope) | O | | |
| | | agre20040824 Sale and Purchase Agreement between Edge and Point Investments | O | | |
| | | corp19990430 Director's Resolutions on Incorporation | O | | |
| | | corp19990430 Edge Articles of Association as Amended and Filed 23 January 2001 | O | | |
| | | corp19990430 Edge Articles of Association as Amended and Filed 9 May 2000 | O | | |
| | | corp19990430 Edge Articles of Association Original | O | | |
| | | corp19990430 Edge Certificate of Incorporation | O | | |
| | | corp19990430 Edge Director's Resolution re Bank Account with VP Bank | O | | |
| | | corp19990430 Edge Memorandum of Association as Amended and Filed 23 January 2001 | O | | |
| | | corp19990430 Edge Memorandum of Association as Amended and Filed 9 May 2000 | O | | |
| | | corp19990430 Edge Memorandum of Association Original | O | | |
| | | corp19990430 Edge Subscriber's Resolution Appointing Serco as Director | O | | |
| | | corp19990528 Edge Certificate of Recognition as a Mutual Fund | C | | |
| | | corp19990730 Edge LLC Indemnity to Director of Edge - Serco | O | | |
| | | corp20000531 Resolutions of Director re Change of Director to Screen | O | | |
| | | corp20000601 Director's Resolutions Edge Power of Attorney to Serco Management | O | | |
| | | corp20000601 Edge Power of Attorney to Serco Management | O | | |
| | | corp20020509 Edge Director's Resolution re Correction to Shareholdings | C | | |
| | | corp20050406 Edge Certificate of Incumbency | O | | |
| | | corp20050406 Edge Director's Written Resolutions re STIR Investment | O | | |
| | | corp20050422 Edge Director's Written Resolutions re Special NAV at Providian's Request | O | | |

# Exhibit B-9

| | | | | | |
|---|---|---|---|---|---|
| | | corp20050425 Edge Director's Written Resolutions re Investment in Pace Mutual Fund | C | | |
| | | corr19990526 Letter from Hewlett Beck & Arad to ATU General Trust re Opinion re Mutual Fund | O | | |
| | | rept20020123 PWC Auditors' Report for Edge for Year Ending 31 December 2000 | O | | |
| | | rept20020123 PWC Auditors' Report for Edge for Year Ending 31 December 2000 | C | | |
| | | rept20030212 KPMG Auditors' Report for Edge for Year Ending 31 December 2001 | C | | |
| | | rept20040201 KPMG Auditors' Report for Edge for Year Ending 31 December 2002 | O | | |
| | | rept20061219 BDO Auditor's Report for Edge for Year Ending 31 December 2005 (2 copies) | O | | |
| | | corp20070601 Edge Investment Fund Ltd Director's Written Resolutions re June 2007 Transactions and Class B Closure | O | | |
| | | misc20080226 W-8BEN IRS Form Submitted by Edge re Augustus Investments | O | | |
| | | agre20081230 Deed of Assignment Between Edge and Edge Capital - Signed | O | | |
| | | corp20080918 Bundle of Waivers of Audit of Edge Investment Fund Ltd Signed by All Edge Investors | | | |
| | | corr20081229 Bundle of Acknowledgements and Acceptances of Share Exchange between Edge Fund and Edge Capital - Signed by all Investors | | | |
| | | corp20081221 Edge Investment Fund Shareholders Resolutions re Edge Capital Incorporation | O | | |
| | | | | | |
| | | | | | |
| AMASCTX040 | AUGUSTUS INVESTMENTS LLC | corp20070625 Augustus Investments LLC Certificate of Formation | O | | |
| | | corp20070625 Augustus Investments LLC Waiver of Notice of First Meeting of Members | O | | |
| | | corp20070625 Augustus Investments LLC Articles of Organization | O | | |
| | | corp20070625 Augustus Investments LLC Operating Agreement | O | | |
| | | corp20070625 Augustus Investments LLC Minutes of First Meeting of Members | O | | |
| | | misc20070723 IRS Notice of Assignment of Employer Identification Number for Augustus | O | | |
| | | rept20080930 Audited Augustus Investments LLC Financials Statements Prepared by Dan Jenkins for Year Ended 31 December 2007 - Signed (6 copies) | O | | |
| | | rept20090828 Audited Augustus Investments LLC Financials Statements Prepared by Dan Jenkins for Year Ended 31 December 2008 - Signed (3 copies) | O | | |
| | | rept20100325 Audited Augustus Investments LLC Financials Statements Prepared by Dan Jenkins for Year Ended 31 December 2009 - Signed (3 copies) | O | | |
| | | misc20090909 IRS Form 1065 US Return of Partnership Income for Augustus Investments LLC for Tax Year 2008 | C | | |
| | | rept20110331 Audited Augustus Investments LLC Financials Statements Prepared by Dan Jenkins for Year Ended 31 December 2010 - Signed (2 copies) | O | | |
| | | | | | |
| AMASCTX050 | EDGE CAPITAL INVESTMENTS LTD | agre20081230 Investment Management Agreement Between Tangarra Consultants and Edge Capital Investments - Signed by Both Parties | O | | |
| | | corp20081230 Edge Capital Investments Ltd ByLaws | O | | |
| | | corp20081230 Edge Capital Investments Ltd Certificate of Incorporation | O | | |
| | | corp20081230 Edge Capital Investments Ltd Designation and Acceptance of Registered Agent | O | | |
| | | corp20081230 Edge Capital Investments Ltd Endorsement Certificate | O | | |
| | | corp20081230 Edge Capital Investments Ltd Private Placement Memorandum | O | | |
| | | corp20081230 Edge Capital Investments Ltd Minutes of First Meeting of Incorporator and Subscriber | O | | |
| | | corp20081230 Edge Capital Investments Ltd Articles of Incorporation | O | | |
| | | corp20081230 Edge Capital Investments Ltd Transfer of Subscription Rights | O | | |
| | | misc20090121 Founding Partners Global Fund Inc Subscription Agreement Completed and Signed by Edge Capital | C | | |
| | | corp20081230 Minutes of First Meeting of the Shareholder of Edge Capital Investments Ltd - Signed | O | | |
| | | corp20090915 Edge Capital Investments Ltd Nevis Certificate of Renewal 2009-2010 | O | | |
| AMASCTX040 | PACER INVESTMENTS LLC | | | | |

Exhibit B-9

| | | | | | |
|---|---|---|---|---|---|
| AMASGCT010 | THE MASSENGILL GRANDCHILDREN'S TRUST | agre20010215 Financial Advisor's Contract with Kepke and Financial Counselors | O | | |
| | | agre20011231 Novation Agreement with Wedge | O | | |
| | | corp20000322 Original Membership [Share] Bearer Certificate for Point LLC | O | | |
| | | corr19970710 Letter from Carlos Kepke to Grosvenor re Tax Change | C | | |
| | | trst19900706 Last Will and Testament of Frank Massengill including First Codicil | C | | |
| | | trst19970603 Letter from DJ, Protector Changing Trustees | O | | |
| | | trst19971210 Deed of Removal, Appointment and Indemnity | O | | |
| | | trst19980428 Order of the Royal Court of Guernsey re Protector | C | | |
| | | trst19990318 Deed of Retirement and Appointment of New Trustee | O | | |
| | | trst20000204 Trustee Resolution re Ownership of Point | O | | |
| | | trst20000308 Massengill Grandchildren's Deed of Retirement and Removal of Trustees | O | | |
| | | trst20010621 Massengill Grandchildren's Trustee Memorandum No.2 | O | | |
| | | trst20070618 The Massengill Grandchildren's Trust Trustee's Resolutions re Various Edge Transactions | O | | |
| | | | | | |
| AMASGCT020 | POINT INVESTMENTS LLC | agre20000401 Consultant Agreement with Financial Counselors | O | | |
| | | agre20011231 Novation Agreement | O | | |
| | | corp19990305 Articles of Organization | O | | |
| | | corp19990305 Certificate of Formation | O | | |
| | | corp19990305 Certificate of Notary Public | O | | |
| | | corp19990305 Endorsement Certificate | O | | |
| | | corp19990305 Morning Star Designation and Acceptance as Registered Agent | O | | |
| | | corp19990305 Operating Agreement | O | | |
| | | corp19990305 Resignation of Organization Rights | O | | |
| | | corp19990817 Original Point Investments Ltd Shares Certificate No. 1 issued to Point LLC | O | | |
| | | corp20000322 Manager's Resolution re Re Appointment of Manager | O | | |
| | | corp20000322 Manager's Resolutions re Share and Seal | O | | |
| | | corp20010627 Certificate of Renewal | O | | |
| | | corp20020506 Certificate of Renewal | O | | |
| | | corp20030924 Certificate of Renewal | O | | |
| | | corp20040317 Certificate of Renewal | O | | |
| | | corp20050509 Point Certificate of Renewal 2005 | O | | |
| | | corp20090407 Point Investments LLC Nevis Certificate of Renewal 2009-2010 | O | | |
| | | | | | |
| AMASGCT030 | POINT INVESTMENTS LTD | corp20070717 Point Investments Ltd Certified Resolutions re Investment in VEPFIII LP - Signed Copy - Sealed | O | | |
| | | corp20070717 Point Directors' Written Resolutions re Subscription Documents for VEPFIII Investment | O | | |
| | | misc20070716 Point Investments Ltd IRS W-8BEN Form for VEPFIII Subscription | O | | |
| | | invs20070608 Point Investments Ltd Subscription Form Completed by SSH Ltd for Investment in Point | O | | |
| | | rept20070331 Unaudited VEFII Quarterly Report and Financial Statements | C | | |
| | | agre20080414 Loan Agreement Between Vista Equity Partners LLC and Point Investments Ltd | O | | |
| | | agre20080414 Pledge and Security Agreement Between Vista Equity Partners LLC and Point Investments Ltd | O | | |

Exhibit B-9

| | | | | | |
|---|---|---|---|---|---|
| | | agre20080414 Secured Promissory Note Executed by Vista Equity Partners LLC in Favor of Point Investments Ltd | O | | |
| | | agre20070630 Third Amendment to the VEFII LP Agreement re Various Matters - Signed by All Parties | O | | |
| | | agre20070801 Fourth Amendment to the VEFII LP Agreement re Sirsi Guaranty - Signed by by Both Parties | O | | |
| | | agre20080711 Assignment and Assumption Agreement Between Point, VEP III, VEPFIII and Ors - Fully Executed | O | | |
| | | agre20080311 Corporate Services Indemnity Agreement Between Point Investments LLC and Codan Trust Company BVI Ltd | O | | |
| | | rept20060519 Audited Financial Statements for Point Investments for Year Ending 31 December 2005 | O | | |
| | | agre20081201 Joinder to the VEFII LP Agreement re James Hickey (2 copies) | O | | |
| | | agre20081201 Joinder to the VEFII LP Agreement re Betty Hung (2 copies) | O | | |
| | | agre20090324 Notice of Designation of Ianctive General Partner for Banneker Davis LLC Signed by Point Investments Ltd | O | | |
| | | misc20090910 Point Investments Ltd IRS W-8BEN Form for Vista Foundation Fund I Subscription | O | | |
| | | invs20090910 Vista Foundation Fund I (Parallel) L P Subscription Document Completed by Point Investments Ltd - Signed | O | | |
| | | agre20090911 Vista Foundation Fund I LP Guarantee Agreement - Signed by all Parties | C | | |
| | | agre20090911 Vista Foundation Fund I LP Amended and Restated Limited Partnership Agreement - Signed by all Parties | C | | |
| | | agre20090911 Vista Foundation Fund I LP Advisory Agreement with Vista Equity Partners III LLC - Signed by all Parties | C | | |
| | | agre20091117 Letter of Engagement between Point Investments Ltd and PWC, Bermuda re Audit - Signed by Point | C | | |
| | | corp20091106 Completed Application by Point Investments Ltd to Conyers Dill & Pearman  re Continuation of Company from the BVI to Bermuda | O | | |
| | | corp20091103 Point Investments Ltd Directors' Written Resolutions re Transfer of Capital to Surplus and Distribution | O | | |
| | | corp20091103 Point Investments Ltd Directors' Written Resolutions re Share Capital Reduction - Signed by Both Directors | O | | |
| | | corp20091118 Point Investments Ltd Resolutions re Conituation Into Bermuda, Appointment of Directors and Other Matters | O | | |
| | | corp20091120 Written Consent of SSH Ltd to Continuation of Point Investments into Bermuda | O | | |
| | | corp20091120 Point Investments Ltd Form 13 Notice of Registered Office - Signed | O | | |
| | | corp20091120 Point Investments Ltd Memorandum of Continuance into Bermuda - Signed | O | | |
| | | corp20091120 Point Investments Ltd Declaration Pursuant to Companies Act Bermuda re Pricipal Business and Share Capital - Signed | O | | |
| | | corp20100105 Point Investments Ltd Bermuda Minutes of Meeting of the Board of Directors for 2010 - Signed | O | | |
| | | corp20100105 Point Investments Ltd Bermuda Annual General Meeting for 2010 - Signed | O | | |
| | | corp20100105 Point Investments Ltd Bermuda Minutes of Meeting of the New Board of Directors for 2010 - Signed | O | | |
| | | invs20091208 SSH Ltd Application for Shares in Point Investments Ltd Signed by Heather Corbett | C | | |
| | | agre20100101 Investment Advisory Agreement Between Tangarra Consultants Ltd and Point Investments Ltd - Signed | O | | |
| | | | | | |
| AMASLCM010 | LOUISE C. MASSENGILL FAMILY TRUST | agre20010215 Financial Advisor's Agreement with Financial Counselors and Carlos Kepke | O | | |
| | | agre20011231 Novation Agreement with Wedge Consulting | O | | |
| | | corp20011024 Original Bearer Membership Certificate No. 1 Fairway Enterprises LLC for 1 Unit | O | | |
| | | corp20030313 Cancelled Original Membership Certificate No. 1 Pitch Holdings LLC for 1 Unit | O | | |
| | | corp20031120 Original Membership Certificate No. 2 Pitch Holdings LLC for 49 Units | O | | |
| | | trst20000522 Trust Agreement between Louise C Massengill and Providence Trust Co | O | | |
| | | trst20010626 Louise C Massengill Trustee Memorandum No. 3 | O | | |
| | | | | | |
| AMASLCM020 | FAIRWAY ENTERPRISES LLC | agre20011130 Charge over Shares to Plattoon Investments LLC | C | | |
| | | agre20011130 Charge over Shares to Reka Corporation LLC | C | | |
| | | agre20011130 Charge over Shares to Vivant Holdings LLC | C | | |
| | | agre20011130 Share sale Agreement between Fairway and Plattoon Investments LLC | O | | |
| | | agre20011130 Share sale Agreement between Fairway and Reka Corporation LLC | C | | |

