UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT T. BROCKMAN, | § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:22-cv-00202-GCH |
| UNITED STATES OF AMERICA, | § § § | |
| Defendant. | § § | |

**PLAINTIFF ROBERT T. BROCKMAN'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL MEMORANDUM (1) IN SUPPORT OF MOTION FOR DETERMINATION ON COMPLAINT FOR ABATEMENT OF JEOPARDY ASSESSMENT AND JEOPARDY LEVY OR (2) IN THE ALTERNATIVE, FOR A STAY OF IRS COLLECTION**

Plaintiff Robert T. Brockman respectfully moves this Court for leave to file a supplemental memorandum in support of his Motion for Determination on Complaint and for Judicial Review and Abatement of Jeopardy Assessment and Jeopardy Levy Pursuant to 26 U.S.C. § 7429 (the "Motion for Determination") or, in the alternative, for a stay of IRS collection actions pending resolution of this matter (the "Supplemental Memorandum"). Specifically, Mr. Brockman asks to be permitted to inform the Court fully as to a proposal made by the trustee of the A. Eugene Brockman Charitable Trust (the "AEBCT") to provide secured assets in a form that will obviate the Internal Revenue Service's purported need for a jeopardy assessment and jeopardy levy.[1]  The government opposes this motion.

---

[1] IRC § 7429(b)(3) sets a time limit by which the District Court is to make a determination as whether to abate a jeopardy assessment and release a jeopardy lien.  This Court granted Mr.

On September 9, 2021, the Internal Revenue Service made a jeopardy assessment and issued a jeopardy levy against Mr. Brockman, and began to seize his assets and assets belonging to his wife, and to place liens on properties owned by him, his wife, and other third parties. Pursuant to § 7429(b) of Title 26, the Internal Revenue Code ("IRC"), Mr. Brockman filed the Complaint in this action and his Motion for Determination, seeking abatement of the jeopardy assessment and release of the jeopardy levy. *See* Dkt. Nos. 1 and 10. The parties fully briefed the Motion for Determination, with Mr. Brockman filing his Reply in support thereof on February 7, 2022. *See* Dkt. Nos. 10, 21, and 35.

IRC § 6861(b) requires the IRS to issue a notice of deficiency setting out the asserted tax liability within 60 days of making a jeopardy assessment, which accords the taxpayer an opportunity to challenge the underlying tax liability in the United States Tax Court. Mr. Brockman filed a petition in the United States Tax Court captioned *Robert T. Brockman v. Commissioner*, Dkt. No. 764-22 (the "Tax Court Case"). The Tax Court has sole jurisdiction to determine any tax liability against Mr. Brockman.

The jeopardy assessment contends that Mr. Brockman owes $1,418,272,371.71 in tax, penalty, and interest. By letter to the IRS dated March 15, 2022, counsel for BCT Limited ("BCT"), the trustee for the AEBCT, set out a proposal to make $1,450,000,000 available in an account or accounts in the United States to pay any liability determined to

---

Brockman's unopposed motion to extend the time period as permitted by IRC § 7429(c) to March 21, 2022. Dkt. No. 36. Given the current deadline, Mr. Brockman is simultaneously filing his Supplemental Memorandum. The Supplemental Memorandum addresses the impact of the recent development of BCT's proposal on the current deadline. *See* Dkt. No. 38 at 8-9.

be owed by Mr. Brockman upon either the settlement or final appeal of the Tax Court Case ("BCT's Letter").[2]

Consideration of BCT's Letter is essential to the sole issue before this Court—whether the collection of any tax liability subsequently determined against Mr. Brockman will be jeopardized by delay. The proposed Supplemental Memorandum, the purpose of which is to bring BCT's Letter and its import to the Court's attention, will not cause an injustice or undue prejudice to the government. To the contrary, as the government agreed in its Opposition, in assessing the reasonableness of a jeopardy assessment and jeopardy levy, this Court "must also consider any subsequently available information that might impact the reasonableness of the determinations." *Burd v. United States*, 774 F.Supp. 903, 906 (D.N.J. 1991); *accord, e.g., Fumo v. United States*, No. 13-3313, 2014 U.S. Dist. LEXIS 77082, at *52 (E.D. Pa. 2014); *see* Dkt. No. 21 at 63.

