UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT T. BROCKMAN, | § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:22-cv-00202-GCH |
| UNITED STATES OF AMERICA, | § § § | |
| Defendant. | § | |

**PLAINTIFF ROBERT T. BROCKMAN'S SUPPLEMENTAL MEMORANDUM (1) IN SUPPORT OF MOTION FOR DETERMINATION ON COMPLAINT FOR ABATEMENT OF JEOPARDY ASSESSMENT AND JEOPARDY LEVY OR <u>(2) IN THE ALTERNATIVE, FOR A STAY OF IRS COLLECTION</u>**

<u>**Expedited Time Limits Apply By Statute –** *See* **26 U.S.C. § 7429(b)(3)**</u>

# INTRODUCTION

The IRS made a jeopardy assessment and issued a jeopardy levy against Robert T. Brockman in September 2021, and has since seized millions of dollars from his and his wife's accounts, has had his retirement compensation paid directly to the IRS, and has placed liens on properties belonging to him, his wife, and other third parties—all in the absence of any judicial determination that any tax is due from Mr. Brockman. Subsequently, Mr. Brockman filed a petition in the United States Tax Court captioned *Robert T. Brockman v. Commissioner*, Dkt. No. 764-22 ("Tax Court Case"). The Tax Court has sole jurisdiction to determine any tax liability against Mr. Brockman.

The jeopardy assessment contends that Mr. Brockman owes $1,418,272,371.71 in tax, penalty, and interest. By letter to the IRS dated March 15, 2022, counsel for BCT Limited ("BCT"), the trustee of the A. Eugene Brockman Charitable Trust ("AEBCT" or "Trust"), set out a proposal to place $1,450,000,000 in an account or accounts in the United States to be available for any liability determined to be owed by Mr. Brockman upon either the settlement or final appeal of the Tax Court case ("BCT's Letter").[1]

As a result, the IRS has a ready source for full collection of any liability that may be determined against Mr. Brockman. No jeopardy exists, and the jeopardy assessment must be abated and the jeopardy levy released. In the alternative, and at a minimum, IRS collection should be stayed pending resolution of this matter.

---

[1] A copy of BCT's March 15, 2022 letter from Mark A. Srere, counsel for BCT, to James Ashton, IRS Supervising Revenue Officer, and copied to counsel for the IRS and counsel for both parties in this matter, among others, is attached as Ex. A to the March 18, 2022 Declaration of Kathryn Keneally ("Keneally March 18, 2022 Decl.").

- 1 -

# ARGUMENT

**I.     BCT's Proposal Ensures That The IRS's Ability To Collect Any Assessment Against Mr. Brockman Is Not Jeopardized.**

BCT's Letter to the IRS states:

> [T]he Trustee proposes, subject to, and expressly conditioned upon the prior approval of the Supreme Court of Bermuda, that the Trustee provide the IRS the following security against the claimed tax liabilities underlying its jeopardy assessment conditioned on the IRS's agreement not to place any liens against, or encumber in any way, other Trust assets and its abatement of the jeopardy assessment and release of the jeopardy levy:
>
> 1. The Trust will transfer all of the Trust's assets that are currently held by Bank Mirabaud in Switzerland (approximately $1.35 billion held in United States Treasury bills) to a Trust account to be created at one or more financial institutions located in the United States.[2]  In addition, it will procure a dividend of approximately $100 million from Reynolds and Reynolds to go to the account(s), to make a total of approximately $1,450,000,000 (together, the "Transferred Assets").
>
> 2. The Trustee will use some or all of the Transferred Assets to secure the amount claimed in the jeopardy assessment against Brockman. This can be accomplished, for example, by a lien in favor of the IRS against the Transferred Assets, a Control Agreement that covers the Transferred Assets, or a Standby Letter of Credit.  For the latter, the Trustee would obtain from one or more appropriately-rated U.S. banks of recognized national standing one or more Standby Letters of Credit in favor of the IRS in the amount of $1,450,000,000.  The Standby Letter or Letters of Credit would provide that the IRS may draw upon it for any unpaid liability (a) in the event of a final determination, including any appeal, of the pending United States Tax Court case filed by Brockman (Docket No. 764-22) (the "Case"), in the amount, if any determined to be due from Brockman to the IRS / United States Treasury, or (b) in the event of a final

