UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT T. BROCKMAN, | § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:22-cv-00202-GCH |
| UNITED STATES OF AMERICA, | § § § | |
| Defendant. | § § | |

## MARCH 18, 2022 DECLARATION OF KATHRYN KENEALLY

I, Kathryn Keneally, declare as follows:

1. I am a member of the bar of the State of New York, the United States Supreme Court, and various other federal courts. I am a partner of the law firm Jones Day, counsel for Plaintiff Robert T. Brockman. I make this Declaration in support of Plaintiff Robert T. Brockman's Supplemental Memorandum (1) in Support of Motion for Determination on Complaint and for Judicial Review and Abatement of Jeopardy Assessment and Jeopardy Levy or (2) in the Alternative, for a Stay of IRS Collection.

2. Attached hereto as Exhibit A is a copy of a letter dated March 15, 2022 from Mark A. Srere, counsel to BCT Limited, to IRS Supervising Revenue Officer James Ashton, and copied to counsel for the IRS and counsel for both parties in this matter, among others.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in New York, New York on March 18, 2022.

>	/s/ *Kathryn Keneally*
>	Kathryn Keneally

# EXHIBIT A



BRYAN CAVE LEIGHTON PAISNER LLP
1155 F Street NW
Washington DC 20004 1357
T: +1 202 508 6000
F: +1 202 508 6200

www.bclplaw.com

Mark A. Srere
Partner
Direct: 202/508-6050
Fax: 202/220-7350
mark.srere@bclplaw.com

March 15, 2022

**Subject to Fed. R. Evid. 408**

**Via Federal Express**

James Ashton
Supervising Revenue Officer
Internal Revenue Service
8701 South Gessner
Mail Stop 5434HAL
Houston, TX  77074-2926

Re:   **Proposal in respect of security in connection with jeopardy assessment and levy against Robert T. Brockman**

Dear Mr. Ashton:

We represent BCT Limited, a Cayman Exempted Company incorporated with limited liability, the independent Trustee of the A. Eugene Brockman Charitable Trust (hereinafter "Trust"). The Trust is subject to the laws of Bermuda. The Trust provides significant annual charitable grants to a Texan educational institution for more than 140 qualified students as well as other grants for research in science and medicine.

We are writing in connection with a pending jeopardy assessment against Robert T. Brockman ("Brockman") and Brockman's pending appeal of that assessment in United States District Court. In connection with Brockman's appeal of the IRS jeopardy assessment, we understand that the IRS (through the Department of Justice) has asserted in legal papers filed in the United States District Court proceedings that the Trust is a sham entity used by Brockman and is pursuing the underlying assessment on that basis.

The Court of Appeal for Bermuda appointed BCT Limited as independent trustee, treating the Trust as a valid trust under Bermuda law and recognizing the Trustee as independent from Brockman. Moreover, in accordance with the terms of the Trust, Brockman is merely a member of a class of discretionary beneficiaries none of whom have control over the Trust assets or the actions of the Trustee. Nor does Bermuda law regard the Trust as the *alter ego* of Brockman.

Nevertheless, the jeopardy assessment and related allegations have created a great deal of uncertainty about the Trust's substantial shareholding in the Reynolds & Reynolds Company ("Reynolds & Reynolds"), an operating company based in the United States that employs more

James Ashton
March 15, 2022
Page 2



than 4,400 people and currently worth in excess of $5 billion, and the annual dividend distributions attached to that shareholding.

The jeopardy assessment, as well as criminal litigation initiated by the United States against Brockman, have given rise to challenges with the Trust exercising control over its financial accounts and uncertainty with finding financial institutions willing to maintain custody of significant assets of the Trust. These problems significantly disrupt the Trust's ability to meet existing charitable commitments and expand future charitable giving.

The Trustee believes it is in the best interests of the Trust to alleviate these adverse impacts on the Trust. Therefore, the Trustee proposes, subject to and expressly conditional upon the prior approval of the Supreme Court of Bermuda, that the Trustee provide the IRS the following security against the claimed tax liabilities underlying its jeopardy assessment conditioned on the IRS's agreement not to place any liens against, or encumber in any way, other Trust assets and its abatement of the jeopardy assessment and release of the jeopardy levy:

1. The Trustee will transfer all of the Trust's assets that are currently held by Bank Mirabaud in Switzerland (approximately $1.35 billion held in United States Treasury bills) to a Trust account to be created at one or more financial institutions located in the United States.[1] In addition, it will procure a dividend of approximately $100 million from Reynolds & Reynolds to go to the account(s), to make a total of approximately $1,450,000,000 (together, the "Transferred Assets").

2. The Trustee will use some or all of the Transferred Assets to secure the amount claimed in the jeopardy assessment against Brockman. This can be accomplished, for example, by a lien in favor of the IRS against the Transferred Assets, a Control Agreement that covers the Transferred Assets, or a Standby Letter of Credit. For the latter, the Trustee would obtain from one or more appropriately-rated U.S. banks of recognized national standing one or more Standby Letters of Credit in favor of the IRS in the amount of $1,450,000,000. The Standby Letter or Letters of Credit would provide that the IRS may draw upon it for any unpaid liability (a) in the event of a final determination, including any appeal, of the pending United States Tax Court case filed by Brockman (Docket No. 764-22) (the "Case"), in the amount, if any, determined to be due from Brockman to the IRS / United States Treasury, or (b) in the event of a final settlement of the Case, in the amount, if any, determined thereunder to be due from Brockman to the IRS / United States Treasury.

---

[1] The Trustee has already contacted several US financial institutions that would agree to open accounts should agreement be reached with the IRS.

James Ashton
March 15, 2022
Page 3



Assuming agreement is reached on this proposal, to ensure that the transfer of assets from Bank Mirabaud to financial institutions in the United States occurs in the most efficient and quickest manner, the IRS should notify Bank Mirabaud and the relevant Swiss courts and public prosecutors that the U.S. government agrees to the transfer of the Trust assets held by Bank Mirabaud to the financial institutions in the United States.

We attach a power of attorney (Form 2848) to this letter authorizing the undersigned and others to represent the Trust in connection with this proposal. We ask that you contact us by close of business, March 18, 2022, to advise of your availability to discuss this proposal further. We are available to meet immediately with the IRS representatives to agree on and draft a specific contractual document that the Trustee will present to the Supreme Court of Bermuda to request approval.

Yours sincerely,

*/s/ Mark A. Srere*

Mark A. Srere

cc:   Vincent C. Sandles, Revenue Officer (via Fax)
      William M. Paul, Principal Deputy Chief Counsel (via E-mail)
      Drita Tonuzi, Deputy Chief Counsel (via E-mail)
      Herbert W. Linder, Jonathan L. Blacker, John P. Nasta, Jr., Trial Attorneys, Tax
            Division, DOJ (via E-mail)
      Kathryn Keneally, Frank J. Jackson, Counsel for Robert T. Brockman
      Miriam L. Fisher, Counsel for Dorothy and Elizabeth Brockman (via E-mail)
      Tim Johnson, Nick Dickerson, Counsel for Reynolds & Reynolds (via E-mail)
      John Barrie, Bryan Cave Leighton Paisner LLP (via E-mail)