UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROBERT T. BROCKMAN, <br>     Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA <br>     Defendant. | Case No. 22-cv-00202 |

**UNIED STATES' RESPONSE IN OPPOSITION TO PLAINTIFF'S (I) MOTION FOR LEAVE TO FILE SUPPLEMENTAL MEMORANDUM AND (II) MEMORANDUM AND REQUEST FOR A STAY OF IRS COLLECTION**

The United States files this combined response to the Plaintiff, Robert T. Brockman's: (i) motion for leave to file a supplemental memorandum in support of his Motion for Determination on Complaint and for Judicial Review and Abatement of Jeopardy Assessment and Jeopardy Levy Pursuant to 26 U.S.C. § 7429, or, in the alternative, for a stay of IRS collection actions (Dkt. 37); and (ii) Supplemental Memorandum in the event that the Court considers it (Dkt. 38).

Brockman's 11th-hour motion for leave to file his Supplemental Memorandum is highly improper, prejudicial to the United States and should be denied. In it, Brockman draws the Court's attention to a March 15, 2022 letter (the "BCT Letter" – *see* Dkt. 38-1) to the IRS from counsel for BCT Limited ("BCT"), the alleged Trustee for the A. Eugene Brockman Charitable Trust (the "AEBCT" or "Trust"). The BCT Letter invites the IRS to engage in discussions regarding BCT potentially depositing funds into an account in the United States or alternatively providing letters of credit, to secure the collection of Brockman's tax liability while he contests it in the Tax Court. However, the BCT Letter

1

lacks specific and necessary details and acknowledges that its proposed ideas are "conditional" on the approval of the Supreme Court of Bermuda and Swiss authorities releasing funds the Swiss have frozen.

Astoundingly, based solely on BCT's invitation to the IRS for conditional discussions, Brockman contends this Court should rely on the BCT Letter to conclude that collection of his tax liabilities is not in jeopardy. More astounding, he also asks the Court to "stay" (enjoin) collection of his taxes while this Court considers his petition and while BCT negotiates with the IRS, Bermuda courts and Swiss authorities. Brockman is wrong. The BCT Letter is neither dispositive of the question of whether jeopardy exists, nor can it support the request to enjoin IRS collection.

## I. Brockman's motion for leave and his Supplemental Memorandum should be denied as prejudicial to the United States

Brockman's motion for leave to file his Supplemental Memorandum one business day before the Court is supposed to rule prejudices the United States. The United States does not have time to fully respond to Brockman's request for leave or the Supplemental Memorandum if leave is granted. In fact, BCT gave the IRS only *three days* to decide whether it wished to further discuss its proposal.[1] Brockman attempts to diminish prejudicial filing by intimating to the Court that it does not really need to rule within the 60-day statutory period as the Court will not lose jurisdiction over the case if it does not

---

[1] Although the United States may be willing to voluntarily discuss arrangements that might secure the collection of Brockman's tax liability, it should not have to forego its existing collection rights as a condition of those negotiations. As explained below, such an order would violate the Anti-Injunction Act.

rule during this time frame.² But in the same breath, Brockman suggests the Court should stay collection of his taxes for some unspecified period of time while it considers his petition challenging the jeopardy determination and while BCT negotiates with the IRS and awaits approval by a Bermuda court and the Swiss authorities.

Although Brockman phrases his request as a "stay" of collection and carefully avoids using "enjoin" or "injunction," any stay of collection would necessarily require an order **enjoining** the IRS from collecting the very tax liability for which it has made a jeopardy determination based on collection risk. As explained below, any such injunction is barred by the Anti-Injunction Act and Brockman's request should be denied. In any event, Brockman's last-minute request for a stay of collection is entirely untimely. Brockman did not request a stay or injunction regarding IRS collection in his complaint (Dkt. 1), motion for determination (Dkt. 10), reply to the United States' response (Dkt. 35), or even his motion for extension of time for the Court to rule (Dkt. 28). Instead, Brockman waited 60 days to raise this new argument. This new argument and accompanying request based on the BCT Letter should be denied.

