# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT T. BROCKMAN, | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 22-cv-00202 |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| Defendant. | ) | |

### UNITED STATES' ANSWER TO COMPLAINT

Defendant, the United States of America, by and through its undersigned attorneys, responds to Plaintiff Robert T. Brockman's Complaint[1] as follows:

1. Admits the allegation in paragraph 1 of the Complaint that Brockman brought a civil action against the United States but denies IRS Jeopardy assessments and levies were unreasonable.

2. Denies that the allegations in paragraph 2 of the Plaintiff's Complaint are a complete and accurate statement of provisions of 26 U.S.C. § 7429(b)(3) or the courts' interpretation of that statute.

3. Admits that it has the burden of proof to sustain the jeopardy assessment and levy should be sustained by the Court, but denies that the allegations in paragraph 3 and footnote 2 of the Plaintiff's Complaint are a complete and accurate statement of provisions of 26 U.S.C. §§ 6862(b) or 7429(g)(1) or the courts' interpretation of those statutes.  The United States admits the facts in the first and third sentences in footnote 2 of paragraph 3, and is without knowledge as

---

[1] This Answer is being filed to prevent any argument for default under Fed. Civ. P. 12 and 55. It is not intended to change or conflict with any position taken in the United States' previous pleadings in this case.

to the truth of the allegations in the fourth sentence of footnote 2 of paragraph 3. Denies the remaining factual allegations contained in footnote 2 of paragraph 3 of the Plaintiff's complaint for lack of knowledge.

4.       Denies that the allegations in paragraph 4 of the Plaintiff's Complaint are a complete and accurate statement of provisions of 26 U.S.C. § 6861(a) or the courts' interpretation of that statute.

5.       Denies that the allegations in paragraph 5 of the Plaintiff's Complaint are a complete and accurate statement of provisions of 26 U.S.C. § 6331(a) or the courts' interpretation of that statute.

6.       Denies the allegations contained in paragraph 6 of Plaintiff's Complaint.  The United States alleges that on September 9, 2021, Brockman was personally served with the IRS Letter 1584, Notice of Jeopardy Assessment and Rights to Appeal, setting forth the assessments for his income tax liabilities, fraud penalties, and interest totaling $1,418,272,371.71 for the 2004-2007, 2010, 2012-2018.

7.       Admits the allegations in paragraph 7, but avers that in making a *de novo* determination of the reasonableness of the jeopardy assessment and levy, the Court may also consider facts and information gathered after the IRS made its determination and assessment.

8.       Admit.

9.       Denies that the allegations in paragraph 9 of the Plaintiff's Complaint are a complete and accurate statement of provisions of 26 U.S.C. §§ 6213, 6320, and 6330, the Treasury Regulations §§ 601.105(b)(4) and 601.106(b), or the courts' interpretation of those statutes and regulations. In any case, 26 U.S.C. § 6861 provides that the Secretary can make an immediate assessment, notwithstanding the provisions of section 6213(a).

10.     Denies that the allegations in paragraph 10 of the Plaintiff's Complaint are a complete and accurate statement of provisions of 26 U.S.C. §§ 6861(a) and 6331(a) or the courts' interpretation of those statutes.  The circumstances are not narrowly defined in section 6861 or 6331, nor are they defined as extraordinary.

11.     Denies that the allegations in paragraph 11 of the Plaintiff's Complaint are a complete and accurate statement of provisions of 26 C.F.R. § 301.6861 or the courts' interpretation of that regulation.

12.     Admits that the IRS Jeopardy Report relied on the condition set out in Treasury Regulation § 1.6851-1(a)(1)(ii). Denies the remaining allegations in paragraph 12 and any inference that the Court's determination is limited to that ground.

13.     Denies the allegations in paragraph 13.

14.     Denies the allegations of paragraph 14.

15.     Denies the argument alleged in paragraph 15 of Plaintiff's Complaint.  To the extent the paragraph alleges facts, they are denied as being incomplete or inaccurate.

16.     Denies that the IRS bases the jeopardy assessment on only the three allegations listed in paragraph 16 of Plaintiff's Complaint.  Additionally, the Court can consider information arising after the IRS made its determination and assessment.

        a)      Denies the allegations in in paragraph 16(a) of Plaintiff's Complaint that the real estate transfers described do not support the jeopardy assessment or suggest that Brockman is acting to move his assets outside the reach of the IRS.

        b)      Denies the allegations in in paragraph 16(b) of Plaintiff's Complaint that the Bermudian litigation does not support the jeopardy assessment or suggest that Brockman is acting to move his assets outside the reach of the IRS.

c)      Denies the allegations in in paragraph 16(c) of Plaintiff's Complaint that the

indictment of Brockman does not support the jeopardy assessment or suggest that

Brockman is acting to move his assets outside the reach of the IRS. While Brockman has

not been tried for the crimes in the indictment, the United States denies the

characterization of those allegations as "wholly unproven."

