# JONES DAY

717 TEXAS • SUITE 3300 • HOUSTON, TEXAS 77002.2712

TELEPHONE: +1.832.239.3939 • JONESDAY.COM

Direct Number: (832) 239-3694
jvarnado@jonesday.com

March 29, 2022

**VIA EMAIL**

The Honorable George C. Hanks, Jr.
United States District Court Judge, Southern District of Texas
ATTN: Byron Thomas, Case Manager
United States Courthouse
515 Rusk Street, Room 6202
Houston, TX 77002

  Re: *Robert T. Brockman v. United States*, 4:22-cv-00202-GCH

Dear Judge Hanks:

Plaintiff Robert T. Brockman submits this letter to request that the Court set a time for argument on Mr. Brockman's Motion for Determination on Complaint for Judicial Review and Abatement of Jeopardy Assessment and Jeopardy Levy Pursuant to 26 U.S.C. § 7429.

Section 7429(b)(3) of the Internal Revenue Code ("IRC"), Title 26, mandates expedited determination by the Court with regard to an IRS jeopardy assessment to provide swift relief to the hardships faced by taxpayers as the result of an improper jeopardy assessment and collection actions by the IRS. *See Vicknair v. United States*, 617 F.2d 1129, 1131 (5th Cir. 1980); *Clark v. Campbell*, 501 F.2d 108, 110, 121 (5th Cir. 1974); *see also* Dkt. No. 38 at 8-9.

The IRS is actively seizing and placing liens on assets belonging to Mr. Brockman, as well as assets belonging solely to his wife and other third parties, having emptied Dorothy Brockman's bank account only days ago. It is Mr. Brockman's position that no basis exists for the IRS's jeopardy assessment because (1) the government cannot meet its burden to show a reasonable basis for its contention that he is "designing quickly" to move assets outside the reach of the government, *see* 26 CFR § 301.6861-1(a); IRC § 7429(g)(1); and (2) there is no risk of jeopardy.

On this latter point, we note that by letter to the IRS dated March 15, 2022, BCT Limited ("BCT"), the trustee of the A. Eugene Brockman Charitable Trust, set out a proposal that would fully secure payment of any tax liability that may be determined to be owed by Mr. Brockman. *See* Dkt. No. 38-1, Ex. A. On March 25, the IRS declined to consider BCT's proposal, contending that "it does not comply with the requirements for posting a bond ...." On March 28, BCT responded to the IRS, specifically demonstrating that BCT's proposal meets the regulatory provisions for securing a tax liability. *See* IRC § 7101; 26 CFR § 301.7101-1(a)(1); Internal Revenue Manual 5.6.1.3.6.

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DETROIT
DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID • MELBOURNE
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • SAN DIEGO • SAN FRANCISCO
SÃO PAULO • SAUDI ARABIA • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

(Copies of the recent correspondence between the IRS and BCT are submitted herewith as Attachment A.) Also, as we previously set out, apart from BCT's recent proposal, there are sufficient assets available for any future collection, further refuting the government's assertion that the IRS needs to proceed by jeopardy assessment. *See* Dkt. Nos. 10 at 4; 35 at 24-25.

Counsel for Mr. Brockman conferred by email with counsel for the government, who responded that it remains the government's position that "the United States will not join this letter to the Court. The United States is not opposed to oral argument but … [is] not requesting it."

The submissions filed with the Court on this issue are:

**Dkt. No. 10:** Plaintiff's Motion for Determination on Complaint

**Dkt. No. 21:** United States' Opposition

**Dkt. No. 34:** Government's Notice of Correction to the Court

**Dkt. No. 35:** Plaintiff's Reply

**Dkt. No. 37:** Plaintiff's Motion for Leave to File a Supplemental Memorandum

**Dkt. No. 38:** Plaintiff's Supplemental Memorandum (1) in Support of Motion for Determination on Complaint for Abatement of Jeopardy Assessment and Jeopardy Levy or (2) in the Alternative, for a Stay of IRS Collection

