```
 1                THE UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF TEXAS
 2                       HOUSTON DIVISION

 3                        *  *  *  *  *

 4  ROBERT T. BROCKMAN              *   NO. 4:22-CV-202
                                    *   Houston, Texas
 5  VS.                             *
                                    *   9:35 a.m. - 9:50 a.m.
 6  UNITED STATES OF AMERICA        *   June 28, 2011

 7                        *  *  *  *  *

 8                       STATUS CONFERENCE

 9         BEFORE THE HONORABLE GEORGE C. HANKS, JR.
                  UNITED STATES DISTRICT JUDGE
10
                          *  *  *  *  *
11

12

13

14

15

16

17

18

19

20

21

22

23

24    Proceedings recorded by electronic sound recording
         Transcript produced by transcription service
25
```

*GLR TRANSCRIBERS*
9251 Lynne Circle
Orange, Texas 77630 * 409-330-1610



GOVERNMENT EXHIBIT
Case No. 22-cv-00202
No. 48

```
 1  APPEARANCES:

 2  For the Plaintiff:

 3      MR. JASON VARNADO
        Jones Day
 4      717 Texas, Suite 3300
        Houston, Texas 77002
 5
        MS. KATHRYN KENEALLY
 6      MR. JAMES P. LOONAM
        Jones Day
 7      250 Vesey Street
        New York, NY 10281
 8
     For the Defendant:
 9
        MR. HERBERT W. LINDER
10      MR. JONATHAN L. BLACKER
        MR. JOHN P. NASTA, JR.
11      U.S. Department of Justice
        Tax Division
12      717 N. Harwood, Suite 400
        Dallas, TX 75201
13
        MR. COREY J. SMITH
14      MR. BORIS BOURGET
        U.S. Department of Justice
15      Tax Division
        150 M Street NE
16      Washington, DC 20002

17  Court Clerk:

18      BYRON THOMAS

19  Electronic Recorder:

20      ANTONIO B. BANDA

21

22

23

24

25
```

```
1              P R O C E E D I N G S
2            9:35 A.M. - JUNE 28, 2022
3         THE COURT:  The next matter is 4:22-CV-202,
4  Mr. Brockman vs. The Government.  And are the same
5  counsel going to argue that matter or do we have
6  different counsel?
7         MR. VARNADO:  It's the same counsel for
8  Mr. Brockman.  I say that briefly, Your Honor, just
9  for the ease of the record.  And my colleague, Kathy
10 Keneally, will largely take the lead on this one.  And
11 I'll let the Government choose.
12        THE COURT:  Okay.
13        MR. LINDER:  Good morning, Your Honor.  Herb
14 Linder, Jonathan Blacker, and John Nasta on behalf of
15 the United States in the civil case, Your Honor,
16 completely separate from the criminal case.
17        THE COURT:  Good morning.
18             Well, thank you all for being here.  I
19 wanted to go ahead and get both of these matters in
20 this morning.  And thank you for the status report
21 because I wanted to make sure and find out sort of
22 where you all were with respect to the briefing.  From
23 what you provided me, everything is all set except for
24 the fact that there are -- well, everything except for
25 the Court to rule on the Motion for Determination of
```

1  the Complaint for Judicial Review; and except for
2  Docket Entry No. 17, which is the USA's Motion to
3  Extend the Page Limits; and then the Plaintiff's Motion
4  for Leave to File a Supplemental Memorandum.
5              And then the Plaintiff has also asked for
6  oral argument; is that correct?
7              MS. KENEALLY:  That is correct, Your Honor.
8              MR. LINDER:  Correct, Your Honor.
9              THE COURT:  So how soon can the parties finish
10 all the briefing for oral argument?  This is going to
11 be a priority on my docket.  So you tell me.
12             The Motion to Extend Page Limits is
13 granted.  The Motion to File Supplemental Memorandum, I
14 know that there was some opposition, but I believe that
15 all of those need to be handled at one time.  So I will
16 give Plaintiffs leave to file a supplemental memorandum.
17 And if the Government would wish to file anything else,
18 they can as well, and we'll get a schedule for that and
19 then we'll set this for oral argument as soon as the
20 parties are ready.  Then the Court will get a ruling to
21 you within not longer than two weeks after that oral
22 argument.  I'll have it back to you and ready to go.
23             MS. KENEALLY:  Your Honor, it's my
24 understanding -- Your Honor, thank you for -- good
25 morning, Your Honor.

