UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT T. BROCKMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-00202-GCH |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

## DECLARATION OF DOROTHY K. BROCKMAN

I, Dorothy K. Brockman, declare as follows:

1.       I make this declaration in support of Plaintiff's Third Supplemental Memorandum in Support of Motion for Determination on Complaint for Judicial Review and Abatement of Jeopardy Assessment and Jeopardy Levy.

2.       I was married to Robert T. Brockman for 54 years, until his death on August 5, 2022.

3.       My husband was indicted in October 2020. After the indictment became public, we were contacted by Amegy Bank and were told that Amegy Bank planned to close all of my and my husband's accounts. As a result, my husband and I opened new accounts at Wallis Bank in Houston, Texas.

4.       Attached hereto as Exhibit 1 are redacted copies of the pages of the January 25, 2021 and February 24, 2021 bank statements for my account at Amegy Bank that show

- 1 -

the transfers of $1,000,000 and $10,000,000, respectively, into my personal account at Wallis Bank. [1]

5.      Attached hereto as Exhibit 2 is a redacted copy of the page of the February 10, 2021 bank statement for my account at Wallis Bank that shows the corresponding deposits of $1,000,000 and $10,000,000 from my account at Amegy Bank into my personal account at Wallis Bank.

6.      In total, my late husband and I opened six accounts at Wallis Bank. We opened four accounts in January 2021, which included a joint checking account and a joint money market account, and individual personal bank accounts in each of our names. A fifth account was subsequently opened in my husband's name to receive the proceeds from the sale of property identified as Lot 16, located in Rio Blanco County, Colorado. I also opened a sixth account in my name.

7.      Attached hereto as Exhibits 3 and 4 are redacted copies of letters dated March 24, 2022, addressed respectively to me and to my late husband from Wallis Bank, which in turn attach Internal Revenue Service Notices of Levy for the funds in our accounts. The redacted information includes the account numbers for all six of our accounts at Wallis Bank.

---

[1] Bank records and Internal Revenue Service documents submitted herewith have been redacted in compliance with Federal Rule of Civil Procedure 5.2, as well as to show only relevant transactions.

8.      Attached hereto as Exhibit 5 is a redacted copy of the page of the December 24, 2020 bank statement for my account at Amegy Bank that shows a deposit of $3,798,006.92 on December 11, 2020, in connection with the sale of the vacant lot that I solely owned at 335 West Friar Tuck Lane.

9.      Attached hereto as Exhibit 6 is a redacted copy of the page of the June 10, 2021 bank statement for my account at Wallis Bank, and a redacted copy of the page in that bank statement that shows a deposit of $1,202,598.58 on May 11, 2021, in connection with the sale of the townhouse that I solely owned at 1731 Sunset Boulevard.

10.     Attached hereto as Exhibit 7 is a copy of wire log details for a wire transfer on October 15, 2021, in connection with the sale of the Lot 16 Property, into an account in my husband's name at Wallis Bank. I understand that Exhibit 7 has previously been provided to the Court as Dkt. No. 55-1, Ex. B. To the best of my knowledge, the account into which these funds were deposited was set up specifically to receive the proceeds from the sale of the Lot 16 Property, and no withdrawals were made from that account until the account was seized by the IRS in May 2022.

11.     Attached hereto as Exhibit 8 is a communication dated July 26, 2021, received by my late husband and me from Wells Fargo Asset Management, notifying us that funds held by Wells Fargo Asset Management would be rebranded as Allspring Funds, and that we were required to close existing accounts with Wells Fargo Asset Management and transfer funds to Allspring Funds, which we did. The funds with Allspring Funds have decreased in value, but no withdrawals have been made, and the funds remain at Allspring today.

- 3 -

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Houston, Texas on August 12, 2022.

Dorothy K. Brockman

EXHIBIT 1



P.O. BOX 27459 • HOUSTON, TX 77227-7459

**21 CHARGES/DEBITS**

| Date | Amount | Description |
|---|---|---|
| 01/12 | 1,000,000.00 | WIRE/OUT-2021011200001856;BNF DOROTHY K BROCKMAN SEPARATE |
| 01/12 | 25.00 | WIRE TRANSACTION SERVICE FEE |

A division of Zions Bancorporation, N.A. Member FDIC  

0000397-0000002-0000903



February 24, 2021
DOROTHY K BROCKMAN

P.O. BOX 27459 • HOUSTON, TX 77227-7459

**16 CHARGES/DEBITS**

| Date | Amount | Description |
|------|--------|-------------|
| 02/05 | 10,000,000.00 | WIRE/OUT-2021020500005775;BNF DOROTHY K BROCKMAN;OBI REF SOL |
| 02/05 | 25.00 | WIRE TRANSACTION SERVICE FEE |

A division of Zions Bancorporation, N.A. Member FDIC

EXHIBIT 2



**RETURN SERVICE REQUESTED**

>000672 7035956 0001 092971 10Z

DOROTHY HAMMERS BROCKMAN
POD
333 W FRIAR TUCK LN
HOUSTON TX 77024-5741

*Statement Ending 02/10/2021*

DOROTHY HAMMERS BROCKMAN                         *Page 1 of 4*
Customer Number: ▮▮▮▮▮▮▮▮

## Managing Your Accounts

| | | |
|---|---|---|
| ✉ | Mailing Address | 2929 W Sam Houston Pkwy N Houston, TX 77043-1644 |
| ☐ | Phone Number | 713-580-9900 or 844-972-4636 |
| ☐ | 24-Hour Helpline | 877-972-2255 |
| ☐ | Website | www.wallisbank.com |

## *Summary of Accounts*

## SOLE AND SEPARATE PROPERTY

### Account Summary

| Date | Description | Amount |
|---|---|---|
| 01/09/2021 | Beginning Balance | $0.00 |
| | 2 Credit(s) This Period | $11,000,000.00 |

### Account Activity

| Post Date | Description | Debits | Credits | Balance |
|---|---|---|---|---|
| 01/09/2021 | Beginning Balance | | | $0.00 |
| 01/12/2021 | Incoming Wire ▮▮▮▮ | | $1,000,000.00 | $1,000,000.00 |
| 01/12/2021 | Incoming Wire Fee $10.00 ▮▮▮▮ | $10.00 | | $999,990.00 |
| 02/05/2021 | Incoming Wire ▮▮▮▮ | | $10,000,000.00 | $10,999,830.00 |
| 02/05/2021 | Incoming Wire Fee $10.00 ▮▮▮ | $10.00 | | $10,999,820.00 |



EXHIBIT 3



O 713 580 9900 | F 713 827 8479

2929 W Sam Houston Pkwy N, Ste 300
Houston, TX 77043

wallisbank.com

March 24, 2022

Dorothy Brockman
████████████████████

Re: Notice of Levy
    Accounts ████████ and ████████

Dear Mr. Brockman,

On March 17, we received in our office a Notice of Levy from the Internal Revenue Service in the amount of $1,461,337,340.89. The total balance in the accounts at receipt of the levy was $12,192,415.05. A hold has been placed on each account for the available balance in each of the two accounts.

We will hold the funds for a total of 45 days which will be May 5th and at that time we will debit your accounts for the held amounts for a total of $12,192,415.05 and will forward the money to the IRS.

A copy of the Levy is included for your records.

If you have any questions, please contact me at 713-935-3729.