Exhibit B-9

| | | | | | |
|---|---|---|---|---|---|
| | | agre20011130 Share sale Agreement between Fairway and Vivant Holdings LLC | C | | |
| | | agre20020102 Consultant Agreement with Wedge Consulting | O | | |
| | | corp20011024 Articles of Organization | O | | |
| | | corp20011024 Certificate of Formation | O | | |
| | | corp20011024 Endorsement Certificate | O | | |
| | | corp20011024 Minutes of the Organizational Meeting of the Organizer | O | | |
| | | corp20011024 Morning Star Acceptance as Registered Agent | O | | |
| | | corp20011024 Resignation of Organization Rights | O | | |
| | | corp20011024 Sample Operating Agreement | O | | |
| | | corp20011024 Sole Manager's Resolutions re Incorporation | O | | |
| | | corp20030228 Original Share Certificate No. 5 for Reka Corporation Ltd | O | | |
| | | corp20030228 Original Share Certificate No. 6 for Plattoon Investments Ltd | O | | |
| | | corp20030228 Original Share Certificate No. 6 for Vivant Holdings Ltd | O | | |
| | | corp20040817 Certificate of Renewal | O | | |
| | | corp20050607 Certificate of Renewal | O | | |
| | | corp20061012 Fairway Certificate of Renewal 2006 | O | | |
| | | corp20070618 Fairway Enterprises LLC Manager's Resolutions re  Advertising Services Dividend and Loan Repayment (4 copies) | O | | |
| | | corp20070630 Fairway Enterprises LLC Register of Managers and Officers | O | | |
| | | corp20070630 Fairway Enterprises LLC Register of Members | O | | |
| | | corp20070630 Fairway Enterprises LLC Membership Certificate No. 2 Issued to Providence for the LCM Family Trust | O | | |
| | | corp20070630 Fairway Enterprises LLC Member's Written Resolutions re New Operating Agreement and Various Matters | O | | |
| | | corp20070630 Fairway Enterprises LLC Amended Operating Agreement (2 copies) | O | | |
| | | corp20070828 Fairway Certificate of Renewal 2007-2008 | O | | |
| | | corp20080725 Fairway Certificate of Renewal 2008-2009 | O | | |
| | | corp20090915 Fairway Enterprises LLC Nevis Certificate of Renewal 2009-2010 | O | | |
| | | | | | |
| AMASLCM030 | PITCH HOLDINGS LLC | agre20030101 Short agreement between Cabot Global Fund to Pitch re Annual Payment | O | | |
| | | agre20030313 Consultant Agreement with Wedge Consulting | O | | |
| | | corp20030313 Articles of Organization | O | | |
| | | corp20030313 Certificate of Formation | O | | |
| | | corp20030313 Endorsement Certificate | O | | |
| | | corp20030313 Resignation of Organization Rights | O | | |
| | | corp20030313 Resolutions of the Manager on Incorporation | O | | |
| | | corp20030313 Sample Operating Agreement | O | | |
| | | corp20031120 Chamberlain Trust Co Director's Resolution Accepting 49% Pitch's Shares | O | | |
| | | corp20031120 Director's Resolutions re Gifting Shares to Seneca and Gillooly | O | | |
| | | corp20031120 Providence Trust Co Director's Resoltuion Gifting Pitch to Seneca and Gillooly | O | | |
| | | corp20050204 Pitch Holdings Consulting Certificate of Renewal 2005 | O | | |
| | | corp20031120 Letter from Ben Gillooly accepting 2% Pitch Shares | O | | |
| | | corp20031120 Original Pitch Holdings Share Certificate issued to Ben Gillooly for 2% of Pitch Shares | O | | |
| | | corp20060224 Pitch Holdings Consulting Certificate of Renewal 2006 | C | | |

# Exhibit B-9

| | | | | | |
|---|---|---|---|---|---|
| | | corp20070630 Pitch Holdings LLC Amended Operating Agreement (2 copies) | O | | |
| | | corp20070630 Pitch Holdings LLC Members' Written Resolutions re New Operating Agreement and Various Matters | O | | |
| | | corp20070630 Pitch Holdings LLC Membership Certificate No. 5 Issued to Providence for the LCM Family Trust | O | | |
| | | corp20070630 Pitch Holdings LLC Membership Certificate No. 6 Issued to Chamberlain for the Seneca Trust | O | | |
| | | corp20070630 Pitch Holdings LLC Membership Certificate No. 7 Issued to Michael Francis Benjamin Gillooly | O | | |
| | | corp20070630 Pitch Holdings LLC Register of Managers and Officers | O | | |
| | | corp20070630 Pitch Holdings LLC Register of Members | O | | |
| | | corp20070814 Pitch Holdings LLC Endorsement Certificate on Amendment to Articles of Organization | O | | |
| | | corp20070718 Pitch Holdings LLC Articles of Amendment to Articles of Organization | O | | |
| | | corp20090407 Pitch Holdings LLC Nevis Certificate of Renewal 2009-2010 | O | | |
| | | | | | |
| AMASLCM040 | PLATTOON INVESTMENTS LTD | agre19900915 Consulting Agreement with Financial Counselors | C | | |
| | | agre19911101 License Agreement with UC Consulting Inc | C | | |
| | | agre19911120 Sublicense Agreement with Universal Computer Services (Canada) | C | | |
| | | agre19951019 Amendment to Sublicense Agreement between UCS Ltd and Plattoon | C | | |
| | | agre20011231 Novation Agreement with Wedge Consulting | O | | |
| | | corp19900412 Articles of Association | O | | |
| | | corp19900412 Memorandum of Association | O | | |
| | | corp19900412 Resolution of the Subscriber to the Memorandum of Association | C | | |
| | | corp19900820 Minutes of First Meeting of the Board of Directors | C | | |
| | | corp19911010 Minutes of Meeting of Directors | C | | |
| | | corp19911219 Original Share Certificate for 11996 shares in Universal Computer Software Ltd | O | | |
| | | corp19940404 Minutes of Meeting of Directors | C | | |
| | | corp19940923 Original Share Certificate for 2 Shares in Universal Computer Software Ltd | O | | |
| | | corp19950516 Cancelled Original Share Certificate for 500 Shares issued to Skye Nominees | O | | |
| | | corp19950516 Minutes of Meeting of Directors | C | | |
| | | corp19960201 Minutes of Meeting of Directors | O | | |
| | | corp19961021 Original Share Certificate for 2 shares in Universal Computer Software Ltd | O | | |
| | | corp19961204 Original Bearer Share Certificate for 500 Shares in UCS Software Licensing | O | | |
| | | corp19980325 Certificate of Good Standing | O | | |
| | | corp19980514 Certificate of Incorporation | O | | |
| | | corp19980701 Written Resolution of Shareholders re Officers | O | | |
| | | corp19980727 Written Resolution of Shareholders re Dividends | O | | |
| | | corp20010206 Written Resolution of Shareholders re Resignation of Lesley Wollman | C | | |
| | | corp20010216 Extract of Written Resolutions of the Directors re Registered Office | C | | |
| | | corp20010619 Written Resolution of Directors re Screen appointment | C | | |
| | | corp20010628 Written Resolution of Director re Share Certificate to Plattoon LLC | O | | |
| | | corp20010216 Application for Transfer of Shares from Plattoon LLC to Fairway | O | | |
| | | corp20030228 Written Resolution of Director re Share Transfer to Fairway | O | | |
| | | corp20050126 Certificate of Incumbency | O | | |
| | | corp20060531 Plattoon Investments Ltd Minutes of Meeting of Directors re Re-registration of the Company | C | | |

Exhibit B-9

| | | | | | |
|---|---|---|---|---|---|
| | | corp20060616 Memoramdum and Articles of Association Following Re-registration of Plattoon Investments Ltd | O | | |
| | | corp20060616 Certificate of Re-registration Under BVI Business Companies Act 2004 re Plattoon Investments Ltd | C | | |
| | | corr19950710 Letter of Resignation of Director, John Faiella | C | | |
| | | | | | |
| AMASLCM050 | UNIVERSAL COMPUTER SOFTWARE LTD | | | | |
| | | | | | |
| AMASLCM060 | UNIVERSAL COMPUTER SOFTWARE NV | | | | |
| | | | | | |
| AMASLCM070 | UCS COMPUTER SOFTWARE (EUROPE) BV | | | | |
| | | | | | |
| AMASLCM090 | ADVERTISING SERVICES LTD (BVI) | agre20011231 Assignment of License Agreement with Data Based Advertising | O | | |
| | | agre20020102 Consultant Agreement with Wedge Consulting | O | | |
| | | corp20000901 Articles of Association | O | | |
| | | corp20000901 Certificate of Incorporation | O | | |
| | | corp20000901 Memorandum of Association | O | | |
| | | corp20000901 Power of Attorney Granted to Serco | C | | |
| | | corp20000901 Subscriber's Resolution appointing First Director | O | | |
| | | corp20000901 Written Resolutions of the Director re Bank Account | O | | |
| | | corp20000901 Written Resolutions of the Director re Serco Power of Attorney | O | | |
| | | corp20000901 Written Resolutions of the Director regarding Incorporation | O | | |
| | | corp20030101 Director's Written Resolution re Revocation of Serco Power of Attorney | O | | |
| | | corp20040114 Director's Written Resolution re Dividend to Reka | O | | |
| | | corp20060531 Advertising Services Minutes of Meeting of Directors re Re-registration of the Company | C | | |
| | | corp20060616 Memorandum and Articles of Association Following Re-registration of Advertising Services Ltd | O | | |
| | | corp20060616 Certificate of Re-registration Under BVI Business Companies Act 2004 re Advertising Services Ltd | C | | |
| | | corp20061130 Advertising Services Director's Resolutions re Termination of Licensing Agreements | O | | |
| | | agre20061130 Software Sale and Purchase Agreement between Advertising Services and DCS (Counterpart copies) | O | | |
| | | agre20061130 Termination Agreement Between Advertising Services and Direct Holdings (3 counterpart copies) | O | | |
| | | agre20061130 Termination Agreement Between Direct Holdings and Dealer Computer Services (2 copies) | O | | |
| | | corp20070618 Advertising Services Director's Written Resolutions re Various Edge Transactions (2 copies) | O | | |
| | | | | | |
| AMASLCM100 | VIVANT HOLDINGS LTD | agre19900915 Consultant Agreement with Financial Counselors | C | | |
| | | agre20011231 Novation Agreement with Wedge | O | | |
| | | corp19900412 Articles of Association | O | | |
| | | corp19900412 Copy Original Certificate of Incorporation | O | | |
| | | corp19900412 Memorandum of Association | O | | |
| | | corp19900412 Resolution of the Subscriber re First Directors | C | | |
| | | corp19900820 Certificate of Incumbency | C | | |
| | | corp19900820 Minutes of First Meeting of Directors on Incorporation | C | | |
| | | corp19911010 Director's Resolutions re Share Transfer and Change of Director | C | | |
| | | corp19940404 Director's Resolutions re Share Transfer | C | | |