BCT's Letter bears directly on the reasonableness of the jeopardy assessment and jeopardy levy. Indeed, it directly contradicts the government's position that the IRS's collection efforts against Mr. Brockman might be rendered "ineffective" or "jeopardized" by delay. *See* Dkt. No. 21 at 47.

Accordingly, it is reasonable and appropriate for the Court to grant Mr. Brockman leave to file the Supplemental Memorandum.

---

[2] A copy of BCT's March 15, 2022 letter from Mark A. Srere, counsel for BCT, to James Ashton, IRS Supervising Revenue Officer, and copied to counsel for the IRS and counsel for both parties in this action, among others, is attached as Ex. A to the March 18, 2022 Declaration of Kathryn Keneally ("Keneally March 18, 2022 Decl."), which is submitted in support of Mr. Brockman's Supplemental Memorandum and also relied on herein. *See* Dkt. No. 38-1. As set out in footnote 1, *supra*, Mr. Brockman is filing his Supplemental Memorandum simultaneously with this Motion for Leave to File.

## **CONCLUSION**

For the foregoing reasons, Mr. Brockman's motion for leave to file the Supplemental Memorandum should be granted.

| | |
|---|---|
| Dated: March 18, 2022 | */s/ Jason S. Varnado* |
| | Jason S. Varnado |
| | Texas Bar No. 24034722 |
| | SDTX Ad. ID No. 32166 |
| | Email: jvarnado@jonesday.com |
| | Julia N. Camp |
| | Texas Bar No. 24123598 |
| | SDTX Ad. ID No. 3688104 |
| | Email: juliacamp@jonesday.com |
| | JONES DAY |
| | 717 Texas, Suite 3300 |
| | Houston, TX  77002 |
| | Telephone: 832-239-3939 |
| | Facsimile: 832-239-3600 |
| | |
| | Kathryn Keneally (*Admitted Pro Hac Vice*) |
| | New York Bar No. 1866250 |
| | Email: kkeneally@jonesday.com |
| | Frank J. Jackson (*Admitted Pro Hac Vice*) |
| | New York Bar No. 2870251 |
| | Email: fjackson@jonesday.com |
| | Michael J. Scarduzio (*Admitted Pro Hac Vice*) |
| | New York Bar No. 5147186 |
| | Email: mscarduzio@jonesday.com |
| | Anthony J. DeRiso (*Admitted Pro Hac Vice*) |
| | New York Bar No. 5787312 |
| | Email: aderiso@jonesday.com |
| | JONES DAY |
| | 250 Vesey Street |
| | New York, NY 10281-1047 |
| | Telephone: 212-326-3939 |
| | Facsimile: 212-755-7306 |

- 5 -

        Irina K. Bleustein (*Admitted for Pro Hac Vice*)
        District of Columbia Bar No. 1044772
        Email: ibleustein@jonesday.com
        JONES DAY
        51 Louisiana Avenue, N.W.
        Washington, D.C. 20001-2113
        Telephone: 202-879-3450
        Facsimile: 202-626-1700

        *Attorneys for Plaintiff Robert T. Brockman*

- 6 -

## CERTIFICATE OF CONFERENCE

I certify that by conference call on March 16, 2022, and email on March 17, 2022, counsel for the government advised counsel for Mr. Brockman that the government opposes Plaintiff's Motion for Leave to File a Supplemental Brief (1) in Support of Motion for Determination on Complaint and for Judicial Review and Abatement of Jeopardy Assessment and Jeopardy Levy or (2) in the Alternative, for a Stay of IRS Collection.

/s/ *Kathryn Keneally*
Kathryn Keneally

- 7 -

## CERTIFICATE OF SERVICE

I certify that on the 18th day of March, 2022, I electronically served this document on all counsel of record.

/s/ *Michael J. Scarduzio*
Michael J. Scarduzio