---

[2] In a footnote, BCT's Letter adds: "The Trustee has already contacted several US financial institutions that would agree to open accounts should agreement be reached with the IRS. Keneally March 18, 2022 Decl. Ex. A at 2 n.1.

> settlement of the Case, in the amount, if any, determined thereunder to be due from Brockman to the IRS / United States Treasury.

Keneally March 18, 2022 Decl. Ex. A at 2.

BCT's Letter makes clear that BCT is making this proposal to protect the interests of the AEBCT and to address the impact that the pendency of the jeopardy assessment and jeopardy levy has had on the operations and charitable programs of the AEBCT.[3] Mr. Brockman has contended from the outset of the jeopardy assessment proceedings that collection of any potential tax liability was not in jeopardy because the Reynolds & Reynolds Company ("Reynolds & Reynolds"), an asset that the government contends is owned by Mr. Brockman, is located in the United States and valued well in excess of the purported liability assessed against Mr. Brockman.[4] *See* Dkt. Nos. 10 at 4, 19; 35 at 3, 24-25, Ex. 4 at 2. According to BCT, "the jeopardy assessment and related allegations have created a great deal of uncertainty about the Trust's substantial shareholding in

---

[3] BCT's counsel has expressly consented to the presentation of BCT's Letter to this Court. Counsel for the government has informed Mr. Brockman's counsel that the government will oppose this Court's consideration of BCT's Letter because BCT's Letter bears a legend stating that it is subject to Fed. R. Evid. 408. *See* Keneally March 18, 2022 Decl. Ex. A at 1. Under Rule 408, this legend would restrict the potential use of statements in BCT's Letter as an admission by BCT concerning any disputed claim in an action between BCT and the IRS. The legend has no bearing on this Court's consideration of the impact of BCT's Letter as to whether the IRS's jeopardy assessment and jeopardy levy are reasonable, or whether IRS collection actions should be stayed. *See* Fed. R. Evid. 408(b).

[4] Reynolds & Reynolds is indirectly owned by the AEBCT. It is the government's position that the AEBCT is a sham and that Mr. Brockman is the owner of its assets, allegations that Mr. Brockman has denied in this matter, in his plea to the indictment in *United States v. Brockman*, No. 4:21-cr-00009 (SDTX) (Hanks, J.), and in his petition in the Tax Court Case. It remains his position, however, that the government cannot have it both ways: it cannot simultaneously contend that he owns a multi-billion dollar asset that is located in the United States, and at the same time prevail in its contention that its ability to collect is in jeopardy. *See* Dkt. Nos. 10 at 19; 35, Ex. 4 at 2.

- 3 -

[Reynolds & Reynolds], an operating company based in the United States that employs more than 4,400 people and [is] currently worth in excess of $5 billion, and the annual dividend distributions attached to that shareholding." Keneally March 18, 2022 Decl. Ex. A at 1-2. BCT's Letter also states that the jeopardy assessment has given rise to "uncertainty with finding financial institutions willing to maintain custody of significant assets of the Trust," disrupting "the Trust's ability to meet existing charitable commitments and expand future charitable giving." *Id*. at 2.

In its Opposition, the government complained that "[t]o date, Brockman has not (i) pledged his [Reynolds & Reynolds] stock to the IRS, (ii) made any voluntary payments toward his $1.4 billion jeopardy assessments, or (iii) posted a bond as allowed under Section 6863(a) to stay the collection of the jeopardy assessments." Dkt. No. 21 at 69. BCT's Letter squarely accomplishes what the government appears to be seeking:

- the account or accounts will be located in the United States;
- the investments are already overwhelmingly in U.S. Treasury bills;
- the available funds will be sufficient to meet any liability that is determined to be due upon a final determination in the Tax Court Case or the settlement of that case; and
- BCT has already engaged in discussions with U.S. financial institutions that are willing to open the necessary accounts to implement its proposal.