## II. The BCT Letter does not resolve the issue of whether jeopardy exists

The BCT Letter does not resolve the United States' assertions that jeopardy exists. It is not dispositive as to the validity of the jeopardy assessment, and it is contrary to the purpose of a jeopardy assessment under I.R.C. § 6861 and the statutory bond requirements of IRC § 6863.

---

² *See* Dkt. 38, at pp. 8-9. The United States believes the Court is aware of its docket and the law.

### A. The BCT Letter does not resolve the United States' assertions relating to jeopardy

Brockman overstates the effect of the BCT Letter vis-à-vis whether jeopardy exists. At this point, no accounts have been opened, and neither Brockman nor his Trust have put *any* offshore funds into *any* domestic accounts to be used to secure the collection of his tax liabilities. Rather, Brockman and his Trust merely propose discussions relating to depositing funds into domestic accounts, or obtaining letters of credit after numerous conditions are met. Several of these conditions are well beyond the United States' control. The proposal is "expressly" conditioned on approval by the Bermuda Supreme Court[3] which in the past has been hostile to the Department of Justice.[4] The proposal also appears to require the release of funds frozen in Swiss accounts by the Swiss authorities, who may have its own claim to the funds. Simply put, the BCT Letter is not the statutory bond required by Section 6863 to stay collection of a jeopardy assessment. It is not even a signed agreement between the parties, or an unconditional offer to secure collection of Mr. Brockman's tax liabilities. It is merely a highly conditional invitation for further discussions.[5] As such, it does not relieve the United States' jeopardy assertions or meet any of the statutory requirements.

---

[3] *See* Dkt. 38-1, BCT Letter at pg. 2.
[4] *See* Dkt. 21 at pg. 72, citing to Gov. Ex. 27 at ¶¶ 42, 45-47, 49-53. The Bermuda Court appeared to chastise the former directors of Point Investments, who opposed the liquidation of Point Investments at the request United States Department of Justice, for cooperating and discussing the petition with the United States taxing authorities.
[5] *See* Dkt. 38-1, BCT's letter at pgs. 2-3.

4

Further, the terms of a bond to stay collection are at the discretion of the IRS District Director and in a form proscribed by the District Director. *See* 26 C.F.R. § 301.6863–1. 26 C.F.R. §§ 301.6863–1 and 301.7101–1 set forth the form of the bond and the sureties thereon to stay collection. Nothing in these Treasury Regulations allows for conditions such as approval by a foreign court, the deposit of funds only if certain conditions are met, or the abatement of the jeopardy assessment. The BCT Letter is not a bond or even a request for a bond. The BCT Letter does not moot the jeopardy or alleviate the collection concerns of the United States.

### B.   The BCT Letter does not moot the jeopardy assessment

The BCT Letter does not obviate the existence of jeopardy. Nor does it render the IRS's jeopardy assessment and levy against Brockman unreasonable under the circumstances. Instead, Brockman's attempted use of the BCT Letter is contrary to the very purpose of the jeopardy assessment under I.R.C. § 6861, as it requires significant delay, is conditional, and does not prevent his liquidation, dissipation or movement of assets beyond the reach of the United States.

Under Section 6861 and the applicable regulations, the IRS may bypass normal assessment and collection procedures in cases where it appears that collection may be rendered ineffective or "jeopardized" if collection efforts are "delayed." Congress created Section 6861 to allow assessment and collection in cases where more routine methods may be rendered ineffective or "jeopardized" if collection efforts are "delayed."

Brockman admits the BCT Letter will cause significant delay. He admits that, even assuming the IRS agrees to discuss the proposal, the "steps to finalize the

5

arrangements proposed by BCT's letter will obviously take some time."[6] Even beyond delay, the proposal could ultimately be denied by the Bermuda Supreme Court or the Swiss authorities. Yet, Brockman wants this Court to ignore the precise purpose of Section 6861 and the bond requirements of Section 6863(a),[7] and impose an injunction that will substantially delay collection by the IRS for some unknown amount of time while Brockman and his foreign entities are free to move, liquidate, and dissipate assets as the IRS hands are tied.