17.     Admit.

18.     Admit.

19.     Admits that IRS is a part of the Department of Treasury which is within the executive

branch of the United States government, but denies the remaining allegations contained in

paragraph 19 of the Complaint.

20.     Admit.

21.     Admit.

22.     Denies the allegations in paragraph 22.

23.     Admits

24.     Denies the factual allegations and the Plaintiff's characterization of contacts with the IRS

and lacks knowledge as to the specific dates listed by the Plaintiff.  The United States avers that

the Plaintiff admits in paragraph 20 that he has "exhausted all administrative remedies" giving

this Court jurisdiction over this matter.  The United States admits the IRS has begun collection

activity but denies the remaining allegations.

25.     Admit.

26.     Admit.

27.     Admits the allegations of paragraph 27 of Plaintiff's Complaint.

28.     Admits that allegations similar to those in paragraph 28 are included in the Jeopardy Report. Denies that the allegations in paragraph 28 are the only evidence in the Jeopardy Report that supports the assessment.  The Court may also consider information that arose after the IRS made its determination to sustain the jeopardy assessment and levy.

29.     Admits that Brockman denies he failed to report income or owes additional tax. Denies that those representations are correct.

30.     Admits that the United States does not contend that Brockman is designing to depart the United States or conceal himself. Lacks knowledge as to whether the United States cannot do so.

31.     Admits that Brockman was released on bond and surrendered his passport.

32.     Lacks knowledge as to the allegations contained in paragraph 32 of Plaintiff's Complaint.

33.     Lacks knowledge as to the allegations contained in paragraph 33 of Plaintiff's Complaint. The United States asserts that this is a contested issue in the case of *United States v. Brockman*, No. 4:21-cr-00009 and not a matter for this proceeding to determine.

34.     Lacks knowledge as to the allegations contained in paragraph 34 of Plaintiff's Complaint.

35.     Lacks knowledge as to the allegations contained in paragraph 35 of Plaintiff's Complaint. The United States asserts that this is a contested issue in the case of *United States v. Brockman*, No. 4:21-cr-00009 and not a matter for this proceeding to determine.

36.     Lacks knowledge as to the allegations contained in paragraph 36 of Plaintiff's Complaint.

37.     Admits that Brockman's competency is at issue in *United States v. Brockman*, No. 4:21-cr-00009 (S.D. Tex.).  The United States denies that Brockman lacks competency.  The United States further objects to Brockman's attempt to generally incorporate by reference all of the evidence presented on his behalf in the competency proceedings in his criminal case as

unspecified or unstated allegations in his Complaint in this civil case.  Absent specific allegations in the Complaint in this civil case, no response is required in this Answer.  Further, in this proceeding the United States asserts that it is not relying on the "flight risk" prong discussed above to show that the jeopardy assessment and levy were reasonable under the circumstances.

38.     Admits that the United States does not contend that Brockman's financial solvency is imperiled. Lacks knowledge as to whether the United States cannot do so.

39.     Denies that the allegations in paragraph 39 of the Plaintiff's Complaint are a complete and accurate statement of provisions of 26 C.F.R.. § 1.6851-1 or the courts' interpretation of the regulation.

40.     Denies that the allegations in paragraph 40 of the Plaintiff's Complaint are a complete and accurate statement of provisions of Internal Revenue Manual Section 5.17.15.2.1(3).  Denies that the IRM is the law or gives Brockman any legal rights. Lacks knowledge as to the remaining allegations.

41.     Denies the Plaintiff's argument in paragraph 41 of the Complaint.  To the extent the paragraph alleges facts, the allegations in the first, sixth and seventh sentences as well as footnote 3 are denied as being incomplete or inaccurate.

42.     Admits the allegations in paragraph 42 of the Complaint.

43.      Lacks knowledge as to the allegations contained in paragraph 43 of Plaintiff's Complaint.

44.     Denies the allegations contained in paragraph 44 of Plaintiff's Complaint.

45.     Admits that portions of the real estate transactions listed in paragraph 45 were publicly recorded. Denies that public recordation of the transaction prevents the sale from being an

attempt to move assets beyond the reach of the United States.  Asserts that all facts regarding the real estate transactions were not publicly recorded.