**Dkt. No. 39**: United States' Response in Opposition to Plaintiff's (I) Motion for Leave to File Supplemental Memorandum and (II) Memorandum and Request for a Stay of IRS Collection

**Dkt. No. 41**: Plaintiff's Reply to United States' Response in Opposition to Plaintiff's (I) Motion for Leave to File Supplemental Memorandum and (II) Supplemental Memorandum For Determination of Abatement of Jeopardy Assessment and Levy or, in the Alternative, a Stay of IRS Collection

                                                Respectfully,

                                                /s/ *Jason S. Varnado*
                                                Jason S. Varnado
                                                *Counsel for Plaintiff Robert T. Brockman*

Cc:      All counsel

# ATTACHMENT A



BRYAN CAVE LEIGHTON PAISNER LLP
1155 F Street NW
Washington DC 20004 1357
T: +1 202 508 6000
F: +1 202 508 6200

www.bclplaw.com

Mark A. Srere
Partner
Direct: 202/508-6050
Fax: 202/220-7350
mark.srere@bclplaw.com

March 15, 2022

**Subject to Fed. R. Evid. 408**

**Via Federal Express**

James Ashton
Supervising Revenue Officer
Internal Revenue Service
8701 South Gessner
Mail Stop 5434HAL
Houston, TX  77074-2926

Re:   **Proposal in respect of security in connection with jeopardy assessment and levy against Robert T. Brockman**

Dear Mr. Ashton:

We represent BCT Limited, a Cayman Exempted Company incorporated with limited liability, the independent Trustee of the A. Eugene Brockman Charitable Trust (hereinafter "Trust"). The Trust is subject to the laws of Bermuda. The Trust provides significant annual charitable grants to a Texan educational institution for more than 140 qualified students as well as other grants for research in science and medicine.

We are writing in connection with a pending jeopardy assessment against Robert T. Brockman ("Brockman") and Brockman's pending appeal of that assessment in United States District Court. In connection with Brockman's appeal of the IRS jeopardy assessment, we understand that the IRS (through the Department of Justice) has asserted in legal papers filed in the United States District Court proceedings that the Trust is a sham entity used by Brockman and is pursuing the underlying assessment on that basis.

The Court of Appeal for Bermuda appointed BCT Limited as independent trustee, treating the Trust as a valid trust under Bermuda law and recognizing the Trustee as independent from Brockman. Moreover, in accordance with the terms of the Trust, Brockman is merely a member of a class of discretionary beneficiaries none of whom have control over the Trust assets or the actions of the Trustee. Nor does Bermuda law regard the Trust as the *alter ego* of Brockman.

Nevertheless, the jeopardy assessment and related allegations have created a great deal of uncertainty about the Trust's substantial shareholding in the Reynolds & Reynolds Company ("Reynolds & Reynolds"), an operating company based in the United States that employs more

James Ashton
March 15, 2022
Page 2



than 4,400 people and currently worth in excess of $5 billion, and the annual dividend distributions attached to that shareholding.

The jeopardy assessment, as well as criminal litigation initiated by the United States against Brockman, have given rise to challenges with the Trust exercising control over its financial accounts and uncertainty with finding financial institutions willing to maintain custody of significant assets of the Trust. These problems significantly disrupt the Trust's ability to meet existing charitable commitments and expand future charitable giving.

The Trustee believes it is in the best interests of the Trust to alleviate these adverse impacts on the Trust. Therefore, the Trustee proposes, subject to and expressly conditional upon the prior approval of the Supreme Court of Bermuda, that the Trustee provide the IRS the following security against the claimed tax liabilities underlying its jeopardy assessment conditioned on the IRS's agreement not to place any liens against, or encumber in any way, other Trust assets and its abatement of the jeopardy assessment and release of the jeopardy levy:

1. The Trustee will transfer all of the Trust's assets that are currently held by Bank Mirabaud in Switzerland (approximately $1.35 billion held in United States Treasury bills) to a Trust account to be created at one or more financial institutions located in the United States.[1] In addition, it will procure a dividend of approximately $100 million from Reynolds & Reynolds to go to the account(s), to make a total of approximately $1,450,000,000 (together, the "Transferred Assets").