1         THE COURT: Good morning.

2         MS. KENEALLY: Thank you for the rulings on
3 those two motions. Now, we filed the Motion for
4 Supplemental Memorandum, so the Court has that, and my
5 understanding is the Government responded from there.
6 So, on that motion, from at least the Plaintiff's point
7 of view, our understanding is that the parties wished
8 the Court to grant.

9         THE COURT: Yeah, the only reason why I
10 thought you might need the additional time is I knew
11 there was a negotiation looks like in late March, early
12 April, or mid-April on the topic, but I didn't know if
13 any of that needed to be included.

14         MS. KENEALLY: Your Honor, I can speak to
15 that. The Supplemental Memorandum discusses a letter
16 that was sent by [Jefferson] Trust offering to fully
17 secure the XXX by using XXX, and would be in a manner
18 that would fully secure XXX Enterprises. This is
19 something that might XXX the trust, too, because the
20 trust is potentially subject to exposure here in
21 regards to this issue to be put out XXX liability --

22         THE COURT: Right.

23         MS. KENEALLY: My understanding from counsel
24 for the trust, and I spoke with him yesterday, is, as
25 we say in our XXX brief, I have declined to engage in

1 further discussion in a one-paragraph letter that said
2 that we have obtained XXX.  The initial letter from the
3 trust counsel into question was that for the IRS to
4 assist because the funds are right now in a Swiss Bank.
5 And my understanding that the trust is XXX and there has
6 been some question about making sure that this trustee
7 has the authority to XXX of who the trustee is, that
8 that's been fully resolved, that that information has
9 been provided to XXX with the Court.
10             And the request that was made by the
11 trustee was to equip the transfer of that money to XXX.
12 In reference to that XXX, our understanding is that the
13 trustee is going to have to do everything he can to be
14 able to move the money here and XXX that the regulation
15 provides and therefore fully secure XXX.
16             So that's my understanding where it stands
17 at this point.
18             THE COURT:  Mr. Linder?
19             MR. LINDER:  Good morning, Your Honor.
20 That's not exactly accurate, Your Honor, in whole.  We
21 actually counseled with the trust in April, contacted
22 the IRS and we actually had a phone call meeting about
23 the requirements for posting a bond and how they would
24 post the bond.  So a transfer, we have not heard
25 anything from them.  We had about a half an hour, maybe

1 an hour discussion on the requirements for posting a
2 bond, how do you post a bond, what was maybe acceptable
3 to the IRS, if in fact it's at the IRS's discretion.
4 And we've heard nothing since.
5 　　　　　So that is not an option. No bond has
6 been posted. No one has contacted the IRS or the
7 counsel for the Government in this case since April.
8 I believe it was April 20th, right around the 20th.
9 That's over two months.
10 　　　　　In regard to the Swiss and the requirement
11 of the -- the request of the U.S. to intervene, I
12 believe the understanding of counsel for the Government
13 is that the funds in question are frozen by the Swiss
14 Government and the Swiss Government may have its own
15 claim. So it's inappropriate for us to respond and
16 request the Swiss Bank to do something to get the funds
17 that are frozen by the Swiss Government. So that is
18 our understanding and that's why [we're requesting] the
19 Government in this case not to be writing letters to
20 the Swiss -- if the Swiss matter is resolved with the
21 Swiss Government, I don't know why they would need a
22 letter or cooperation from our Government, from us in
23 this matter.
24 　　　　　So I believe the Swiss have no proceeding
25 against the funds that are over there. And if they