Sincerely,

*Debbie Irick*

Debbie Irick
V/P Banking Operations

Cc: Jacqueline Gonzalez
    Jose Hernandez

FDIC

| Form 668-A(ICS)<br>(April 2020) | Department of the Treasury – Internal Revenue Service<br>**Notice of Levy** |
|---|---|

| Date **03/21/2022** | Telephone number of IRS office |
|---|---|

Reply to **INTERNAL REVENUE SERVICE**
**ROBERT HUNT**
**8122 DATAPOINT DR 12TH FLOOR**
**MS 5434**
**SAN ANTONIO, TX 78229**

**(210)326-0313**

To **WALLIS BANK**
**ATTN: LEVY PROCESSING / DEBBIE IRICK**
**2929 W SAM HOUSTON PKWY N**
**HOUSTON, TX 77043**

Name and address of taxpayer
**DOROTHY K. BROCKMAN AS NOMINEE OF**
**ROBERT T. BROCKMAN**

Identifying number(s)

Special instructions for certain property levied

**This isn't a bill for taxes you owe.  This is a notice of levy we are using to collect money owed by the taxpayer named above.**

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 1040 | 12/31/2004 | $138,769,435.80 | $164,757,613.49 | $303,527,049.29 |
| 1040 | 12/31/2005 | $57,351,596.75 | $57,554,270.62 | $114,905,867.37 |
| 1040 | 12/31/2006 | $68,043,369.22 | $55,985,664.76 | $124,029,033.98 |
| 1040 | 12/31/2007 | $4,410,332.47 | $3,160,008.77 | $7,570,341.24 |
| 1040 | 12/31/2010 | $192,711,260.00 | $101,379,519.19 | $294,090,779.19 |
| 1040 | 12/31/2012 | $38,003,099.50 | $16,553,200.91 | $54,556,300.41 |
| 1040 | 12/31/2013 | $64,644,746.25 | $25,507,316.12 | $90,152,062.37 |
| 1040 | 12/31/2014 | $24,772,817.43 | $,8,784,640.95 | $33,557,458.38 |
| 1040 | 12/31/2015 | $93,556,099.00 | $27,843,510.79 | $121,399,609.79 |
| | | | **Total Amount Due** | See page 2 |

We figured the interest and late payment penalty to__ **04/11/2022**

Although we have told you to pay the amount you owe, it is still not paid.  This is your copy of a notice of levy we have sent to collect this unpaid amount.  We will send other levies if we don't get enough with this one.

**Banks, credit unions, savings and loans, and similar institutions described in section 408(n) of the Internal Revenue Code must hold your money for 21 calendar days before sending it to us.  They must include the interest you earn during that time. Anyone else we send a levy to must turn over your money, property, credits, etc. that they have *(or are already obligated for)* when they would have paid you. This levy does not attach to funds in IRAs, Self-Employed Individuals' Retirement Plans, or any other retirement plans in your possession or control.**

If you decide to pay the amount you owe now, please **bring** a guaranteed payment (cash, cashier's check, certified check, or money order*) to the nearest IRS office with this form, so we can tell the person who received this levy not to send us your money.  Make checks and money orders payable to **United States Treasury**.  If you mail your payment instead of bringing it to us, we may not have time to stop the person who received this levy from sending us your money.

If we have erroneously levied your bank account, we may reimburse you for the fees your bank charged you for handling the levy.  You must file a claim with the IRS on Form 8546 within one year after the fees are charged.

If you have any questions, or want to arrange payment before other levies are issued, please call or write us.  If you write to us, please include your telephone number and the best time to call.

*Visit www.irs.gov to determine the closest IRS office that furnishes cash payment processing service.  You will need to make an appointment at the IRS office in order to make a payment.

| Signature of Service Representative | Title |
|---|---|
| **/S/ ROBERT HUNT** | **REVENUE OFFICER** |

Catalog Number 20435N

www.irs.gov
**Part 2** – For Taxpayer

Form **668-A** (Rev.4-2020)

## Excerpts from the Internal Revenue Code

#### Sec. 6331.  LEVY AND DISTRAINT.

(b) Seizure and Sale of Property.–The term "levy" as used in this title includes the power of distraint and seizure by any means.  Except as otherwise provided in subsection (e), a levy shall extend only to property possessed and obligations existing at the time thereof. In any case in which the Secretary may levy upon property or rights to property, he may seize and sell such property or rights to property (whether real or personal, tangible or intangible).

(c) Successive Seizures.–Whenever any property or right to property upon which levy has been made by virtue of subsection (a) is not sufficient to satisfy the claim of the United States for which levy is made, the Secretary may, thereafter, and as often as may be necessary, proceed to levy in like manner upon any other property from which the property against whom such claim exists, until the amount due from him, together with all expenses, is fully paid.

#### Sec. 6332.  SURRENDER OF PROPERTY SUBJECT TO LEVY.

(a) Requirement.–Except as otherwise provided in this section, any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made shall, upon demand of the Secretary, surrender such property or rights (or discharge such obligation) to the Secretary, except such part of the property or rights as is, at the time of such demand, subject to an attachment or execution under any judicial process.

(b) Special rule for Life Insurance and Endowment Contracts

(1) In general.–A levy on an organization with respect to a life insurance or endowment contract issued by such organization shall, without necessity for the surrender of the contract document, constitute a demand by the Secretary for payment of the amount described in paragraph (2) and the exercise of the right of the person against whom the tax is assessed to the advance of such amount. Such organization shall pay over such amount 90 days after service of notice of levy. Such notice shall include a certification by the Secretary that a copy of such notice has been mailed to the person against whom the tax is assessed at his last known address.

(2) Satisfaction of levy.–Such levy shall be deemed to be satisfied if such organization pays over to the Secretary the amount which the person against whom the tax is assessed could have had advanced to him by such organization on the date prescribed in paragraph (1) for the satisfaction of such levy, increased by the amount of any advance (including contractual interest thereon) made to such person on or after the date such organization had actual notice or knowledge (within the meaning of section 6323 (i)(1)) of the existence of the lien with respect to which such levy is made, other than an advance (including contractual interest thereon) made automatically to maintain such contract in force under an agreement entered into before such organization had such notice or knowledge.

(3) Enforcement proceedings.–The satisfaction of a levy under paragraph (2) shall be without prejudice to any civil action for the enforcement of any lien imposed by this title with respect to such contract.

(c) Special Rule for Banks.–Any bank (as defined in section 408(n)) shall surrender (subject to an attachment or execution under judicial process) any deposits (including interest thereon) in such bank only after 21 days after service of levy.

(d) Enforcement of Levy.

(1) Extent of personal liability.–Any person who fails or refuses to surrender any property or rights to property, subject to levy, upon demand by the Secretary, shall be liable in his own person and estate to the United States in a sum equal to the value of the property or rights not so surrendered, but not exceeding the amount of taxes for the collection of which such levy has been made, together with costs and interest on such sum at the underpayment rate established under section 6621 from the date of such levy (or, in the case of a levy described in section 6331 (d)(3), from the date such person would otherwise have been obligated to pay over such amounts to the taxpayer). Any amount (other than costs) recovered under this paragraph shall be credited against the tax liability for the collection of which such levy was made.

(2) Penalty for violation.–In addition to the personal liability imposed by paragraph (1), if any person required to surrender property or rights to property fails or refuses to surrender such property or rights to property without reasonable cause, such person shall be liable for a penalty equal to 50 percent of the amount recoverable under paragraph (1). No part of such penalty shall be credited against the tax liability for the collection of which such levy was made.