# Exhibit B-9

| | | | | | |
|---|---|---|---|---|---|
| | | corp19950217 Original Cancelled Financial Counselors Share Certificate No. 5 issued to Skye Nominees | O | | |
| | | corp19950516 Director's Resolutions re Share Transfer | O | | |
| | | corp19960201 Director's Appointment of Alternate Director 2 | O | | |
| | | corp19960201 Director's Appointment of Alternate Director | C | | |
| | | corp19960201 Director's Resolutions re Change of Directors | O | | |
| | | corp19960704 Director's Resolutions re Addition of Director | O | | |
| | | corp19970306 Certificate of Good Standing | O | | |
| | | corp19980325 Certificate of Good Standing | O | | |
| | | corp19980701 Shareholder's Resolutions re Change of Directors 2 | C | | |
| | | corp19980701 Shareholder's Resolutions re Change of Directors | C | | |
| | | corp19981022 Director's Resolutions re Change of Directors | O | | |
| | | corp19981126 Original Universal Computer Systems Share Certificate No. 16 to Vivant | O | | |
| | | corp20010206 Shareholder's Resolution re Change of Director | C | | |
| | | corp20010207 Directors' Resolutions re Change of Registered Office and Registered Agent | C | | |
| | | corp20010328 Director's Resolutions re Change of Director | O | | |
| | | corp20010501 Letter of Resignation as Director from Karen Pettifer | C | | |
| | | corp20010501 Member's Resolution re Change of Director | O | | |
| | | corp20010628 Director's Resolutions re Share Transfer | O | | |
| | | corp20010628 Letter of Resignation from Peter Dickson as Director | O | | |
| | | corp20030319 Director's Resolutions re Change of Director | O | | |
| | | corp20050126 Certificate of Incumbency | O | | |
| | | corp20050126 Certification of Director's Written Resolutions re Butterfield Bank Signatories | O | | |
| | | corp20050126 Director's Written Resolutions re Butterfield Bank Signatories | O | | |
| | | | | | |
| AMASLCM110 | UNIVERSAL COMPUTER SYSTEMS LTD | | | | |
| | | | | | |
| AMASLCM120 | CABOT GLOBAL FUND LTD | corp20030331 Cabot Articles of Association | O | | |
| | | corp20030331 Cabot Memorandsum of Association | O | | |
| | | corp20031028 Cabot Certificate of Incorporation | O | | |
| | | corp20031028 Cabot Certificate of Good Standing | O | | |
| | | rept20070112 BDO Auditor's Report re Cabot Global Fund Year Ended 2005 (5 copies) | O | | |
| | | corp20070720 Cabot Director's Written Resolutions re Transfer of VP Bank Investments to Charles Schwab Account of Spartacus | C | | |
| | | rept20070919 Deloitte's Auditor's Report re Cabot Global Fund Year Ended 2006 | O | | |
| | | misc20080227 W-8BEN IRS Form Submitted by Cabot re Spartacus Investments | O | | |
| | | rept20041219 BDO Auditor's Report re Cabot Global Fund Year Ended 2003 (2 copies) | O | | |
| | | agre20081230 Deed of Assignment Between Cabot Global Fund and Cabot Global Investments - Signed | O | | |
| | | corp20081221 Cabot Global Fund Shareholders Resolutions re Cabot Global Incorporation | O | | |
| | | | | | |
| AMASLCM170 | VISTA EQUITY FUND III L.P. | See SSH Ltd re original June 27, 2006 transaction documents | | | |
| | | corp20090210 Performance Investments LLC Certificate of Removal from Companies Registry in the Cayman Islands | O | | |
| | | corp20090209 VEFIII Certificate of Dissolution of Limited Partnership Issued by the Registrar of Limited Partnerships | O | | |

Exhibit B-9

| | | | | | |
|---|---|---|---|---|---|
| | | agre20090201 Indemnification and Release Agreement Between Cabot, Performance and VEP re VEFIII - Fully Executed | O | | |
| | | corp20090121 Written Resolutions of the Partners of VEFIII Resolving to Dissolve VEFIII - Signed By Both Parties | O | | |
| | | corp20090121 General Partner's Report re the Dissolution of VEFIII - Signed with Attached Financial Statements | O | | |
| | | corp20090121 Cayman Islands Section 15(1) Notice of Dissolution of VEFIII - Signed | O | | |
| | | | | | |
| AMASLCM190 | SPARTACUS INVESTMENTS LLC | corp20070625 Spartacus Investments LLC Certificate of Formation | O | | |
| | | corp20070625 Spartacus Investments LLC Waiver of Notice of First Meeting of Members | O | | |
| | | corp20070625 Spartacus Investments LLC Articles of Organization | O | | |
| | | corp20070625 Spartacus Investments LLC Operating Agreement | O | | |
| | | corp20070625 Spartacus Investments LLC Minutes of First Meeting of Members | O | | |
| | | misc20070723 IRS Notice of Assignment of Employer Identification Number for Spartacus | O | | |
| | | rept20080930 Audited Spartacus Investments LLC Financials Statements Prepared by Dan Jenkins for Year Ended 31 December 2007 - Signed (6 copies) | O | | |
| | | rept20090828 Audited Augustus Investments LLC Financials Statements Prepared by Dan Jenkins for Year Ended 31 December 2008 - Signed (3 copies) | O | | |
| | | rept20100325 Audited Augustus Investments LLC Financials Statements Prepared by Dan Jenkins for Year Ended 31 December 2009 - Signed (3 copies) | O | | |
| | | misc20090909 IRS Form 1065 US Return of Partnership Income for Augustus Investments LLC for Tax Year 2008 | C | | |
| | | rept20110331 Audited Augustus Investments LLC Financials Statements Prepared by Dan Jenkins for Year Ended 31 December 2010 - Signed (2 copies) | O | | |
| | | | | | |
| AMASLCM200 | STRUMMER MANAGEMENT LLC | corp20070703 Strummer Management LLC Minutes of Organizational Meeting of the Organizer | O | | |
| | | corp20070703 Strummer Management LLC Resignation of Organization Rights | O | | |
| | | corp20070703 Strummer Management LLC Endorsement Certificate - Original | O | | |
| | | corp20070703 Strummer Management LLC Articles of Organization - Original | O | | |
| | | corp20070703 Strummer Management LLC  Letter from Morning Star Holdings Accepting Designation as Registered Agent | O | | |
| | | corp20070703 Strummer Management LLC Sample Operating Agreement - Not Signed | O | | |
| | | corp20070703 Strummer Management LLC Certificate of Formation - Original | O | | |
| | | corp20070706 Strummer Management LLC Signed Operating Agreement (2 copies) | O | | |
| | | corp20070706 Strummer Management LLC Membership Certificate No. 1 Issued to Providence for the LCM Trust | O | | |
| | | corp20070706 Strummer Management LLC Register of Members | O | | |
| | | corp20070706 Strummer Management LLC Register of Managers and Officers | O | | |
| | | corp20070706 Strummer Management LLC Member's Written Resolutions re New Operating Agreement and Various Matters | O | | |
| | | misc20080227 W-8BEN IRS Form Submitted by Strummer re Spartacus Investments | O | | |
| | | corp20080725 Strummer Management LLC Nevis Certificate of Renewal 2008-2009 | O | | |
| | | corr20100303 Morning Star Holdings Limited Invoice for Strummer Management LLC Renewal 2010-2011 | O | | |
| | | | | | |
| AMASLCM210 | CABOT CLOBAL INVESTMENTS LTD | corp20081230 Cabot Global Investments Investments Ltd ByLaws | O | | |
| | | corp20081230 Cabot Global Investments Investments Ltd Certificate of Incorporation | O | | |
| | | corp20081230 Cabot Global Investments Investments Ltd Designation and Acceptance of Registered Agent | O | | |
| | | corp20081230 Cabot Global Investments Investments Ltd Endorsement Certificate | O | | |
| | | corp20081230 Cabot Global Investments Investments Ltd Private Placement Memorandum | O | | |
| | | corp20081230 Cabot Global Investments Investments Ltd Minutes of First Meeting of Incorporator and Subscriber | O | | |
| | | corp20081230 Cabot Global Investments Investments Ltd Articles of Incorporation | O | | |
| | | corp20081230 Cabot Global Investments Investments Ltd Transfer of Subscription Rights | O | | |

Exhibit B-9

| | | | | | |
|---|---|---|---|---|---|
| | | corp20081230 Minutes of First Meeting of the Shareholder of Cabot Global Investments Ltd - Signed | O | | |
| | | corp20090915 Cabot Global Investments Ltd Nevis Certificate of Renewal 2009-2010 | O | | |
| | | | | | |
| ANALSEN010 | SENECA CHARITABLE TRUST | agre20020102 Financial Advisor's Contract with Kepke and Wedge | O | | |
| | | corp20001012 Lakewood Investments LLC Original Membership Certificate No. 1 | O | | |
| | | corp20031120 Pitch Holdings LLC Original Share Certificate No. 3 | O | | |
| | | trst19941213 Trust Indenture | O | | |
| | | trst20000218 Deed of Retirement and Removal of Trustees | O | | |
| | | | | | |
| ANALSEN020 | LAKEWOOD INVESTMENTS LLC | agre20020102 Consultant Agreement with Wedge Consulting | O | | |
| | | corp19941215 Original Lakewood Investment Holdings Bearer Certificate No. 1 | O | | |
| | | corp20001012 Articles of Organization | O | | |
| | | corp20001012 Certificate of Formation 2 | O | | |
| | | corp20001012 Certificate of Formation | O | | |
| | | corp20001012 Certificate of Good Standing | O | | |
| | | corp20001012 Certificate of Notary Public | O | | |
| | | corp20001012 Designation and Acceptance of Registered Agent | O | | |
| | | corp20001012 Endorsement Certificate | O | | |
| | | corp20001012 Minutes of the Organizational Meeting of the Organizer | O | | |
| | | corp20001012 Operating Agreement | O | | |
| | | corp20001214 Resignation of Organization Rights | O | | |
| | | corp20020214 Manager's Resolution re Amendment to Articles of Organization | O | | |
| | | corp20020214 Manager's Resolutions on Incorporation | O | | |
| | | corp20020318 Articles of Amendment to Articles of Organization | O | | |
| | | corp20020318 Endorsement Certificate of Articles of Amendment | O | | |
| | | corp20040817 Certificate of Renewal | O | | |
| | | corp20050707 Certificate of Renewal | O | | |
| | | corp20061012 Lakewood LLC Certificate of Renewal 2006 | O | | |
| | | corp20070828 Lakewood LLC Certificate of Renewal 2007-2008 | O | | |
| | | corp20090407 Lakewood Investments LLC Nevis Certificate of Renewal 2008-2009 | O | | |
| | | corp20090915 Lakewood Investments LLC Nevis Certificate of Renewal 2009-2010 | O | | |
| | | | | | |
| ANALSEN030 | LAKEWOOD INVESTMENTS LTD | agre19950701 Stock Repurchase Agreement with Knox Licensing Ltd | O | | |
| | | agre19950701 Stock Repurchase Agreement with Pevril Investments Ltd | O | | |
| | | agre20020102 Consultant Agreement with Wedge Consulting | O | | |
| | | corp19941212 Articles of Association | O | | |
| | | corp19941212 Memorandum of Association | O | | |
| | | corp19941212 Original Certificate of Incorporation | O | | |
| | | corp19941212 Resolution of the Subscriber Appointing Directors | O | | |
| | | corp19941215 Minutes of the First Meeting of the Directors | O | | |
| | | corp19950105 Copy Knox Licensing Ltd Bearer Share Certificate No. 3 | C | | |

# Exhibit B-9

| | | | | | |
|---|---|---|---|---|---|
| | | corp19950105 Copy Pevril Licensing Ltd Bearer Share Certificate No. 3 | C | | |
| | | corp19950105 Knox Licensing Shareholder's Meeting Minutes re issue of Shares to Lakewood | C | | |
| | | corp19950105 Pevril Licensing Shareholder's Meeting Minutes re issue of Shares to Lakewood | C | | |
| | | corp20010619 Lakewood Directors' Written Resolutions re Change of Director to Screen | C | | |
| | | corp20050426 Lakewood Director's Written Resolutions re Redemption from Anova | O | | |
| | | corp20050426 Lakewood Shareholder's Written Resolutions re Change of Directors | O | | |
| | | corp20060531 Lakewood Minutes of Meeting of Directors re Re-registration of the Company | C | | |
| | | corp20060616 Memorandum and Articles of Association Following Re-registration of Lakewood Investments | O | | |
| | | corp20060616 Certificate of Re-registration Under BVI Business Companies Act 2004 re Lakewood Investments Ltd | O | | |
| | | corp20070618 Lakewood Investments Ltd Director's Written Resolutions re Various Edge Transactions with Lakewood LLC | | | |
| | | | | | |
| ANALSEN040 | HARRISON CAPITAL INVESTMENTS LIMITED | corp20050921 Harrison Memorandum and Articles of Association | O | | |
| | | corp20050921 Harrison Certificate of Incorporation | O | | |
| | | corp20050921 Original Harrison Share Certificate No. 1 issued to Lakewood LLC | O | | |
| | | corp20070618 Harrison Capital Investments Ltd Director's Written Resolutions re Redemption and Transfer of Funds to Screen | O | | |
| | | corp20070618 Lakewood Investments LLC Manager's Written Resolutions re Various Edge Transactions with Lakewood Ltd | O | | |
| | | corp20070630 Lakewood Invesments LLC Membership Certificate No. 2 Issued to Chamberlain for the Seneca Trust | O | | |
| | | corp20070630 Lakewood Investments LLC Amended Operating Agreement (2 copies) | O | | |
| | | corp20070630 Lakewood Investments LLC Member's Written Resolutions re New Operating Agreement and Various Matters | O | | |
| | | corp20070630 Lakewood Investments LLC Register of Managers and Officers | O | | |
| | | corp20070630 Lakewood Investments LLC Register of Members | O | | |
| | | corp20100325 Certificate of Discontinuance Issued by the BVI Registrar of Corporate Affairs to Harrison Capital Investments Ltd | O | | |
| | | | | | |
| APBBCTO010 | PEARL BROCKMAN CHILDREN'S TRUST NO. 1 | trst20060824 Deed of Removal, Appointment & Indemnity re Pearl Brockman Children Trust I | O | | |
| | | trst19880524 Codicial to Will Creating Four Trusts - Original Certfied Copy | O | | |
| | | trst20060517 Copy Cashier's Check Payable to Grosvenor Trust Company No. 29703808 (5 copies) | C | | |
| | | trst20060517 Copy Cashier's Check Payable to Grosvenor Trust Company No. 29703809 (5 copies) | C | | |
| | | trst20060517 Copy Cashier's Check Payable to Grosvenor Trust Company No. 29703810 (5 copies) | C | | |
| | | trst20060517 Copy Cashier's Check Payable to Grosvenor Trust Company No. 29703811 (1 copy) | C | | |
| | | trst20060517 Original Whitney Bank Cashier's Check Purchaser's Receipt re No. 29703808 | O | | |
| | | trst20060517 Original Whitney Bank Cashier's Check Purchaser's Receipt re No. 29703809 | O | | |
| | | trst20060517 Original Whitney Bank Cashier's Check Purchaser's Receipt re No. 29703810 | O | | |
| | | trst20060517 Original Whitney Bank Cashier's Check Purchaser's Receipt re No. 29703811 | O | | |
| | | corr20060117 Letter from Whitney Bank re Account Balance | O | | |
| | | corr20060517 Letter from Whitney Bank re Account Number | O | | |
| | | misc20040618 Original City of Houston Certificate of Death for Pearl Brockman | O | | |
| | | trst20060222 Original Letters Testamentary Issued by the Probate Court, Harris County, Texas | O | | |
| | | misc20070706 IRS Form 3520 Annual Return for Foreign Trusts for Pearl Brockman Children's Trust I | C | | |
| | | | | | |
| APBBCTT010 | PEARL BROCKMAN CHILDREN'S TRUST NO. 2 | trst20060824 Deed of Removal, Appointment & Indemnity re Pearl Brockman Children Trust II | O | | |
| | | misc20070706 IRS Form 3520 Annual Return for Foreign Trusts for Pearl Brockman Children's Trust II | C | | |