Keneally March 18, 2022 Decl. Ex. A at 2 and n.1. Indeed, it is the government's position that the funds currently held by Bank Mirabaud are the proceeds of investments on which the government contends Mr. Brockman should have paid tax. Dkt. No. 21, Ex.

- 4 -

2 at 35. While Mr. Brockman disputes that he has any liability, if it is ultimately determined that he does, then the IRS would be able to look to the very funds that it claims gave rise to any liability.

BCT's Letter summarizes that the trustee, BCT, was appointed by the Court of Appeal for Bermuda as an independent trustee, "treating the Trust as a valid trust under Bermuda law and recognizing the Trustee as independent from Brockman," who is described in BCT's Letter as "merely a member of a class of discretionary beneficiaries none of whom have control over the Trust assets or the actions of the Trustee." Keneally March 18, 2022 Decl. Ex. A at 1. BCT's Letter continues: "Nor does Bermuda law regard the Trust as the *alter ego* of Brockman." *Id.* (emphasis in original). This is important: in essence, according to the Bermuda trustee, under Bermuda law, the government will face significant if not prohibitive barriers to the collection of offshore assets held by the AEBCT. In stark contrast, BCT's Letter proposes to relocate highly liquid, highly stable assets in the United States, which would be fully available to pay any liability that the IRS contends that it may someday seek to collect.

There is simply no basis for the IRS to continue with the jeopardy assessment, jeopardy levy, or ongoing collection actions under these circumstances.

**II.     The Jeopardy Assessment Must Be Abated And The Jeopardy Levy Released.**

BCT's Letter completely resolves any concern that the Court or the government may have as to whether collection will be in jeopardy: BCT will place sufficient assets, primarily in the form of U.S. Treasury bills, in a U.S. account, which will remain available to pay a tax liability, if any, that is finally determined against Mr. Brockman.

- 5 -

A jeopardy assessment is an "extraordinary" measure meant to be used "sparingly" and only in light of "exigent circumstances." *Fumo v. United States*, No. 13-3313, 2014 U.S. Dist. LEXIS 77082, at *45, *76 (E.D. Pa. 2014); *see Clark v. Campbell*, 501 F.2d 108, 110 (5th Cir. 1974) (describing a jeopardy assessment as "[a] weapon, little known and previously not too often employed, having atomic potentialities. . . ."). The IRS cannot sustain a jeopardy assessment when there are sufficient assets readily available to pay any potential tax liability. *See, e.g.*, *Fumo*, 2014 U.S. Dist. LEXIS 77082, at *97 (rejecting jeopardy when there are sufficient assets "to pay the assessed taxes if the Tax Court ultimately finds them due and owing").

The parties are in agreement that this Court should consider events that occurred after the issuance of the jeopardy assessment and jeopardy levy. *See* Dkt. Nos. 10 at 15 n.6; 21 at 63; *see also Burd v. United States*, 774 F. Supp. 903, 906 (D.N.J. 1991) ("In assessing the reasonableness of the IRS's actions, the Court is not limited to consideration of the information available to the IRS at the time of the assessment but must also consider any subsequently available information that might impact on the reasonableness of the determinations."); *Fumo*, 2014 U.S. Dist. LEXIS 77082, at *52 (same).

The proposal in BCT's Letter puts to rest any contention that the IRS's ability to collect may be in jeopardy. It is wholly determinative of the issues in the Complaint, and accordingly the jeopardy assessment should be abated and the jeopardy levy released.

### III. In The Alternative, This Court Should Stay Collection Actions By The IRS Pending A Final Determination Of This Matter.