      **C.    The BCT Letter supports a finding of jeopardy**

Brockman contends that he can use the BCT Letter as a sword to prove that collection of his taxes is not in jeopardy while at the same time Fed. R. Evid. 408 restricts the potential use of statements in BCT's Letter as admissions by BCT concerning any disputed claim in an action between BCT and the IRS.[8] The United States seriously questions whether BCT is entitled to that protection given its relationship with Brockman and waiver considerations. However even if that is the case, Brockman is not entitled to restrict the letter from being used against him by the United States in this case to point out that the Trust the IRS claimed was his nominee is now offering to discuss (with conditions) ways to secure collection of his personal income tax liabilities of $1.45 billion.

Brockman cannot have it both ways – especially when he has submitted the letter as part of this Court's review of a jeopardy determination where the Rules of Evidence are not

---

[6] *See* Dkt. 38, at p. 8.
[7] If a taxpayer could defeat a jeopardy levy and assessment by merely sending a letter requesting discussions about a conditional proposal, there would be no need for judicial review under 26 U.S.C. § 7429(b), and the requirements for posting a bond under 26 U.S.C. § 6863(a) in order to stay collection of a jeopardy assessment would be rendered moot.
[8] *See* fn.3 of Dkt. 38, Supplemental Brief.

controlling. The BCT Letter and Brockman's Supplemental Memorandum demonstrate that Brockman continues to view and use his offshore entities as his own personal bank accounts. When Brockman wanted a yacht, he used $32.8 million from his offshore entity, Cabot Investments, to buy the 209 ft. Turmoil (renamed Albula).[9] When Brockman wanted real estate in Colorado, he caused the transfer of proceeds from his unreported income in Edge Investments and Cabot Investments into Regency Management to purchase and develop real estate in Colorado for his personal use.[10] Now, when Brockman needs funds to secure the collection of his personal taxes, he uses the Trust.

### III. Brockman's request to stay IRS collection violates the Anti-Injunction Act and I.R.C. § 6863(a)

Brockman's request to stay IRS collection of the jeopardy assessment based on the BCT Letter violates the Anti-injunction Act and the bond requirements under Section 6863. The Anti-Injunction Act provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person …." 26 U.S.C. § 7421(a). Section 7429(b) is the statutory exception to the Anti-Injunction Act that allowed Brockman to contest the jeopardy assessment in this Court. § 7421(a). However, the relief allowed under Section 7429 is limited to a prompt judicial review of the jeopardy determination and does not include a stay of collection pending the Court's decision – or pending negotiations over securing the collection. Instead, Section 6863

---

[9] *See* Dkt. 21, United States' brief at pgs. 30-34.
[10] *Id.* at pgs. 34-39.

provides the narrow grounds for any stay of collection of a jeopardy assessment. If Brockman wants to stay collection of the tax based on the jeopardy assessment, he must file a bond with the IRS in accordance with Section 6863(a). *See* 26 U.S.C. § 6863(a). See also, *Cohen v. United States*, 297 F.2d 760, 773-774 (9th Cir. 1962) (citing predecessor statute in 1939 Internal Revenue Code).

Section 6863(a) provides that upon the filing of a bond with the IRS collection will be stayed. However, no bond has been filed by Brockman, nor is the BCT Letter a bond. The BCT Letter is merely a proposal to engage in discussions. It is conditioned on (i) the approval of a foreign court, (ii) the IRS's agreement not to place any liens against, or encumber in any way, other Trust assets, (iii) the IRS's abatement of the jeopardy assessment, (iv) release of the jeopardy levy, and (v) release of the funds from a frozen Swiss bank account by the Swiss authorities.[11] Simply put, the BCT Letter is not the posting of a bond as required by 26 U.S.C. § 6863(a) to stay collection of a jeopardy assessment.