46.      Denies the allegations contained in paragraph 46 of Plaintiff's Complaint.

47.      Denies the allegations of paragraph 47 of the Plaintiff's Complaint. Denies that Brockman must place assets beyond the reach of the United States before a jeopardy assessment can be made.

48.      Admit.

49.      Lacks knowledge as to the exchange of stock for Robert Brockman's interest in the home. Admits that a deed was filed.

50.      Admits that the Brockmans moved in 2021. Admits that the property was listed on the MLS. Denies the remaining allegations of paragraph 50.

51.      Admits that the listing of the property for sale is open to the public. Denies that public listing prevents the sale from being an attempt to move assets beyond the reach of the United States.  Denies remaining allegations.

52.      Denies the allegations contained in paragraph 52 of Plaintiff's Complaint.

53.      Denies the allegations contained in paragraph 53 of Plaintiff's Complaint.

54.      Denies the allegations of paragraph 54 of the Plaintiff's Complaint.

55.      Denies that the sale was "In connection with [Dorothy Brockman's] move." Admits the remaining allegations of paragraph 55 of the Plaintiff's Complaint.

56.       Admits that the sale of the property was open to the public.  Denies remaining allegations in paragraph 56 of Plaintiff's Complaint.  Denies that a sale being public prevents the sale from being an attempt to move assets beyond the reach of the United States.

57.      Denies the allegations of paragraph 57 of the Plaintiff's Complaint.

58.    Admit.

59.    Lacks knowledge regarding whether there was an exchange. Admits that portions of the transaction were recorded in the public records.

60.    Lacks knowledge regarding the allegations in paragraph 60 of the Plaintiff's Complaint.

61.    Lacks knowledge regarding the allegations in paragraph 61 of the Plaintiff's Complaint.

62.    Lacks knowledge regarding the allegations in paragraph 62 of the Plaintiff's Complaint.

63.    Admits that Dorothy Brockman sold the property on May 14, 2021, the property was registered on the MLS, and that portions of the sale were publicly recorded.  Lacks knowledge regarding the remaining allegations of paragraph 63.

64.    Admits that the sale of the property was open to the public.  Denies the remaining allegations contained in paragraph 64 of Plaintiff's Complaint.  Denies that a sale being public prevents the sale from being an attempt to move assets beyond the reach of the United States.

65.    Denies the allegations of paragraph 65 of the Plaintiff's Complaint.

66.    Admits that Dorothy Brockman purchased the property. Denies that Robert Brockman had/has no interest in the property.

67.    Lacks knowledge regarding the allegations of paragraph 67 of the Plaintiff's Complaint.

68.    Admits that the property located at 3702 Inwood Drive was gifted to Elizabeth Brockman on November 12, 2020, and recorded in the Official Record of Harris County, Texas, denies the remaining allegations for lack of sufficient information.

69.    Denies the allegations of paragraph 69 of Plaintiff's Complaint.

70.    Lacks knowledge of the allegations in paragraph 70.

71.    Lacks knowledge of the allegations in paragraph 71.

72.    Denies the allegations in paragraph 72 if the Plaintiff's Complaint.

73.     Admits that the Jeopardy Report contends that the Brockmans were pursuing litigation in Bermuda to replace the trustees of the A. Eugene Brockman Charitable Trust. Denies the remaining allegations in paragraph 73.

      a)     Admits that Robert Brockman and Dorothy Brockman were not named parties to the cited case. Denies that this is the only relevant Bermudian Litigation.

      b)     Lacks knowledge regarding the allegations of subparagraph b of paragraph 73 of the Plaintiff's Complaint.

      c)     Admits that the Bermuda Courts made a ruling regarding the trustee of the A. Eugene Brockman Charitable Trust. Denies that the matter was "fully resolved in February 2021."

      d)     Admits.

      e)     Lacks knowledge of the allegations in subparagraph e of paragraph 73.

74.      Lacks knowledge regarding the allegations in paragraph 74.

75.     Lacks sufficient knowledge regarding the allegations contained in paragraph 75 of Plaintiff's Complaint.

76.     Admit.

77.     Lacks knowledge of the allegations in paragraph 77.

78.     Lacks knowledge of the allegations in paragraph 78.

79.     Admit.

80.     Denies the allegations in paragraph 80.

81.     Lacks knowledge of the allegations in paragraph 81.

82.     Denies the allegations in paragraph 82.

83.     Denies the allegations of paragraph 83.

84.     Admit.  The United States avers that the Court may also consider information that arose after the IRS  made its determination and assessment.