2. The Trustee will use some or all of the Transferred Assets to secure the amount claimed in the jeopardy assessment against Brockman. This can be accomplished, for example, by a lien in favor of the IRS against the Transferred Assets, a Control Agreement that covers the Transferred Assets, or a Standby Letter of Credit. For the latter, the Trustee would obtain from one or more appropriately-rated U.S. banks of recognized national standing one or more Standby Letters of Credit in favor of the IRS in the amount of $1,450,000,000. The Standby Letter or Letters of Credit would provide that the IRS may draw upon it for any unpaid liability (a) in the event of a final determination, including any appeal, of the pending United States Tax Court case filed by Brockman (Docket No. 764-22) (the "Case"), in the amount, if any, determined to be due from Brockman to the IRS / United States Treasury, or (b) in the event of a final settlement of the Case, in the amount, if any, determined thereunder to be due from Brockman to the IRS / United States Treasury.

---

[1] The Trustee has already contacted several US financial institutions that would agree to open accounts should agreement be reached with the IRS.

James Ashton
March 15, 2022
Page 3



Assuming agreement is reached on this proposal, to ensure that the transfer of assets from Bank Mirabaud to financial institutions in the United States occurs in the most efficient and quickest manner, the IRS should notify Bank Mirabaud and the relevant Swiss courts and public prosecutors that the U.S. government agrees to the transfer of the Trust assets held by Bank Mirabaud to the financial institutions in the United States.

We attach a power of attorney (Form 2848) to this letter authorizing the undersigned and others to represent the Trust in connection with this proposal. We ask that you contact us by close of business, March 18, 2022, to advise of your availability to discuss this proposal further. We are available to meet immediately with the IRS representatives to agree on and draft a specific contractual document that the Trustee will present to the Supreme Court of Bermuda to request approval.

Yours sincerely,

*[signature]*

Mark A. Srere

cc: Vincent C. Sandles, Revenue Officer (via Fax)
    William M. Paul, Principal Deputy Chief Counsel (via E-mail)
    Drita Tonuzi, Deputy Chief Counsel (via E-mail)
    Herbert W. Linder, Jonathan L. Blacker, John P. Nasta, Jr., Trial Attorneys, Tax Division, DOJ (via E-mail)
    Kathryn Keneally, Frank J. Jackson, Counsel for Robert T. Brockman
    Miriam L. Fisher, Counsel for Dorothy and Elizabeth Brockman (via E-mail)
    Tim Johnson, Nick Dickerson, Counsel for Reynolds & Reynolds (via E-mail)
    John Barrie, Bryan Cave Leighton Paisner LLP (via E-mail)



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
8701 S. Gessner Rd.
Mail Stop 5434 HAL
Houston, TX 77074

March 25, 2022

<u>**Via Facsimile, Private Delivery Service**</u>

**SUBJECT TO F.R.E. 408**

Mark A. Srere
Bryan, Cave, Leighton, Paisner, LLP
1155 F Street NW
Washington, D.C. 20004
202-508-6050(O)
202-220-7350(F)

Reference:   Response to proposal in respect of security in connection with Jeopardy Levy and Assessment against Robert T. Brockman dated March 15, 2022.

Dear Mr. Srere:

We have received your letter dated March 15, 2022. We cannot accept your settlement proposal, as it does not comply with the requirements for posting a bond to stay Jeopardy Collection actions. I.R.C. § 6863 sets forth the procedures for posting a bond to stay Jeopardy collection actions (<u>See</u> also 26 C.F.R. § 301.6863-1; 26 C.F.R. § 301.7101-1). If your client posts a bond to stay Jeopardy collection actions pursuant to the requirements of I.R.C. § 6863 and applicable Treasury Regulations, please immediately let me know.