1 don't have the opportunity to get the funds over there,
2 I don't see what would prevent the trust from
3 transferring funds within the U.S.  They wouldn't need
4 a letter from us.  They need -- our involvement is
5 because the Swiss Government, I believe, has just
6 frozen the funds.  I don't know if that's all public,
7 but that is what our understanding of this is.
8             So, as of today's date, there's no
9 settlement.  There's no bond posted.  There's been no
10 discussions of any bond posted.  There's been no
11 transfer of any funds in the U.S. by the trust that
12 they have alerted us.  So the [question] is not stayed
13 under the statute and we've had no further discussions
14 that  on that, Your Honor.
15          THE COURT:  Okay.  Do you understand now
16 whether, you know, after the supplemental -- the
17 request had been filed, whether any other development --
18 and from the status of it, it seems like there hasn't
19 been anything done, there's no advance payment, nothing
20 has been done.  I just wanted to confirm that that was
21 the case still.
22             Ms. Keneally?
23          MS. KENEALLY:  Yes, that's correct, Your
24 Honor.  But I need to respond to Mr. Linder as to his
25 statement that what I said wasn't correct and clarify

1   some additional information.
2           And it may be that the answer here, given
3   that -- it may be the answer here is that we do in fact
4   need to do some supplemental addition to the Court with
5   information coming from somewhere, to the extent that I
6   can get that information. But Mr. Linder does not know
7   what counsel for the trust has been trying to
8   accomplish in communication.
9           It is correct that there was a letter from
10  the IRS to counsel for the trust that I've been made
11  aware of, but I don't have it. I haven't seen anything
12  then with a followup discussion. And then my
13  understanding is that in the absence of any XXX, that
14  counsel for the trust XXX done what it can in meeting
15  the request made by the Swiss Bank.
16          And I'm told that it's going to take time
17  and that it would move more quickly with the
18  communication to the Swiss Bank that the United States
19  Government doesn't object to the money XXX from the
20  Swiss Bank to the United States for the purpose of
21  posting a bond for securing the XXX trust. That's what
22  I understood, that things would move more quickly if
23  the IRS would cooperate in that in that regard.
24          Separately, I'm unaware of any action
25  taken by the Swiss Government and it's the intention of

1  the Swiss Government that that money cannot move in the
2  manner that XXX.  And I am unaware, based on
3  conversations I've had with counsel for the trust, that
4  they are unaware of that being a barrier.
5           There are two accounts, as I understand
6  it, in the same bank in Switzerland and there may be
7  some concern about the other account and the interest
8  with the other account.  As to this account, with these
9  funds, to the best of my understanding -- and we can
10 provide supplemental information to the Court to
11 confirm all this -- there's no barrier other than
12 satisfying the tax.  And I understand that there is no
13 objection by the United States to having those funds
14 because, in fact, the very XXX which the Government
15 contends taxes weren't paid, we XXX to secure any
16 potential tax owed.
17           So that is my best understanding and we
18 can supplement that request to have counsel to provide
19 information XXX.
20           THE COURT:  At this point -- I guess I'd like
21 to hear from you, but at this point, from reading the
22 briefing, it's basically nobody really knows what's
23 going on.  I mean, nobody has actually stated exactly
24 what's going to happen to these funds, can they be
25 transferred.  Is there any possibility you can just get

Case 4:22-cv-00202   Document 54-10   Filed on 07/22/22 in TXSD   Page 11 of 18

11

1  something from the Swiss Government stating what you
2  just said?  And if you can provide that to Mr. Linder,
3  would that take care of it?
4           MS. KENEALLY:  Your Honor, I don't know that I
5  have leanings to get anything from the Swiss Government.
6           THE COURT:  Then that's kind of the problem
7  because unless everybody knows that that can be done,
8  then Mr. Linder is in a position where he's just
9  basically taking everybody's word for it without having
10 anything to back it up.
11          MS. KENEALLY:  I can get information from the
12 trust, the trust counsel, that can spell out for
13 everyone the steps they are taking XXX, the advantage
14 if the IRS would cooperate in getting it here.  In
15 multiple conversations, there are no barriers presented
16 by Switzerland.  And they don't believe there are any
17 barriers by Switzerland.  The bank has not said that
18 there is a barrier, that the Swiss Government won't let
19 the money move.  Counsel to the parties of the account
20 says he's unaware of XXX from the account.  So I can
21 get that and provide that to the Court, and Mr. Linder
22 can respond appropriately.
23          THE COURT:  Well, here's what we'll do.  And
24 Mr. Linder, let me hear from you the last word.  But it
25 sounds like I have everything I need.  We just need to