(e) Effect of honoring levy.–Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary, surrenders such property or rights to property (or discharges such obligation) to the Secretary (or who pays a liability under subsection (d)(1)), shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment.

#### Sec. 6333.  PRODUCTION OF BOOKS.

If a levy has been made or is about to be made on any property, or right to property, any person having custody or control of any books or records, containing evidence or statements relating to the property or right to property subject to levy, shall, upon demand of the Secretary, exhibit such books or records to the Secretary.

#### Sec. 6343.  AUTHORITY TO RELEASE LEVY AND RETURN PROPERTY.

(a) Release of Levy and Notice of Release.–

(1) In general.–Under regulations prescribed by the Secretary, the Secretary shall release the levy upon all, or part of, the property or rights to property levied upon and shall promptly notify the person upon whom such levy was made (if any) that such levy has been released if–

(A) the liability for which such levy was made is satisfied or becomes unenforceable by reason of lapse of time,

(B) release of such levy will facilitate the collection of such liability,

(C) the taxpayer has entered into an agreement under section 6159 to satisfy such liability by means of installment payments, unless such agreement provides otherwise,

(D) the Secretary has determined that such levy is creating an economic hardship due to the financial condition of the taxpayer, or

(E) the fair market value of the property exceeds such liability and release of the levy on a part of such property could be made without hindering the collection of such liability.

For purposes of subparagraph (C), the Secretary is not required to release such levy if such release would jeopardize the secured creditor status of the Secretary.

(2) Expedited determination on certain business property.–In the case of any tangible personal property essential in carrying on the trade or business of the taxpayer, the Secretary shall provide for an expedited determination under paragraph (1) if levy on such tangible personal property would prevent the taxpayer from carrying on such trade or business.

(3) Subsequent levy.–The release of levy on any property under paragraph (1) shall not prevent any subsequent levy on such property.

(b) Return of Property.–If the Secretary determines that property has been wrongfully levied upon, it shall be lawful for the Secretary to return–

(1) the specific property levied upon,

(2) an amount of money equal to the amount of money levied upon, or

(3) an amount of money equal to the amount of money received by the United States from a sale of such property.

Property may be returned at any time.  An amount equal to the amount of money levied upon or received from such sale may be returned at any time before the expiration of 2 years from the date of such levy.  For purposes of paragraph (3), if property is declared purchased by the United States at a sale pursuant to section 6335(e) (relating to manner and conditions of sale), the United States shall be treated as having received an amount of money equal to the minimum price determined pursuant to such section or (if larger) the amount received by the United States from the resale of such property.

(d) Return of Property in Certain Cases.— If—

(1) any property has been levied upon, and

(2) the Secretary determines that—

(A) the levy on such property was premature or otherwise not in accordance with administrative procedures of the Secretary,

(B) the taxpayer has entered into an agreement under section 6159 to satisfy the tax liability for which the levy was imposed by means of installment payments, unless such agreement provides otherwise,

(C) the return of such property will facilitate the collection of the tax liability, or

(D) with the consent of the taxpayer or the National Taxpayer Advocate, the return of such property would be in the best interests of the taxpayer (as determined by the National Taxpayer Advocate) and the United States, the provisions of subsection (b) shall apply in the same manner as if such property had been wrongly levied upon, except that no interest shall be allowed under subsection (c).

\* \* \* \* \* \* \* \* \* \*

#### Applicable Sections of Internal Revenue Code

6321. LIEN FOR TAXES.
6322. PERIOD OF LIEN.
6325. RELEASE OF LIEN OR DISCHARGE OF PROPERTY.
6331. LEVY AND DISTRAINT.
6332. SURRENDER OF PROPERTY SUBJECT TO LEVY.
6333. PRODUCTION OF BOOKS.
6334. PROPERTY EXEMPT FROM LEVY.
6343. AUTHORITY TO RELEASE LEVY AND RETURN PROPERTY.
7426. CIVIL ACTIONS BY PERSONS OTHER THAN TAXPAYERS.
7429. REVIEW OF JEOPARDY LEVY OR ASSESSMENT PROCEDURES.

For more information about this notice, please call the phone number on the front of this form.

Useful Item You may want to see: Publication 4528, Making an Administrative Wrongful Levy Claim Under Internal Revenue Code (IRC) Section 6343(b)

| Form 668-A(ICS) | Department of the Treasury – Internal Revenue Service |
|---|---|
| (April 2020) | **Notice of Levy** |

| | |
|---|---|
| Date **03/21/2022** | Telephone number of IRS office |
| Reply to **INTERNAL REVENUE SERVICE** | **(210)326-0313** |
| **ROBERT HUNT** | |
| **8122 DATAPOINT DR 12TH FLOOR** | |
| **MS 5434** | Name and address of taxpayer |
| **SAN ANTONIO, TX 78229** | **DOROTHY K. BROCKMAN AS NOMINEE OF** |
| | **ROBERT T. BROCKMAN** |
| To **WALLIS BANK** | |
| **ATTN: LEVY PROCESSING / DEBBIE IRICK** | |
| **2929 W SAM HOUSTON PKWY N** | |
| **HOUSTON, TX 77043** | |
| | Identifying number(s) |

Special instructions for certain property levied

This isn't a bill for taxes you owe. This is a notice of levy we are using to collect money owed by the taxpayer named above.

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 1040 | 12/31/2016 | $41,857,749.50 | $10,972,003.39 | $52,829,752.89 |
| 1040 | 12/31/2017 | $189,267,071.25 | $32,497,110.91 | $229,334,409.58 |
| 1040 | 12/31/2018 | $30,759,335.25 | $4,625,341.15 | $35,384,676.40 |
| | | | | |
| | | | **Total Amount Due** | $1,461,337,340.89 |

We figured the interest and late payment penalty to __**04/11/2022**__

Although we have told you to pay the amount you owe, it is still not paid. This is your copy of a notice of levy we have sent to collect this unpaid amount. We will send other levies if we don't get enough with this one.

Banks, credit unions, savings and loans, and similar institutions described in section 408(n) of the Internal Revenue Code must hold your money for 21 calendar days before sending it to us. They must include the interest you earn during that time. Anyone else we send a levy to must turn over your money, property, credits, etc. that they have *(or are already obligated for)* when they would have paid you. This levy does not attach to funds in IRAs, Self-Employed Individuals' Retirement Plans, or any other retirement plans in your possession or control.

If you decide to pay the amount you owe now, please **bring** a guaranteed payment (cash, cashier's check, certified check, or money order*) to the nearest IRS office with this form, so we can tell the person who received this levy not to send us your money. Make checks and money orders payable to **United States Treasury.** If you mail your payment instead of bringing it to us, we may not have time to stop the person who received this levy from sending us your money.

If we have erroneously levied your bank account, we may reimburse you for the fees your bank charged you for handling the levy. You must file a claim with the IRS on Form 8546 within one year after the fees are charged.

If you have any questions, or want to arrange payment before other levies are issued, please call or write us. If you write to us, please include your telephone number and the best time to call.