# Exhibit B-9

| | | | | | |
|---|---|---|---|---|---|
| APBBGTO010 | PEARL BROCKMAN GRANDCHILDREN'S TRUST NO. 1 | trst20060824 Deed of Removal, Appointment & Indemnity re Pearl Brockman Grandchildren Trust I | | O | |
| | | misc20070706 IRS Form 3520 Annual Return for Foreign Trusts for Pearl Brockman Grandchildren's Trust I | | C | |
| | | | | | |
| APBBGTT010 | PEARL BROCKMAN GRANDCHILDREN'S TRUST NO. 2 | trst20060824 Deed of Removal, Appointment & Indemnity re Pearl Brockman Grandchildren Trust II | | O | |
| | | misc20070706 IRS Form 3520 Annual Return for Foreign Trusts for Pearl Brockman Grandchildren's Trust II | | C | |
| | | | | | |
| APOPABE010 | ABERDEEN CHARITABLE TRUST | agre20031001 Financial Advisor's Contract with Wedge Consulting and Carlos Kepke | | O | |
| | | corp20001012 Original Addington Trading LLC Bearer Membership Certificate | | O | |
| | | trst20031001 Trust Indenture (2 originals in the envelope) | | O | |
| | | corp19960719 Copy Addington Trading Certificate of Incorporation | | C | |
| | | corp20020605 Copy Fade Certificate of Renewal | | C | |
| | | corp20000616 Copy Trout Enterprises Ltd Certificate of Incorporation | | C | |
| | | agre20000616 Option Agreement between Fade and RTB re Trout Shares | | O | |
| | | agre20000616 Option Agreement between Fade and RTB re Trout Shares | | C | |
| | | agre20000616 Option Agreement between Fade and RTBII re Trout Shares | | O | |
| | | agre20000616 Option Agreement between Fade and RTBII re Trout Shares | | C | |
| | | agre20031001 Option Agreement between Fade and DKB re Trout Shares (2 originals) | | O | |
| | | agre20031001 Option Agreement between Fade and Andrea Brockman re Trout Shares (2 originals) | | O | |
| | | agre20031001 Option Agreement between Fade and Christopher Brockman re Trout Shares (2 originals) | | O | |
| | | agre20031001 Option Agreement between Fade and Robert Fennell re Trout Shares (2 originals) | | O | |
| | | trst20080815 Maritime Trustee's Resolutions re Dividends from Warwick of Cross Trees Proceeds and Donation to Aberdeen Charitable Trust | | O | |
| | | | | | |
| APOPABE020 | ADDINGTON TRADING LLC | agre20020102 Consultant Agreement with Wedge Consulting | | O | |
| | | corp19960719 Original Addington Trading Ltd Bearer Share Certificte No. 1 | | O | |
| | | corp20001012 Articles of Organization | | O | |
| | | corp20001012 Certificate of Notary Public | | O | |
| | | corp20001012 Endorsement Certificate of Articles of Organization | | O | |
| | | corp20001012 Manager's Resolutions on Incorporation | | O | |
| | | corp20001012 Minutes of the Organizational Meeting of the Organizer | | O | |
| | | corp20001012 Morning Star Holdings Designation and Acceptance of Registered Agent | | O | |
| | | corp20001012 Operating Agreement | | O | |
| | | corp20001012 Resignation of Organizer's Rights | | O | |
| | | corp20020214 Manager's Resolutions re Amendment to Articles of Organization | | C | |
| | | corp20020312 Articles of Amendment to Articles of Organization | | O | |
| | | corp20020318 Endorsement Certificate of Articles of Amendment | | O | |
| | | corp20021012 Certificate of Formation | | O | |
| | | corp20040817 Certificate of Renewal | | O | |
| | | corp20050607 Certificate of Renewal | | O | |
| | | corp20061012 Addington LLC Certificate of Renewal 2006 | | O | |
| | | corp20070618 Addington Trading Ltd Director's Written Resolutions re Various Edge Transactions | | O | |

Exhibit B-9

| | | | | | |
|---|---|---|---|---|---|
| | | corp20070630 Addington Trading LLC Member's Written Resolutions re New Operating Agreement and Various Matters | O | | |
| | | corp20070630 Addington Trading LLC Membership Certificate No. 3 Issued to Willow for the Aberdeen Trust | O | | |
| | | corp20070630 Addington Trading LLC Register of Managers and Officers | O | | |
| | | corp20070630 Addington Trading LLC Register of Members | O | | |
| | | corp20070630 Addington Trading LLC Amended Operating Agreement (2 copies) | O | | |
| | | corp20070828 Addington Trading LLC Certificate of Renewal 2007-2008 | O | | |
| | | corp20080815 Addington Trading LLC's Manager's Resolutions re Contribution from Aberdeen Trust and Cross Trees Proceeds | O | | |
| | | corp20090407 Addington Trading LLC Nevis Certificate of Renewal 2008-2009 | O | | |
| | | corp20090915 Addington Trading LLC Nevis Certificate of Renewal 2009-2010 | O | | |
| | | | | | |
| APOPABE030 | ADDINGTON TRADING LTD | agre19990401 Consultant Agreement with Financial Counselors | O | | |
| | | agre20011231 Novation Agreement with Wedge Consulting | O | | |
| | | corp19960719 Articles of Association | O | | |
| | | corp19960719 Copy Certificate of Incorporation | C | | |
| | | corp19960719 Memorandum of Association | O | | |
| | | corp19960719 Minutes of the First Meeting of Directors on Incorporation | O | | |
| | | corp19960719 Resolution of the Subscriber on Incorporation | O | | |
| | | corp19970306 Original Certificate of Good Standing | O | | |
| | | corp20000428 Letter from GH Resigning as Director of Addington Trading Ltd | O | | |
| | | corp20000428 Minutes of Director's Meeting re Change of Director | O | | |
| | | corp20030101 Director's Resolution re Revocation of Serco Power of Attorney | C | | |
| | | corp20030531 Director's Resolutions re Gift and Redemption of Edge Class B | O | | |
| | | corp20031231 Resolutions of the Board of Directors re Bank Signatories | O | | |
| | | corp20060531 Addington Minutes of Meeting of Directors re Re-registration of the Company | C | | |
| | | corp20060616 Memorandum and Articles of Association Following Re-registration of Addington Trading Limited | O | | |
| | | corp20060616 Certificate of Re-registration Under BVI Business Companies Act 2004 re Addington Trading Ltd | O | | |
| | | corp20070618 Addington Trading Ltd Director's Written Resolutions re Various Edge Transactions | O | | |
| | | | | | |
| APOPBEN010 | THE BENEVOLENT CHARITABLE TRUST | agre19981126 Amendment to Share Sale and Purchase Agreement | O | | |
| | | agre19981126 Assignment Agreement from Rob and Jerilyn Nalley to R&J Partners | O | | |
| | | agre20020102 Financial Advisor's Contract with Wedge Consulting and Carlos Kepke | O | | |
| | | corp20000322 Original Plattoon LLC Bearer Membership Certificate No. 1 | O | | |
| | | corp20000322 Original Reka LLC Bearer Membership Certificate No. 1 | O | | |
| | | corp20000322 Original Vivant LLC Bearer Membership Certificate No. 1 | O | | |
| | | trst19970625 The Benevolent Trust Indenture | O | | |
| | | trst19970625 The Benevolent Trust Indenture - copy | C | | |
| | | trst19980421 Memorandum of Appointment from Benevolent Charitable Trust | O | | |
| | | trst20000204 Benevolent Trustee Resolution re Shareholdings | O | | |
| | | trst20000308 Deed of Appointment and Removal of Trustees | O | | |
| | | trst20020726 Trustee Memorandum No. 1 | O | | |
| | | corr19940223 Letter from Carlos Kepke to DJ re Guernsey Court amendments | O | | |

# Exhibit B-9

| | | | | | |
|---|---|---|---|---|---|
| | | trst19940127 Order of the Royal Court of Guernsey | C | | |
| | | trst19940127 Application for Order of the Royal Court of Guernsey | C | | |
| | | trst20070618 The Benevolent Charitable Trust Trustee's Resolutions re Various Edge Transactions (4 copies) | O | | |
| | | | | | |
| APOPBEN020 | VIVANT HOLDINGS LLC | agre19971023 Consultant Agreement with Financial Counselors | O | | |
| | | agre20011130 Charge Over Shares from Fairway to Vivant | O | | |
| | | agre20011130 Promissory Note from Fairway Enterprises | O | | |
| | | agre20011130 Share Sale and Purchase Agreement with Fairway Enterprises | O | | |
| | | agre20011231 Novation Agreement with Wedge Consulting | O | | |
| | | corp19971023 Articles of Organization | O | | |
| | | corp19971023 Certificate of Formation | O | | |
| | | corp19971023 Certificate of Notary Public | O | | |
| | | corp19971023 Designation and Acceptance of Registered Agent | O | | |
| | | corp19971023 Endorsement Certificate | O | | |
| | | corp19971023 Operating Agreement | O | | |
| | | corp19971023 Resignation of Organization Rights | O | | |
| | | corp19971229 Minutes of First Meeting of the Members | O | | |
| | | corp20000322 Manager's Resolutions on Incorporation 2 | O | | |
| | | corp20000322 Manager's Resolutions on Incorporation | O | | |
| | | corp20010627 Certificate of Renewal | O | | |
| | | corp20020605 Certificate of Renewal | O | | |
| | | corp20030924 Certificate of Renewal | O | | |
| | | corp20040509 Vivant Certificate of Renewal 2005 | O | | |
| | | corp20070618 Vivant Holdings LLC Manager's Written Resolutions re Various Edge Transactions | O | | |
| | | corp20071101 Vivant Holdings LLC Declaration of Involuntary Dissolution | C | | |
| | | | | | |
| APOPBEN030 | PLATTOON INVESTMENTS LLC | agre19971024 Consultant Agreement with Financial Counselors | O | | |
| | | agre20011130 Charge Over Shares made by Fairway Enterprises | O | | |
| | | agre20011130 Promissory Note Granted by Fairway Enterprises | O | | |
| | | agre20011130 Share Sale and Purchase Agreement with Fairway Enterprises | O | | |
| | | agre20011231 Novation Agreement with Wedge Consulting | O | | |
| | | corp19950516 Minutes of the Meeting of Directors of Plattoon Investments Ltd | O | | |
| | | corp19971024 Articles of Organization | O | | |
| | | corp19971024 Certificate of Formation | O | | |
| | | corp19971024 Certificate of Notary Public | O | | |
| | | corp19971024 Designation and Acceptance of Registered Agent | O | | |
| | | corp19971024 Endorsement Certificate | O | | |
| | | corp19971024 Operating Agreement | O | | |
| | | corp19971024 Resignation of Organization Rights | O | | |
| | | corp19971229 Minutes of the First Meeting of the Members | O | | |
| | | corp19981117 Certificate of Good Standing | O | | |