While Mr. Brockman continues to assert that the jeopardy assessment and jeopardy levy against him were never reasonable, BCT's Letter presents a dispositive resolution: its offer to maintain assets in the United States that will remain available for the collection of any tax liability renders moot any contention that the IRS may proceed by jeopardy assessment and jeopardy levy.

Once set in motion, the steps to finalize the arrangements proposed by BCT's Letter will obviously take some time, and this delay will continue to impose unnecessary hardship on the Brockmans. To date, the IRS has seized funds from Mr. Brockman's accounts, as well as separate funds belonging to his wife. There is a lien on their former residence, as well as properties in Mr. Brockman's name, and other properties owned by his wife and other third parties. His monthly retirement compensation is being paid directly to the IRS.

Although these assets may amount to millions or even tens of millions of dollars, the IRS's current collection actions are not reasonably calculated to put a meaningful dent in the approximately $1.45 billion that it claims to be owed. The proposal in BCT's Letter, on the other hand, would allow for full collection of any liability that is ultimately determined to be due.

Under these circumstances, it is not reasonable for the IRS to continue its current collection actions.[5] It is Mr. Brockman's position, for the reasons set out in the

---

[5] In a meet and confer call on March 16, 2022 (one day after receiving BCT's Letter), counsel for

- 7 -

Complaint, his Motion for Determination, and his Reply in Support of the Motion for Determination, as well as the grounds set out in this Supplemental Memorandum, that the jeopardy assessment should be immediately abated and the jeopardy levy should be released. If in the alternative the Court is inclined to wait until the steps required for the implementation of the proposal in BCT's Letter are completed, Mr. Brockman asks that this Court stay collection actions in the interim.[1]

Section 7429(b)(3) of the Internal Revenue Code ("IRC") requires that the determination of whether to abate a jeopardy assessment and release a jeopardy levy must be made by the District Court "[w]ithin 20 days after a proceeding is commenced." IRC § 7429(c) provides that an extension of this 20-day period may be granted for up to 40 additional days, based solely on the request of the taxpayer upon a showing of reasonable grounds. This Court granted Mr. Brockman's unopposed motion to extend the time period by an additional 40 days, setting March 21, 2022, as the deadline for a determination. Dkt. No. 36.

These time limitations are intended to provide swift relief in light of the hardships faced by taxpayers as the result of an improper jeopardy assessment and collection actions by the IRS. *Vicknair v. United States*, 617 F.2d 1129, 1131 (5th Cir. 1980) (Congress authorized prompt review to "alleviate the severity" of jeopardy assessments and levies); *Clark*, 501 F.2d at 110, 121 (District Court's review provides the sole safeguard against the IRS's far-reaching power with respect to jeopardy assessments);

---

[1] Mr. Brockman asked counsel for the government to consider an interim stay of collection in this matter. This request was declined.

*Burd*, 774 F. Supp. at 905 ("Realizing the drastic nature of this proceeding, Congress concluded that the taxpayer should be able to obtain immediate judicial review of the propriety of the jeopardy assessment."). The statute cannot be read, however, to deprive the Court of the ability to grant relief after the expiration of the 60-day period. *Meadows v. United States*, 665 F.2d 1009, 1012 (11th Cir. 1982) (District Court does not lose jurisdiction for failure to comply with the statutory deadlines because Congress "has declared no consequence to the taxpayer or government should such a demand go unheeded."); *Hiley v. United States*, 807 F.2d 623, 627-28, n.7 (7th Cir. 1986) (IRC § 7429 deadlines are not "a limitation on the lower courts' jurisdiction."); *Fumo v. United States*, No. 2:13-cv-003313, Dkt. No. 8, *Court's Scheduling Order* (E.D. Pa. July 10, 2013) (granting a joint request to waive the statutory deadlines where the government agreed not to take any collection action during pendency of case).