Moreover, even if Section 6863 did not confine the Court's ability to enjoin collection of jeopardy assessments, Brockman would still have to show ""sufficient grounds for equitable relief." *Elias v. Connett*, 908 F.2d 521, 523 (9th Cir. 1990). These grounds include (i) exceptional and extraordinary circumstances; (ii) that under no circumstances could the United States prevail upon its jeopardy assessment; and (iii) that he has no adequate remedy at law or that the IRS acted in bad faith.

---

[11] *See* Dkt. 38-1, pp. 2-3.

Brockman has not shown that the IRS's actions to obtain a jeopardy assessment were made in bad faith or that the assessment was done for a purpose other than to protect the revenue interests of the IRS. *See*, *Parenti v. Whinston*, 347 F.Supp. 471, 472 (E.D. Pa. 1972). *See also, Sherman v. Nash*, 488 F.2d 1081, 1084 (3d Cir. 1973). The court in *Parenti* followed the principles of *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7, (1962), to determine that a taxpayer must also present exceptional and extraordinary circumstances and show that the government has no chance of prevailing to enjoin collection of a jeopardy assessment. *Parenti v. Whinston*, 347 F.Supp. at 472. *See also, United States. v. Cooper*, 435 F.Supp. 3, 5 (D.D.C. 1976)(requiring same factors).

Brockman has not shown any exceptional and extraordinary circumstances, and he has not shown that under no circumstances could the government ultimately prevail on its claim. Finally, there is no showing or any evidence that the amounts of the jeopardy assessments are incorrect, as Brockman chose to challenge the amounts in Tax Court and not this Court.

Brockman cannot establish (and even failed to allege) that he lacks an adequate remedy at law. In fact, he has several remedies. Brockman filed this suit under Section 7429(b) to challenge the jeopardy assessment. Brockman is also challenging the IRS assessments in the United States Tax Court. Furthermore, Brockman can post a bond under Section 6863 or he could pay the tax liabilities and file a refund suit under 26 U.S.C. § 7422. When there is an adequate legal remedy there is no equity jurisdiction to circumvent the Anti-Injunction Act. *Bowers v. United States,* 423 F.2d 1207, 1208 (5th Cir. 1970).

Brockman also failed to allege or establish that he will suffer irreparable injury. Brockman alleges that it is "unreasonable to deprive Mr. Brockman of his retirement pay or to prevent Mrs. Brockman from selling a residence."[12] Brockman further states they should be permitted to go about their daily lives subject to the final resolution of this matter. These are not irreparable injuries. Mere financial hardship is insufficient to allege irreparable injury. *Bob Jones University v. Simon*, 416 U.S. 725, 745-748 (1974). Moreover, nothing is preventing the Brockmans from going about their daily lives.

Based on the foregoing the Court should deny the relief sought by Brockman.

---

[12] *See* Dkt. 38, p. 10.

Dated: March 21, 2022

By:

DAVID A. HUBBERT
Deputy Assistant Attorney General

/s/ Herbert W. Linder
HERBERT W. LINDER
Ohio Bar No. 0065446
JONATHAN L. BLACKER
State Bar No. 00796215
JOHN P. NASTA, Jr.
Florida Bar No. 1004432
Attorneys, Tax Division
Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas  75201
(214) 880-9754
(214) 880-9774 (facsimile)
Herbert.W.Linder@usdoj.gov
Jonathan.blacker2@usdoj.gov
John.nasta@usdoj.gov

ATTORNEYS FOR UNITED STATES

## **CERTIFICATE OF SERVICE**

I certify that on March 21, 2022, I filed the foregoing document by electronic means on all parties who have entered an appearance through the Court's ECF system, including the following:

Jason S. Varnado
Julia N. Camp
Kathryn Keneally
Frank J. Jackson
Michael J. Scarduzio
Anthony J. DeRiso
Irina K. Bleustein
JONES DAY
717 Texas, Suite 3300
Houston, Texas 77002
Attorneys for Plaintiff

/s/ Herbert W. Linder
HERBERT W. LINDER