85.     Denies the allegations in paragraph 85.

86.     Admit.

87.     Admits that the jeopardy report and indictment assert that Robert Brockman is the true owner of AEBCT.  Further asserts that jeopardy report outlines the unreported income of Robert Brockman

88.     Admits that the indictment, as all indictments do, addresses only past conduct. Denies that this is not relevant to whether Brockman is involved in a scheme to place his assets beyond the reach of the United States.

89.     Admit.

90.     Admits that the jeopardy report recharacterizes a 2004 transaction and that Brockman denies it. Denies that it is unproven; the matter has not been decided by any court.

91.     Denies the allegations  in paragraph 91 of Plaintiff's Complaint.

92.      Lacks knowledge regarding the allegations contained in paragraph 92 of Plaintiff's Complaint.

93.     Admits that Mr. Brockman and Dorothy Brockman are beneficiaries of the AEBCT. Lacks knowledge regarding the remaining allegations contained in paragraph 93 of Plaintiff's Complaint

94.     Lacks knowledge regarding the allegations in paragraph 94.

95.     Lacks knowledge regarding the allegations in paragraph 95.

96.     Lacks knowledge regarding the allegations in paragraph 96.

97.     Denies the allegations in paragraph 97.

98.     Denies the allegations in paragraph 98.

99.      Lacks knowledge regarding the allegations in paragraph 99.

100.    Denies that the allegations in paragraph 100 are a complete and accurate statement of the law or the courts' interpretation of those statutes

101.    Admits.

102.    Admits.

103.    Admits that UCSH, DCS, and Reynolds are U.S. companies that should file U.S. tax returns and pay U.S. taxes.

104.    Denies for lack of knowledge regarding the allegations in paragraph 104 of Plaintiff's Complaint.

105.    Denies the allegations contained in paragraph 105 of Plaintiff's Complaint. .

106.    Admits that jeopardy report referenced a yacht known as Albula.  Denies the remaining allegations contained in paragraph 106 of Plaintiff's Complaint.

107.    Admits that the Jeopardy Report referenced the Mountain Queen property. Denies the remaining allegations contained in paragraph 107 of Plaintiff's Complaint.

108.    Admits that the Jeopardy Report referenced the Frying Pan Canyon Ranch property. Denies the remaining allegations contained in paragraph 108 of Plaintiff's Complaint.

109.     Denies the allegations contained in paragraph 109 of Plaintiff's Complaint.

110.    Admit that as U.S. entities Hardwicke and Red Plains should have filed returns.

111.     Denies the allegations contained in paragraph 111 of Plaintiff's Complaint.

112.    Denies the allegations in paragraph 112.

113.    Denies the allegations in paragraph 113.

114.    Admits that UCSH, DCS, and Reynolds are U.S. companies that should file U.S. tax returns. Denies the remaining allegations in paragraph 114.

115.    Paragraph 115 is not an allegation that requires a response. To the extent that one is required, the allegation is denied.

116.    Denies the allegations in paragraph 116.

117.    Denies the allegations in paragraph 117.

118.    Denies the allegations in paragraph 118.

119.    Denies the allegations in paragraph 119.

WHEREFORE all relief requested in Plaintiff's complaint should be denied.

DAVID A. HUBBERT
Deputy Assistant Attorney General


/s/ Herbert W. Linder
HERBERT W. LINDER
Ohio Bar No. 0065446
Jonathan L. Blacker
State Bar No. 00796215
John P. Nasta, Jr.
Florida Bar No. 1004432
Attorneys, Tax Division
Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas  75201
(214) 880-9754
(214) 880-9774 (facsimile)
Herbert.W.Linder@usdoj.gov
Jonathan.blacker2@usdoj.gov
John.nasta@usdoj.gov

ATTORNEYS FOR UNITED STATES

## <u>CERTIFICATE OF SERVICE</u>

I certify that on March 21, 2022, I filed the foregoing document by electronic means on all parties who have entered an appearance through the Court's ECF system, including the following:

Jason S. Varnado
Julia N. Camp
Kathryn Keneally
Frank J. Jackson
Michael J. Scarduzio
Anthony J. DeRiso
Irina K. Bleustein
JONES DAY
717 Texas, Suite 3300
Houston, Texas 77002
Attorneys for Plaintiff

/s/ Herbert W. Linder
HERBERT W. LINDER