Sincerely,

By: _____
James T. Ashton
Supervisory Revenue Officer
Houston, TX
Internal Revenue Service

cc:   Drita Tonuzi
      Deputy Chief Counsel
      Office of Chief Counsel

2

Lewis A. Booth II
Associate Area Counsel
(Small Business/Self-Employed)
Office of Chief Counsel

Herbert W. Linder
Trial Attorney
Department of Justice

Jonathan L. Blacker
Trial Attorney
Department of Justice

John P. Nasta
Trial Attorney
Department of Justice



BRYAN CAVE LEIGHTON PAISNER LLP
1155 F Street NW
Washington DC 20004 1357
T: +1 202 508 6000
F: +1 202 508 6200
www.bclplaw.com

Mark A. Srere
Partner
Direct: 202/508-6050
Fax: 202/220-7350
mark.srere@bclplaw.com

March 28, 2022

**Subject to Fed. R. Evid. 408**

**Via Federal Express**

James T. Ashton
Supervisory Revenue Officer
Internal Revenue Service
8701 S. Gessner Road
Mail Stop 5434 HAL
Houston, TX 77074

Re: **IRS Response dated March 25, 2022 to A. Eugene Brockman Charitable Trust's ("Trust") March 15, 2022 Security Proposal With Respect To Jeopardy Levy and Assessment against Robert T. Brockman**

Dear Mr. Ashton:

We are deeply disappointed by your outright rejection of the proposal contained in our March 15 letter. Your letter suggests that IRC § 6863 provides the only method to secure the IRS in a jeopardy assessment. The statute, however, does not state that a bond is the exclusive way to assure the IRS that it has sufficient security so that it may stay a jeopardy assessment. In fact, the IRS is well aware of, and uses, two of the ways suggested in our proposal – giving the IRS a lien on a bank account or a Letter of Credit backed by a U.S. financial institution. In particular, IRM 5.6.1.3.6 provides that "A Letter of Credit (LOC) . . . is acceptable for: Releasing a levy . . . ." That provision then clearly states that letters of credit are not acceptable for bonds required by IRC §§ 6165 and 6166 (which do not apply here). The provision does not exempt bonds under IRC § 6863. Therefore, under the IRS's own guidance, the Letter of Credit offered by the Trust should suffice.

Even if the IRS does not want to accept a Letter of Credit, the Treasury Regulations cross-referenced in section 6863 demonstrate that the IRS has a great deal of discretion in determining the form of the security to accept. (See, e.g., IRC § 7101; Treas. Reg. §§ 301.7101-1(a)(1).) For example under Treasury Regulation § 301.7101-1(a), a bond can take any form prescribed by the IRS, so long as it has "satisfactory surety." A bond will have "satisfactory surety" if it "is secured by bonds or notes of the United States" or such other surety "acceptable in discretion" of the IRS. Treas Reg. §§ 301.7101-1(b)(1), (2). Here, the Trust has proposed the surety to consist primarily of U.S. Treasury bills. Clearly, our proposal meets at least the minimum required by current Treasury regulations and guidance.

James T. Ashton
March 28, 2022
Page 2



As shown above, the IRS has options available to be fully protected to its satisfaction in this matter. We continue to be of the view that the Trust's ability to make available liquid assets that are currently off-shore and are not otherwise available provides a unique opportunity in this matter.

We remain available and respectfully request the opportunity to meet with you for a constructive discussion of possible avenues for a resolution that satisfies both the IRS concerns and the concerns of BCT Limited, as independent Trustee of the Trust.

Yours sincerely,

Mark A. Srere

cc: Vincent C. Sandler, Revenue Officer (via Fax)
      Lewis A. Booth II (via Email)
      William M. Paul, Principal Deputy Chief Counsel (via Email)
      Drita Tonuzi, Deputy Chief Counsel (via Email)
      Herbert W. Linder, Jonathan L. Blacker, John P. Nasty, Jr.,
          Trial Attorneys, Tax Division, DOJ (via E-Mail)
      Kathryn Keneally, Frank J. Jackson, Counsel for Robert T. Brockman
      Miriam L. Fisher, Counsel for Dorothy and Elizabeth Brockman (via Email)
      Tim Johnson, Nick Dickerson, Counsel for Reynolds & Reynolds (via Email)
      John P. Barrie, Bryan Cave Leighton Paisner LLP (via Email)