*GLR TRANSCRIBERS*
9251 Lynne Circle
Orange, Texas 77630 * 409-330-1610

1  set this for oral argument and I can get an answer back
2  to you so that you can figure out what the next steps
3  you need to take in the tax court.  So, Mr. Linder,
4  I'll give you the last word, but then after that, I
5  think we'll set this.
6              I know that this matter can be handled on
7  the briefing alone.  There's no requirement for oral
8  argument or any sort of evidentiary hearing beyond
9  what's submitted.  But in light of the issues involved,
10 I'd like to go ahead and schedule oral argument and
11 give the parties a complete opportunity to argue the
12 matter and then make a decision so that you can both
13 figure out what to do next.
14              Mr. Linder?
15         MR. LINDER:  Thank you, Your Honor.  I believe
16 oral argument is the proper way to go at this point.
17 But if the Court wants, I don't think we need to wait
18 any further on what may or may not happen with this.
19 It's interesting that we've received no communication
20 or contact or a letter from the Swiss Bank -- from the
21 Swiss Bank saying you needed to write them a letter.
22              I can't speak technically if anybody was
23 communicating with the Swiss Government.  It should
24 be --
25         THE COURT:  Full investigation.

1          MR. LINDER:  -- full investigation.  Thank
2    you, Your Honor.  As to our understanding, we've
3    received no request or contact from the Swiss Bank that
4    they are waiting for the IRS.
5               In regards to the communications with the
6    trust, I was actually on a phone call meeting with the
7    trustee from -- or the counsel for the trustee and we
8    were discussing the bond.  In that discussion it was
9    never raised by -- it was never raised of an issue
10   moving from the Swiss -- or using a Swiss Bank account.
11   At that point it was more along the lines of how are
12   they going to post bond XXX credit.
13              But I don't think we need to wait on the
14   Swiss.  I think the Court can rule.  If the Court
15   rules in favor of the defendant -- or excuse me,
16   Mr. Brockman, the plaintiff in this case, then there
17   would be no need to further discuss.
18              If the Court rules in favor of the
19   Government, there's nothing preventing them from coming
20   in at a later date and negotiating with the Government
21   and try and post a bond or use the Swiss Bank to XXX
22   stay in Washington.  I mean, that's the law by the
23   statute.  And we XXX those discussions.
24              So I think at this point the United States
25   would like the Court to go forward and rule.

```
 1              THE COURT:  Does anyone have any -- oh, I'm
 2   sorry.
 3              MS. KENEALLY:  I know you said Mr. Linder gets
 4   the last word.  But he keeps talking about action by
 5   the Swiss Government and we are unaware of any action
 6   by the Swiss Government.  We are unaware of any
 7   restraint or XXX by Swiss Government in this account,
 8   and that that would be a communication between the two
 9   governments.
10              He keeps referring to this as if it's
11   there.  But we're unaware that it's there.  What we're
12   dealing with is the hesitancy of the Swiss Bank in the
13   middle of this dispute as a criminal tax case and the
14   rest of it.  And I agree, I have repeatedly asked for a
15   XXX, so I'm happy to have oral argument.  But I would
16   like a brief amount of time to supplement the rest of
17   the information that I've provided second-hand today.
18   If I can get that to the trust counsel so that the
19   record -- they are currently making to give the money
20   to the United States, we XXX what they need in order to
21   be able to post a bond to secure that XXX.  Because
22   they need the funds, we need the funds, and they are
23   trying to get that.
24              THE COURT:  Well, let's go ahead and just set
25   this for oral argument.  When can you get any
```

```
 1  supplemental information to me, Ms. Keneally?
 2             MS. KENEALLY:  I'm looking at my calendar.
 3  Would it have to be in the next week?
 4             THE COURT:  Oh, yes, that's not a problem, not