*Visit www.irs.gov to determine the closest IRS office that furnishes cash payment processing service. You will need to make an appointment at the IRS office in order to make a payment.

| Signature of Service Representative | Title |
|---|---|
| **/S/ ROBERT HUNT** | **REVENUE OFFICER** |

| | | |
|---|---|---|
| Catalog Number 20435N | **www.irs.gov** | Form **668-A** (Rev.4-2020) |
| | **Part 2 –** For Taxpayer | |

## Excerpts from the Internal Revenue Code

#### Sec. 6331. LEVY AND DISTRAINT.

(b) Seizure and Sale of Property.–The term "levy" as used in this title includes the power of distraint and seizure by any means.  Except as otherwise provided in subsection (e), a levy shall extend only to property possessed and obligations existing at the time thereof. In any case in which the Secretary may levy upon property or rights to property, he may seize and sell such property or rights to property (whether real or personal, tangible or intangible).

(c) Successive Seizures.–Whenever any property or right to property upon which levy has been made by virtue of subsection (a) is not sufficient to satisfy the claim of the United States for which levy is made, the Secretary may, thereafter, and as often as may be necessary, proceed to levy in like manner upon any other property liable to levy of the person against whom such claim exists, until the amount due from him, together with all expenses, is fully paid.

#### Sec. 6332. SURRENDER OF PROPERTY SUBJECT TO LEVY.

(a) Requirement.–Except as otherwise provided in this section, any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made shall, upon demand of the Secretary, surrender such property or rights (or discharge such obligation) to the Secretary, except such part of the property or rights as is, at the time of such demand, subject to an attachment or execution under any judicial process.

(b) Special rule for Life Insurance and Endowment Contracts

(1) In general.–A levy on an organization with respect to a life insurance or endowment contract issued by such organization shall, without necessity for the surrender of the contract document, constitute a demand by the Secretary for payment of the amount described in paragraph (2) and the exercise of the right of the person against whom the tax is assessed to the advance of such amount. Such organization shall pay over such amount 90 days after service of notice of levy. Such notice shall include a certification by the Secretary that a copy of such notice has been mailed to the person against whom the tax is assessed at his last known address.

(2) Satisfaction of levy.–Such levy shall be deemed to be satisfied if such organization pays over to the Secretary the amount which the person against whom the tax is assessed could have had advanced to him by such organization on the date prescribed in paragraph (1) for the satisfaction of such levy, increased by the amount of any advance (including contractual interest thereon) made to such person on or after the date such organization had actual notice or knowledge (within the meaning of section 6323 (i)(1)) of the existence of the lien with respect to which such levy is made, other than an advance (including contractual interest thereon) made automatically to maintain such contract in force under an agreement entered into before such organization had such notice or knowledge.

(3) Enforcement proceedings.–The satisfaction of a levy under paragraph (2) shall be without prejudice to any civil action for the enforcement of any lien imposed by this title with respect to such contract.

(c) Special Rule for Banks.–Any bank (as defined in section 408(n)) shall surrender (subject to an attachment or execution under judicial process) any deposits (including interest thereon) in such bank only after 21 days after service of levy.

(d) Enforcement of Levy.

(1) Extent of personal liability.–Any person who fails or refuses to surrender any property or rights to property, subject to levy, upon demand by the Secretary, shall be liable in his own person and estate to the United States in a sum equal to the value of the property or rights not so surrendered, but not exceeding the amount of taxes for the collection of which such levy has been made, together with costs and interest on such sum at the underpayment rate established under section 6621 from the date of such levy (or, in the case of a levy described in section 6331 (d)(3), from the date such person would otherwise have been obligated to pay over such amounts to the taxpayer). Any amount (other than costs) recovered under this paragraph shall be credited against the tax liability for the collection of which such levy was made.

(2) Penalty for violation.–In addition to the personal liability imposed by paragraph (1), if any person required to surrender property or rights to property fails or refuses to surrender such property or rights to property without reasonable cause, such person shall be liable for a penalty equal to 50 percent of the amount recoverable under paragraph (1). No part of such penalty shall be credited against the tax liability for the collection of which such levy was made.

(e) Effect of honoring levy.–Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary, surrenders such property or rights to property (or discharges such obligation) to the Secretary (or who pays a liability under subsection (d)(1)), shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment.

#### Sec. 6333. PRODUCTION OF BOOKS.

If a levy has been made or is about to be made on any property, or right to property, any person having custody or control of any books or records, containing evidence or statements relating to the property or right to property subject to levy, shall, upon demand of the Secretary, exhibit such books or records to the Secretary.

#### Sec. 6343. AUTHORITY TO RELEASE LEVY AND RETURN PROPERTY.

(a) Release of Levy and Notice of Release.–

(1) In general.–Under regulations prescribed by the Secretary, the Secretary shall release the levy upon all, or part of, the property or rights to property levied upon and shall promptly notify the person upon whom such levy was made (if any) that such levy has been released if–

(A) the liability for which such levy was made is satisfied or becomes unenforceable by reason of lapse of time,

(B) release of such levy will facilitate the collection of such liability,

(C) the taxpayer has entered into an agreement under section 6159 to satisfy such liability by means of installment payments, unless such agreement provides otherwise,

(D) the Secretary has determined that such levy is creating an economic hardship due to the financial condition of the taxpayer, or

(E) the fair market value of the property exceeds such liability and release of the levy on a part of such property could be made without hindering the collection of such liability.

For purposes of subparagraph (C), the Secretary is not required to release such levy if such release would jeopardize the secured creditor status of the Secretary.

(2) Expedited determination on certain business property.–In the case of any tangible personal property essential in carrying on the trade or business of the taxpayer, the Secretary shall provide for an expedited determination under paragraph (1) if levy on such tangible personal property would prevent the taxpayer from carrying on such trade or business.

(3) Subsequent levy.–The release of levy on any property under paragraph (1) shall not prevent any subsequent levy on such property.

(b) Return of Property.–If the Secretary determines that property has been wrongfully levied upon, it shall be lawful for the Secretary to return–

(1) the specific property levied upon,

(2) an amount of money equal to the amount of money levied upon, or

(3) an amount of money equal to the amount of money received by the United States from a sale of such property.

Property may be returned at any time.  An amount equal to the amount of money levied upon or received from such sale may be returned at any time before the expiration of 2 years from the date of such levy.  For purposes of paragraph (3), if property is declared purchased by the United States at a sale pursuant to section 6335(e) (relating to manner and conditions of sale), the United States shall be treated as having received an amount of money equal to the minimum price determined pursuant to such section or (if larger) the amount received by the United States from the resale of such property.

(d) Return of Property in Certain Cases.— If—

(1) any property has been levied upon, and

(2) the Secretary determines that—

(A) the levy on such property was premature or otherwise not in accordance with administrative procedures of the Secretary,

(B) the taxpayer has entered into an agreement under section 6159 to satisfy the tax liability for which the levy was imposed by means of installment payments, unless such agreement provides otherwise,

(C) the return of such property will facilitate the collection of the tax liability, or

(D) with the consent of the taxpayer or the National Taxpayer Advocate, the return of such property would be in the best interests of the taxpayer (as determined by the National Taxpayer Advocate) and the United States, the provisions of subsection (b) shall apply in the same manner as if such property had been wrongfully levied upon, except that no interest shall be allowed under subsection (c).