# Exhibit B-9

| | | | | | |
|---|---|---|---|---|---|
| | | corp20000322 Manager's Resolutions on Incorporation 2 | | O | |
| | | corp20000322 Manager's Resolutions on Incorporation | | O | |
| | | corp20010627 Certificate of Renewal for 2002 | | O | |
| | | corp20020605 Certificate of Renewal for 2003 | | O | |
| | | corp20030924 Certificate of Renewal for 2004 | | O | |
| | | corp20050509 Plattoon Certificate of Renewal 2005 | | O | |
| | | corp20061012 Plattoon Certificate of Renewal 2006 | | O | |
| | | corp20070618 Plattoon Investments LLC Manager's Written Resolutions re Various Edge Transactions (4 copies) | | O | |
| | | corp20070630 Plattoon Investments LLC Amended Operating Agreement (2 copies) | | O | |
| | | corp20070630 Plattoon Investments LLC Member's Written Resolutions re New Operating Agreement and Various Matters | | O | |
| | | corp20070630 Plattoon Investments LLC Membership Certificate No. 2 Issued to Gorry for the Benevolent Trust | | O | |
| | | corp20070630 Plattoon Investments LLC Register of Managers and Officers | | O | |
| | | corp20070630 Plattoon Investments LLC Register of Members | | O | |
| | | corp20070828 Plattoon Certificate of Renewal 2007-2008 | | O | |
| | | corp20080725 Plattoon Certificate of Renewal 2008-2009 | | O | |
| | | corp20090915 Plattoon Investments LLC Nevis Certificate of Renewal 2009-2010 | | O | |
| | | | | | |
| APOPBEN040 | REKA CORPORATION LLC | agre19971024 Consuiltant Agreement with Financial Counselors | | O | |
| | | agre20011130 Agreement for Sale and Purchase of Reka Ltd Shares with Fairway Enterprises | | O | |
| | | agre20011130 Charge over Reka Ltd Shares between Fairway Enterprises and Reka LLC | | O | |
| | | agre20011130 Promissory Note from Fairway Enterprises to Reka LLC | | O | |
| | | agre20011231 Novation Agreement with Wedge Consulting | | O | |
| | | corp19971024 Certificate of Notary Public | | O | |
| | | corp19971024 Reka Articles of Organization | | O | |
| | | corp19971024 Reka Certificate of Formation | | O | |
| | | corp19971024 Reka Designation and Acceptance of Registered Agent | | O | |
| | | corp19971024 Reka Endorsement Certificate | | O | |
| | | corp19971024 Reka Operating Agreement | | O | |
| | | corp19971024 Reka Resignation of Organization Rights | | O | |
| | | corp19981117 Reka Certificate of Good Standing | | O | |
| | | corp20000322 Manager's Resolutions re Director | | O | |
| | | corp20000322 Manager's Resolutions re Various Matters | | O | |
| | | corp20010627 Reka Certificate of Renewal | | O | |
| | | corp20020605 Reka Certificate of Renewal | | O | |
| | | corp20030924 Reka Certificate of Renewal | | O | |
| | | corp20050509 Reka Certificate of Renewal 2005 | | O | |
| | | corp20061012 Reka Certificate of Renewal 2006 | | O | |
| | | corp20051103 Reka Certificate of Renewal 2005 | | O | |
| | | corp20070618 Reka Co LLC Manager's Written Resolutions re Various Edge Transactions (2 copies) | | O | |
| | | corp20070828 Reka Co LLC Certificate of Renewal 2007-2008 | | O | |
| | | corp20080725 Reka Co LLC Certificate of Renewal 2008-2009 | | O | |

Exhibit B-9

| | | | | | |
|---|---|---|---|---|---|
| APOPINV010 | THE INVERNESS CHARITABLE TRUST | agre20031001 Financial Advisor's Contract with Wedge | O | | |
| | | corp20031002 Original Certificate of Ownership in Choice | O | | |
| | | trst20031001 Trust Indenture (2 copies of the original trust deed) | O | | |
| | | trst20031002 Trustee Memorandum No. 1 | O | | |
| | | corp20031001 Douglas Certificate of Formation - copy | C | | |
| | | corp20031001 Choice Investments Certificate of Formation - copy | C | | |
| | | corp20030924 Slice Holdings Certificate renewal - copy | C | | |
| | | agre20031001 Option Agreement between Slice Holdings and RTB re Douglas Shares (2 originals) | O | | |
| | | agre20031001 Option Agreement between Slice Holdings and RTBII re Douglas Shares (2 originals) | O | | |
| | | agre20031001 Option Agreement between Slice Holdings and DKB re Douglas Shares (2 originals) | O | | |
| | | agre20031001 Option Agreement between Slice Holdings and Robert Fennell re Douglas Shares (2 originals) | O | | |
| | | agre20031001 Option Agreement between Slice Holdings and Andrea Brockman re Douglas Shares (2 originals) | O | | |
| | | agre20031001 Option Agreement between Slice Holdings and Christopher Brockman re Douglas Shares (2 originals) | O | | |
| | | | | | |
| APOPINV020 | CHOICE INVESTMENTS LLC | agre20031001 Consultant Agreement with Wedge Consulting | O | | |
| | | corp20031001 Certificate of Notary Public | O | | |
| | | corp20031001 Choice Articles of Organization | O | | |
| | | corp20031001 Choice Certificate of Formation | O | | |
| | | corp20031001 Choice Endorsement Certificate | O | | |
| | | corp20031001 Choice Operating Agreement | O | | |
| | | corp20031001 Designation and Acceptance of Registered Agent | O | | |
| | | corp20031001 Minutes of the Organizational Meeting of the Organizer | O | | |
| | | corp20031001 Resignation of Organization Rights | O | | |
| | | corp20040817 Certificate of Renewal 2004 | O | | |
| | | corp20050607 Certificate of Renewal 2005 | O | | |
| | | corp20061012 Choice Certificate of Renewal 2006 | O | | |
| | | corp20070630 Choice Investments LLC Member's Written Resolutions re New Operating Agreement and Various Matters | O | | |
| | | corp20070630 Choice Investments LLC Membership Certificate No. 2 Issued to Willow for the Inverness Trust | O | | |
| | | corp20070630 Choice Investments LLC Register of Managers and Officers | O | | |
| | | corp20070630 Choice Investments LLC Register of Members | O | | |
| | | corp20070630 Choice Investments LLC Amended Operating Agreement (2 copies) | O | | |
| | | corp20070828 Choice Investments LLC Certificate of Renewal 2007-2008 | O | | |
| | | corp20080725 Choice Investments LLC Certificate of Renewal 2008-2009 | O | | |
| | | corp20090915 Choice Investments LLC Nevis Certificate of Renewal 2009-2010 | O | | |
| | | | | | |
| APOPLIN010 | LINEAGE CHARITABLE TRUST II | agre20031001 Financial Advisor's Contract with Wedge Consulting and Carlos Kepke | O | | |
| | | corp20000322 Original Commitment Holdings LLC Bearer Share Certificate No. 1 | O | | |
| | | trst20000204 Lineage Trustee Resolution re Commitment Holdings Shares | O | | |
| | | trst20031001 The Lineage Charitable Trust II Trust Indenture | O | | |
| | | trst20031001 The Lineage Charitable Trust II Trust Indenture - unexecuted copy | C | | |

# Exhibit B-9

| | | | | | |
|---|---|---|---|---|---|
| | | agre20031001 Option Agreement between Wedge Consulting and RTB re Brown Shares (2 originals) | O | | |
| | | agre20020101 Option Agreement between Wedge Consulting and RTBII re Brown Shares | C | | |
| | | agre20020101 Option Agreement between Wedge Consulting and RTBII re Brown Shares (2 originals) | O | | |
| | | agre20031001 Option Agreement between Wedge Consulting and DKB re Brown Shares (2 originals) | O | | |
| | | agre20031001 Option Agreement between Wedge Consulting and Robert Fennell re Brown Shares (2 originals) | O | | |
| | | agre20031001 Option Agreement between Wedge Consulting and Andrea Brockman re Brown Shares (2 originals) | O | | |
| | | agre20031001 Option Agreement between Wedge Consulting and Christopher Brockman re Brown Shares (2 originals) | O | | |
| | | | | | |
| APOPLIN020 | COMMITMENT HOLDINGS LLC | agre19971029 Consultant Agreement with Financial Counselors | O | | |
| | | agre20011231 Novation Agreement with Wedge Consulting | O | | |
| | | agre20030610 Deed of Gift from Commitment to Addington | O | | |
| | | corp19971029 Artilces of Organization | O | | |
| | | corp19971029 Certificate of Formation | O | | |
| | | corp19971029 Certificate of Notary Public | O | | |
| | | corp19971029 Commiitment Operating Agreement | O | | |
| | | corp19971029 Designation and Acceptance of Registered Agent | O | | |
| | | corp19971029 Endorsement Certificate | O | | |
| | | corp19971029 Resignation of Organization Rights | O | | |
| | | corp19971229 Minutes of the First Meeting of the Members | O | | |
| | | corp20000322 Manager's Resolutions on Incorporation 2 | O | | |
| | | corp20000322 Manager's Resolutions on Incorporation | O | | |
| | | corp20010627 Commitment Certificate of Renewal 2001 | O | | |
| | | corp20020401 Original Replacement TIL Share Certificate | O | | |
| | | corp20020605 Commitment Certificate of Renewal 2002 | O | | |
| | | corp20030610 Manager's Resolutions re Deed of Gift to Addington | O | | |
| | | corp20030800 Manager's Resolutions re Share Option Agreement | C | | |
| | | corp20030924 Commitment Certificate of Renewal 2003 | O | | |
| | | corp20050509 Commitment Certificate of Renewal 2005 | O | | |
| | | corp20061012 Commitment Certificate of Renewal 2006 | O | | |
| | | corp20030503 Letter from Commitment Holdings to Edge Investments Fund Ltd | C | | |
| | | corr20030503 Letter from Concept Holdings to Edge Investments Fund Ltd | C | | |
| | | corp20070618 Commitment Holdings LLC Manager's Written Resolutions re Various Edge Transactions | O | | |
| | | corp20070630 Commitment Holdings LLC Amended Operating Agreement | O | | |
| | | corp20070630 Commitment Holdings LLC Member's Written Resolutions re New Operating Agreement and Various Matters | O | | |
| | | corp20070630 Commitment Holdings LLC Membership Certificate No. 2 Issued to Willow for the Lineage II Trust | O | | |
| | | corp20070630 Commitment Holdings LLC Register of Managers and Officers | O | | |
| | | corp20070630 Commitment Holdings LLC Register of Members | O | | |
| | | corp20070828 Commitment Holdings LLC Certificate of Renewal 2007-2008 | O | | |
| | | corp20080725 Commitment Holdings LLC Certificate of Renewal 2008-2009 | O | | |
| | | corp20090915 Commitment Holdings LLC Nevis Certificate of Renewal 2009-2010 | O | | |

# Exhibit B-9

| APOPMAR010 | THE MARITIME CHARITABLE TRUST | agre20030102 Financial Advisor's Contract with Wedge and Carlos Kepke | O | | |
| | | corp20000322 Original Warwick Holdings LLC Membership Certificate No. 1 | O | | |
| | | trst19970619 The Maritime Charitable Trust Indenture | O | | |
| | | trst19970619 The Maritime Charitable Trust Indenture - copy | C | | |
| | | trst19980421 Memorandum of Appointment by Maritime Trust | C | | |
| | | trst20000204 Trustee Resolution re Warwick LLC Shares | O | | |
| | | trst20000308 Deed of Appointment & Removal of Trustees | O | | |
| | | trst20020600 Deed of Retirement and Appointment of New Trustee | O | | |
| | | trst20020726 The Maritime Trustee Memorandum No. 1 | O | | |
| | | trst20070618 The Maritime Charitable Trust Trustee's Resolutions re Various Edge Transactions | O | | |
| | | trst20080815 Maritime Trustee's Resolutions re Dividends from Warwick of Cross Trees Proceeds and Donation to Aberdeen Charitable Trust - Signed Copy | O | | |
| | | | | | |
| APOPMAR020 | WARWICK INVESTMENTS LLC | agre19971028 Consultant Agreement with Financial Counselors | O | | |
| | | agre20011231 Novation Agreement with Wedge Consulting | O | | |
| | | corp19950531 Original Warwick Investment Holdings Ltd Bearer Share Certificate | O | | |
| | | corp19971028 Articles of Organization | O | | |
| | | corp19971028 Certificate of Formation | O | | |
| | | corp19971028 Certificate of Notary Public | O | | |
| | | corp19971028 Designation and Acceptance of Registered Agent | O | | |
| | | corp19971028 Endorsement Certificate | O | | |
| | | corp19971028 Operating Agreement | O | | |
| | | corp19971028 Resignation of Organizationl Rights | O | | |
| | | corp19971229 Minutes of the First Meeting of the Members | O | | |
| | | corp20000322 Manager's Resolutions on Incorporation 2 | O | | |
| | | corp20000322 Manager's Resolutions on Incorporation | O | | |
| | | corp20010627 Certificate of Renewal | O | | |
| | | corp20020605 Certificate of Renewal | O | | |
| | | corp20030924 Certificate of Renewal | O | | |
| | | corp20050509 Certificate of Renewal 2005 | O | | |
| | | corp20061012 Warwick LLC Certificate of Renewal 2006 | O | | |
| | | corp20070630 Warwick Holdings LLC Amended Operating Agreement (2 copies) | O | | |
| | | corp20070630 Warwick Holdings LLC Member's Written Resolutions re New Operating Agreement and Various Matters | O | | |
| | | corp20070630 Warwick Holdings LLC Membership Certificate No. 2 Issued to Chelsea for the Maritime Trust | O | | |
| | | corp20070630 Warwick Holdings LLC Register of Managers and Officers | O | | |
| | | corp20070630 Warwick Holdings LLC Register of Members | O | | |
| | | corp20070828 Warwick Holdings LLC Certificate of Renewal 2007-2008 | O | | |
| | | corp20080725 Warwick Holdings LLC Certificate of Renewal 2008-2009 | O | | |
| | | corp20080815 Warwick Holdings LLC's Manager's Resolutions re Dividend from Warwick Ltd of Cross Trees Proceeds and Dividend to Maritime Trust | O | | |
| | | | | | |
| APOPMAR030 | WARWICK INVESTMENTS LTD | agre19950801 Share Pledge Agreement with Grosvenor re Ginger Shares | O | | |
| | | agre19950831 Share Pledge Agreement with Skye re Ginger Shares | O | | |