IRC § 7429(b) provides this Court "broad discretion" in reviewing jeopardy assessment cases, allowing the Court to abate the jeopardy assessment, release the jeopardy lien, or "take such other action as the court finds appropriate." *Mrs. Phil. Home for Senior Citizens, Inc. v. United States*, No. 93-2355, 1993 U.S. Dist. LEXIS 19501, *4, 17 (D. Md. 1993); 26 U.S.C. § 7429(b)(4). Given that (i) Reynolds & Reynolds, an asset that the IRS contends is owned by Mr. Brockman, is located in the United States, and is worth a multiple of the potential liability at issue; (ii) there is a dearth of evidence that Mr. Brockman is "designing quickly" to move assets beyond the reach of the government, and (iii) BCT's Letter proposes to provide a secured interest in liquid assets that will be located in the United States in an amount sufficient to cover any potential

- 9 -

liability, it is unreasonable to deprive Mr. Brockman of his retirement pay, or to prevent Mrs. Brockman from selling a residence that the Brockmans left over one year ago, as the IRS is currently doing.  At a minimum, collection should be stayed and the Brockmans should be permitted to go about their daily lives, subject to the final resolution of this matter.

## **CONCLUSION**

BCT's Letter conclusively resolves that the government cannot meet its burden to show that the IRS's jeopardy assessment and jeopardy levy are reasonable.  There is a complete absence of evidence that Mr. Brockman was or appeared to be "designing quickly" to move property beyond the reach of the government.  No exigency exists under IRC §§ 6861(a) and 6331(a) and Treasury Regulation § 301.6861-1(a).  Nor is there any risk that the IRS would be unable to collect any liability without a jeopardy assessment.  Accordingly, the jeopardy assessment should be abated and the jeopardy levy released.  In the alternative, and at a minimum, IRS collection actions should be stayed.

Dated:  March 18, 2022

Respectfully submitted,

*/s/ Jason S. Varnado*
Jason S. Varnado
Texas Bar No. 24034722
SDTX Ad. ID No. 32166
Email: jvarnado@jonesday.com
Julia N. Camp
Texas Bar No. 24123598
SDTX Ad. ID No. 3688104
Email: juliacamp@jonesday.com
JONES DAY
717 Texas, Suite 3300

Houston, TX 77002
Telephone: 832-239-3939
Facsimile: 832-239-3600

Kathryn Keneally (*Admitted Pro Hac Vice*)
New York Bar No. 1866250
Email: kkeneally@jonesday.com
Frank J. Jackson (*Admitted Pro Hac Vice*)
New York Bar No. 2870251
Email: fjackson@jonesday.com
Michael J. Scarduzio (*Admitted Pro Hac Vice*)
New York Bar No. 5147186
Email: mscarduzio@jonesday.com
Anthony J. DeRiso (*Admitted Pro Hac Vice*)
New York Bar No. 5787312
Email: aderiso@jonesday.com
JONES DAY
250 Vesey Street
New York, NY 10281-1047
Telephone: 212-326-3939
Facsimile: 212-755-7306

Irina K. Bleustein (*Admitted Pro Hac Vice*)
District of Columbia Bar No. 1044772
Email: ibleustein@jonesday.com
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone: 202-879-3450
Facsimile: 202-626-1700

*Attorneys for Plaintiff*
*Robert T. Brockman*

## CERTIFICATE OF CONFERENCE

I certify that by email exchange on March 15 and 17, 2022, and by conference call on March 16, 2022, counsel for parties met and conferred, and the government advised counsel for Mr. Brockman that the government opposes placing BCT's Letter in the record and opposes Mr. Brockman's request to stay collection.

/s/ *Kathryn Keneally*
Kathryn Keneally

- 13 -

## CERTIFICATE OF SERVICE

I certify that on the 18th day of March, 2022, I electronically served this document on all counsel of record.

*/s/ Michael J. Scarduzio*  
Michael J. Scarduzio