 5  a problem.  Next week is a short week because of the
 6  4th of July holiday.  So you probably need to take that
 7  into effect.  And then we can set it for oral argument
 8  the week after that.
 9             MS. KENEALLY:  I'm looking at my calendar.
10  Thank you for reminding me it's a short week.  So if we
11  get it to you the 15th.
12             THE COURT:  I'm sorry?
13             MS. KENEALLY:  The information to you by July
14  15th.
15             THE COURT:  Okay, by July 15th.
16             And Mr. Linder, would you like an
17  opportunity after that to provide any information or
18  respond?
19             MR. LINDER:  Yes, Your Honor, I would like to
20  reserve the right to respond to what they file with the
21  Court.  I think we could probably get response.  If
22  they're done by the 15th, we could probably briefly
23  respond within a week.
24             THE COURT:  Okay, great.  So you can get your
25  response on the 15th, and then any reply would be due
```

```
 1  by the 27th.  And I'll set it immediately for a hearing
 2  either -- the week of 27th or the following week, we'll
 3  set it for oral argument.  And then I will have an
 4  answer back to you within a week or two weeks.
 5              I've studied the materials.  I've read
 6  the cases you've cited.  I really want to look at the
 7  evidentiary argument -- the evidence -- look at it from
 8  an evidentiary standpoint from what you've presented.
 9  But I've got the briefing.  I just wanted to see what
10  additional arguments you have and then I can get a
11  ruling to you.
12          MR. LINDER:  Your Honor, again just for
13  clarification, I believe Ms. Keneally is going to
14  provide her additional information and respond on the
15  15th?
16          THE COURT:  Yes.
17          MR. LINDER:  You were going to respond by the
18  22nd?
19          THE COURT:  You said the 22nd, yeah.
20          MR. LINDER:  Yeah.  And then I guess we would
21  be doing oral arguments some time between 25th and 29th;
22  would that be --
23          THE COURT:  Yes, sir.
24          MR. LINDER:  Does the Court have a date in that
25  week?
```

```
 1                THE COURT:  Oh --
 2                MR. LINDER:  Just trying account for our
 3   travel.
 4                THE COURT:  Travel?  I will pick it.  I will
 5   get a date for you.  As soon as I can talk to my case
 6   manager, I'll get a date back to you right away so you
 7   will have a date certain for the hearing.
 8                MR. LINDER:  That's fine.
 9                THE COURT:  So you can plan.  Then I will get
10   an answer back to you literally within a week, no
11   longer than two weeks.  I will get an answer back to
12   you and you will be ready to go one way or the other.
13                MR. LINDER:  Thank you, Your Honor.
14                THE COURT:  Not a problem.
15                     Is there anything else that's pressing in
16   that case you need to talk about?
17                MS. KENEALLY:  No, Your Honor.
18                MR. LINDER:  Not that --
19                MS. KENEALLY:  Just to confirm, it will be in
20   person?
21                THE COURT:  Right, it will be in person.
22                MS. KENEALLY:  Excellent.  Thank you, Your
23   Honor.
24                THE COURT:  If there's nothing further, thank
25   you all for being available this morning for the
```

```
 1  hearing.  If anything comes up, Mr. Varnado, in your
 2  matter, let me know as soon as possible.  Mr. Smith, as
 3  well.  And Mr. Linder and Ms. Keneally,
 4              I look forward to your briefing in about a
 5  week or so, or two weeks.
 6              MR. LINDER:  Thank you, Your Honor.
 7              MS. KENEALLY:  Thank you, Your Honor.
 8              MR. SMITH:  Thank you, Your Honor.
 9              THE COURT:  Okay, thanks, everyone. And the
10  hearing is adjourned and we'll talk again soon.  Take
11  care.
12              ALL COUNSEL:  Thank you, Your Honor.
13              *[10:11 a.m. -- Proceedings adjourned]*
14
15                    C E R T I F I C A T I O N
16
17     I certify that the foregoing is a correct
18  transcript of the electronic sound recording of the
19  proceedings in the above-entitled matter.
20
21
22  /s/ Gwen Reed
23  7-1-22
24
25
```