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**Applicable Sections of Internal Revenue Code**

6321. LIEN FOR TAXES.
6322. PERIOD OF LIEN.
6325. RELEASE OF LIEN OR DISCHARGE OF PROPERTY.
6331. LEVY AND DISTRAINT.
6332. SURRENDER OF PROPERTY SUBJECT TO LEVY.
6333. PRODUCTION OF BOOKS.
6334. PROPERTY EXEMPT FROM LEVY.
6343. AUTHORITY TO RELEASE LEVY AND RETURN PROPERTY.
7426. CIVIL ACTIONS BY PERSONS OTHER THAN TAXPAYERS.
7429. REVIEW OF JEOPARDY LEVY OR ASSESSMENT PROCEDURES.

For more information about this notice, please call the phone number on the front of this form.

**Useful Item You may want to see:** Publication 4528, Making an Administrative Wrongful Levy Claim Under Internal Revenue Code (IRC) Section 6343(b)

EXHIBIT 4



O 713 580 9900 | F 713 827 8479

2929 W Sam Houston Pkwy N, Ste 300
Houston, TX 77043

wallisbank.com

March 24, 2022

Robert  Brockman

█████████████████████

Re:  Notice of Levy
     Accounts █████████ , █████████ , █████████ , and █████████

Dear Mr. Brockman,

On March 17, we received in our office a Notice of Levy from the Internal Revenue
Service in the amount of $1,422,776,563.73.  The total balance in the accounts at
receipt of the levy was $14,824,878,.64.  A hold has been placed on each account for
the available balance in each of the four accounts.

We will hold the funds for a total of 45 days which will be May 5th and at that time we will
debit your accounts for the held amounts for a total of $14,824,878.64 and will forward
the money to the IRS.

A copy of the Levy is included for your records.

If you have any questions, please contact me at 713-935-3729.

Sincerely,

Debbie Irick
V/P Banking Operations

Cc: Jacqueline Gonzalez
    Jose Hernandez

| Form **668-A(ICS)** (April 2020) | Department of the Treasury – Internal Revenue Service **Notice of Levy** |
|---|---|

Date **03/16/2022**

Reply to **INTERNAL REVENUE SERVICE**
**ROBERT HUNT**
**8122 DATAPOINT DR 12TH FLOOR**
**MS 5434**
**SAN ANTONIO, TX 78229**

To **WALLIS BANK**
**ATTN: LEVY PROCESSING**
**2929 W SAM HOUSTON PKWY N**
**HOUSTON, TX 77043**

Telephone number of IRS office
**(210)326-0313**

Name and address of taxpayer
**ROBERT T. BROCKMAN**

Identifying number(s)

Special instructions for certain property levied

**This isn't a bill for taxes you owe. This is a notice of levy we are using to collect money owed by the taxpayer named above.**

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 1040 | 12/31/2004 | $138,769,435.80 | $159,024,484.35 | $297,793,920.15 |
| 1040 | 12/31/2005 | $57,351,596.75 | $55,198,521.93 | $112,550,118.68 |
| 1040 | 12/31/2006 | $68,043,369.22 | $53,199,317.25 | $121,242,686.47 |
| 1040 | 12/31/2007 | $4,410,332.47 | $2,980,981.91 | $7,391,314.38 |
| 1040 | 12/31/2010 | $192,711,260.00 | $93,514,198.54 | $286,225,458.54 |
| 1040 | 12/31/2012 | $38,003,099.50 | $15,004,274.76 | $53,007,374.26 |
| 1040 | 12/31/2013 | $64,644,746.25 | $22,873,560.52 | $87,518,306.77 |
| 1040 | 12/31/2014 | $24,772,817.43 | $7,775,926.14 | $32,548,743.57 |
| 1040 | 12/31/2015 | $93,556,099.00 | $24,036,818.23 | $117,592,917.23 |
| | | | **Total Amount Due** | See page 2 |

We figured the interest and late payment penalty to **04/06/2022**

Although we have told you to pay the amount you owe, it is still not paid. This is your copy of a notice of levy we have sent to collect this unpaid amount. We will send other levies if we don't get enough with this one.

**Banks, credit unions, savings and loans, and similar institutions described in section 408(n) of the Internal Revenue Code must hold your money for 21 calendar days before sending it to us. They must include the interest you earn during that time. Anyone else we send a levy to must turn over your money, property, credits, etc. that they have** (or are already obligated for) **when they would have paid you. This levy does not attach to funds in IRAs, Self-Employed Individuals' Retirement Plans, or any other retirement plans in your possession or control.**

If you decide to pay the amount you owe now, please **bring** a guaranteed payment (cash, cashier's check, certified check, or money order*) to the nearest IRS office with this form, so we can tell the person who received this levy not to send us your money. Make checks and money orders payable to **United States Treasury.** If you mail your payment instead of bringing it to us, we may not have time to stop the person who received this levy from sending us your money.

If we have erroneously levied your bank account, we may reimburse you for the fees your bank charged you for handling the levy. You must file a claim with the IRS on Form 8546 within one year after the fees are charged.

If you have any questions, or want to arrange payment before other levies are issued, please call or write us. If you write to us, please include your telephone number and the best time to call.

*Visit www.irs.gov to determine the closest IRS office that furnishes cash payment processing service. You will need to make an appointment at the IRS office in order to make a payment.

| Signature of Service Representative | Title |
|---|---|
| **/S/ ROBERT HUNT** | **REVENUE OFFICER** |

Catalog Number 20435N

www.irs.gov
**Part 2 – For Taxpayer**

Form **668-A** (Rev.4-2020)

## Excerpts from the Internal Revenue Code

### Sec. 6331.  LEVY AND DISTRAINT.

(b) Seizure and Sale of Property.–The term "levy" as used in this title includes the power of distraint and seizure by any means.  Except as otherwise provided in subsection (e), a levy shall extend only to property possessed and obligations existing at the time thereof. In any case in which the Secretary may levy upon property or rights to property, he may seize and sell such property or rights to property (whether real or personal, tangible or intangible).

(c) Successive Seizures.–Whenever any property or right to property upon which levy has been made by virtue of subsection (a) is not sufficient to satisfy the claim of the United States for which levy is made, the Secretary may, thereafter, and as often as may be necessary, proceed to levy in like manner upon any other property liable to levy of the person against whom such claim exists, until the amount due from him, together with all expenses, is fully paid.

### Sec. 6332.  SURRENDER OF PROPERTY SUBJECT TO LEVY.

(a) Requirement.–Except as otherwise provided in this section, any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made shall, upon demand of the Secretary, surrender such property or rights (or discharge such obligation) to the Secretary, except such part of the property or rights as is, at the time of such demand, subject to an attachment or execution under any judicial process.

(b) Special rule for Life Insurance and Endowment Contracts

(1) In general.–A levy on an organization with respect to a life insurance or endowment contract issued by such organization shall, without necessity for the surrender of the contract document, constitute a demand by the Secretary for payment of the amount described in paragraph (2) and the exercise of the right of the person against whom the tax is assessed to the advance of such amount. Such organization shall pay over such amount 90 days after service of notice of levy. Such notice shall include a certification by the Secretary that a copy of such notice has been mailed to the person against whom the tax is assessed at his last known address.

(2) Satisfaction of levy.–Such levy shall be deemed to be satisfied if such organization pays over to the Secretary the amount which the person against whom the tax is assessed could have had advanced to him by such organization on the date prescribed in paragraph (1) for the satisfaction of such levy, increased by the amount of any advance (including contractual interest thereon) made to such person on or after the date such organization had actual notice or knowledge (within the meaning of section 6323 (i)(1)) of the existence of the lien with respect to which such levy is made, other than an advance (including contractual interest thereon) made automatically to maintain such contract in force under an agreement entered into before such organization had such notice or knowledge.