Exhibit B-9

| | | | | | |
|---|---|---|---|---|---|
| | | agre19950831 Promissory Note by The Ginger Trust to Warwick Ltd | O | | |
| | | agre19950930 Promissory Note by The Ginger Trust to Warwick Ltd | O | | |
| | | agre19951031 Promissory Note by The Ginger Trust to Warwick Ltd | O | | |
| | | agre19960531 Promissory Note by The Ginger Trust to Warwick Ltd | O | | |
| | | agre19960926 Promissory Note by The Ginger Trust to Warwick Ltd 2 | O | | |
| | | agre19960926 Promissory Note by The Ginger Trust to Warwick Ltd | O | | |
| | | agre19971231 Promissory Note by The Ginger Trust to Warwick Ltd | O | | |
| | | agre20000401 Consultant Agreement with Financial Counselors | O | | |
| | | agre20011231 Novation Agreement with Wedge Consulting | O | | |
| | | corp19950526 Resolution of the Subscriber appointing Directors | O | | |
| | | corp19950526 Warwick Ltd Articles of Association | O | | |
| | | corp19950526 Warwick Ltd Certificate of Incorporation | O | | |
| | | corp19950526 Warwick Ltd Memorandum of Association | O | | |
| | | corp19950531 Minutes of the First Meeting of the Directors | O | | |
| | | corp19950731 Original Ginger Holdings Share Certificate No. 1 issued to Skye | O | | |
| | | corp19961108 Certificate of Good Standing | O | | |
| | | corp19970321 Certificate of Good Standing | O | | |
| | | corp20000428 Letter from Gordon Howard resigning as a Director | O | | |
| | | corp20000428 Letter from Jill Clifford resigning as a Director | O | | |
| | | corp20000428 Minutes of the Directors' Meeting Changing Directors | O | | |
| | | corp20010514 Original Ginger Holdings Share Certificate No. 3 issued to Skye | O | | |
| | | corp20010514 Original Ginger Holdings Share Certificate No. 5 issued to Warwick | O | | |
| | | corp20010514 Share Transfer Form to Ginger Trust re Ginger Holdings Shares | O | | |
| | | corp20010514 Share Transfer Form to Skye re Ginger Holdings Shares | O | | |
| | | corp20060531 Warwick Ltd Minutes of Meeting of Directors re Re-registration of the Company | C | | |
| | | corp20060616 Certificate of Re-registration Under BVI Business Companies Act 2004 re Warwick Ltd | O | | |
| | | corp20060616 Warwick Memorandum and Articles of Association Following Re-registration | O | | |
| | | agre20080915 Release and Discharge Between Sage Trust, Ginger Holdings and Warwick Ltd Following Cross Trees Sale - Signed by all Parties (3 copies) | O | | |
| | | corp20080815 Warwick Investments Ltd's Director's Resolutions re Dividend to Warwick LLC of Cross Trees Proceeds | O | | |
| APOPSER010 | THE SERVICE CHARITABLE TRUST II | agre19970625 Financial Advisor's Contract with Financial Counseling and Carlos Kepke | O | | |
| | | agre20011231 Novation of Financial Advisor's Agreement | O | | |
| | | corp20000322 Original Cascade Holdings Bearer Membership Certificate No. 1 | O | | |
| | | trst19970625 The Service Charitable Trust II Trust Indenture | O | | |
| | | trst19970625 The Service Charitable Trust II Trust Indenture (2 copies) | C | | |
| | | trst19980421 The Service Charitable Trust Memorandum of Appointment of Total Shares | O | | |
| | | trst20000204 Service Trustee Resolution re Cascade Holdings Shares | C | | |
| | | trst20000308 Deed of Appointment & Removal of Trustees | O | | |
| | | trst20020726 The Service II Trustee Memorandum No. 1 | O | | |
| | | trst20070608 The Service Charitable Trust II Trustee's Resolutions re Providian and Prime Closure and Transfer of Assets | O | | |
| | | trst20070618 The Service Charitable Trust II Trustee's Resolutions re Various Edge Transactions | O | | |

# Exhibit B-9

| | | | | | |
|---|---|---|---|---|---|
| APOPSER020 | CASCADE HOLDINGS LLC | agre19971027 Consultant Agreement with Financial Counselors | O | | |
| | | agre20011231 Novation Agreement with Wedge Consulting | O | | |
| | | corp19950725 Original Rosefaire Development Bearer Share Certificate No. 1 | O | | |
| | | corp19950725 Original Rosefaire Development Bearer Share Certificate No. 2 | O | | |
| | | corp19971027 Articles of Organization | O | | |
| | | corp19971027 Certificate of Formation | O | | |
| | | corp19971027 Certificate of Notary Public re Articles of Organization | O | | |
| | | corp19971027 Designation and Acceptance of Registered Agent | O | | |
| | | corp19971027 Endorsement Certificate | O | | |
| | | corp19971027 Operating Agreement | O | | |
| | | corp19971027 Resignation of Organization Rights | O | | |
| | | corp20000322 Resolutions of the Manager on Incorporation 2 | O | | |
| | | corp20000322 Resolutions of the Manager on Incorporation | O | | |
| | | corp20010726 Certificate of Renewal | O | | |
| | | corp20020605 Certificate of Renewal | O | | |
| | | corp20030127 Original Touchstone Investments Bearer Share Certificate No. 1 | O | | |
| | | corp20030127 Original Touchstone Investments Bearer Share Certificate No. 2 | O | | |
| | | corp20030127 Original Vanguard Investments Bearer Share Certificate No. 1 | O | | |
| | | corp20030127 Original Vanguard Investments Bearer Share Certificate No. 2 | O | | |
| | | corp20030924 Certificate of Renewal | O | | |
| | | corp20050509 Cascade Certificate of Renewal 2005 | O | | |
| | | corp20061103 Cascade Holdings LLC Certificate of Renewal 2006 | O | | |
| | | corp20070618 Cascade Holdings LLC Manager's Written Resolutions re Various Edge Transactions (4 copies) | O | | |
| | | corp20070630 Cascade Holdings LLC Amended Operating Agreement (2 copies) | O | | |
| | | corp20070630 Cascade Holdings LLC Member's Written Resolutions re New Operating Agreement and Various Matters | O | | |
| | | corp20070630 Cascade Holdings LLC Membership Certificate No. 2 Issued to Chelsea for the Service Trust II | O | | |
| | | corp20070630 Cascade Holdings LLC Register of Managers and Officers | O | | |
| | | corp20070630 Cascade Holdings LLC Register of Managers and Officers | O | | |
| | | corp20070828 Cascade Holdings LLC Certificate of Renewal 2007-2008 | O | | |
| | | corp20080725 Cascade Holdings LLC Certificate of Renewal 2008-2009 | O | | |
| | | corp20090915 Cascade Holdings LLC Nevis Certificate of Renewal 2009-2010 | O | | |
| | | | | | |
| APOPSER030 | VANGUARD INVESTMENTS TRADING LTD | agre20030130 Consultant Agreement with Wedge Consulting | O | | |
| | | corp20030127 Subscriber's Resolution re Appointment of Director | O | | |
| | | corp20030127 Vanguard Articles of Association | O | | |
| | | corp20030127 Vanguard Certificate of Incorporation | O | | |
| | | corp20030127 Vanguard Memorandum of Association | O | | |
| | | corp20030130 Director's Resolutions in Incorporation | O | | |
| | | corp20030513 Foundation Capital Strategies Share Certificate No. 8 | C | | |
| | | corp20060531 Vanguard Minutes of Meeting of Directors re Re-registration of the Company | C | | |

Exhibit B-9

| | | | | | |
|---|---|---|---|---|---|
| | | corp20060616 Certificate of Re-registration Under BVI Business Companies Act 2004 re Vanguard Investments | C | | |
| | | corp20060616 Memorandum and Articles of Association Following Re-registration of Vanguard | O | | |
| | | corp20070618 Vanguard Investments Ltd Director's Written Resolutions re Various Edge Transactions | O | | |
| | | corp20070625 Vanguard Investments Ltd Director's Written Resolutions re Transfer of FCS Shares to Arrakis and Greendale Trust | O | | |
| | | corp20070625 Foundation Capital Strategies Shares Transfer Form from Vanguard Investments to Arrakis Investments | O | | |
| | | corp20070625 Foundation Capital Strategies Shares Transfer Form from Vanguard Investments to Codan Trust Company for Greendale Trust | O | | |
| | | | | | |
| APOPSER040 | ROSEFAIRE DEVELOPMENT LTD | agre19950725 Consultant Agreement between Rosefaire and Financial Counselors | O | | |
| | | agre19990226 Insurance Agreement between Trust Insurance and Rosefaire | O | | |
| | | agre20000228 FCS Intellectual Property Agreement re Impediment Events | C | | |
| | | agre20000228 FCS Intellectual Property Agreement re Payment to Rosefaire | C | | |
| | | agre20000228 FCS Intellectual Property Assignment to Foundation Capital | C | | |
| | | agre20000228 Foundation Capital Shareholder Agreement | C | | |
| | | agre20011231 Novation Agreement with Wedge Consulting | O | | |
| | | corp19950725 Original Rosefaire Certificate of Incorporation | O | | |
| | | corp19950725 Resolution of Rosefaire Subscriber re Appointment of Directors | O | | |
| | | corp19950725 Rosefaire Articles of Association | O | | |
| | | corp19950725 Rosefaire Memorandum of Association | O | | |
| | | corp19960725 Resolutions of the Directors on incorporation | O | | |
| | | corp19990409 Rosefaire Certificate of Directors and Officers | O | | |
| | | corp19990514 Letter from Jill Clifford Resigning as a Director | C | | |
| | | corp19990528 Minutes of Director's Meeting re Resignation of Jill Clifford as Director of Rosefaire | C | | |
| | | corp20000225 Original Gate Advisors Share Certificate No. 2 issued to Rosefaire | O | | |
| | | corp20000228 Director's Resolutions re Rosefaire appointment of Karen Pettifer to FCS Board of Directors | O | | |
| | | corp20000228 Director's Resolutions re Rosefaire purchase of FCS Shares and Agreements | O | | |
| | | corp20000301 Director's Resolutions re Appointment of Karen Pettifer as Director of Rosefaire | C | | |
| | | corp20000428 Director's Resolutions re Appointment of Screen Management as Director of Rosefaire | O | | |
| | | corp20000428 Letter of Resignation as Director from Gordon Howard | O | | |
| | | corp20000428 Letter of Resignation as Director from Karen Pettifer | O | | |
| | | corp20010515 Letter from Grosvenor to Meridian re Appointment of Ernest Morrison as Director | C | | |
| | | corp20010515 Letter of Resignation from Karen Pettifer as Director of Rosefaire | C | | |
| | | corp20010621 Rosefaire Certificate of Incumbency | O | | |
| | | corp20020406 Director's Resolutions re Rosefaire Power of Attorney to Serco Management | O | | |
| | | corp20020406 Director's Resolutions re Rosefaire VP Bank Account Opening | O | | |
| | | corp20020406 Rosefaire Power of Attorney to Serco Management | O | | |
| | | corp20030513 FCS Share Certificate No. 7 issued to Rosefaire | C | | |
| | | corp20031231 Director's Resolutions re Rosefaire VP Bank Signatories | O | | |
| | | corp20050426 Rosefaire Director's Written Resolutions re Redemption from Anova | O | | |
| | | corp20060531 Rosefaire Minutes of Meeting of Directors re Re-registration of the Company | C | | |
| | | corp20060616 Memorandum and Articles of Association Following Re-registration of Rosefaire | O | | |
| | | corp20060616 Certificate of Re-registration Under BVI Business Companies Act 2004 re Rosefaire Development | C | | |