(3) Enforcement proceedings.–The satisfaction of a levy under paragraph (2) shall be without prejudice to any civil action for the enforcement of any lien imposed by this title with respect to such contract.

(c) Special Rule for Banks.–Any bank (as defined in section 408(n)) shall surrender (subject to an attachment or execution under judicial process) any deposits (including interest thereon) in such bank only after 21 days after service of levy.

(d) Enforcement of Levy.

(1) Extent of personal liability.–Any person who fails or refuses to surrender any property or rights to property, subject to levy, upon demand by the Secretary, shall be liable in his own person and estate to the United States in a sum equal to the value of the property or rights not so surrendered, but not exceeding the amount of taxes for the collection of which such levy has been made, together with costs and interest on such sum at the underpayment rate established under section 6621 from the date of such levy (or, in the case of a levy described in section 6331 (d)(3), from the date such person would otherwise have been obligated to pay over such amounts to the taxpayer). Any amount (other than costs) recovered under this paragraph shall be credited against the tax liability for the collection of which such levy was made.

(2) Penalty for violation.–In addition to the personal liability imposed by paragraph (1), if any person required to surrender property or rights to property fails or refuses to surrender such property or rights to property without reasonable cause, such person shall be liable for a penalty equal to 50 percent of the amount recoverable under paragraph (1). No part of such penalty shall be credited against the tax liability for the collection of which such levy was made.

(e) Effect of honoring levy.–Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary, surrenders such property or rights to property (or discharges such obligation) to the Secretary (or who pays a liability under subsection (d)(1)), shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment.

### Sec. 6333.  PRODUCTION OF BOOKS.

If a levy has been made or is about to be made on any property, or right to property, any person having custody or control of any books or records, containing evidence or statements relating to the property or right to property subject to levy, shall, upon demand of the Secretary, exhibit such books or records to the Secretary.

### Sec. 6343.  AUTHORITY TO RELEASE LEVY AND RETURN PROPERTY.

(a) Release of Levy and Notice of Release.–

(1) In general.–Under regulations prescribed by the Secretary, the Secretary shall release the levy upon all, or part of, the property or rights to property levied upon and shall promptly notify the person upon whom such levy was made (if any) that such levy has been released if–

(A) the liability for which such levy was made is satisfied or becomes unenforceable by reason of lapse of time,

(B) release of such levy will facilitate the collection of such liability,

(C) the taxpayer has entered into an agreement under section 6159 to satisfy such liability by means of installment payments, unless such agreement provides otherwise,

(D) the Secretary has determined that such levy is creating an economic hardship due to the financial condition of the taxpayer, or

(E) the fair market value of the property exceeds such liability and release of the levy on a part of such property could be made without hindering the collection of such liability.

For purposes of subparagraph (C), the Secretary is not required to release such levy if such release would jeopardize the secured creditor status of the Secretary.

(2) Expedited determination on certain business property.–In the case of any tangible personal property essential in carrying on the trade or business of the taxpayer, the Secretary shall provide for an expedited determination under paragraph (1) if levy on such tangible personal property would prevent the taxpayer from carrying on such trade or business.

(3) Subsequent levy.–The release of levy on any property under paragraph (1) shall not prevent any subsequent levy on such property.

(b) Return of Property.–If the Secretary determines that property has been wrongfully levied upon, it shall be lawful for the Secretary to return–

(1) the specific property levied upon,

(2) an amount of money equal to the amount of money levied upon, or

(3) an amount of money equal to the amount of money received by the United States from a sale of such property.

Property may be returned at any time.  An amount equal to the amount of money levied upon or received from such sale may be returned at any time before the expiration of 2 years from the date of such levy.  For purposes of paragraph (3), if property is declared purchased by the United States at a sale pursuant to section 6335(e) (relating to manner and conditions of sale), the United States shall be treated as having received an amount of money equal to the minimum price determined pursuant to such section or (if larger) the amount received by the United States from the resale of such property.

(d) Return of Property in Certain Cases.— If–

(1) any property has been levied upon, and

(2) the Secretary determines that–

(A) the levy on such property was premature or otherwise not in accordance with administrative procedures of the Secretary,

(B) the taxpayer has entered into an agreement under section 6159 to satisfy the tax liability for which the levy was imposed by means of installment payments, unless such agreement provides otherwise,

(C) the return of such property will facilitate the collection of the tax liability, or

(D) with the consent of the taxpayer or the National Taxpayer Advocate, the return of such property would be in the best interests of the taxpayer (as determined by the National Taxpayer Advocate) and the United States, the provisions of subsection (b) shall apply in the same manner as if such property had been wrongly levied upon, except that no interest shall be allowed under subsection (c).

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*

#### Applicable Sections of Internal Revenue Code

6321. LIEN FOR TAXES.
6322. PERIOD OF LIEN.
6325. RELEASE OF LIEN OR DISCHARGE OF PROPERTY.
6331. LEVY AND DISTRAINT.
6332. SURRENDER OF PROPERTY SUBJECT TO LEVY.
6333. PRODUCTION OF BOOKS.
6334. PROPERTY EXEMPT FROM LEVY.
6343. AUTHORITY TO RELEASE LEVY AND RETURN PROPERTY.
7426. CIVIL ACTIONS BY PERSONS OTHER THAN TAXPAYERS.
7429. REVIEW OF JEOPARDY LEVY OR ASSESSMENT PROCEDURES.

For more information about this notice, please call the phone number on the front of this form.

Useful Item You may want to see: Publication 4528, Making an Administrative Wrongful Levy Claim Under Internal Revenue Code (IRC) Section 6343(b)

| Form **668-A(ICS)** (April 2020) | Department of the Treasury – Internal Revenue Service **Notice of Levy** |
|---|---|

| | |
|---|---|
| Date **03/16/2022** | Telephone number of IRS office |
| Reply to **INTERNAL REVENUE SERVICE** | **(210)326-0313** |
| **ROBERT HUNT** | |
| **8122 DATAPOINT DR 12TH FLOOR** | |
| **MS 5434** | Name and address of taxpayer |
| **SAN ANTONIO, TX 78229** | **ROBERT T. BROCKMAN** |
| | |
| To    **WALLIS BANK** | |
| **ATTN: LEVY PROCESSING** | |
| **2929 W SAM HOUSTON PKWY N** | |
| **HOUSTON, TX 77043** | |
| | Identifying number(s) |

Special instructions for certain property levied

**This isn't a bill for taxes you owe. This is a notice of levy we are using to collect money owed by the taxpayer named above.**

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 1040 | 12/31/2016 | $41,857,749.50 | $9,269,672.24 | $51,127,421.74 |
| 1040 | 12/31/2017 | $189,267,071.25 | $32,375,636.23 | $221,642,707.48 |
| 1040 | 12/31/2018 | $30,759,335.25 | $3,376,259.21 | $34,135,594.46 |
| | | | **Total Amount Due** | $1,422,776,563.73 |

We figured the interest and late payment penalty to  **04/06/2022**

Although we have told you to pay the amount you owe, it is still not paid. This is your copy of a notice of levy we have sent to collect this unpaid amount. We will send other levies if we don't get enough with this one.