# Exhibit B-9

| | | | | | |
|---|---|---|---|---|---|
| | | rept20021008 Meade Malone Auditors' Report for Rosefaire Year Ended 31 December 2000 | C | | |
| | | rept20040227 KPMG Audited Financial Reports for Anova Fund and Anova Master Fund Ltd for Year Ended 2003 | C | | |
| | | corp20070618 Rosefaire Development Ltd Director's Written Resolutions re Various Edge Transactions | O | | |
| | | corp20070625 Touchstone Investments Ltd Director's Written Resolutions re Transfer of FCS Shares to Arrakis and Greendale Trust | O | | |
| | | corp20070625 Foundation Capital Strategies Shares Transfer Form from Rosefaire Development to IID Partners Ltd | O | | |
| | | | | | |
| APOPSER050 | TOUCHSTONE INVESTMENTS TRADING LTD | agre20030130 Consultant Agreement with Wedge Consulting | O | | |
| | | corp20030127 Subscriber's Resolution appointing the First Director | O | | |
| | | corp20030127 Touchstone Articles of Association | O | | |
| | | corp20030127 Touchstone Certificate of Incorporation | O | | |
| | | corp20030127 Touchstone Memorandum of Association | O | | |
| | | corp20030130 Manager's Resolutions on Incorporation | O | | |
| | | corp20030513 Foundation Capital Strategies Share Certificate No. 6 | C | | |
| | | corp20060531 Touchstone Minutes of Meeting of Directors re Re-registration of the Company | C | | |
| | | corp20060920 Certificate of Re-registration Under BVI Business Companies Act 2004 re Touchstone | O | | |
| | | corp20060920 Memorandum and Articles of Association Following Re-registration of Touchstone Investments | O | | |
| | | corp20070618 Touchstone Investments Ltd Director's Written Resolutions re Various Edge Transactions | O | | |
| | | corp20070625 Touchstone Investments Ltd Director's Written Resolutions re Transfer of FCS Shares to Arrakis and Greendale Trust | O | | |
| | | corp20070625 Foundation Capital Strategies Shares Transfer Form from Touchstone Investments to IID Partners Ltd | O | | |
| | | corp20070625 Foundation Capital Strategies Shares Transfer Form from Touchstone Investments to Codan Trust Company for Greendale Trust | O | | |
| | | | | | |
| APOPSER060 | FOUNDATION CAPITAL STRATEGIES LTD | | | | |
| | | | | | |
| APOPSER070 | GATE ADVISORS LTD | agre20020102 Consultant Agreement with Wedge Consulting Ltd | O | | |
| | | agre20000228 Gate Advisors Investment Advisory Agreement with Point Investments | C | | |
| | | agre20000228 Side Letter to Investment Advisory Agreement with Point Investments | C | | |
| | | agre20010101 Service Fee Agreement with Foundation Capital Strategies | C | | |
| | | corp20000217 Gate Articles of Association | C | | |
| | | corp20000217 Gate Certificate of Incorporation | C | | |
| | | corp20000217 Gate Memorandum of Association | C | | |
| | | corp20000225 Copy Gate Share Certificate No. 1 issued to Foundation Capital Strategies | C | | |
| | | corp20000225 Copy Gate Share Certificate No. 2 issued to Rosefaire Development | C | | |
| | | corp20000225 Letter from Coy Limited Resigning as Director | C | | |
| | | corp20000225 Letter from SHR Limited Resigning as Director | C | | |
| | | corp20000225 Minutes of First Meeting of the Directors on Incorporation | C | | |
| | | corp20001231 Members' Resolution re Service Fee Agreement - undated | C | | |
| | | corp20010212 Gate Certificate of Incumbency | C | | |
| | | corp20011231 Members' Resoultion re Financial Statements - undated | C | | |
| | | corp20020130 Gate Member's Resolution re Change of Director 2 | C | | |
| | | corp20020130 Gate Member's Resolution re Change of Director | C | | |
| | | corp20020131 Gate Certificate of Incumbency | C | | |

Exhibit B-9

| | | | | | |
|---|---|---|---|---|---|
| | | corp20020131 Gate Declaration re Shareholdings | C | | |
| | | corp20020430 Members' Resolutions re Payment of Dividend | C | | |
| | | corp20020430 Unsigned and undated Members' Resolutions re Dividends | C | | |
| | | corp20020531 Members' Resolutions re Payment of Capital | C | | |
| | | corp20020801 Gate Certificate of Incumbency | C | | |
| | | corp20021231 Members' Resoution re Auditors - undated | C | | |
| | | corp20021231 Members' Resoution re Directors - undated | C | | |
| | | corp20021231 Members' Resoution re Financial Statements - undated | C | | |
| | | corp20021231 Members' Resoution re Service Fee Agreement - undated | C | | |
| | | corp20030204 Gate Register of Directors and Officers | C | | |
| | | corp20030204 Gate Register of Shareholders | C | | |
| | | corp20030304 Gate Members' Resolution re FCS Service Fee Agreement | C | | |
| | | corp20030304 Gate Members' Resolution re PWC Audit | C | | |
| | | corp20031231 Members' Resoution re Banking - undated | C | | |
| | | corp20031231 Members' Resoution re Directors - undated | C | | |
| | | corp20031231 Members' Resoution re Financial Statements - undated | C | | |
| | | corp20031231 Members' Resoution re Service Fee Agreement - undated | C | | |
| | | corp20040517 BVI Certificate of Tax Exemption | C | | |
| | | corp20000217 Resolution of Subscriber appointing Directors | C | | |
| APOPSER080 | ARDSHEAL LTD | | | | |
| APOPSER090 | ARDSHEAL (UK) LTD | | | | |
| APOPSHE010 | THE SHETLAND CHARITABLE TRUST | agre20031001 Financial Advisor's Contract with Wedge and Carlos Kepke | O | | |
| | | corp20031002 Original Barrier Investments Membership Certificate No. 1 | O | | |
| | | trst20031001 Trust Indenture (2 originals) | O | | |
| | | trst20031002 Trustee Memorandum No. 1 re Share Transfer to Barrier | O | | |
| | | corp20031001 Barrier Investments Certificate of Formation - copy | C | | |
| | | corp20031001 Larch Holdings Certificate of Formation - copy | C | | |
| | | corp20030924 Pinnacle Holdings Certificate renewal - copy | C | | |
| | | agre20031001 Option Agreement between Pinnacle Holdings and RTB re Larch Shares (2 originals) | O | | |
| | | agre20031001 Option Agreement between Pinnacle Holdings and RTBII re Larch Shares (2 originals) | O | | |
| | | agre20031001 Option Agreement between Pinnacle Holdings and DKB re Larch Shares (2 originals) | O | | |
| | | agre20031001 Option Agreement between Pinnacle Holdings and Robert Fennell re Larch Shares (2 originals) | O | | |
| | | agre20031001 Option Agreement between Pinnacle Holdings and Andrea Brockman re Larch Shares (2 originals) | O | | |
| | | agre20031001 Option Agreement between Pinnacle Holdings and Christopher Brockman re Larch Shares (2 originals) | O | | |
| APOPSHE020 | BARRIER INVESTMENTS LLC | agre20031001 Barrier Consultant Agreement with Wedge Consulting | O | | |
| | | corp20031001 Barrier Articles of Organization | O | | |
| | | corp20031001 Barrier Certificate of Formation | O | | |

Exhibit B-9

| | | | | | |
|---|---|---|---|---|---|
| | | corp20031001 Barrier Certificate of Notary Public | O | | |
| | | corp20031001 Barrier Designation and Acceptance of Registered Agent | O | | |
| | | corp20031001 Barrier Endorsement Certificate | O | | |
| | | corp20031001 Barrier Minutes of Organizational Meeting of the Organizer | O | | |
| | | corp20031001 Barrier Operating Agreement | O | | |
| | | corp20031001 Resignation of Organization Rights | O | | |
| | | corp20040817 Barrier Certificate of Renewal 2004 | O | | |
| | | corp20050607 Barrier Certificate of Renewal 2005 | O | | |
| | | corp20061012 Barrier Certificate of Renewal 2006 | O | | |
| | | corp20070630 Barrier Holdings LLC Amended Operating Agreement (2 copies) | O | | |
| | | corp20070630 Barrier Holdings LLC Member's Written Resolutions re New Operating Agreement and Various Matters | O | | |
| | | corp20070630 Barrier Holdings LLC Membership Certificate No. 2 Issued to Willow for the Shetland Trust | O | | |
| | | corp20070630 Barrier Holdings LLC Register of Managers and Officers | O | | |
| | | corp20070630 Barrier Holdings LLC Register of Members | O | | |
| | | corp20070828 Barrier Certificate of Renewal 2007-2008 | O | | |
| | | corp20080725 Barrier Holdings LLC Certificate of Renewal 2008-2009 | O | | |
| | | corp20090915 Barrier Investments LLC Nevis Certificate of Renewal 2009-2010 | O | | |
| | | | | | |
| APOPWOR010 | THE WORLDWIDE CHARITABLE TRUST | agre20010215 Financial Advisor's Contract with Financial Counselors and Carlos Kepke | O | | |
| | | agre20011231 Novation Agreement with Wedge Consulting and Carlos Kepke | O | | |
| | | trst19970619 The Worldwide Charitable Trust Indenture | O | | |
| | | trst19970619 The Worldwide Charitable Trust Indenture - copy | C | | |
| | | trst19980421 Memorandum of Appointment to Trust | O | | |
| | | trst20050000 Letter of Resignation as Protector of The Worldwide Trust | O | | |
| | | corr19940822 Letter from Grosvenor to DJ re Trust Indenture | O | | |
| | | trst20070618 The Worldwide Charitable Trust Trustee's Resolutions re Various Edge Transactions | O | | |
| | | | | | |
| APROTEC010 | AQUITAINE PROTECTORS LTD | corp19970508 Aquitaine Articles of Association for Cayman Incorporation | O | | |
| | | corp19970508 Aquitaine Memorandum of Association for Cayman Incorporation | O | | |
| | | corp19970512 Aquitaine Certificate of Incorporation | O | | |
| | | corp19970520 Aquitaine Copy Share Certificate No. 1 to Trevor Lloyd | C | | |
| | | corp19970520 Aquitaine Minutes of the Meeting of Directors on Incorporation | O | | |
| | | corp19970520 Aquitaine Minutes of the Meeting of the Subscribers | O | | |
| | | corp19970520 Aquitaine Register of Members before Name Change | C | | |
| | | corp19970529 Aquitaine Certificate of Incorporation on Change of Name | O | | |
| | | corp19970529 Aquitaine Minutes of the Meeting of the Subscribers | O | | |
| | | corp19970529 Aquitaine Original Share Certificate No. 2 to Trevor Lloyd | O | | |
| | | corp19970529 Aquitaine Register of Directors and Officers | C | | |
| | | corp20020712 Application for Transfer of Domicile to Nevis | O | | |
| | | corp20020712 Letter from Aquitaine to the Cayman Registrar of Companies Giving Notice of Change to Articles | C | | |
| | | corp20020712 Minutes of Shareholders' Meeting re Amendment to Articles | C | | |

Exhibit B-9

| | | | | | |
|---|---|---|---|---|---|
| | | corp20020801 Cayman Certificate of Incorporation on 12 May 1997 | C | | |
| | | corp20020816 Certificate of Transfer of Domicile to Nevis | O | | |
| | | corp20020816 Designation and Acceptance of Registered Agent from Morning Star Holdings | O | | |
| | | corp20020816 Endorsement Certificate on Transfer of Domicile | O | | |
| | | corp20050000 Signed Undated Share Transfer Form for Aquitaine | O | | |
| | | corp20050404 Aquitaine Certificate of Renewal 2005 | O | | |
| | | corr20000530 Letter from Aquitaine Protectors to DJ re Letters of Resignation | O | | |
| | | corr20020510 Email from Carlos Kepke to DJ re Protector Company Ownership | C | | |
| | | trst19981208 Letter of Resignation as Protector of The Challenge Trust | O | | |
| | | trst20050000 Letter of Resignation as Protector of Aberdeen Trust | O | | |
| | | trst20050000 Letter of Resignation as Protector of The Challenge Charitable Trust | O | | |
| | | trst20050000 Letter of Resignation as Protector of  Challenge Charitable Trust | O | | |
| | | trst20050000 Letter of Resignation as Protector of AEBCT | O | | |
| | | trst20050000 Letter of Resignation as Protector of The Maritime Charitable Trust | O | | |
| | | trst20050000 Letter of Resignation as Protector of The Maritime Charitable Trust 2 | O | | |
| | | trst20050000 Letter of Resignation as Protector of AEBGCT | O | | |
| | | trst20050000 Letter of Resignation as Protector of AEBGCT 2 | O | | |
| | | trst20050000 Letter of Resignation as Protector of The Lineage Charitable Trust | O | | |
| | | trst20050000 Letter of Resignation as Protector of The Lineage Charitable Trust 2 | O | | |
| | | trst20050000 Letter of Resignation as Protector of The Service Charitable Trust | O | | |
| | | trst20050000 Letter of Resignation as Protector of The Service Charitable Trust II | O | | |
| | | trst20050000 Letter of Resignation as Protector of The Endowment Charitable Trust | O | | |
| | | trst20050000 Letter of Resignation as Protector of The Endowment Charitable Trust 2 | O | | |
| | | trst20050000 Letter of Resignation as Protector of The Benevolent Charitable Trust | O | | |
| | | trst20050000 Letter of Resignation as Protector of The Benevolent Charitable Trust 2 | O | | |
| | | trst20050000 Letter of Resignation as Protector of The Heritage Charitable Trust | O | | |
| | | trst20050000 Letter of Resignation as Protector of The Worldwide Charitable Trust | O | | |
| | | trst20050000 Letter of Resignation as Protector of The Worldwide Charitable Trust 2 | O | | |
| | | trst20050000 Letter of Resignation as Protector of The Provident Charitable Trust | O | | |
| | | trst20050000 Letter of Resignation as Protector of The Aberdeen Charitable Trust | O | | |
| | | trst20050000 Letter of Resignation as Protector of The Philanthropic Charitable Trust | O | | |
| | | trst20050000 Letter of Resignation as Protector of The Enterprise Charitable Trust | O | | |
| | | | | | |
| APROTEC020 | APPANAGE PROTECTORS LTD | corp20050404 Appangae Certificate of Renewal | O | | |
| | | | | | |
| APROTEC030 | PARAGON PROTECTORS LTD | corp19980211 Paragon Articles of Incorporation | O | | |
| | | corp19980211 Paragon Bylaws | O | | |
| | | corp19980211 Paragon Certificate of Incorporation | O | | |
| | | corp19980211 Paragon Certificate of Notary Public | O | | |
| | | corp19980211 Paragon Designation and Acceptance of Registered Agent | O | | |
| | | corp19980211 Paragon Endorsement Certificate | O | | |