**Banks, credit unions, savings and loans, and similar institutions described in section 408(n) of the Internal Revenue Code must hold your money for 21 calendar days before sending it to us. They must include the interest you earn during that time. Anyone else we send a levy to must turn over your money, property, credits, etc. that they have *(or are already obligated for)* when they would have paid you. This levy does not attach to funds in IRAs, Self-Employed Individuals' Retirement Plans, or any other retirement plans in your possession or control.**

If you decide to pay the amount you owe now, please **bring** a guaranteed payment (cash, cashier's check, certified check, or money order*) to the nearest IRS office with this form, so we can tell the person who received this levy not to send us your money. Make checks and money orders payable to **United States Treasury.** If you mail your payment instead of bringing it to us, we may not have time to stop the person who received this levy from sending us your money.

If we have erroneously levied your bank account, we may reimburse you for the fees your bank charged you for handling the levy. You must file a claim with the IRS on Form 8546 within one year after the fees are charged.

If you have any questions, or want to arrange payment before other levies are issued, please call or write us. If you write to us, please include your telephone number and the best time to call.

*Visit www.irs.gov to determine the closest IRS office that furnishes cash payment processing service. You will need to make an appointment at the IRS office in order to make a payment.

| Signature of Service Representative | Title |
|---|---|
| **/S/ ROBERT HUNT** | **REVENUE OFFICER** |

Catalog Number 20435N             www.irs.gov             Form **668-A** (Rev.4-2020)

Part 2 – For Taxpayer

## Excerpts from the Internal Revenue Code

### Sec. 6331. LEVY AND DISTRAINT.

(b) Seizure and Sale of Property.—The term "levy" as used in this title includes the power of distraint and seizure by any means. Except as otherwise provided in subsection (e), a levy shall extend only to property possessed and obligations existing at the time thereof. In any case in which the Secretary may levy upon property or rights to property, he may seize and sell such property or rights to property (whether real or personal, tangible or intangible).

(c) Successive Seizures.—Whenever any property or right to property upon which levy has been made by virtue of subsection (a) is not sufficient to satisfy the claim of the United States for which levy is made, the Secretary may, thereafter, and as often as may be necessary, proceed to levy in like manner upon any other property liable to levy of the person against whom such claim exists, until the amount due from him, together with all expenses, is fully paid.

### Sec. 6332. SURRENDER OF PROPERTY SUBJECT TO LEVY.

(a) Requirement.—Except as otherwise provided in this section, any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made shall, upon demand of the Secretary, surrender such property or rights (or discharge such obligation) to the Secretary, except such part of the property or rights as is, at the time of such demand, subject to an attachment or execution under any judicial process.

(b) Special rule for Life Insurance and Endowment Contracts

(1) In general.—A levy on an organization with respect to a life insurance or endowment contract issued by such organization shall, without necessity for the surrender of the contract document, constitute a demand by the Secretary for payment of the amount described in paragraph (2) and the exercise of the right of the person against whom the tax is assessed to the advance of such amount. Such organization shall pay over such amount 90 days after service of notice of levy. Such notice shall include a certification by the Secretary that a copy of such notice has been mailed to the person against whom the tax is assessed at his last known address.

(2) Satisfaction of levy.—Such levy shall be deemed to be satisfied if such organization pays over to the Secretary the amount which the person against whom the tax is assessed could have had advanced to him by such organization on the date described in paragraph (1) for the satisfaction of such levy, increased by the amount of any advance (including contractual interest thereon) made to such person on or after the date such organization had actual notice or knowledge (within the meaning of section 6323 (i)(1)) of the existence of the lien with respect to which such levy is made, other than an advance (including contractual interest thereon) made automatically to maintain such contract in force under an agreement entered into before such organization had such notice or knowledge.

(3) Enforcement proceedings.—The satisfaction of a levy under paragraph (2) shall be without prejudice to any civil action for the enforcement of any lien imposed by this title with respect to such contract.

(c) Special Rule for Banks.—Any bank (as defined in section 408(n)) shall surrender (subject to an attachment or execution under judicial process) any deposits (including interest therein) in such bank only after 21 days after service of levy.

(d) Enforcement of Levy.

(1) Extent of personal liability.—Any person who fails or refuses to surrender any property or rights to property, subject to levy, upon demand by the Secretary, shall be liable in his own person and estate to the United States in a sum equal to the value of the property or rights not so surrendered, but not exceeding the amount of taxes for the collection of which such levy has been made, together with costs and interest on such sum at the underpayment rate established under section 6621 from the date of such levy (or, in the case of a levy described in section 6331 (d)(3), from the date such person would otherwise have been obligated to pay over such amounts to the taxpayer). Any amount (other than costs) recovered under this paragraph shall be credited against the tax liability for the collection of which such levy was made.

(2) Penalty for violation.—In addition to the personal liability imposed by paragraph (1), if any person required to surrender property or rights to property fails or refuses to surrender such property or rights to property without reasonable cause, such person shall be liable for a penalty equal to 50 percent of the amount recoverable under paragraph (1). No part of such penalty shall be credited against the tax liability for the collection of which such levy was made.

(e) Effect of honoring levy.—Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary, surrenders such property or rights to property (or discharges such obligation) to the Secretary (or who pays a liability under subsection (d)(1)), shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment.

### Sec. 6333. PRODUCTION OF BOOKS.

If a levy has been made or is about to be made on any property, or right to property, any person having custody or control of any books or records, containing evidence or statements relating to the property or right to property subject to levy, shall, upon demand of the Secretary, exhibit such books or records to the Secretary.

### Sec. 6343. AUTHORITY TO RELEASE LEVY AND RETURN PROPERTY.

(a) Release of Levy and Notice of Release.—

(1) In general.—Under regulations prescribed by the Secretary, the Secretary shall release the levy upon all, or part of, the property or rights to property levied upon and shall promptly notify the person upon whom such levy was made (if any) that such levy has been released if—

(A) the liability for which such levy was made is satisfied or becomes unenforceable by reason of lapse of time,

(B) release of such levy will facilitate the collection of such liability,

(C) the taxpayer has entered into an agreement under section 6159 to satisfy such liability by means of installment payments, unless such agreement provides otherwise,

(D) the Secretary has determined that such levy is creating an economic hardship due to the financial condition of the taxpayer, or

(E) the fair market value of the property exceeds such liability and release of the levy on a part of such property could be made without hindering the collection of such liability.

For purposes of subparagraph (C), the Secretary is not required to release such levy if such release would jeopardize the secured creditor status of the Secretary.

(2) Expedited determination on certain business property.—In the case of any tangible personal property essential in carrying on the trade or business of the taxpayer, the Secretary shall provide for an expedited determination under paragraph (1) if levy on such tangible personal property would prevent the taxpayer from carrying on such trade or business.

(3) Subsequent levy.—The release of levy on any property under paragraph (1) shall not prevent any subsequent levy on such property.

(b) Return of Property.—If the Secretary determines that property has been wrongfully levied upon, it shall be lawful for the Secretary to return—

(1) the specific property levied upon,

(2) an amount of money equal to the amount of money levied upon, or

(3) an amount of money equal to the amount of money received by the United States from a sale of such property.

Property may be returned at any time. An amount equal to the amount of money levied upon or received from such sale may be returned at any time before the expiration of 2 years from the date of such levy. For purposes of paragraph (3), if property is declared purchased by the United States (at a sale pursuant to section 6335(e) (relating to manner and conditions of sale), the United States shall be treated as having received an amount of money equal to the minimum price determined pursuant to such section or (if larger) the amount received by the United States from the resale of such property.