# Exhibit B-9

| | | | | | |
|---|---|---|---|---|---|
| | | corp19980211 Paragon Transfer of Subscription Rights | O | | |
| | | corp19980211 Sepet LLC Resignation of Organization Rights | O | | |
| | | corp19980211 Transfer of Subscription Rights to Paragon | O | | |
| | | corp20030924 Paragon Certificate of Renewal 2003 | O | | |
| | | corp19980211 Paragon Bearer Share Certificate No. 1 | O | | |
| | | corp20051027 Original Paragon Protectors Certificate of Renewal 2005 | O | | |
| | | corr20030507 Letter from NTL Trust to DJ re Paragon | C | | |
| | | corr20030610 Letter from DJ to NTL Trust | C | | |
| | | corp20050000 Signed Undated Resignation by Steve Jernigan as Managing Director of Paragon | O | | |
| | | corp20050000 Signed Undated Share Transfer Form for Paragon | O | | |
| | | trst20050000 Signed Undated Letter of Resignation by Paragon as Protector of Companion Trust | O | | |
| | | trst20050000 Signed Undated Letter of Resignation by Paragon as Protector of Companion Trust 2 | O | | |
| | | trst20050000 Signed Undated Letter of Resignation by Paragon as Protector of Companion Trust 3 | O | | |
| | | | | | |
| SAEBCTX040 | SPANISH STEPS HOLDINGS (MALTA) LTD | | | | |
| | | | | | |
| SAEBCTX050 | MULLERY INVESTMENTS LTD | | | | |
| | | | | | |
| SAEBCTX060 | MULLERY INVESTMENTS LLC | | | | |
| | | | | | |
| SAEBCTX070 | HURST PROPERTIES LTD | | | | |
| | | | | | |
| SAEBCTX080 | HURST PROPERTIES LLC | | | | |
| | | | | | |
| SAEBCTX090 | HURST PROPERTIES (MALTA) LTD | | | | |
| | | | | | |
| SAEBCTX100 | SARACEN INVESTMENTS LTD | | | | |
| | | | | | |
| SAEBCTX110 | SARACEN INVESTMENTS LLC | | | | |
| | | | | | |
| SAEBCTX120 | SARACEN INVESTMENTS (MALTA) LTD | | | | |
| | | | | | |
| SAEBCTX130 | BOOTHFERRY PARK INVESTMENTS LTD | | | | |
| | | | | | |
| SAEBCTX140 | BOOTHFERRY PARK INVESTMENTS LLC | | | | |
| | | | | | |
| SAEBCTX150 | HUNT INVESTMENTS LLC | | | | |
| | | | | | |
| SAEBCTX160 | HUNT INVESTMENTS LTD | | | | |
| | | | | | |
| SBELHER040 | HERITAGE CHARITABLE TRUST | trst19900223 Heritage Charitable Trust Indenture | O | | |

# Exhibit B-9

| | | | | | |
|---|---|---|---|---|---|
| | | agre19900315 Assumption Agreement between Heritage and AEBCT | O | | |
| | | corr19900504 Letter from Margraves & Schueller to RTB | O | | |
| SBELHER050 | KOJAK HOLDINGS LTD | | | | |
| | | | | | |
| SBELHER060 | TABBIN INVESTMENTS LTD | | | | |
| | | | | | |
| SBELHER070 | MASTER INVESTMENTS LTD | | | | |
| | | | | | |
| SBELPRO040 | PROVIDENT CHARITABLE TRUST | | | | |
| | | | | | |
| SCAYGIL010 | JILTEC LIMITED | | | | |
| | | | | | |
| SCAYGIL020 | S.F.L. LTD | | | | |
| | | | | | |
| SGUEWOR010 | WORLDWIDE HUNGER FUND CHARITABLE TRUST | trst19930520 The Worldwide Hunger Fund Charitable Trust Deed | C | | |
| | | | | | |
| SJONEVE060 | EVERGREEN CHARITABLE TRUST | | | | |
| | | | | | |
| SJONEVE070 | FINANCIAL COUNSELORS LTD | | | | |
| | | | | | |
| SJONOXF030 | INVIEW DEVELOPMENT LTD (BVI) | agre20010110 Consultant Agreement with Financial Counselors | O | | |
| | | agre20011031 Assignment of several Contracts from Inview Bermuda to Inview BVI | O | | |
| | | agre20011031 Assignment of VEFII Administration Agreement from Inview Bermuda to Inview BVI | O | | |
| | | agre20011231 Novation Agreement with Wedge Consulting | O | | |
| | | corp20000901 Director's Resolutions on Incorporation | O | | |
| | | corp20000901 Inview BVI Articles of Association | O | | |
| | | corp20000901 Inview BVI Memorandum of Association | O | | |
| | | corp20000901 Inview Certificate of Incorporation | O | | |
| | | corp20000901 Subscriber's Resolution appointing Director | O | | |
| | | | | | |
| SMALGOO040 | LITTLE SISTERS TRUST | | | | |
| | | | | | |
| SMALGOO050 | NORDIC LICENSING A/S | | | | |
| | | | | | |
| SMANAGE130 | LEGACY CHARITABLE TRUST | | | | |
| | | | | | |
| SMANAGE140 | JINX INVESTMENT HOLDINGS LTD | | | | |
| | | | | | |
| SMANAGE150 | JINX INVESTMENT HOLDINGS LLC | | | | |
| | | | | | |

# Exhibit B-9

| | | | | |
|---|---|---|---|---|
| SMANAGE160 | ANNIS INVESTMENT HOLDINGS LTD | | | |
| SMANAGE170 | ANNIS INVESTMENT HOLDINGS LLC | | | |
| SMANAGE180 | KETCHAM HOLDINGS LTD | | | |
| SMANAGE190 | KETCHAM HOLDINGS LLC | | | |
| SMANAGE200 | LABYRINTH INVESTMENT HOLDINGS LTD | | | |
| SMANAGE210 | LABYRINTH INVESTMENT HOLDINGS LLC | | | |
| SMANAGE220 | KVETCH HOLDINGS LTD | | | |
| SMANAGE230 | KVETCH HOLDINGS LLC | | | |
| SMASCTX040 | PACER INVESTMENTS LLC | | | |
| SMASLCM080 | REKA CORPORATION LTD | agre19910307 Consultant Agreement with Financial Counselors | O | |
| | | agre20011231 Novation Agreement with Wedge Consulting | O | |
| | | corp19910306 Memorandum of Association Amended and Restated 30 August 1995 | O | |
| | | corp19910306 Copy Certificate of Incorporation | C | |
| | | corp19910306 Articles of Association Amended and Restated 30 August 1995 | O | |
| | | corp19911129 Directors' Resolutions on Incorporation | C | |
| | | corp19911129 Subscriber's Memorandum on Election of First Directors | C | |
| | | corp19920410 Director's Resolution re Resignation of Director | C | |
| | | corp19940517 Reka Corp Ltd Director's Written Resolutions re Share Transfer | C | |
| | | corp19950801 Director's Resolution re Registered Office and Registered Agent | C | |
| | | corp19950801 Director's Written Resolutions re Share Transfer from Rose to Skye | C | |
| | | corp19950802 Director's Resolution re Resignation of Secretary and Directors | C | |
| | | corp19950803 Director's Resolution re Appointment of Further Directors | C | |
| | | corp19950830 Cancelled Original Share Certificate issued to Skye Nominees | O | |
| | | corp19950830 Minutes of Directors' Meeting re Share Issue | C | |
| | | corp19960201 Appointment of Alternate Director 2 | C | |
| | | corp19960201 Appointment of Alternate Director | C | |
| | | corp19960201 Minutes of Directors' Meeting re Change of Director | O | |
| | | corp19970306 Certificate of Good Standing | O | |
| | | corp19980325 Certificate of Good Standing | O | |
| | | corp20000901 Original Advertising Services Ltd Share Certificate issued to Bearer | O | |
| | | corp20010619 Letter of Resignation as Director from Lesley Wollmann | C | |
| | | corp20010619 Reka Directors' Resolutions re Change of Director to Screen | C | |

Exhibit B-9

| | | | | | |
|---|---|---|---|---|---|
| | | corp20010628 Director's Written Resolutions re Share Transfer to Reka LLC | O | | |
| | | corp20030228 Director's Resolution approving Share Transfer from Reka LLC to Fairway Enterprises 2 | O | | |
| | | corp20030228 Director's Resolution approving Share Transfer from Reka LLC to Fairway Enterprises | O | | |
| | | corp20030228 Share Transfer Form from Reka LLC to Fairway Enterprises | O | | |
| | | | | | |
| SPOPENT020 | ENTERPRISE CHARITABLE TRUST | trst19970625 The Enterprise Charitable Trust Indenture | C | | |
| | | | | | |
| SPOPENT030 | PATRON HOLDINGS LLC | | | | |
| | | | | | |
| SPOPENT040 | TOTAL INVESTMENTS LTD | | | | |
| | | | | | |
| SPOPENT050 | THRESHOLD VENTURE LTD | | | | |
| | | | | | |
| SPOPENT060 | SOURCENET SOLUTIONS INC | | | | |
| | | | | | |
| SPOPENT070 | CHALLENGE CHARITABLE TRUST | trst19981015 Challenge Charitable Trust Indenture (2 copies) | C | | |
| | | corr19981023 Letter from Carlos Kepke to DJ | C | | |
| | | | | | |
| SPOPLIN030 | THE LINEAGE CHARITABLE TRUST | | | | |
| | | | | | |
| SPOPLIN040 | TRUST INSURANCE LIMITED | | | | |
| | | | | | |
| SPOPLIN050 | LINEAGE CHARITABLE TRUST | trst19921224 Lineage Charitable Trust Indenture | O | | |
| | | agre19921229 Deed of Transfer betweeb AEBGCT and Lineage | C | | |
| | | | | | |
| SPOPMAR040 | MARITIME CHARITABLE TRUST | trst19910927 Maritime Charitable Trust Indenture | O | | |
| | | corr19911010 Letter from Carlos Kepke to DJ re Trust Indenture | O | | |
| | | corr19930823 Letter from Carlos Kepke to Baring Brothers | O | | |
| | | corr19930903 Letter from Carlos Kepke to Baring Brothers | O | | |
| | | corr19921202 Letter from Baring Brothers to Carlos Kepke | C | | |
| | | trst19921112 Order of the Royal Court of Guernsey | C | | |
| | | | | | |
| SPOPPHI010 | PHILANTHROPIC CHARITABLE TRUST | trst19940921 Philanthropic Charitable Trust Indenture | O | | |
| | | | | | |
| SPOPPHI020 | THE PHILANTHROPIC CHARITABLE TRUST | trst19970625 The Philanthropic Charitable Trust Indenture | C | | |
| | | | | | |
| SPOPPHI030 | SANTA'S INVESTMENT HOLDING LLC | | | | |
| | | | | | |
| SPOPPHI040 | SANTA'S INVESTMENT HOLDING LTD | | | | |
| | | | | | |
| SPOPPHI050 | KNOX LICENSING LTD | | | | |

Exhibit B-9

| | | | | | |
|---|---|---|---|---|---|
| | THE SERVICE CHARITABLE TRUST | | | | |
| SPOPSER090 | | trst19950807 The Service Charitable Trust Indenture | O | | |
| | | corr19950809 Letter from Carlos Kepke to DJ | O | | |
| | | | | | |
| SPOPWOR020 | WORLDWIDE CHARITABLE TRUST | trst19940819 Worldwide Charitable Trust Indenture | C | | |

# EXHIBIT

# B-10

# Exhibit B-10



**MASSENGILL CHILDREN'S TRUST**
**EDGE GROUP**

ET_0001760646

# Exhibit B-10



# Exhibit B-10



TREVOR LLOYD
TRUST PROTECTORS

TREVOR LLOYD

OWNER

AQUITAINE PROTECTORS LIMITED

APPANAGE PROTECTORS LIMITED

PARAGON PROTECTORS LIMITED

# EXHIBIT

# B-11

# Exhibit B-11



**TRUSTEE**

ALPHEUS PURPOSE TRUST
(Owns Alpheus PTC Ltd)

**OWNERSHIP GROUP**

ALPHEUS CHARITABLE TRUST

**PROTECTOR**

CRIS RUFFELL SMITH
(Shareholder in the Protector to Alpheus Charitable Trust)

**INVESTMENT VEHICLE**

EDGE PURPOSE TRUST
(Owner of Wilbury Management LLC)

ALPHEUS (PTC) LIMITED
(Trustee to Alpheus Charitable Trust)

CASCADE HOLDINGS LLC

PARAGON PROTECTOR INC
(Protector to the Alpheus Charitable Trust)

WILBURY MANAGEMENT LLC
(Owner of the common shares in Edge Capital Investments Ltd)

EDGE CAPITAL INVESTMENTS LTD

AUGUSTUS INVESTMENTS LLC
(US Investment vehicle)

NOTE:  There are other investors in Edge, but the main investor is Cascade.  This group focuses on the Cascade ownership

ALPHEUS/EDGE/CASCADE  GROUP

# EXHIBIT

# B-12

# Exhibit B-12



Edge Capital Investments
Org Chart June 9th 2017

Edge Purpose Trust

Trustee: Providence Trust Company ltd
Settlor: Providence Trust Company (PVT) Limited
Bene: Purpose Trust - no listed bene

No Protectors

Trustee Info

Providence Trust Company Ltd
(Nevis co)

Directors: Evatt Tamine

100%

Wilbury Management LLC
(Nevis Co)

100%

Edge Capital Investments (Nevis co)

Signer: Evatt Tamine
Director: Evatt Tamine

Nov 7, 2017

# Exhibit B-12



E. TAMINE
16/9/16

# Exhibit B-12



NOTES:

1. The original settlor was A. Eugene Brockman.
2. There are no beneficiaries.