(d) Return of Property in Certain Cases.— If—

(1) any property has been levied upon, and

(2) the Secretary determines that—

(A) the levy on such property was premature or otherwise not in accordance with administrative procedures of the Secretary,

(B) the taxpayer has entered into an agreement under section 6159 to satisfy the tax liability for which the levy was imposed by means of installment payments, unless such agreement provides otherwise,

(C) the return of such property will facilitate the collection of the tax liability, or

(D) with the consent of the taxpayer or the National Taxpayer Advocate, the return of such property would be in the best interests of the taxpayer (as determined by the National Taxpayer Advocate) and the United States, then the provisions of subsection (b) shall apply in the same manner as if such property had been wrongfully levied upon, except that no interest shall be allowed under subsection (c).

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**Applicable Sections of Internal Revenue Code**

6321. LIEN FOR TAXES.
6322. PERIOD OF LIEN.
6325. RELEASE OF LIEN OR DISCHARGE OF PROPERTY.
6331. LEVY AND DISTRAINT.
6332. SURRENDER OF PROPERTY SUBJECT TO LEVY.
6333. PRODUCTION OF BOOKS.
6334. PROPERTY EXEMPT FROM LEVY.
6343. AUTHORITY TO RELEASE LEVY AND RETURN PROPERTY.
7426. CIVIL ACTIONS BY PERSONS OTHER THAN TAXPAYERS.
7429. REVIEW OF JEOPARDY LEVY OR ASSESSMENT PROCEDURES.

For more information about this notice, please call the phone number on the front of this form.

**Useful Item You may want to see:** Publication 4528, Making an Administrative Wrongful Levy Claim Under Internal Revenue Code (IRC) Section 6343(b)

EXHIBIT 5

**AmegyBank** of Texas

P.O. BOX 27459 • HOUSTON, TX 77227-7459

| PREMIER ELITE CHECKING | 715  29 |
| --- | --- |

**20  DEPOSITS/CREDITS**

| Date | Amount | Description |
| --- | --- | --- |
| 12/11 | 3,798,006.92 | WIRE/IN-2020121100008254;ORG CHICAGO TITLE OF TEXAS, LLC;OBI |

A division of Zions Bancorporation, N.A. Member FDIC

EXHIBIT 6

# WALLIS BANK

## Statement Ending 06/10/2021

DOROTHY HAMMERS BROCKMAN

Page 1 of 6

Customer Number:

RETURN SERVICE REQUESTED

>000937 8011969 0001 092971 10Z

00075095
R306

DOROTHY HAMMERS BROCKMAN
POD

### Managing Your Accounts

| | | |
|---|---|---|
| ✉ | Mailing Address | 2929 W Sam Houston Pkwy N Houston, TX 77043-1644 |
| 📱 | Phone Number | 713-580-9900 or 844-972-4636 |
| 📱 | 24-Hour Helpline | 877-972-2255 |
| 🖥 | Website | www.wallisbank.com |

## SOLE AND SEPARATE PROPERTY

| Post Date | Description | Debits | Credits | Balance |
|---|---|---|---|---|
| 05/11/2021 | Incoming Wire | | $1,202,598.58 | |
| 05/11/2021 | Incoming Wire Fee $10.00 | $10.00 | | |


Member FDIC
EQUAL HOUSING LENDER

EXHIBIT 7

Wires Log Inquiry

10/15/2021

## Wire Log Details

User Correlation: **797A007V**

Date: **10/15/2021**
Time: **13:37:52**
Message ID: **FTFR12**
Description:
**$1,054,921.21 Wire Acknowledged by FRB**
Program: **WTTRNACK**
Procedure Name:
Function Code: **S**
Workstation ID:
**JX42797C**
User:
**JXCHANGT01**
Error Code:
Line Number:
Description:
Sending ABA: ███████
Receiving ABA: ███████
ID Code/Identifier:
**401446882 D**
IMAD Sequence:
███████
FRB Sequence: ███████
OMAD Sequence:
███████
FRB Sequence: ████

## Additional Information

**Wire Type 10/00 was successfully sent to ███████ for 1054921.21.**

MOUNTAIN VALLEY BANK

EXHIBIT 8



# Product Alert

July 26, 2021

## Wells Fargo Funds to rebrand as Allspring Funds

Wells Fargo Asset Management (WFAM) today announced that it will be changing its company name to Allspring Global Investments upon the closing of the previously announced sale transaction of WFAM by Wells Fargo & Company (NYSE: WFC) to GTCR LLC and Reverence Capital Partners, L.P. The new corporate name is expected to go into effect on or about the closing date of the transaction, which is anticipated to occur in the second half of 2021, subject to customary closing conditions.

As part of this transition, all mutual funds within the Wells Fargo Funds family will be rebranded as Allspring Funds. Additionally, each individual fund will have "Wells Fargo" removed from its fund name and will be replaced with "Allspring." The fund name changes are expected to go into effect on October 11, 2021.

Following the closing of the transaction, Wells Fargo Funds Management, LLC, the fund's investment manager; Wells Capital Management Incorporated and Wells Fargo Asset Management (International) Limited, each subadvisors to certain funds; and Wells Fargo Funds Distributor, LLC, the funds' principal underwriter, will each migrate to the Allspring name.

**Will all individual funds be renamed?**

Yes. All Wells Fargo open- and closed-end funds will be renamed.

**When will the fund name changes take place?**

The effective date of the new fund names is expected to be October 11, 2021.

**When will marketing and communications materials be updated to reflect the Allspring brand?**

Marketing and communications materials will begin to be updated with the Allspring brand at the closing date of the transaction.

Stock values fluctuate in response to the activities of individual companies and general market and economic conditions. Bond values fluctuate in response to the financial condition of individual issuers, general market and economic conditions, and changes in interest rates. Changes in market conditions and government policies may lead to periods of heightened volatility in the bond market and reduced liquidity for certain bonds held by the fund. In general, when interest rates rise, bond values fall and investors may lose principal value. Interest rate changes and their impact on the fund and its share price can be sudden and unpredictable. Some funds, including nondiversified funds and funds investing in foreign investments, high-yield bonds, small- and mid-cap stocks, and/or more volatile segments of the economy, entail additional risk and may not be appropriate for all investors. Consult a fund's prospectus for additional information on these and other risks.

*Carefully consider a fund's investment objectives, risks, charges, and expenses before investing. For a current prospectus and, if available, a summary prospectus, containing this and other information, visit wfam.com. Read it carefully before investing.*

Wells Fargo Asset Management (WFAM) is the trade name for certain investment advisory/management firms owned by Wells Fargo & Company. These firms include but are not limited to Wells Capital Management Incorporated and Wells Fargo Funds Management, LLC. Certain products managed by WFAM entities are distributed by Wells Fargo Funds Distributor, LLC (a broker-dealer and Member FINRA).

This material is for general informational and educational purposes only and is NOT intended to provide investment advice or a recommendation of any kind—including a recommendation for any specific investment, strategy, or plan. PAR-0721-00895

©2021 Wells Fargo & Company. All rights reserved.

INVESTMENT PRODUCTS: NOT FDIC INSURED ■ NO BANK GUARANTEE ■ MAY LOSE VALUE